# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100
PHILADELPHIA, PENNSYLVANIA 19107-3304

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
E-MAIL: RSWIFT@KOHNSWIFT.COM

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LAROCCA
MICHAEL J. BONI
DENIS F. SHEILS
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
MARTIN J. D'URSO
STEVEN M. STEINGARD
ELKAN M. KATZ
CRAIG W. HILLWIG
HILARY E. COHEN
CHRISTINA D. SALER
KATE REZNICK
JOSHUA D. SNYDER

HAROLD E. KOHN
1914-1999

SPECIAL COUNSEL
JOSEPH M. HOEFFEL

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

December 20, 2005

**VIA FACSIMILE**

Honorable Kiyo A. Matsumoto
United States District Court
Cadman Square
Brooklyn, NY

Re:   **Weiss et al. v. National Westminster Bank PLC, 05-CV-4622**

Dear Judge Matsumoto:

As per my conversation with your secretary this day, I have set up a telephone conference call-in number for the Initial Conference in the above case at 10:30 am. Once all counsel are on the call, I will notify your chambers to call in as follows: 866-203-8769 passcode 5290294#.

In accordance with your Honor's written directive, I enclose the parties' joint response to your Questionnaire.

Very truly yours,

Robert A. Swift

RAS:pdw
Cc: Lawrence Friedman, Esquire

13216_1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TZVI WEISS, LEIB WEISS, :
MALKA WEISS, YITZCHK WEISS, : Case No. CV 05 4622
YERUCHAIM WEISS, and :
ESTHER DEUTSCH, :
    :
            Plaintiffs, :
    :
    -against- :
    :
NATIONAL WESTMINSTER BANK PLC, :
    :
            Defendant. :
---

## JOINT INITIAL CONFERENCE QUESTIONNAIRE

1. **If not yet made, date for completion of automatic disclosures required by Rule 26(a) of the Fed. R. Civ. P.: _____ or Proposed changes in timing, form or requirements for disclosure:**

   Defendant proposes to postpone serving disclosures until after a ruling on its Motion to Dismiss the Complaint should the Motion be denied. If the Court requires service of disclosures despite the pending Motion, Defendant proposes the end of January 2006 for service. Plaintiffs oppose postponement but will agree to mutual service at the end of January 2006.

2. **If additional interrogatories beyond the 25 permitted under the Rule 26 are needed, the total number by:**

   Plaintiffs: Plaintiffs request 50. Defendant says Plaintiffs should be limited to 25
   Defendant: 25.

3. **Maximum number of requests for admission by:**

   Plaintiffs request 50 and Defendant: 20. Defendant says Plaintiffs should be limited to 20

4. **Number of depositions by Plaintiffs of:**

   parties: 10* non-parties: 10*

   *subject to amendment based on document discovery

5. **Number of depositions by Defendant of:**

    parties 6* non-parties 6*

    *subject to amendment based on document discovery

6. **Maximum length of each deposition of longer than 7 hours:**

    parties 0* non-party 0*

    *subject to amendment if need for translator and translation at deposition lengthens time of deposition

7. **Date for completion of factual discovery:**

Plaintiffs state 9/30/06.
Defendant states 12 months following date of ruling on Motion to Dismiss.

8. **Number of expert witnesses of Plaintiffs:** 3 medical 5 non-medical
   **Date for expert report(s):** 11/30/06

9. **Number of expert witnesses of Defendant:** 3 medical 5 non-medical
   **Date for expert report(s):**

Defendant proposes that expert reports be submitted sequentially, with Plaintiffs submitting their reports one month after the close of fact discovery, and with Defendant submitting its reports 30 days thereafter.

10. **Dates for completion of expert discovery:**

Plaintiffs state: 12/31/06.
Defendant states that because 60 days will be consumed with the sequential exchanges of expert reports, it proposes that expert discovery close 120 days after the close of fact discovery, to allow 60 days for depositions.

11. **Time for amendment of the pleadings by Plaintiffs or by Defendant:**

Plaintiffs cannot state until resolution of Motion to Dismiss.
Defendant cannot contemplate a date for amendments at this time, because it does not yet know if Plaintiffs will amend their complaint.

2

12. **Number of proposed additional parties to be joined by Plaintiffs _____ and Defendant _____ and time for completion of joinder:**

   Plaintiffs cannot predict until resolution of Motion to Dismiss.
   Defendant cannot contemplate a date for additional parties to be joined at this time, because it does not yet know if Plaintiffs will amend their complaint.

13. **Types of contemplated dispositive motions:**

   At this time Defendant believes it probably seek summary judgment. Others may be needed but parties cannot say until after discovery.

   a. **Dates for filing contemplated dispositive motions:**

   Summary Judgment 60 days after completion of discovery

14. **Have counsel reached any agreements regarding electronic disclosures of communications with experts?**

   Not yet

15. **The parties are advised that they may consent to trial, including a jury trial, before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).**

   The parties will not consent to trial before Magistrate Judge.