# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · TOKYO

Writer's Direct Dial (212) 225-2840
E-Mail: lfriedman@CGSH.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
STEPHEN H. SHALEN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
EDWARD O. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN

LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF

KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
JENNIFER L. KROMAN
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER HESS
GAMAL M. ABOUALI
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
DEBORAH E. KURTZBERG
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
RESIDENT COUNSEL

January 12, 2006

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    <u>Weiss v. National Westminster Bank PLC, 05-CV-4622 (CPS) (KAM)</u>

Dear Magistrate Judge Matsumoto:

       This firm is counsel to defendant National Westminster Bank Plc ("NatWest") in the above-referenced lawsuit, which NatWest originally moved to dismiss in papers that it filed on December 19, 2005. At the Initial Conference Hearing on December 21, 2005, plaintiffs announced their intention to file an amended complaint, which they did on January 6, 2006. Your Honor granted NatWest's request to hold discovery in abeyance pending Judge Sifton's ruling on NatWest's original dismissal motion, and instructed NatWest to inform plaintiffs and the Court by today whether NatWest would seek dismissal of the amended complaint, and if so, whether discovery should continue to be stayed while such a motion is pending.

       NatWest will promptly move for an order dismissing the Amended Complaint. Pursuant to the parties' stipulation, which Judge Sifton approved on December 22, 2005, NatWest will file its motion papers on January 26, plaintiffs will respond on February 9, and NatWest will reply on February 17.

       NatWest opposes the conduct of any discovery before Judge Sifton rules on NatWest's renewed dismissal motion. All of the reasons NatWest previously cited for deferring discovery in its December 19, 2005 letter to the Court, a copy of which is enclosed, continue to

Magistrate Judge Kiyo A. Matsumoto, p. 2

apply, now with even greater force. First, plaintiffs' repleading still falls far short of the requirements of the statutes they purport to invoke. Second, NatWest's motion will be fully briefed 36 days from today. Third, the burden of proceeding with discovery would be as great for NatWest as it was when the Court first ruled that discovery should be deferred. Fourth, plaintiffs will suffer no prejudice, especially after having waited more than two years to file their suit, and because they seek no injunctive or other time-critical relief. Finally, the parties have agreed to, and will present for the Court's approval, a bilateral document and data preservation order.

                                                  Respectfully,

                                                  Lawrence B. Friedman

Enclosure

cc: All Counsel

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • TOKYO

Writer's Direct Dial: (212) 225-2840
E-Mail: lfriedman@CGSH.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
BARRY M. FOX
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
STEPHEN H. SHALEN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
EDWARD D. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HORDWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL

EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.

JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
SUNG K. KANG
JENNIFER L. KROMAN
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
DEBORAH E. KURTZBERG
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MAURO PREMUTICO
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
RESIDENT COUNSEL

December 19, 2005

BY HAND

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Weiss v. National Westminster Bank PLC, 05-CV-4622 (CPS)</u>

Dear Magistrate Judge Matsumoto:

      This firm is counsel to defendant National Westminster Bank Plc ("NatWest") in the above-referenced lawsuit, which is scheduled for an initial conference before Your Honor on Wednesday, December 21, 2005, at 10:30 a.m. We have consulted with plaintiffs' counsel on all of the subjects identified in Your Honor's October 3 Order Governing Initial Conference, and we look forward to reviewing those subjects with Your Honor later this week.

      As we have informed plaintiffs' counsel, we intend at Wednesday's conference to propose that discovery not proceed until Judge Sifton rules on NatWest's pending dispositive motion to dismiss the complaint in its entirety, which NatWest served and filed earlier today, and which should be fully briefed by the end of January. I am enclosing a copy of NatWest's dismissal brief for Your Honor's information.

      Your Honor has the discretion to defer discovery where, as here, a dispositive dismissal motion is pending, that motion is well grounded, any delay will be relatively short, the burden of proceeding with discovery will be substantial, and the opposing party will not be prejudiced by such a ruling. <u>Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); <u>Johnson v. N.Y. Univ. School of Educ.</u>, 205 F.R.D. 433,

434 (S.D.N.Y. 2002). Here, all of these factors militate strongly in favor of not proceeding with discovery pending Judge Sifton's dismissal ruling.

First, NatWest's motion is highly meritorious, because the Complaint falls far short of the requirements of the statutes Plaintiffs purport to invoke, the civil remedy provisions of the Antiterrorism Act, 18 U.S.C. §§ 2333(a) et seq. Plaintiffs include a victim of a 2003 suicide bomber attack in Israel, for which responsibility was claimed by HAMAS, and members of his family. Plaintiffs seek to hold NatWest liable for treble damages for their injuries, based solely on the fact that a NatWest branch in London maintains deposit accounts for a British charity known as Interpal, which the U.S. government designated as a fund raiser for HAMAS, but only after the bombing at issue. As Plaintiffs' complaint omits, but as is reflected in the documents it selectively quotes, in official rulings, NatWest's own home government in Britain has twice investigated Interpal, and has twice concluded that Interpal has not been shown to be affiliated with HAMAS, once before and again after the U.S. government concluded otherwise.

As the enclosed brief explains, Plaintiffs' allegations are not even close to what is needed to state a claim. Among other defects, because Plaintiffs accuse NatWest only of providing routine deposit account services to Interpal, they cannot meet the statutory requirements of showing that NatWest engaged in predicate criminal conduct and "knowingly provide[d] material support or resources to a foreign terrorist organization," or "unlawfully and willfully provide[d] or collect[ed] funds with the intention that such funds be used, or with the knowledge that such funds are to be used, in full or in part, to carry out" a terrorist act. 18 U.S.C. §§ 2339B, 2339C. Further, Plaintiffs' attempt to allege general aiding and abetting liability under 18 U.S.C. §§ 2333(a) – which does not even exist as a matter of law – is defeated by their failure to plead the elements for such a finding under either federal criminal law, as is required, because civil liability under the statute must be based upon a predicate criminal violation, or even under applicable tort law. Finally, in any event, Plaintiffs' allegations are fatally flawed because they have not pleaded (and cannot plead) facts sufficient to establish any proximate causal link between NatWest's provision of routine deposit account services to Interpal and any injury Plaintiffs sustained due to a HAMAS suicide bomber attack in Israel.

Second, any delay occasioned by deferring discovery should be relatively short. We expect that briefing on NatWest's motion can be completed by the end of January, unless Plaintiffs require additional time to respond.

Third, the burden of proceeding with discovery will be great. NatWest does not currently conduct any banking business in the United States. Compliance with initial disclosure requirements, and the extensive document and deposition requests Plaintiffs have indicated they will make, will require extensive searches for documents in England, and depositions there as well.

Fourth, Plaintiffs will not be prejudiced by deferring discovery until after a ruling on NatWest's dismissal motion. Plaintiffs waited more than two years after they sustained their injuries to file this lawsuit. They seek no injunctive or other time-critical relief. Further,

Magistrate Judge Kiyo A. Matsumoto, p. 3

NatWest's internal counsel has already taken appropriate steps to ensure that all documents relating to the Interpal deposit accounts will be preserved for production in this lawsuit, should that be necessary.

Accordingly, we will respectfully request at Wednesday's conference that discovery in this matter not proceed until after Judge Sifton rules on NatWest's dismissal motion.

Respectfully,

Lawrence B. Friedman

Enclosure

cc: All Counsel