# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100
PHILADELPHIA, PENNSYLVANIA 19107-3304

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LAROCCA
MICHAEL J. BONI
DENIS F. SHEILS
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
MARTIN J. D'URSO
STEVEN M. STEINGARD
STEPHEN H. SCHWARTZ *
ELKAN M. KATZ
CRAIG W. HILLWIG
HILARY E. COHEN
CHRISTINA D. SALER
KATE REZNICK

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
E-MAIL: RSWIFT@KOHNSWIFT.COM

HAROLD E. KOHN
1914-1999

SPECIAL COUNSEL
JOSEPH M. HOEFFEL

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

* ADMITTED IN N.Y. ONLY

January 12, 2006

**VIA FACSIMILE and ECF**

Honorable Kiyo A. Matsumoto
United States District Court
Cadman Square
Brooklyn, NY

Re:    **Weiss et al. v. National Westminster Bank PLC, 05-CV-4622**

Dear Judge Matsumoto:

I am one of the Plaintiffs' counsel in the above-captioned action. Mr. Friedman's letter to you of this date anticipates that plaintiffs will request your Honor to permit discovery to proceed in this matter. Indeed, plaintiffs do wish to proceed with limited discovery at this time and for good reason.

By way of background, your Honor will recall that the first conference before your Honor on December 21 was held telephonically because of the transit strike and was abbreviated. Your Honor took up the request by Mr. Friedman to stay discovery even though plaintiffs had only received his letter request the prior day and had not had sufficient opportunity to respond. After a brief discussion, your Honor stayed discovery, but indicated that Plaintiffs could revisit the issue with the Court after counsel filed their Amended Complaint which was filed on January 5, 2006.

The Amended Complaint (ECF Doc. 28) added a large number of additional plaintiffs as well as factual averments which leave little doubt that the Defendant has, in fact, provided financial services to a Specially Designated Global Terrorist. We assume that Mr. Friedman's letter to your Honor of this date is his purported compliance with item 2 of your Minute Order which required notice to be given to plaintiffs of defendant's willingness to proceed with discovery. Plaintiffs believe there are important reasons why limited discovery should proceed at this time.

First, this case involves very serious allegations of aiding and abetting terrorist acts committed by a designated Foreign Terrorist Organization in the Middle East. The victims in this case are American citizens who were either killed or severely injured in terrorist attacks. Although this is civil litigation, it is definitely imbued with the public interest. Both Congress and the President of the United States have repeatedly and publicly stated that the United States must do everything in its power to suppress terrorists and those who support them.

13933_1

Second, the case of *Linde v. Arab Bank*, No. 04-2799 (E.D.N.Y.) pending before Judge Gershon involves similar claims under the Antiterrorism Act against a Middle Eastern Bank. Like this case, the defendant in *Linde* also argued that discovery should be stayed pending resolution of Rule 12 motions. Judge Gershon rejected that request and permitted discovery to proceed while she considered the Rule 12 motions. *See* attached transcript. Moreover, in a 31-page decision, Judge Gershon addressed most of the issues which NatWest raised in its initial Rule 12 motion and resolved them in favor of the Plaintiffs. *See Linde v. Arab Bank*, 384 F.Supp.2d 571 (E.D.N.Y. Sept. 2, 2005). Plaintiffs believe Judge Gershon's direction was the correct course.

Third, plaintiffs are only seeking limited discovery at this time. Plaintiffs wish to serve a document request on defendant and to take one or more *de bene esse* depositions of the plaintiffs, as may be necessary. For example, Steven Averbach is a plaintiff and a quadriplegic whose repeated trips to the emergency room raise substantial doubt of his life expectancy. His untimely death would prejudice the presentation of his case.

Fourth, the burden is always on the party seeking a protective order to justify why the Federal Rules governing discovery should be set aside. Defendant has cited no legal grounds for a protective order other than inconvenience. Nor is there any guarantee that the Court will resolve defendant's Rule 12 motion in a matter of weeks even if the parties' briefing is prompt. Judges have other responsibilities. Judge Gershon took five months after briefing to render an opinion.

Fifth, as the 437 paragraphs of the Amended Complaint and its exhibits make clear, there is a strong factual basis to this case. Shortly after *Linde v. Arab Bank* was filed, the United States government launched its own investigation of Arab Bank which resulted in a $24 million fine of and an Order closing Arab Bank's Branch operation in New York. It is not hard to discern that the "burden" of immediate discovery averred by defendant is a smokescreen to avoid any disclosure that may further incriminate the defendant.

Finally, the wrongful conduct alleged in the Amended Complaint is not only of the utmost gravity, it is an ongoing risk to the lives of American citizens and other civilians. Accordingly, there is a vital public interest in the expeditious adjudication of this case.

Respectfully yours,

*[signature]*

Robert A. Swift

RAS:pdw
Cc via fax: Lawrence Friedman, Esquire

13933_1

1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

------------- X
LINDE, et al.,                     :

       Plaintiffs,         :

       v.                  :      04-CV-02799-NG-ASC

ARAB BANK, PLC,                    :

       Defendant.          :
------------- X
ALMOG, et al.,                             United States Courthouse
       Brooklyn, New York
       Plaintiffs,         :
                                   December 12, 2005
       v.                  :      3:00 o'clock p.m.

ARAB BANK, PLC,                    :      04-CV-05564-NG-ASC

       Defendant.          :
------------- X
LITLE, et al.,                     :

       Plaintiffs,         :

       v.                  :      04-CV-05449-NG-ASC

ARAB BANK, PLC,                    :

       Defendant.          :
------------- X

```
TRANSCRIPT OF PRE-MOTION CONFERENCE
BEFORE THE HONORABLE NINA GERSHON
UNITED STATES DISTRICT JUDGE.
```

APPEARANCES:

For Linde Plaintiffs:     Wechsler, Harwood, Halebian
                        & Feffer, LLP
                        By:  ANDREW DAVID FRIEDMAN, ESQ.
                        488 Madison Avenue, 8th Floor
                        New York, New York 10022

ANTHONY M. MANCUSO, CSR    OFFICIAL COURT REPORTER

1  together, but we're not there yet.

2  THE COURT: All right.

3  Let me just say, I think that other than the legal
4  issues, the discovery as against the bank strikes me will be
5  the same for all parties. Am I correct?

6  MR. FRIEDMAN: Yes, your Honor.

7  MR. BONNER: That's true.

8  MR. EUBANKS: We do believe so.

9  THE COURT: The plaintiffs are in agreement that
10 they can coordinate. Why don't we do that? You coordinate,
11 and let Arab Bank know what it is that you want.

12 By the same token, I don't really know what Arab
13 Bank's strategy will be with regard to discovery from the
14 plaintiffs. Just offhand, it strikes me that you'll want
15 discovery with respect to what they think they know about
16 your conduct, and I don't know to what extent, at this stage
17 in the proceeding, you are interested in getting the details
18 about the plaintiffs.

19 MR. WALSH: Your Honor, the details about the
20 plaintiffs as presented to date are so skeletal that, quite
21 frankly, we have a hard time understanding how, as a matter
22 of law, these allegations can be pled. So, it would be very
23 much desirable for us to know considerably more detail than
24 the minimal detail we have immediately, so we can do that.

25 THE COURT: All right. Then you can get your --

ANTHONY M. MANCUSO, CSR   OFFICIAL COURT REPORTER

31

1  you're fortunate. You just have to coordinate with yourself.
2  Just get your papers together, begin the coordination, and I
3  think I'll decide, as we go along, whether or not I will
4  refer this -- it is automatically referred to Judge Chrein,
5  but I may assist him about this discovery process, just to
6  maintain the coordination. Since I'm saying one lead person,
7  maybe the Court needs only one person, too. We'll see. You
8  can start this process yourselves.
9      MR. WALSH: We certainly will begin discussions
10 among ourselves immediately, your Honor. We wondered if the
11 Court saw any wisdom in resolving the motions that will soon
12 be before it, before there are formal discovery orders
13 entered.
14     THE COURT: I have thought about that, but we're
15 going to get the last brief fairly soon, and I am somewhat
16 familiar with the case, so I'm not issuing any stay of the
17 discovery at this point. So, you could proceed.
18     All right. Anything else?
19     MR. EUBANKS: Your Honor, if I may ask for a
20 clarification? In terms of the motion briefed in the Linde
21 and Litle cases, those will be considered prior to the end of
22 the briefing schedule in the Almog case. I'm trying to
23 clarify, in terms of timing, if we should expect a ruling on
24 those motions to dismiss possibly prior to the end of our
25 briefing schedule, or if they are not going to be --

ANTHONY M. MANCUSO, CSR   OFFICIAL COURT REPORTER