UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZVI WEISS, et al. : | Case No. CV 05-4622 (CPS) |
| Plaintiffs, : | |
| -against- : | |
| NATIONAL WESTMINSTER BANK, PLC : | |
| Defendant. : | |

### STIPULATED DOCUMENT AND DATA PRESERVATION ORDER

It is hereby stipulated and agreed by and between counsel for the parties as follows:

1.  The parties shall preserve all evidence that may be relevant to this action. This includes documents, data and tangible things in the possession, custody and control of the parties and any employees and agents who possess materials reasonably anticipated to be subject to discovery in this action.

2.  "Documents, data and tangible things" shall include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, archived data or documents, current or legacy software and hardware necessary to access, manipulate or print current data or data that has been archived or backed up, removable computer storage media such as tapes, disks and cards, including any used to store backups or archives, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, charts, diagrams, graphic presentations, drawings, films, charts, digital or hard copy photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, and notes. Information that serves to identify, locate or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

3.  "Preservation" includes taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, recycling, relocation, migration, theft or mutation of any documents, data or tangible things relevant to this action.

4.  If the business practices of any party involve the routine destruction, recycling, relocation or mutation of any such materials, the party must, to the extent

13106_4

practicable for the pendency of this order, either: (a) halt such business processes; (b) sequester or remove such materials from the business process; or (3) arrange for the preservation of complete and accurate duplicates or copies of such materials, suitable for later discovery if requested.

5. To the extent they have not done so already, the parties shall circulate retention notices designed to ensure the preservation of materials set forth in paragraph 2 above to those employees potentially possessing such information

6. The parties shall take all appropriate measures to secure and retain, to the extent that it exists, the material set forth in paragraph 2 above that is on the desktop and laptop hard drives of their employees.

7. To the extent that any party has implemented a system for the purpose of preserving external emails (emails sent to or received by a given party's employees) in an easily accessible form, other than an email server or the backup tapes or other media identified in paragraph 2 above, all emails that were created during the period from January 1, 1995 through September 29, 2005, that contain evidence which may be relevant to this action, and that are stored on any such system as of the date hereof, shall be preserved during the pendency of this litigation.

9. By agreeing to preserve the materials set forth in paragraph 2 above in accordance with the terms hereof, no party is waiving any objection on any ground to the ultimate discoverability of such information at such point when discovery is authorized in these actions.

10. If counsel to any party learns that potentially discoverable data or hardcopy documents of the type described in paragraph 2 above have been destroyed by such party subsequent to being named as a party in, and receiving a copy of, a complaint, counsel for such party shall notify opposing counsel in writing of such destruction within two weeks of learning so.

11. Nothing herein shall preclude any party from raising with counsel or the Court the limitation or modification of the foregoing in response to particular facts relevant to that party.

12. Nothing herein relieves any other party of its obligations under the Federal Rules of Civil Procedure or any other applicable law.

13. The time period for which documents, data and tangible things are to be preserved is January 1, 1995 through the final termination of this litigation.

13106_4

*[Signature]*

Robert A. Swift, Esq. (RS-8630)
Steven M. Steingard, Esq.
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

Gary M. Osen, Esq. (GO-5790)
Peter Raven-Hansen, Esq.
OSEN & ASSOCIATES, LLC
700 Kindermack Road
Oradell, NJ 07649
Telephone: (201) 265-6400
Facsimile: (201) 265-0303

Andrew D. Friedman, Esq.
Joshua D. Glatter, Esq. (AF-6222)
WECHSLER HARWOOD LLP
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: ((212) 935-7400

Counsel for Plaintiffs

*[Signature]*

Lawrence Friedman, Esq. (LF-9978)
Jonathan I. Blackman, Esq. (JB-3846)
Isabelle A. Young, Esq.
CLEARY GOTTLIEB STEEN &
  HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Counsel for Defendant

**SO ORDERED:**

_____
Kiyo A. Matsumoto, US Magistrate Judge

13106_4