# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100

PHILADELPHIA, PENNSYLVANIA 19107-3304

(215) 238-1700
Telecopier (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
E-MAIL: RSWIFT@KOHNSWIFT.COM

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LaROCCA
MICHAEL J. BONI
DENIS F. SHEILS
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
MARTIN J. D'URSO
STEVEN M. STEINGARD
STEPHEN H. SCHWARTZ *
ELKAN M. KATZ
CRAIG W. HILLWIG
HILARY E. COHEN
CHRISTINA D. SALER
KATE REZNICK

HAROLD E. KOHN
1914-1999

SPECIAL COUNSEL
JOSEPH M. HOEFFEL

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

* ADMITTED IN N.Y. ONLY

January 19, 2006

**BY ECF**

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Court House
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Weiss et al. v. National Westminster Bank Plc*, 05-CV-4622 (CPS) (KAM)

Dear Judge Matsumoto:

I am one of the plaintiffs' counsel in the above matter and write in reply to Mr. Friedman's letter of January 17, 2006.

Plaintiffs certainly appreciate opposing counsel's willingness to cooperate in the scheduling of *de bene esse* depositions. However, with respect to the remainder of counsel's arguments, Plaintiffs feel obligated to take exception.

Since your Honor will not be deciding defendant's anticipated Rule 12 motion, there is little point to arguing the factual sufficiency of the Amended Complaint. But plaintiffs take umbrage to the statement that NatWest "abhors terrorism just as much" as the plaintiffs when the undisputed fact is that NatWest maintains several accounts for a Specially Designated Global Terrorist ("SGDT") organization. Counsel may have "deep sympathy for Plaintiffs' ... tragedies", but there can be little doubt that the defendant has transferred ***and continues to transfer***, millions of dollars to the very terrorist organization that has murdered and maimed Plaintiffs and their families. Therefore, it is not an overstatement that the defendant's current actions are aiding and abetting those intent on committing terrorist acts and this proceeding is imbued with the public interest.

As I informed the Court on December 21, the purpose of amending the Complaint was to add additional families and to insert additional factual allegations. The amendment of the Complaint was as of right, and any effort to characterize the act of amending the Complaint as an admission of any kind is patently ridiculous. I never stated during the December 21, 2005, initial

14231_1

conference hearing "that [I] would offer in Plaintiffs' Amended Complaint sufficient facts to address all of the shortcomings NatWest identified in Plaintiffs' original Complaint".

Although the defendant is free to make any legal arguments it wishes, the holding in *Linde v. Arab Bank*, 384 F.Supp.2d 571, 587 (E.D.N.Y.) is directly pertinent to the issues raised by defendant herein. Defendant's contention that knowingly transferring millions of dollars from an SDGT to know agents of HAMAS does not constitute "financial services" under 18 U.S.C. §2339A was directly rejected by Judge Gershon in *Linde v. Arab Bank*, 384 F.Supp.2d 571, 587 (E.D.N.Y.) wherein she stated:

> Nothing in the complaints suggests that Arab Bank is a mere unknowing conduit for the unlawful acts of others, about whose aims the Bank is ignorant. Although the Bank would like this court to find, as did the court in In re Terrorist Attacks, that it is engaged in "routine banking services," see 349 F. Supp. 2d at 835, here, given plaintiffs' allegations regarding the knowing and intentional nature of the Bank's activities, there is nothing "routine" about the services the Bank is alleged to provide.

The defendant's second argument contesting the sufficiency of Plaintiffs' allegations regarding knowledge and intent is directly contrary to another holding in Linde v. Arab Bank: "Section 2339B [of the ATA] is violated if the Bank provides material support in the form of financial services to a Designated Foreign Terrorist Organization and the Bank either knows of the designation or knows that the designated organization has engaged or engages in terrorist activities." *Id*.

It bears repeating that the burden is on the defendant to establish the basis for deferring discovery. In the present case, any delay in adjudication of the claims, including deferment of discovery, can have a genuine adverse impact not only on the plaintiffs, but on the lives of many others whose safety is foreseeably at risk as the result of defendant's conduct. Moreover, it is clear from the defendant's conduct that even after the U.S Government designated its account holder as a "Global Terrorist", the bank has not closed the accounts or altered its own conduct.

Plaintiffs have every confidence that the District Court in this case will rule in the same manner as every other court that has addressed similar issues. This case, however, presents a unique circumstance, because there can be no question as to either the nature of the ongoing conduct of the defendant or the potential consequences of its continuation.

Mr. Friedman's unsubstantiated arguments fall far short of the required showing that the relevant considerations weigh heavily in favor of a stay of discovery during the pendency of defendant's anticipated motion to dismiss the plaintiffs' amended complaint pursuant to Fed.

KOHN, SWIFT & GRAF, P.C.     CONTINUATION SHEET NO. 3     HON. KIYO MATSUMOTO
JANUARY 19, 2006

R. Civ. P. 12(b)(6). Plaintiffs, therefore, respectfully request that document discovery be permitted to proceed forthwith.

Respectfully submitted,

*[signature]*

Robert A. Swift

RAS:pdw
cc: All Counsel

14231_1