## CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · TOKYO

Writer's Direct Dial (212) 225-2840
E-Mail: lfriedman@CGSH.com

January 31, 2006

BY ECF AND BY HAND

Honorable Charles P. Sifton
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Nina Gershon
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Weiss et al. v. National Westminster Bank Plc,
05-CV-4622 (CPS) (KAM)

Dear Judge Sifton and Judge Gershon:

      This firm is counsel to defendant National Westminster Bank Plc ("NatWest"), the sole defendant in the above-referenced matter. Last Friday night, we received from counsel to Arab Bank plc ("Arab Bank") a "courtesy" copy of motion papers Arab Bank apparently filed in seven other lawsuits solely against Arab Bank that are currently pending before Judge Gershon – the Linde, Litle, Coulter, Almog, Afriat-Kurtzer, Bennett and Roth lawsuits. In these motion papers, Arab Bank asks Judge Gershon, pursuant to Federal Rule of Civil Procedure 42(a), to withdraw the Weiss lawsuit against NatWest from Judge Sifton's docket, where it has been pending since last September, on the ground that it purportedly is related to the seven lawsuits against Arab Bank, certain of which were filed in 2004, and then to consolidate all eight lawsuits on Judge Gershon's docket. In making this motion, Arab Bank is grossly misusing Rule 42(a) in an attempt to circumvent this Court's rules, Judge Sifton's jurisdiction and the ability of NatWest, which is not a party to the lawsuits in which Arab Bank made its motion, to oppose the relief Arab Bank seeks. For all of the following reasons, the Court should strike Arab Bank's motion.

      First, Rule 42(a) does not permit one judge, under the guise of a consolidation request, to withdraw a pending lawsuit from another judge's docket. Rule 42(a) instead allows a judge to consolidate two or more lawsuits that are pending before that single judge. 8 James Wm. Moore et al., Moore's Federal Practice § 42.11 (3d ed. 2005).

Honorable Charles P. Sifton
Honorable Nina Gershon, p. 2

  Second, the relief Arab Bank seeks – in effect, the reassignment of the <u>Weiss</u> lawsuit from Judge Sifton to Judge Gershon on the false premise that the <u>Weiss</u> lawsuit is so related to the seven pending lawsuits against Arab Bank as to justify that relief – is instead governed by Rule 50.3(f) of this Court's Rules for the Division of Business Among District Judges. Rule 50.3(f) provides in pertinent part as follows:

> The failure to assign related cases appropriately shall be corrected only by agreement of all the judges to whom the related cases are assigned; if they agree, they may transfer the later-filed cases as provided in paragraph (e), and notify the clerk of that action.

Hence, Arab Bank could obtain the relief it seeks only by agreement of both Judge Sifton and Judge Gershon, and not by order of Judge Gershon alone, pursuant to a motion made only in the cases assigned to her.

  If Arab Bank continues to desire the reassignment of the <u>Weiss</u> lawsuit from Judge Sifton to Judge Gershon, it should file a proper request for that relief under Rule 50.3(f) of this Court's Rules for the Division of Business Among District Judges. If Arab Bank will not withdraw its improper Rule 42(a) motion, the Court should strike it.

  Arab Bank's motion also is substantively meritless. None of the relevant considerations favors either reassigning the <u>Weiss</u> lawsuit or consolidating it with the seven lawsuits against Arab Bank. Instead, Arab Bank appears to be seeking this relief solely to gain a perceived tactical benefit to which it is not entitled, by dragging another defendant, against which it asserts no claim, into the lawsuits against it. The <u>Weiss</u> lawsuit was filed more than four months ago, and has already been the subject of two dismissal motions by NatWest, the first of which caused plaintiffs to file an amended complaint. NatWest's motion seeking the dismissal of that amended complaint is currently pending before Judge Sifton. Moreover, the factual allegations against Arab Bank, and therefore the purported bases for its liability, are materially different from the accusations against NatWest. Accordingly, consolidation of all of these lawsuits is not warranted, and would prejudice NatWest. We will address these points more fully if Arab Bank files a proper reassignment request in accordance with the Court's rules.

            Respectfully,

            Lawrence B. Friedman

cc: All counsel in the <u>Arab Bank</u> and <u>Weiss</u> lawsuits (by facsimile and regular mail)