DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TZVI WEISS, et al.                              :
                                                :
                        Plaintiffs,             :        05-CV-4622 (CPS)(KAM)
                                                :
        -against-                               :
                                                :
                                                :
NATIONAL WESTMINSTER BANK, PLC,                 :
                                                :
                        Defendant.              :
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. ★
★

P.M.
TIME A.M.

PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the

following Protective Order ("Order") limiting the disclosure and use of certain discovered

information as hereinafter provided.

IT IS HEREBY ORDERED THAT:

1.      Designation of Confidentiality:

        (a)     All documents and information produced in conjunction with this

litigation that:

                i.      contain or are derived from trade secrets or other proprietary or

                sensitive commercial or financial information; or

                ii.     contain or are records in the possession of National Westminster

                Bank PLC ("NatWest") relating to financial information of persons who

                are not parties to this litigation; or

iii.    contain or are derived from personal private financial, medical, employment, educational information or disclose the current or past location of a party.

may be designated "CONFIDENTIAL" by the person producing documents or information in this litigation or a party to this litigation (the "Designating Party").  Information described in sub-paragraphs i-iii above shall be referred to herein as "Confidential Information."

(b)    All Confidential Information that a Designating Party believes to be either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a party or its employees or customers, or that a party believes to be of such a highly personal nature that it may expose a party to risk of harm may be designated "HIGHLY CONFIDENTIAL" by that party.  With the consent of defense counsel, plaintiffs may redact plaintiffs' addresses, phone numbers, social security numbers, passport identification numbers from all documents being produced by plaintiffs.

(c)    The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that such document, material, or information has been reviewed by the Designating Party and that the Designating Party has a good faith basis for the designation.

(d)    A person receiving Confidential Information or Highly Confidential Information shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

2

(e)     The provisions of this Order extend to all designated Confidential Information and Highly Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

2.     <u>Means of Designating Documents Confidential:</u>  Documents or information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the meaning of this Order in the following ways:

(a)     Documents:  The Designating Party will place the following legend on each page of any such document:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(b)     Interrogatory Answers and Responses to Requests for Admissions:  The Designating Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In addition, the Designating Party will place the following legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION;" and "DESIGNATED PARTS NOT TO BE USED, COPIED OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER."

3

(c)     Depositions:  The Designating Party or the witness producing such information will identify on the record the portions of the transcript (including exhibits) that contain Confidential Information or Highly Confidential Information or will submit a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available.  The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period.  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION;" and "DESIGNATED PARTS NOT TO BE USED, COPIED OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER."  If all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the videocassette, other videotape container or DVD shall be labeled with these legends.

(d)     Electronic Data:  "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).  The Designating Party will designate Electronic Data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a cover letter identifying the information generally.  When feasible, the Designating Party will also mark the electronic or magnetic media with the appropriate

4

designation. Whenever any party to whom Electronic Data designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided for in Paragraph 2(a) above. Whenever any Electronic Data designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

(e)     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party and its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Highly Confidential Information.

(f)     Documents and materials filed with the Court:

i.     Any Confidential Information or Highly Confidential Information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL INFORMATION") and "SUBJECT TO COURT ORDER" and words in substantially the following form:

5

> This envelope contains documents that are filed
> under seal in this case by [name of party] and, by
> Order of this Court dated _____, 2005, shall not be
> opened nor its contents displayed or revealed except
> as provided in that Order or by further Order of the
> Court.

Any pleading or other paper required to be filed under seal pursuant to this

Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right

hand corner of the cover page of the document.

ii.      Only those portions of such documents and materials containing or

reflecting Confidential Information or Highly Confidential Information shall be

considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be

disclosed only in accordance with this Order.  Where feasible, only those portions

of such filings that are Confidential Information or Highly Confidential shall be

filed under seal.

iii.     Any sealed document may be opened by the presiding Judge or designated

Magistrate, the presiding Judge's or designated Magistrate's law clerks, and other

necessary Court personnel without further order of the Court.

iv.      Each document filed under seal may be returned to the party that filed it

under the following circumstances: (1) if no appeal is taken, within ninety days

after a final judgment is rendered, or (2) if an appeal is taken, within thirty days

after the ruling of the last reviewing court that disposes of this litigation in its

entirety is filed.  If the party that filed a sealed document fails to remove the

6

document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Designating Party or the party that filed the sealed document (if not the same as the Designating Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the clerk deems appropriate.

v.      Notwithstanding any provision in this Order to the contrary, any Designating Party may determine to reclassify a document it previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such document under seal if the previously designated Confidential Information or Highly Confidential Information was so designated solely by that party and all other parties are notified of the change in classification at the time such material is reclassified.

3.      Use of Confidential Information:  Confidential Information and Highly Confidential Information shall not be used by any person, other than the Designating Party, for any purpose other than prosecuting, defending or settling Weiss, et al. v. National Westminster Bank PLC, Case No. CV 05-4622.  Any additional cases that are designated by order of the Court for cooperative or coordinated discovery with the foregoing case shall by order therein be made subject to this Order and the parties thereto may use Confidential Information and Highly Confidential Information for no purpose other than prosecuting, defending or settling such cases. In no event shall Confidential Information or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

7

4.    <u>Disclosure of Confidential Information:</u>  Access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to:

(a)    Attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation;

(b)    Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation provided that Paragraph 6 of this Protective Order has been complied with;

(c)    Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation, provided that Paragraph 6 of this Protective Order has been complied with;

(d)    Any director, officer, or employee of NatWest charged with the responsibility for making decisions dealing directly with the defense or resolution of this action, and any insurer from whom NatWest seeks coverage in connection with the claims asserted in <u>Weiss, et al. v. National Westminster Bank PLC</u>, Case No. CV 05-4622;

(e)    The Designating Party and any current employee or agent of a Designating Party, or any other person who, as appears from the face of the document, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Confidential Information sought to be disclosed to that person;

8

(f)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(g)     Third-party witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 8) trial testimony provided that prior to furnishing such Confidential Information to such witness, the witness shall be provided a copy of this Protective Order and shall, prior to disclosure, execute a Confidentiality Agreement such as that annexed as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its terms.  Where a third-party witness refuses to execute a Confidentiality Agreement, that witness may not be shown Confidential Information unless the parties have agreed in writing to the terms and conditions under which disclosure is to be permitted or as ordered by the Court.  A party that wishes to disclose Confidential Information to such third-party witness may seek an order of the Court, supported by a showing of the need to disclose the Confidential Information, and accompanied by a certification that the party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party.  A person opposing disclosure would thereafter have an opportunity to respond within five business days, after which the Court will determine the conditions under which any disclosure is permitted;

(h)     Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 6 of this Protective Order has been complied with; and

9

(i)      Any other person whom the Court directs should have access to the Confidential Information.

5.      <u>Disclosure of Highly Confidential Information:</u>  Access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to:

(a)      Outside attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation;

(b)      Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation provided that Paragraph 6 of this Protective Order has been complied with;

(c)      Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation, provided that Paragraph 6 of this Protective Order has been complied with;

(d)      Any director, officer, or employee of NatWest charged with the responsibility for making decisions dealing directly with the defense or resolution of this action, and any insurer from whom NatWest seeks coverage in connection with the claims asserted in <u>Weiss, et al. v. National Westminster Bank PLC</u>, Case No. CV 05-4622;

10

(e)     The Designating Party and any current employee or agent of a Designating Party, or any other person who, as appears from the face of the document, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Highly Confidential Information sought to be disclosed to that person;

(f)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(g)     Third-party witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 8) trial testimony provided that prior to furnishing such Highly Confidential Information to such witness, the witness shall be provided with a copy of this Protective Order and shall, prior to disclosure, execute a Confidentiality Agreement such as that annexed as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its terms.  However, if the third-party witness is a competitor, customer or regulator of the Designating Party, or an employee or agent of a competitor, customer, or regulator of the Designating Party, then the party wishing to make such disclosure shall meet and confer with the Designating Party a reasonable period in advance of such use to discuss the procedures for the treatment of Highly Confidential Information, with all parties reserving their rights to apply to the Court for further protections.  Where a third-party witness refuses to execute a Confidentiality Agreement, that witness may not be shown Highly Confidential Information unless the parties have agreed in writing to the terms and conditions

11

under which disclosure is to be permitted or as ordered by the Court. A party that wishes to disclose Highly Confidential Information to such third-party witness may seek an order of the Court, supported by a showing of the need to disclose the Highly Confidential Information, and accompanied by a certification that the party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five business days, after which the Court will determine the conditions under which any disclosure is permitted;

        (h)    Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 6 of this Protective Order has been complied with; and

        (i)    Any other person whom the Court directs should have access to the Highly Confidential Information.

    5.1    <u>Non-Application of Order:</u> The restrictions set forth above shall not apply to (a) documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party from a source that was not required to maintain the confidentiality of such information. Before such documents are publicly released, a party will follow the procedures described in Paragraph 7.

6.    Notification of Confidentiality Order:

(a)    All persons who are authorized to receive and are to be shown Confidential Information or Highly Confidential Information under this Protective Order (other than the persons listed in paragraphs 4(a), (d), (e), (f), and (i), and 5(a), (d), (e), (f) and (i)) shall be provided a copy of this Protective Order prior to the receipt of Confidential Information or Highly Confidential Information, and shall, unless otherwise agreed upon in writing by the parties or authorized by a Court order issued pursuant to the procedure set forth in either paragraph 4(g) or paragraph 5(f), in a written and signed Confidentiality Agreement such as that annexed as Exhibit A, state that he or she has read this Protective Order and agrees to be bound by its terms.

(b)    The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7.    Objections to Designations:  A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the material is produced shall not preclude a subsequent challenge to the designation.  In the event a party objects to the designation of any material under this Order by another party, the objecting party first shall consult with the Designating Party to attempt to resolve the differences.  If the parties

13

are unable to reach an accord as to the proper designation of the material, the objecting party

may, on notice to the other party, apply to the Court for a ruling that the material shall not be so

treated. If such motion is made, the Designating Party will have the burden to establish that the

designation is proper. If no such motion is made, the material will remain as designated. Any

documents or other materials that have been designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" shall be treated as such until the Court rules that they should not be so

treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a

motion to reconsider or an appeal having been filed.

8.    Use of Confidential Information or Highly Confidential Information at Trial:  The

restrictions, if any, that will govern the use of Confidential Information or Highly Confidential

Information at trial or hearings will be determined at a later date by the parties, in consultation

with the Court, if necessary.

9.    Preservation of Rights and Privileges:  Nothing contained in this Order shall

affect the right of any party or witness to make any other available objection or other response to

discovery requests, including, without limitation, interrogatories, requests for admissions,

requests for production of documents, questions at a deposition, or any other discovery request.

Nothing contained in this Protective Order shall operate to require the production of any

information or document that is privileged or otherwise protected from discovery. The parties

expressly preserve any and all privileges and exemptions, including without limitation the

attorney-client privilege and work product immunity. Inadvertent disclosure or production of

14

materials so protected shall not be deemed a waiver of any privilege or immunity. Upon written request, a party shall return, immediately and in no event later than two (2) business days after the receipt of written notice, such materials and any copies or reproductions thereof. The party shall also return or destroy any work product materials derived from the produced protected material. The return of purported protected material shall not in any way waive a party's right to challenge the claim of privilege and/or exemption, but such challenge shall neither (i) be based in any way on the fact of the production or disclosure of such material; nor (ii) divulge the contents of the protected material except to the Court under seal as provided herein.

10.    Return of Materials:  Within sixty (60) days after the final resolution of all litigation identified in paragraph 3 above, all Confidential Information and Highly Confidential Information, including all copies, abstracts and summaries, shall be returned to counsel for the Designating Party or, if the Designating Party's counsel is so informed, destroyed, with the party that had received the Confidential Information or Highly Confidential Information certifying to the return or destruction, as appropriate. As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such pleadings,

15

affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to Protective Order, and maintained as such.

11.     Compliance Not An Admission:  A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

12.     Subpoenas:  Any party or person in possession of Confidential Information or Highly Confidential Information who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Designating Party, identifying the materials sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Highly Confidential Information that such information is subject to this Protective Order and shall take all reasonable steps to preserve the confidentiality of such information.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information or

16

Highly Confidential Information to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

13.    <u>Application to Non-Parties</u>:  This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of documents or otherwise, in this litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and agrees to be bound by the provisions of this Order by executing a Confidentiality Agreement in substantially the form attached hereto as Exhibit A. This Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise.  Unless otherwise agreed upon in writing by the parties or authorized by a Court order issued pursuant to the procedure set forth in either paragraph 4(g) or paragraph 5(f), such non-parties shall execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.  For purposes of this Paragraph only, a non-party shall submit to the personal jurisdiction of the Court, as provided in Paragraph 3 of Exhibit A.

14.    <u>Modification of the Order</u>:  This Order shall not foreclose a Party from moving this Court for an order that documents or information within the meaning of this Order are, in fact, not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or otherwise subject to protection under Rule 26(c).  In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

17

15.    Objections: Nothing contained in this Protective Order shall preclude non-parties from submitting objections for ruling by the Court.

16.    Inadvertent Disclosure: If a person bound by this Order discloses inadvertently Confidential Information or Highly Confidential Information to a person not authorized to receive that information, or if a person authorized to receive Confidential Information or Highly Confidential Information breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the Designating Party.  In addition, if a person bound by this Order becomes aware of unauthorized disclosure of Confidential Information or Highly Confidential Information by a non-party, that person shall immediately give notice of the unauthorized disclosure to the Designating Party.  Notice in either circumstance described in this paragraph shall include a full description of all facts that are pertinent to the wrongful disclosure.  The person disclosing the Confidential Information or Non-Confidential Information shall make every reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information.  Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

17.    Binding: Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.  This Order is binding on all parties to this litigation, on all third parties who have agreed to be bound

18

by this Order and on all others who have signed the Confidentiality Agreement in substantially
the form attached hereto as Exhibit A, and shall remain in force and effect until modified,
superseded, or terminated by consent of the parties or by Order of the Court.

**Draft Protective Order**

18.   <u>Time:</u>  All time periods set forth in this Order shall be calculated according to

Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

SO ORDERED:

February ___, 2006

_____
United States Magistrate Judge

20

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**TZVI WEISS, et al.**                                   :

          **Plaintiffs,**                               :      **05-CV-4622 (CPS)(KAM)**

          **-against-**                                   :

                                                        :

**NATIONAL WESTMINSTER BANK, PLC,**                      :

          **Defendant.**                                 :
-------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT

1.    My name is _____, I live at _____

_____. I am employed as _____

(state position) by _____

(state name and address of employer).

2.    I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.    I understand that sanctions may be entered for violation of the Protective Order. I consent to personal jurisdiction over me by the United States District Court for the Eastern District of New York with respect to the Protective Order.

Executed this ___ day of _____, 200__.

**Draft Protective Order**

Signature: _____

Draft Protective Order