

# OSEN & ASSOCIATE, LLC

**ATTORNEYS AT LAW**
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400   FACSIMILE 201.265.0303
WWW.OSEN.US

<u>**Via ECF**</u>

March 8, 2006

Honorable Charles P. Sifton
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   **Charity Commission Report of 1996**
         ***Weiss, et al. v. NatWest, Plc.*** **05 CV 4622 (CPS/KAM)**

Dear Judge Sifton:

I write on behalf of the Plaintiffs in the above-captioned action to respond to the March 3, 2006 letter submitted by Defendant's counsel, Lawrence Friedman, and to correct a number of inaccuracies in Mr. Friedman's letter regarding the 1996 Charity Commission Report on Interpal ("Investigative Report") and Defendant's Reply Brief.

First, Plaintiffs submitted a copy of the Investigative Report on March 1, 2006 because it is the actual document referenced in the Amended Complaint (¶342). Put another way, the extract from the Commission's 1996 **annual report** attached as Exhibit D to the Declaration of Mr. Friedman in support of Defendant's initial Memorandum of Law is <u>not</u> the same document referenced in the Amended Complaint. Unfortunately, Defendant's Reply Memorandum compounded the situation by alleging that Plaintiffs deliberately misrepresented the contents of the Investigative Report. In short, Defendant's Reply Memorandum gave the unmistakable (false) impression that Defendant's Reply Memorandum was quoting from the *same* report that "[p]laintiffs rely heavily upon." Def. Reply Memo at p. 10. To put to rest the overheated rhetoric and inaccurate characterizations by Defendant, Plaintiffs submitted the <u>actual</u> Investigative Report cited in the Amended Complaint.

Second, as pointed out in Plaintiffs' letter dated March 1, 2006, the Investigative Report makes it clear that the Charity Commission was not concerned with allegations that Interpal funds were going to supporters of Hamas and the families of suicide bombers "so long as the funds were being applied within the objects of the charity." Investigative Report at p. 2. Thus, the conclusions of the Commission's inquiry could offer no comfort to the Defendant. As Judge Gershon noted in *Linde v. Arab Bank, PLC*, 384 F. Supp. 2d 571, 586 (E.D.N.Y. 2005) citing *Humanitarian Law Project v. Reno*, 205 F.3d 1130, 1136 (9th Cir. 2000), *cert. denied*, 532 U.S. 904 (2001), "'[m]aterial support given to a terrorist organization can be used to promote the organization's unlawful activities, regardless of donor intent. Once the support is given, the donor has no control over how it is used.' *Id.*, 205 F.3d at 1134. Moreover, 'all material support given to such organizations aids their unlawful goals.'" *Id.* at 1136.

Even more troubling than Defendant's "bait and switch" tactics concerning the use of the Investigative Report, is Mr. Friedman's attempt to distinguish *United States v. Assi*, 2006 WL 335981 (E.D. Mich. February 10, 2006) by flatly asserting that:

> Again, plaintiffs do not accuse NatWest of providing banking services to HAMAS, or any other designated foreign terrorist organization. Friedman Ltr. At p. 3.

Put bluntly, there is no reasonable explanation for this complete misstatement of Plaintiffs' allegations since that is <u>precisely</u> what Plaintiffs have alleged NatWest has done. Although there are numerous paragraphs Plaintiffs could point to (Eg. ¶¶346, 350, 358 ), paragraph 351 of the Amended Complaint entirely refutes Mr. Friedman's assertion:

> NatWest provided **and continues to provide** financial services to HAMAS via various HAMAS-controlled institutions including, but not limited to: the Orphan Care Society of Bethlehem, Al-Islah Charitable Society in Ramallah-Al-Bireh, the Ramallah-Al-Bireh Charitable Society, the Jenin Charity Committee, the Hebron Islamic Association, Tulkarem Charity Committee, Al-Mujama al-Islami, the Islamic Charitable Society in the Gaza Strip and the Muslim Youth Association of Hebron. (Amended Complaint ¶351)(emphasis added)[1]

Mr. Friedman and his client are certainly free to take issue with the facts alleged in the Amended Complaint on a Rule 56 motion following discovery, but not on a Rule 12(b) motion. Nor is Mr. Friedman entitled to mischaracterize to the Court what the Amended Complaint actually alleges.

The intent of Plaintiffs' letter of March 1, 2006, was to provide the Court the benefit of examining the <u>actual</u> Investigative Report referenced in the Amended Complaint and to advise the Court of a recent decision that Plaintiffs believe is relevant to the analysis of issues before the Court. Plaintiffs regret taking up the Court's time with another letter on this subject, but, under the circumstances, Mr. Friedman's statements necessitated further clarification and correction.

Respectfully submitted,

Gary M. Osen

cc: Lawrence Friedman, Esq.
    Robert A. Swift, Esq.

---

[1] At least 5 of the alleged HAMAS fronts listed in ¶ 351 were also identified in the Charity Commission Report of 1996 as recipients of Interpal payments.