CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
STEPHEN H. SHALEN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
EDWARD D. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN

LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF

KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
JENNIFER L. KROMAN
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER W. HESS
GAMAL M. ABOUALI
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
DEBORAH E. KURTZBERG
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
RESIDENT COUNSEL

Writer's Direct Dial: (212) 225-2840
E-Mail: lfriedman@CGSH.com

June 30, 2006

BY ECF AND HAND

Judge Charles P. Sifton
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Weiss v. National Westminster Bank PLC, 05-CV-4622 (CPS) (KAM)
      Strauss et al. v. Crédit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)

Dear Judge Sifton:

      On behalf of defendants National Westminster Bank Plc ("NatWest") and Credit Lyonnais, S.A. in the above-referenced lawsuits, I enclose a copy of the decision Judge Glasser issued earlier today in Stutts v. The De Dietrich Group, et al., 03-CV-4058 (ILG), which directly supports the dismissal of plaintiffs' claims against NatWest and Credit Lyonnais on two of the grounds upon which the banks rely in support of their pending dismissal motions.

      Judge Glasser dismissed, among others, aiding and abetting claims against several foreign banks (coincidentally including Credit Lyonnais) under Section 2333 of the Anti-Terrorism Act that were asserted by a proposed class of plaintiffs injured as the result of their exposure to Saddam Hussein-era Iraqi chemical weapons during the Gulf War. The plaintiffs based their aiding and abetting allegations upon the banks' issuance of letters of credit to suppliers of the means to make these weapons.

      Two of the fatal flaws Judge Glasser found in the Stutts plaintiffs' aiding and abetting pleading against the banks in that case are the same as two of the fatal flaws in the plaintiffs' pleadings against NatWest and Credit Lyonnais here.

Judge Charles P. Sifton, p. 2

<u>First</u>, addressing Section 2333's proximate cause requirement as identified in the Seventh Circuit <u>Boim</u> decision that NatWest and Credit Lyonnais have cited to Your Honor, Judge Glasser ruled that the <u>Stutts</u> plaintiffs had not adequately alleged that the bank defendants' actions proximately caused the plaintiffs' injuries.  Specifically, Judge Glasser emphasized that the plaintiffs had not satisfied their obligation to allege that their injuries were the reasonably foreseeable consequence of the banks' actions merely by relying upon Iraq's known use of chemical weapons as placing the banks on notice "that their services 'were likely to be used in an unlawful and dangerous manner by Saddam Hussein's regime.'"  Judge Glasser concluded that the plaintiffs "allege no facts, nor can they, to demonstrate that it was reasonably foreseeable to the Bank Defendants that issuing letters of credit to manufacturers would in any way contribute to Saddam Hussein's use of chemical weapons or <u>a fortiori</u> 'the manufacture of chemical weapons <u>in Iraq</u>,'" and that the banks had thereby "proximately caused plaintiffs' injuries, which they allege directly resulted from exposure to chemical weapons . . . ." Op. at 8-9.

The parallels to the defects in plaintiffs' pleadings here are obvious.  In neither lawsuit have plaintiffs shown that it was reasonably foreseeable to either NatWest or Credit Lyonnais that their provision of routine banking services to their respective customers would further the attacks in which plaintiffs were injured.

<u>Second</u>, addressing Section 2333's <u>scienter</u> requirement, and again relying upon <u>Boim</u>, Judge Glasser rejected as inadequate the plaintiffs' allegation that, based upon press reports and other widespread information concerning the Hussein regime's use of chemical weapons, the banks "'knew or reasonably should have known' that, as a result of services they provided, Hussein's regime and its use of chemical weapons endangered 'all who opposed Saddam Hussein.'"  Judge Glasser also linked the plaintiffs' failure to fulfill their obligation to plead proximate cause adequately and their failure to fulfill their obligation to plead <u>scienter</u> adequately, noting that "where a plaintiff fails to show a causal link between the alleged unlawful act and defendants' participation in the commission of that act, it is more difficult to demonstrate that the defendants knowingly and substantially assisted in the unlawful activity."  Op. at 10-13.

Again, the parallels to the defects in plaintiffs' pleadings here are obvious.

In short, Judge Glasser's ruling provides important additional support for Your Honor's dismissal of plaintiffs' allegations against NatWest and Credit Lyonnais.

                                                Respectfully,

                                                /s/ Lawrence B. Friedman

Enclosure
cc:  All Counsel