CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial: (212) 225-2490
E-Mail: jblackman@cgsh.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
STEPHEN H. SHALEN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
EDWARD D. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN

LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF

KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
JENNIFER L. KROMAN
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER W. HESS
GAMAL M. ABOUALI
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
DEBORAH E. KURTZBERG
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
RESIDENT COUNSEL

July 10, 2006

BY ECF AND HAND

The Honorable Charles P. Sifton
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Weiss et al. v. National Westminster Bank PLC, 05-CV-4622 (CPS) (KAM);
> Strauss et al. v. Crédit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)

Dear Judge Sifton:

On behalf of defendants National Westminster Bank Plc ("NatWest") and Credit Lyonnais, S.A., I am writing to respond briefly to plaintiffs' letter of July 7, 2006 regarding Judge Glasser's decision in Stutts v. The De Dietrich Group, et al., 03-CV-4058 (ILG).

Plaintiffs go to great pains to distinguish Stutts on its facts from the instant cases, and of course the facts are different. What is not different is the legal analysis that should be applied to plaintiffs' claims, and the flaws in those claims that Stutts helps to expose.

First, Judge Glasser's decision in Stutts makes it clear that claims under Section 2333 of the Anti-Terrorism Act are subject to traditional requirements of proximate causation, and that a complaint should be dismissed where, as here, it does not satisfy these requirements. Plaintiffs here have conceded that they are unable to meet these requirements, and therefore contend that they are not required to do so. Stutts refutes this contention, by reiterating that proximate cause is indeed an element of any claim for civil liability under Section 2333. That requirement dooms plaintiffs' claims, since there is no proximate connection between NatWest's and Credit Lyonnais' provision of routine banking services to their customers – which were not

Judge Charles P. Sifton, p. 2

HAMAS, but alleged "fronts" for it – and the injuries that plaintiffs sustained as a result of alleged HAMAS attacks.

Second, <u>Stutts</u> makes clear that conclusory allegations of <u>scienter</u> are insufficient to support a Section 2333 claim.  The fact that in <u>Stutts</u> the conclusory allegations were of knowledge or negligence – that the defendants there "knew or reasonably should have known" of the connection between their issuance of letters of credit and the use of chemical weapons by the Saddam Hussein regime – while here the conclusory allegations are only of knowledge – that NatWest and Credit Lyonnais "knew" about the alleged connections between their customers and HAMAS – does not save the latter claims from dismissal.  The point is that, in both cases, plaintiffs failed to plead facts supporting their conclusory assertions of <u>scienter</u>, as well as facts connecting the defendants' actions to plaintiffs' injuries.

For these reasons, and those set forth at length in NatWest's and Credit Lyonnais' previous briefs, the complaints in these cases should be dismissed.

                                              Respectfully,

                                              /s/ Jonathan I. Blackman

cc:  All Counsel