

**OSEN & ASSOCIATE, LLC**

ATTORNEYS AT LAW
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400  FACSIMILE 201.265.0303
WWW.OSEN.US

August 1, 2006

**VIA ECF AND FEDEX**

Honorable Charles P. Sifton
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** **Weiss, et al. v. National Westminster Bank, PLC, 05-CV-4622 (CPS) (KAM)**
> **Strauss, et al. v. Crédit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)**

Dear Judge Sifton:

We write on behalf of plaintiffs in the above-captioned cases. Although reluctant to burden Your Honor with yet another letter regarding Judge Glasser's decision in *Stutts v. The DeDietrich Group*, 2006 WL 1867060 (E.D.N.Y. 2006), attached are pages 35-36 of the transcript of yesterday's oral argument before Judge Gershon in *Almog v. Arab Bank Plc*. During the course of that argument, Arab Bank's motion for leave to seek an interlocutory appeal in the *Linde* case[1] was raised and, in particular, its submission of the *Stutts* decision in support of its motion. Contrary to defendants' claims that Judge Gershon's order was submitted by plaintiffs to Your Honor under a "false pretext," Judge Gershon confirmed our prior representation that she <u>had</u> considered the *Stutts* opinion in rejecting Arab Bank's motion:

> MR. LEWIS: Your Honor, we have submitted a number of supplemental materials, Judge Glasser's decision in *Stutts* as well as the Supreme Court's —
>
> THE COURT: I read those in denying your motion to take an immediate appeal. I don't find that they say anything that would cause me to change my mind.

For the reasons set forth in our prior pleadings and correspondence, we respectfully request that defendants' motion to dismiss the above-captioned cases be denied in full.

Respectfully submitted,

Gary M. Osen

cc:  All counsel

---

[1] 384 F. Supp. 2d 571 (E.D.N.Y. 2005)

# Exhibit A

1  subject of dispute and discord from Tel-Oren to Yousef to Doe

2  to this very morning. There continue to be -- continues to be

3  unfortunate death and charges and counter charges on all

4  sides.

5  The international community has not reached a

6  consensus. This has been acknowledged time and time again.

7  Rhetoric about genocide crimes against humanity

8  don't further that. They don't establish universality, and

9  with respect to aiding and abetting, there is no such

10 principle as the US clearly and convincingly argues.

11 The ATS analysis is fundamentally different and

12 distinct from the ATA analysis. The ATA requires you to

13 discern the intent of Congress. The ATS requires you to

14 dissent -- to discern the intent of the whole world, and the

15 whole world is not as of one on this. It is not international

16 law, is not what we would wish it to be. It is what it is

17 today, given all the nations of the world.

18 Thank you.

19 THE COURT: Thank you.

20 Counsel for the defense, I have two questions and

21 either one of you can decide who will want to answer them.

22 One is just with respect to the ATA claims in these

23 cases. Appreciating that the briefs are written before my

24 decision came out in Linde, is there any argument that the

25 defendant is making as to the ATA claims that wasn't addressed

GR    OCR    CM    CRR    CSR

1  in my opinion in Linde? I appreciate that you don't agree

2  with my opinion. But I am just trying to make sure I didn't

3  miss something that was different.

4  MR. LEWIS: Your Honor, we have submitted a number

5  of supplemental materials, Judge Glasser's decision in Stutts

6  as well as the Supreme Court's --

7  THE COURT: I read those in denying your motion to

8  take an immediate appeal. I don't find that they say anything

9  that would cause me to change my mind.

10  MR. LEWIS: And the Supreme Court's decision in

11  Anza, the --

12  THE COURT: It is the same.

13  MR. LEWIS: Which deals with proximate causation

14  under the same statutory language as Rico --

15  THE COURT: I've already dealt with that.

16  All right. Thank you.

17  One other question that I had goes back to a

18  question that I put to Mr. Walsh regarding the federal

19  common-law. That goes to questions of Statute of Limitations.

20  There is a great deal of discussion about the Statute of

21  Limitations and the reliance on the defendant's part on

22  New York law. Plaintiffs have made other kinds of arguments.

23  It seems to me that the issue is one of federal

24  common-law, as I believe you acknowledged now with respect to

25  other areas, and as I understand the Supreme Court law, you

GR      OCR      CM      CRR      CSR