# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial. (212) 225-2840
E-Mail. lfriedman@CGSH.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
STEPHEN H. SHALEN
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
EDWARD D. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL

EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN

CARMINE D. BOCCUZZI, JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER W. HESS
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
RESIDENT COUNSEL

October 3, 2006

BY ECF AND HAND

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Weiss et al. v. National Westminster Bank Plc, 05-CV-4622 (CPS) (KAM)</u>
      <u>Strauss v. Credit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)</u>

Dear Magistrate Judge Matsumoto:

  I am responding on behalf of defendants National Westminster Bank Plc ("NatWest") and Credit Lyonnais S.A. to Mr. Swift's letters of yesterday on behalf of plaintiffs in both of these lawsuits. In his letters, Mr. Swift asks Your Honor to enter immediate orders deeming Interpal in the lawsuit against NatWest, and CBSP in the lawsuit against Credit Lyonnais, "to have refused waiver of . . . banking secrecy," under English law in the case of Interpal, and under French law in the case of CBSP. Mr. Swift contends those orders are purportedly necessary "[s]o that Plaintiffs may file their [discovery compulsion] motion on October 11."

  For the reasons stated below, Mr. Swift's requests are meritless -- in truth, there is no impediment to plaintiffs in both lawsuits filing their motions as scheduled on October 11, and the orders Mr. Swift seeks are substantively inappropriate as well. Accordingly, the Court should not enter the proposed orders.

Magistrate Judge Kiyo A. Matsumoto, p. 2

At the September 11 discovery conference in both of these lawsuits, the parties agreed that they would file papers in support of their respective motions to compel discovery on October 11, exchange opposition papers on November 11, and exchange reply papers on November 22. Plaintiffs in both lawsuits have announced that they will seek orders (i) overruling NatWest's objection to disclosing information concerning its relationship with its English customer Interpal because English bank secrecy law prohibits NatWest from disclosing this information without Interpal's consent, and (ii) overruling Credit Lyonnais' objection to disclosing information concerning its relationship with its French customer CBSP because French bank secrecy law likewise prohibits Credit Lyonnais from disclosing this information without CBSP's consent. As we have reported to the Court, each bank has made repeated written requests to its customer that the customer provide such consent, and each bank continues to await its customer's response to these requests. If a customer provides such consent, the bank's objection with respect to that customer will be moot.

Oddly, however, in Mr. Swift's letters of yesterday, he suggests that, because neither Interpal nor CBSP has yet to respond to the banks' requests, the Court should now "deem" each customer to have already refused to waive bank secrecy, and enter orders to that effect. Further, Mr. Swift contends this relief is somehow necessary before plaintiffs in both lawsuits may file their compulsion motions on October 11.

Mr. Swift is mistaken in both his premise and in his prescription.

First, it is wholly unnecessary for the Court to "deem" either customer to have refused the requested waivers of bank secrecy before plaintiffs can file their compulsion motions. As I noted at the September 11 discovery conference, if a customer has not consented to a bank's disclosure of information by the time the relevant plaintiffs' compulsion motion is submitted for the Court's decision, then at that time the Court can take notice of the fact that such consent has not been given, and the issue as to whether and to what extent a bank may rely upon the absence of such consent, and its own domestic prohibitions against disclosures of customer information, will be ripe for the Court's decision. Until that date arrives -- no sooner than on November 22, when the parties file their reply papers -- there is no need for the Court to "deem" either customer to have refused such consent. Accordingly, Mr. Swift's argument that such a "deemed" refusal is somehow necessary before plaintiffs can file their motions is wholly contrived.

Second, entering the orders Mr. Swift requests would be substantively inappropriate. Such a step might be understood by one or both of the customers as suggesting that they no longer need to consider the banks' pending requests. This is exactly the opposite of the message that the Court should be sending to those customers. Instead, the Court should encourage each customer to understand that each can decide to provide the consent each bank has requested, and thereby render this issue moot. Indeed, I suspect that if a customer were to provide such consent after the Court entered the orders Mr. Swift requests, the Court would then need to vacate the order pertaining to that customer, so that discovery could proceed based upon

Magistrate Judge Kiyo A. Matsumoto, p. 3

the customer's consent, rather than a needless judicial ruling.  In that event, entering Mr. Swift's orders would have achieved nothing other than wasting the Court's time and resources.

   In light of the foregoing, I respectfully request on behalf of both NatWest and Credit Lyonnais that the Court not enter the orders Mr. Swift has proposed.

               Respectfully,

               Lawrence B. Friedman

cc:  All Counsel