# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100
PHILADELPHIA, PENNSYLVANIA 19107-3304

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
E-MAIL: RSWIFT@KOHNSWIFT.COM

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LaROCCA
MICHAEL J. BONI
DENIS F. SHEILS
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
MARTIN J. D'URSO
STEVEN M. STEINGARD
STEPHEN H. SCHWARTZ *
ELKAN M. KATZ
CRAIG W. HILLWIG
HILARY E. COHEN
CHRISTINA D. SALER
KATE REZNICK

* ADMITTED IN N.Y. ONLY

HAROLD E. KOHN
1914-1999

SPECIAL COUNSEL
JOSEPH M. HOEFFEL

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

November 16, 2006

**BY ECF**

Honorable Kiyo A. Matsumoto
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   Request for Telephone Conference regarding Discovery Dispute
>
> *Strauss, et al. v. Credit Lyonnais, S.A.*, 06-CV-702 (CPS)(KAM)
> *Weiss, et al. v. National Westminster Bank, PLC*, 05-CV-4622 (CPS) (KAM)

Dear Judge Matsumoto:

      We represent the plaintiffs in the above-referenced cases. Although the next joint status conference for these cases is scheduled for January 12, 2007, we respectfully request a brief telephone conference with Your Honor, at the Court's earliest convenience, to address a specific discovery dispute that has arisen between the parties.

      Specifically, Plaintiffs have requested defendants' agreement to produce appropriate witnesses under Fed. R. Civ. P. 30(b)(6). Plaintiffs intend to question such witnesses concerning the bank's general procedures and responsible persons with respect to interdicting money-laundering and terror financing activities, the design and "architecture" of defendants' management information systems, with particular emphasis on computer hardware and software systems intended to "filter" out potentially illegal transaction, and defendants' document retention and management policies generally.

      We emphasize to Your Honor (as we have to defendants' counsel) that we do <u>not</u> intend to question any proffered witnesses concerning topics specific to defendants' objections to pending discovery requests on the ground that foreign bank secrecy laws excuse disclosure of material concerning defendants' customers, or other persons or entities to whom defendants'

26373_1

provide financial services. Instead, the questions will elicit insight into the defendants' overall systems and controls and will enable the parties to conduct more focused and specific discovery once Your Honor resolves the pending foreign bank motions. We see no reason why the pendency of the motions to compel should prohibit general Rule 30(b)(6) testimony, particularly given that: (1) District Judge Sifton has largely denied defendants' motions to dismiss these cases pursuant to Rule 12(b)(6); and (2) document discovery and production is already underway.

It is worthwhile to note that in *Linde et al v. Arab Bank plc*, (04-cv-2799(NG/VVP) a case – together with four other related cases – currently pending in this District before District Judge Gershon and Magistrate Judge Pohorelsky, a deposition was conducted at a very early stage of discovery on that defendant's anti-money laundering and anti-terrorism systems and related issues – despite the pendency of a defense motion raising foreign bank secrecy as a basis for refusing to produce certain documents and information.

Although defendants have stated to us, *inter alia*, that a later ruling on foreign bank secrecy may require that a witness might – in theory – be recalled for further testimony, Rule 30(b)(6) is often an excellent tool to determine which witnesses are most likely to have knowledge on more specific topics, and will certainly assist the parties in clarifying and refining their later inquires on money-laundering issues.[1] Further, to the extent that there are any additional issues that any 30(b)(6) witnesses proffered by defendants are appropriate subjects for additional sworn testimony following the Court's ruling on foreign bank secrecy, Plaintiffs will endeavor to conduct any such questioning in a manner that is efficient and minimizes any inconvenience to any witness. *See DLJ Associates LLC v. Capasso*, 228 F. Supp. 2d 223, 233 (E.D.N.Y. 2002) (Levy, M.J.) (ordering additional discovery and observing that anticipated motion practice does not warrant delaying discovery and expeditious progression of litigation).

Although, as is our obligation under the Local Rules of this District, the parties have conferred to resolve this issue, there has been, unfortunately, no agreed-upon resolution of this dispute. Because, especially given the upcoming holiday season, Plaintiffs would like to arrange for scheduling of the requested depositions as soon as possible, we request that the Court agree to conduct a brief telephone conference to resolve the dispute. My office will be happy to

---

[1] *See In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 214 (M.D. Fla. 1993) (Rule 30(b)(6) depositions to how data was maintained and what hardware and software necessary to access the information are "preliminary depositions necessary to proceed with merits discovery."); *Ieralid v. Lorrilard, Inc.*, 1991 WL 158911, (E.D. Pa. Aug. 13, 1991) (noting that Rule 30(b)(6) deposition is "an additional, supplementary and complimentary deposition process designed to aid in the efficient discovery of facts" citing, *inter alia*, Advisory Comm. Note to Rule 30(b)(6)). *Accord Mitsui & Co. (U.S.A), Inc. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 65 (D.P.R. 1981) citing *Atlantic Cape Fisheries v. Hartford* 509 F.2d 577, (1st Cir. 1975). *See also Burgess v. Cigna Life Ins. Co. of NY*, 2006 WL 1851391 (W.D. Tex. June 23, 2006) (Rule 30(b)(6) deposition of corporate representative was most efficient means of eliciting relevant evidence concerning defendant's financial incentive program for its employees for denial of insureds' claims, alleged denial of ERISA claims under said program, and potentially inconsistent claims determination process); *Brewer v. Wal-Mart Stores, Inc.*, 2003 WL 2148358 at * (E.D. La. Jun. 19, 2003) (In personal injury case, Rule 30(b)(6) witness concerning meaning of codes on CD-Rom produced by defendant,, categorizing claims to identify different types of falling incidents, was most efficient means of expediting discovery process generally).

KOHN, SWIFT & GRAF, P.C.     CONTINUATION SHEET No. 3     HON. KIYO A. MATSUMOTO
NOVEMBER 16, 2006

coordinate the teleconference at a time convenient for all counsel and the Court, upon receipt of further instructions from Your Honor's chambers as to its preference.

           Respectfully yours,

           Robert A. Swift

RAS:pdw
cc: Lawrence Friedman, Esquire
     Jonathan Blackman, Esquire

26373_1