CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial (212) 225-2490
E-Mail jblackman@cgsh.com

November 17, 2006

BY ECF AND HAND

Magistrate Judge Kiyo A. Matsumoto
United States Court Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Weiss et al. v. National Westminster Bank Plc, 05-CV-4622 (CPS) (KAM)
          Strauss v. Crédit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)

Dear Magistrate Judge Matsumoto:

      We have received the Court's ECF order scheduling a telephone conference for today at 3:30 pm to discuss plaintiffs' request for various Rule 30(b)(6) depositions of the defendants in these actions. Although plaintiffs have not yet served any notices for these depositions, we understand from their letter to the Court and earlier discussions with them that they wish to depose witnesses from the two banks on a wide variety of subjects dealing with anti-money laundering procedures, know your customer procedures and related matters.

      As we have advised plaintiffs, such depositions at this time would create unnecessary expense and burden, and there is no reason at all to try to cram them into the period between Thanksgiving and Christmas, if it were even possible to do so given the witnesses' and lawyers' schedules, before the Court has decided the pending motion practice regarding English law bank secrecy issues, in the case of NatWest in the Weiss action, and French statutory prohibitions against disclosing customer information, information regarding anti-money laundering procedures and criminal investigations and other financial information, in the case of Crédit Lyonnais in the Strauss action. While plaintiffs have indicated that they intend to try to steer around these subjects in their proposed 30(b)(6) depositions, the inevitable result of trying to depose witnesses first on "generic" topics that are not covered by the pending motion

practice, and then deposing what will most likely be the very same persons a second time on "specific" topics after the motion practice has been resolved, will be needless duplication of expense and effort. The cost of such duplicative depositions will be exacerbated by the fact that the relevant witnesses are all located in foreign countries (England in the case of NatWest, France in the case of Crédit Lyonnais), and in the case of the Crédit Lyonnais witnesses, will likely require the use of interpreters.

There is no need to rush to do incomplete depositions before the pending motion practice has been resolved. Relevant documents have not yet been produced, the motions will be fully briefed by December 5, and the Court will be in a position to hear argument on them at the January 12, 2007 conference, or if it wishes to do so, at some earlier time. Depending on what rulings the Court makes, documents will then be produced either under the Federal Rules, as plaintiffs contend should be done, or pursuant to letters of request under the Hague Convention, as defendants contend should be done. Complete depositions can then be taken once, rather than doing a series of incomplete depositions.

The fact that plaintiffs are seeking depositions <u>before</u> any relevant documents have been produced suggests that they are not interested so much in obtaining useful information, as conducting discovery for its own sake in an effort to impose unnecessary financial burdens on the defendants. It is hard to see how the process of orderly and cost-efficient discovery would be furthered by flying to London or Paris first to conduct depositions on a limited range of topics without documents, and then returning several months later to re-depose the same people with documents on other subjects.

Under the Court's Rules, plaintiffs' request is, in effect, a letter motion, to which defendants will respond at greater length in three business days as required by Local Rule 37.3 and the Court's Rule IV.A, unless the Court otherwise directs. We thought it appropriate, however, to advise the Court of our position in summary form before the telephone conference, and we will be available to discuss these matters further with the Court at that time.

                                              Respectfully,

                                              Jonathan I. Blackman

cc:     All Counsel