UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                    :

TZVI WEISS, *et al.*,              :

                   Plaintiffs,     :

            - against -        :         CV 05-4622 (CPS) (KAM)

                                      :

NATIONAL WESTMINSTER BANK PLC,  :

                   Defendant.     :

-------------------------------------------------------- X

**EXPERT DECLARATION OF CHARLES SIMON HOLLANDER IN SUPPORT
OF NATIONAL WESTMINSTER BANK PLC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY**

                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                      One Liberty Plaza
                                      New York, New York 10006
                                      (212) 225-2000

                                      Attorneys for Defendant
                                      National Westminster Bank Plc

Of Counsel:

    Jonathan I. Blackman
    Lawrence B. Friedman
    Sanjay S. Mody
    Kirsten L. O'Connell

IN THE MATTER OF THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK:

BETWEEN
TZVI WEISS AND OTHERS    Plaintiffs

AND
NATIONAL WESTMINSTER BANK PLC    Defendants


Pursuant to 28 U.S.C. section 1746, I, CHARLES SIMON HOLLANDER of Brick
Court Chambers, 7/8 Essex Street, London WC2R 3LD declare as follows:


1.    I am a barrister in private practice in good standing at the bar of England and
      Wales. I was called to the bar by Gray's Inn in 1978, and was appointed
      Queen's Counsel in 1999. I have a broad based practice in commercial litigation
      and practise at the above address. I also sit part-time as a Recorder (ie deputy
      judge) and as an arbitrator.

2.    I have made a particular speciality of English law in relation to disclosure, legal
      professional privilege and confidentiality and have appeared as counsel in many
      of the leading English cases in these areas. My book "*Documentary Evidence*",
      which deals with the law of documents was first published in 1985, and the 9th
      edition was published in June 2006. I am also one of the editors of *Phipson on
      Evidence*, the leading English textbook on the law of evidence, first published in
      1892, in respect of which the 16th edition was published in 2005. The second
      edition of my other book "*Conflicts of Interest and Chinese Walls*" was
      published in 2004.   I have given written evidence for US courts within my
      fields of expertise on many occasions. Annexed to this witness statement is a
      copy of my resume.

3.    I am asked to advise on the principles of English law which arise in the present
      case.   Plaintiffs in an action pending before the New York court claim
      damages from National Westminster Bank ("NatWest") arising from alleged
      transfers of money on behalf of account holders which the plaintiffs say were
      transferred to HAMAS or HAMAS-related organisations and thus, they assert,
      rendered NatWest liable for aiding and abetting terrorist acts which caused
      damage to each of the plaintiffs. In particular, it is alleged that HAMAS and
      related organisations received financing channelled in part through Interpal,
      which maintains accounts with NatWest in the United Kingdom. The plaintiffs

1

seek discovery from NatWest of records relating to the alleged transfers. NatWest have declined to disclose such records, or provide information about such records, relying inter alia on principles of banker-client confidentiality under English law.

4.   In a case such as the present one where account documents are required for the purposes of litigation against the bank in adversarial proceedings before the New York court to which the bank is a party, English law recognises that determination of what disclosure should be ordered is ultimately a question for the New York court because matters of discovery against parties to the action are under English conflicts of law rules governed by the *lex fori,* the law of the forum[1].

5.   However, I understand that in reaching that decision, the New York court will wish to be assisted with evidence as to how English law treats the banker-customer contract, where as here, the account is held in England and thus the relevant contractual relationship between banker and customer is governed by English law. In particular, I understand it will be relevant for the New York court to be made aware of the confidentiality between the bank and the account holder, the latter being an affected third party, which under English law underpins that relationship.

*Tournier*

6.   The principle of banker-client confidentiality under English law is set out in the well-known case of *Tournier v National Provincial and Union Bank of England*[2]. The Court of Appeal held that a banker had a duty to keep the customer's affairs confidential, and that confidentiality included an obligation not to reveal details as to the state of the customer's account. The right to confidence is that of the customer (and thus cannot be waived by the bank).

7.   The principles set out in *Tournier* are as relevant today as they were when the case was decided in 1924. Thus it has been said "the correctness of the principles of law stated by the majority in *Tournier's* case has not been doubted since the case was decided."[3] Thus a bank customer who believes that

---

[1]   Dicey, Morris & Collins, The Conflict of Laws 14th ed p177 ie here New York law
[2]   1924 1 KB 461, 485
[3]   Lipkin Gorman v Karpnale Ltd 1989 1 WLR 1340 per May LJ (the case went to the House of Lords but the dictum is not affected by anything said by the House of Lords)

a bank intends to breach that duty would be entitled to protect his rights by obtaining an injunction from the English courts.

*Exceptions to the rule*

8.    The judges in *Tournier* identified four exceptions to the rule:

"(a) Where disclosure is under compulsion by law (b) where there is a duty to the public to disclose (c ) where the interests of the bank require disclosure (d) where the disclosure is made by the express or implied consent of the customer."

9.    I do not understand (c) to arise here: NatWest is not the party seeking or desiring to make disclosure. Nor has the customer consented to disclosure, so (d) does not apply either. Equally, (b) is inapplicable: the duty to the public to disclose arises where "danger to the state of public duty may supersede the duty of the agent to his principal."[4] Scrutton LJ thought that the bank might disclose the customer's account and affairs to prevent fraud or crimes[5]. This issue does not arise here, where the disclosure is sought in private litigation against the bank in order to assist litigants in making good a claim for damages against NatWest.

10.    The relevant exception for consideration in the present case is, therefore, exception (a), compulsion by law.

11.    The starting point is to consider what is the proper law of the banker-customer relationship in question in the case of any particular account in question. Where the proper law is English law, because the account in question is situate in England, then the obligation of confidentiality, and the exceptions thereto, will be governed by English law.

12.    Where disclosure is sought from the bank as a third party, under subpoena, the English courts guard jealously the confidentiality of the banker-customer relationship and will if necessary grant an injunction restraining an English bank from complying with a subpoena from a foreign court. Thus in *X AG v A Bank*[6] a subpoena was issued in the US District Court against an American bank requiring it to produce documents relating to accounts maintained at its

---

[4]    1924 1 KB 461, 473 per Bankes LJ
[5]    1924 1 KB 461, 481
[6]    1983 2 All ER 464

3

London branch by X, a Swiss corporation with no business in the United States. The English court granted an injunction restraining the bank from complying with the injunction, notwithstanding an ex parte order from the NY court requiring the bank to comply with the subpoena. In cases of this nature, the English court will treat the US branch of the bank as a separate entity from the English branch which holds the account[7]. A similar result was reached in the decision of the Hong Kong Court of Appeal in *FDC Co Ltd v Chase Manhattan Bank NA*[8].

13.    An analogous decision is *MacKinnon v Donaldson Lufkin & Jenrette Securities*[9]. There the plaintiffs issued a subpoena against a US bank with a branch in London requiring the bank to allow the plaintiffs to inspect books regarding the accounts of the defendant. The court discharged the order. The English judge said it did not follow from the fact the bank was served in the jurisdiction that the English court would make orders without territorial limit. The court would not usually order a third party to disclose documents relating to a foreign business where the documents were outside the jurisdiction. The court would have regard to the principle of sovereignty: the bank's duty to its customers was regulated by the place in which the documents were kept.

14.    These authorities demonstrate the importance given by the English courts to the banker-customer confidentiality under the principles set out in the *Tournier* case. It is striking that the confidentiality is regarded as of sufficient importance that, in an appropriate case, the English court will injunct a bank from complying with the order of a foreign court rather than permit the confidentiality to be breached.

15.    Where the bank is a party to litigation in England, these principles also exist, but are tempered by consideration of the need of the opposing party for discovery of the documents at issue. In particular, where disclosure of highly confidential documents is sought from a party in an English action, the English court will consider whether there are other means by which the position of the party seeking the documents can be protected without requiring the other party to breach confidence. Whilst confidentiality of third parties is not in itself an answer to a request for disclosure[10], the court will take it into account in

---

[7]    See R v Grossman 1981 73 Cr App R 302
[8]    1984 unreported Hong Kong CA
[9]    1986 Ch 482
[10]   Science Research Council v Nasse 1980 AC 1028, Wallace Smith Trust v Deloitte Haskins & Sells 1997 1 WLR 257

4

determining whether an order should be made. Thus in *Nasse* Lord Wilberforce said[11]:

"There is no principle in English law by which documents are protected from discovery by reason of confidentiality alone. But there is no reason why, in the exercise of its discretion to order discovery, the tribunal should not have regard to the fact that documents are confidential, and that to order disclosure would involve a breach of confidence."

16.    As noted above, because the bank is a party to the New York litigation, it is ultimately for the New York court to make such order as it considers appropriate in the premises with respect to the production of documents from the bank. I would expect that the New York court would take into account the banker-customer confidentiality under the *Tournier* principle in the same way as if it received evidence that documents of which disclosure were sought were highly confidential under New York law. I understand that one of the powers open to the New York court under these circumstances is to make a request to the English court to deal with disclosure under the letters rogatory principle, where the English court would have powers to require the production of specified documents under the provisions of the Evidence (Proceedings In Other Jurisdictions) Act 1975.

Dated this *18* day of November 2006

*Charles Hollander*

CHARLES SIMON HOLLANDER

---

[11]    1980 AC 1028, 1065



Address: 7-8 Essex Street - London WC2R 3LD
Tel: 0207 379 3550
Fax: 0207 379 3558 – LDE 302
e-mail:charles.hollander@brickcourt.co.uk

## Curriculum Vitae
### Charles Hollander QC



**EDUCATION:**

(School) University College School, Hampstead (Scholar)
(University) King's College Cambridge (Scholar), M.A.

**SCHOLARSHIPS**
**AND PRIZES:**

James Mould Scholar of Grays Inn
Bacon, Holt and Uthwatt Prizewinner
Cynthia Terry and Lord Justice Holker Awards

**DEGREE:**

First Class Honours in Classics (Cambridge), MA (Cambridge)

**CAREER:**

(Call Date, Inn) 1978 Gray's Inn
Silk 1999
Crown Court Recorder
CEDR Accredited Mediator
Appointments as Arbitrator and Expert
Member of the Bar of the Eastern Caribbean (called in BVI)
Called to the Bar in Gibraltar
Called to the Bar in Brunei
Chairman, Bar Rules Committee 2006 (professional regulation)

Member, Bar Standards Board 2006

**EXPERIENCE/AREAS
OF PRACTICE:**

- Commercial Law, particularly 'City' Litigation and Energy Litigation and jurisdiction disputes
- Sports Law
- Conflicts of Interest
- Cases involving documents and documentary evidence
- Media and entertainment
- Financial services and regulatory work
- Professional Negligence
- Banking and finance
- Disciplinary tribunals

**IMPORTANT CASES:**

"City" litigation:

Chambers & Partners 2005, Commercial litigation; *"well known for strong advocacy skills and excellent knowledge"*

· Legal 500 2005, Commercial litigation; *"incisive, flexible, cheerful"*

Sumitomo copper dealing: *Black v Sumitomo*, [2002] 1 WLR 1562

*Interbrew v Financial Times and others* (leak of takeover documents) [2002] 1 Lloyds Rep 542, [2002] 2 Lloyds Rep 229

*Criterion Properties v Stratford UK* [2002] 2 BCLC 151 (poison pills)

*MTN Group Ltd v Celtel* (mobile phone group takeover, April 2005 Commercial Court)

*Three Rivers v Bank of England* (BCCI depositors claim), acting for HM Government [2002] 4 All ER 881

*Railtrack Group plc v Secretary of State for Transport* (Railtrack shareholders claim) advising HM government

Barings action for administrators in post-collapse dispute involving

derivatives business Acted for Ron Baker (head of Financial Products Group) in lengthy disciplinary proceedings before SFA

Acted for Baker in lengthy Directors Disqualification proceedings *DTI v Baker (No. 3)* [1999] 1 All ER 311; (No. 5) (Directors disqualification) [1999] BCLC 433

Professional negligence in reinsurance acquisition: merchant banking, accounting and actuarial negligence; 10 month trial). *NRG v Bacon & Woodrow (No. 1)* [1995] 1 All ER 976; (No. 2) [1995] 2 Lloyds Rep 77 (No. 3) [1997] Lloyds Rep IR 678

Maxwell action against insurers by administrators under fidelity policy Action by administrators against bank as constructive trustees.

Local authority swaps acted for Morgan Grenfell in local authority swaps cases

British & Commonwealth: acted for target company Marshalls in Quadrex litigation

Polly Peck: acted for administrators in disputes as to title to property

Ferranti: acted in lengthy jurisdiction proceedings for defendant to proceedings brought by International Signal and Control arising from Ferranti fraud. *ISC v Guerin* [1992] 2 Lloyds Rep 430

Eagle Trust: acted for main board director in proceedings arising from Ferriday fraud

**Regulatory matters and disciplinary hearings:** numerous disciplinary hearings before regulatory bodies.

Prosecuted and defended disciplinary hearings before SFA including Ron Baker (Barings), and Sir Michael Richardson (Hawkpoint/Nat West),
Marconi profit warning proceedings before FSA (for John Mayo)
Acted for and against FSA
Acted for FSA on My Travel profit warning proceedings

Regular financial services advice

**Banking and letters of credit:**

Chambers & Partners 2005, Banking & Finance; *"offers a charismatic and persuasive brand of advocacy"*

*Banco Santander v Bayfern* (fraud under letter of credit)

*BVA v National Bank of Pakistan* (construction of UCP Article 44; settled before CA)

*Cargilll v Banque Paribas* [1992] 2 Lloyds Rep 19

Numerous cases involving derivatives, cheques, letters of credit and other negotiable instruments
See "City" litigation above

**Jurisdiction disputes, conflict of laws and antisuit injunctions:**

*Base Metals Trading Limited v Shamurin* (five week trial involving LME metal trading: issues as to whether causes of action governed by English law or Russian law), Tomlinson J judgment [2004] 1 All ER (Comm) 159; [2005] 1 WLR 1157 (CA)

*Sarrio v Kuwaiti Investment Office* (Brussels Convention Art 21/22), [1997] 1 Lloyds Rep 113 (CA), [1997] 4 All ER 929 (HL)

*Standard Bank v Apostolakis* (first case on Art 13 Brussels Convention) [2002] CLC 939

*Macsteel v Thermasteel* (service out test) [1996] CLC 1403, CA.

*Major Shipping v Cosco* (antisuit injunction test; exclusive jurisdiction and arbitration clauses) January 1999, CA.

*Phillips v Enron* (antisuit injunction and non-exclusive jurisdiction clauses, CATS/J-block litigation), commercial court July 1996

*American International Specialty Lines v Abbott Laboratories* (anti suit injunction/arbitration clause) [2003] 1 Lloyds Rep 267

*Banque Paribas v Cargill* (service out 11 test) [1992] 2 Lloyds Rep 19

Numerous conflicts, jurisdiction, Brussels convention and antisuit injunction cases, and cases involving interrelationship of English and foreign (particularly US) courts

*Westacre v Jugoimport* (enforcement of foreign arbitration award-enforcement said to be contrary to public policy) [1999] 3 All ER 864, CA

*ISC v Guerin* [1992] 2 Lloyds Rep 430

*Astra v Yasuda and Kwelm*, (jurisdiction of arbitrators in dispute as to succession in Romanian law), [1999] CLC 950

*Astra v Sphere Drake* [2000] 2 Lloyds Rep 550

*Minster v Hyundai* (first case on Brussels convention) [1988] 2 Lloyds Rep 621

*Mobil Sales v Sinochem (No. 1)* [2000] 1 Lloyds Rep 339 CA (No. 2) [2000] 1 Lloyds Rep 670

*Franklin Mint* (California proceedings against Diana Princess of Wales fund, acting for trustees of Diana's estate)

*Lexington v Flashpoint* (film finance claim- interrelation between English and US proceedings)

**Energy, oil, gas and electricity:**

Legal 500 2005, Energy; *"noted for his expertise in arbitration"*

Electricity: litigation involving effect of NETA regulations on hedging agreement for Drax power station (first contested case relating to NETA)

Oil and gas: Arbitration involving Forties Field rights involving numerous oil interests

Crude oil processing arbitration involving Portuguese refiners Petrogal: [1999] 1 Lloyds Rep 854

Rectification claim arising from sale of interest by Hunt to BNOC: [1994] CLC 561, CA.

Enron litigation involving disputes as to CATS pipeline and J-block disputes

Saipem litigation involving antitrust dispute in heavy lifting barge market

Corby Power/Powergen dispute on right to terminate long-term agreements

*Texuna v Cairn Energy* (exploration rights in Turkmenistan)

Disputes on North Sea oil/gas rights
Dispute re Partington power plant
Regular advice on energy disputes
Appointments as Expert

**Arbitration:** appeared before many different forms of arbitration tribunal;
Shipping, shipbuilding arbitration work as well as other forms of contractual dispute

Advised regularly on arbitration disputes and jurisdiction of arbitrators

*Astra v Yasuda and Kwelm*, (jurisdiction of arbitrators in dispute as to succession in Romanian law), [1999] CLC 950

*Astra v Sphere Drake* [2000] 2 Lloyds Rep 550

*Paul Smith v H&S International* [1991] 2 Lloyds Rep 127 (jurisdiction of arbitrators)

*Westacre v Jugoimport* (enforcement of foreign arbitration award enforcement said to be contrary to public policy) [1999] 2 All ER 864, CA

*BMTL v NKAZ and Rual Trade* (enforcement of Russian arbitration award in BVI)

**Commercial EU & Competition:**

*Viking Line v International Transport Workers Federation and Finnish Seamen's Union* (ship blacking in Finland - whether infringement of EC free movement rights), Times 22nd June 2005, [2005] EULR 1036, CA judgment 3 Nov 2005, [2005] EWCA Civ 1299

*British Horseracing Board v Attheraces* 15/7/05 Morritt VC, 21/12/05 Etherton J. (first case in which English courts have upheld a claim for abuse of dominant position at trial)

**Professional negligence:**

Chambers & Partners 2005, Professional negligence; *"recommended for his excellent accountancy negligence work"*

Cases involving solicitors, accountants, merchant banking, actuarial,

stockbroking, barristers and insurance broking negligence

*NRG v Bacon & Woodrow (No. 1)* [1995] 1 All ER 976; (No. 2) [1995] 2 Lloyds Rep 77 (No. 3) [1997] Lloyds Rep IR 678

*Kyrris v Oldham* (Jan 2006, settled just before trial. Alleged negligence by administrators)

*Winterthur Swiss Insurance Company v The Accident Group* (Solicitors negligence on after the event insurance). Aikens J. Jan 2006, judgment awaited

*Paragon v Freshfields* (solicitors negligence) [1999] 1 WLR 1183

*Lombard v Williams de Broe* (stockbrokers negligence)

Acted for and against numerous city firms of solicitors in negligence proceedings

**Commercial contracts:**

Disputes involving all forms of commercial contracts

International contractual and sale of goods disputes, carriage by road and sea

Cases involving contractual construction, exclusion and limitation clauses; eg *Zockoll v Mercury,* CA 3.3.98 New Law Digest

**Civil and commercial fraud:**

Breach of trust cases: knowing receipt and dishonest assistance.

Breach of confidence, restrictive covenant and numerous Anton Piller injunctions.
Eg *Schott Kem v Bentley* [1991] QB 61

Tracing cases: *Wheatley v Raprofil* (tracing rights from claims involving Israeli British Bank frauds)

Cases involving breach of employment confidential information and breach of fiduciary duty by employees

*Sultan of Brunei v Prince Jefri Bolkiah* 2000 (in Brunei)

*Secilpar v Fiduciary Trust* (attempts to determine beneficial ownership

of trust- Gibraltar CA September 2004

*BMTL v NKAZ and Rual Trade* (asset tracing in BVI in dispute between Russian entities)

**Injunctions:**

Numerous cases involving Mareva, Anton Piller and Norwich Pharmacal relief
(perhaps 30 Mareva cases, 10 Anton Piller cases and 10 Norwich Pharmacal cases)

*Axa v Nat West*, [1998] PNLR 433 CA (leading Norwich Pharmacal case)

*Interbrew v Financial Times* [2002] 1 Lloyds Rep 542, [2002] 2 Lloyds Rep 229  (Norwich Pharmacal)

**Rectification:**

Numerous rectification trials, Eg *Hunt v BNOC* [1994] CLC 561 CA

**Cases involving evidence, documents, letters rogatory and privilege:**

Letters rogatory, letters of request to and from foreign courts (perhaps 20 cases in court, and many more advising) eg *PPG v Boeing* [1988] 3 All ER 839
Much of this arises from my book "Documentary Evidence", now in its 8th edition, which is regularly cited in court in cases involving documents, disclosure and privilege issues: see eg [1997] Admin LR 591, and [1997] 1 Lloyds Rep 160.

Giving expert evidence for US and other foreign courts as to English law and in particular English law of documents and discovery on about 12 occasions: see eg In *Re Trygg Hansa* [1995] 596 Fed Supp 624, 628.

Cases involving USC 1782 proceedings

Numerous cases involving disclosure, privilege and documents.  Regular advice as to problems involving privilege, corporate procedures to be followed in respect of document creation and destruction.

*NRG v Bacon & Woodrow (No. 1)* [1995] 1 All ER 976, waiver of privilege

*Paragon v Freshfields* [1999] 1 WLR 1183 CA (implied waiver of privilege)

*Rush & Tompkins v GLC* [1989] AC 1280, (without prejudice privilege), HL

*Black v Sumitomo* [2002] 1 WLR 1562 CA (leading case on pre-action disclosure)

*Three Rivers DC v Bank of England (No 4)* [2002] 4 All ER 881 CA (leading case on non-party disclosure)

Interbrew v Financial *Times* [2002] 1 Lloyds Rep 542 (Lightman J) [2002] 2 Lloyds Rep 229 (CA) (leading case on Norwich Pharmacal disclosure)

*United States of America v Philip Morris* February 2004 (CA) (letters rogatory) 23.3.04, [2004] EWCA Civ 330

*Three Rivers DC v Bank of England (No 6)* [2004] 3 WLR 1274 (acted for Bar Council on privilege appeal to HL)

*Winterthur Swiss Insurance Company v The Accident Group*, Jan 2006 Aikens J. judgment awaited (access rights of insurers to priviledged documents of insured)

Regular lecturing on evidence, documents, disclosure and privilege

**Cases involving conflicts of interest and Chinese Walls:**

Numerous cases and advice involving conflicts of interest arising from my book "Conflicts of Interest and Chinese Walls"

Advised many of the major law firms on conflicts of interest

*Skjevesland v Geveran Trading* (conflict of interest involving counsel-acting for Bar Council) [2003] 1 All ER 1 CA

**Sports Law:**

Chambers & Partners 2005, Sport; *"highly skilled with clients. He is balanced, sensible and a great communicator"*

Legal 500 2005, Sport; *"commands a sturdy reputation.........known for his doping expertise"*

Current chairman, Bar Sports Law Group

*Cases involving athletics drug testing:*

*IAAF v Keiteris and Thanou* (acting on appeal of Greek athletes to
Court of Arbitration for Sport in relation to missed drugs tests - case
part heard)

Represented Katrina Krabbe in defeating drugs ban against IAAF.

Acted for IAAF in drugs arbitration and subsequent high court action
against Swiss Athlete Sandra Gasser

Acted for IAAF in securing ban against Linford Christie, Dougie Walker
and Gary Cadogan for taking nandrolone, August 2000

Chaired British Olympic Assn panel re Janine Whitlock (pole-vaulter)
Feb 2004

*Boxing:*
*Don King Productions v Frank Warren* [1998] 2 All ER 608

*Football:*
Chaired first FA disciplinary panel after introduction of new rules by FA,
January 2001, *FA v Arsene Wenger*

Chaired FA arbitration panel (sitting with David Dein and Douglas
Craig) *Wimbledon FC v Football League* (Wimbledon move to Milton
Keynes)

Arbitration as counsel before FA appeal tribunal Leicester City and
Wolverhampton Wanderers involving transfer of goalkeeper

*Glolite v. Jasper Conran*, Chancery Divn Jan 1998 (dispute as to
Jasper Conran logos on Leyton Orient football shirts) Neuberger J.

*Sunderland FC v Uruguay Montevideo FC* (fraudulent
misrepresentation on transfer of Honduran international) [2001] 2 All ER
Comm 881

*Crown Dilmun v Sutton Times* [2004] 1 BCLC 468 Peter Smith J
(sale of Fulham FC ground at Craven Cottage)

*Sports Management Services v Bolton Wanderers and Okocha*
(Manchester Merc Court, July 2004, acted for Bolton)

Chaired arbitration panel, *Crystal Palace v Bradford City*, Oct 2005 (transfer payments)

*Horseracing:*
Acted for Racecourse Association in dispute as to media rights for horseracing: the "Go Racing" dispute

*Goodwood Racecourse v Satellite Investment Services* 11.10.04 Sir Donald Rattee (race-day data)

*Attheraces v British Horseracing Board*, 15/7/05 Morritt VC, 21/12/05 Etherton J. (first case in which English courts have upheld claim for abuse of dominant position at trial)

*Motor racing:*
Driver, logo and marketing disputes, Formula 1 and elsewhere. Acted for Swedish Driver Stefan Johanssen, in litigation involving Peter Windsor

*Rugby:*
Rotherham FC Enquiry (Acting for Premier League owners)

*Leeds Rhinos v Bradford Bulls* (action for inducing breach of contract arising from transfer of Lestyn Harris)

*Snooker:*
acted for World Billiards and Snooker Association in challenge to rules brought by Steve Davis and Barry Hearn

*Yachting:*
Acted for YHA arising from disciplinary action against yachtsman

*Greyhounds:*
Bookmakers at Chepstow racecourse and restrictive trade practices
Golfcourse and sports marketing disputes

*Swimming:*
Chaired appeal by Mark Foster as to his exclusion from British Olympic Team, May 2004

*Polo:*
*Pictet v Hurlingham Polo Assn* (misconduct alleged against polo player)

*Weightlifting:*
Arbitrator on appeal of weightlifter against drugs ban, Dec 2005

*Rules and restraint of trade*
Numerous disputes as to validity of rules of sporting bodies and restraint of trade (snooker, boxing, yachting, athletics)

**Media and entertainment law:**

Disputes involving music:
Acted for BPI in first reference before copyright tribunal (composers royalties): *BPI v MCPS*

Disputes involving record companies, royalty disputes, restraint of trade, contractual disputes.

Partygaming: "skins" contracts issues in relation to PartyPoker

Numerous contractual and partnership entertainment disputes

Acted for Caroline Quentin in long running dispute involving fraudulent agent

Contractual dispute involving "the Ossie Clark Diaries"

Issues as to pop groups (in particular break up of "Orchestral Manoeuvres In the Dark")

*Cashman v Hewson* (U2-sale of disputed memorabilia, 2005)

Acted for Major Charles Ingram accused of cheating on "Who wants to be a millionaire":

Quasi-partnership disputes involving joint venture entities
*Interbrew v Financial Times and others* (leak of takeover documents to newspapers: s10 Contempt of Court Act and Article 10) [2002] 1 Lloyds Rep 542 (Lightman J), [2002] 2 Lloyds Rep 229 (CA)

**Defamation:** numerous cases and advisory work.

Several libel trials involving League against Cruel Sports.
Acted for Sunday Mirror in libel trial involving kissograms
Former Times and Sunday times libel reader
Long malicious falsehood action for SIF for solicitor involved in software dispute.

**RECENT REPORTED CASES:**

*Winterthur Swiss Insurance Company v The Accident Group*, Jan 2006 Aikens J. judgment awaited (rights of insurers to inspect privileged documents of insured after the event insurance).

*British Horseracing Board v Attheraces*, 21/12/05 Etherton J. (first case in which English courts have upheld a claim for abuse of dominant position after full trial)

*Viking Line v International Transport Workers Federation and Finnish Seamen's Union* (ship blacking in Finland - whether infringement of EC free movement rights), Times 22nd June 2005, [2005] EULR 1036, CA 3 Nov 2005, [2005] EWCA Civ 1299

*NBTY Europe v Nutricia*, [2005] 2 Lloyds Rep 350 (compromise & mistake)

*Three Rivers DC v Bank of England (No 6)* [2004] 3 WLR 1274 HL (privilege appeal)

*United States of America v Philip Morris* 23.3.04 [2004] EWCA 330 (CA) (letters rogatory and privilege)

*Base Metals Trading Limited v Shamurin* [2004] 1 All ER (Comm) 159 Tomlinson J (proper law/metal trading): CA [2005] 1 WLR 1157

*Commerzbank v Price-Jones* Times 8 December 2003 CA (restitution-mistaken payment)

*Crown Dilmun v Sutton Times* [2004] 1 BCLC 468 Peter Smith J (constructive trusts, sale of Fulham football ground at Craven Cottage)

*Tigana v Decoro* [2003] EurLR 148 (commercial agents leading case- Davis J)

*RC Residuals v Linton Fuels* [2002] 1 WLR 2782 CA (relief from sanctions)

*Three Rivers v Bank of England* (No 4) [2002] 4 All ER 881 CA (non party disclosure)

*American International Specialty Lines v Abbott Laboratories* [2003] 1 All ER 267

*Black v Sumitomo* [2002] 1 WLR 1562 CA (pre-action disclosure, leading case)

*Skjevesland v Geveran Trading Co* [2003] 1 All ER 1 CA (conflicts of interest involving counsel)

*Interbrew SA V Financial Times and others* [2002] 1 Lloyds Rep 542 (Lightman J), [2002] 2 Lloyds Rep 229 (CA) (leak of takeover documents-Norwich Pharmacal and s10 Contempt of Court Act)

*Criterion Properties v Stratford UK* [2002] 2 BCLC 151 (poison pills)

*IM Properties v Cape & Dalgleish* (jurisdiction to award interest under s35A; leading case), [1998] 3 All ER 203, CA

*Stabilad v Stephens & Carter* (Stay on security for costs pending appeal; overturned authority standing since 1920), [1998] 4 All ER 129, CA. (No. 2) [1999] 2 All ER Comm 651 (contractual intention)

*Sinochem International v Mobil Sales (No. 1)* [2000] 1 Lloyds Rep 339 CA (set-off rights) (No. 2) [2000] 1 Lloyds Rep 670 (jurisdiction issue)

*Don King Productions v Frank Warren* [1998] 2 All ER 608 (partnership dispute)

*Paragon v Freshfields* (waiver of privilege) [1999] 1 WLR 1183, CA

*NRG v Bacon & Woodrow (No. 1)* (waiver of privilege/reinsurance/acquisition/professional negligence) [1995] 1 All ER 976; (No. 2) (admissibility of evidence) [1995] 2 Lloyds Rep 77 (No. 3) [1997] Lloyds Rep IR 678

*Sarrio v Kuwaiti Investment Office* (Brussels Convention Art 21/22), [1997] 1 Lloyds Rep 113 (CA), [1997] 4 All ER 929 (HL)

*Macsteel v Thermasteel* (service out 11 test) [1996] CLC 1403, CA

*Re Barings, DTI v Baker (No. 3)* (strike out of directors disqualification on grounds of previous acquittal) [1999] 1 All ER 311, CA (No. 5) (directors disqualification) [1999] BCLC 433

*Westacre v Jugoimport* (enforcement of foreign arbitration award-enforcement said to be contrary to public policy) [1999] 3 All ER 864, CA

*Zockoll v Mercury* (premium phone numbers – Unfair terms) CA, New

Law Digest 3.3.98

*Sunderland FC v Uruguay Montevideo FC* (football) [2001] 2 All ER Comm 881

*Astra v Yasuda* (Romanian law/reinsurance/jurisdiction of arbitrator) [1999] CLC 950

*Astra v Sphere Drake Insurance* [2000] 2 Lloyds Rep 550

*Standard Bank v Apostolakis* (jurisdiction: first case on Art 13 Brussels Convention) [2002] CLC 939

*Quadrant v Quadrant Research* (patent infringement/contractual repudiation) New Law Digest 27.11.98; (No. 2) [1999] FSR 918

*Axa Equity and Life v Nat West* (Norwich Pharmacal principles) [1998] PNLR 433CA

*Petrogal v BP* (crude oil/remission of arbitrator's award) [1999] 1 Lloyds Rep 854

*R v Advertising Standards Authority ex parte Robertson* (jurisdiction of ASA) Times 26 November 1999

*Government of Zanzibar v British Aerospace* (exclusion clauses/misrepresentation) [2000] 1 WLR 2333

*ISC v Guerin* (jurisdiction) [1992] 2 Lloyds Rep 430

*Cargill v Banque Paribas* (jurisdiction) [1992] 2 Lloyds Rep 19

*BNOC v Hunt* (rectification) [1994] CLC 561 CA

*Paul Smith v H&S International* [1991] 2 Lloyds Rep 127 (jurisdiction of arbitrators)

*Rafsanjan Pistachio v Reiss* [1990] BCLC 352 (bills of exchange)

*Schott Kem v Bentley* [1991] QB 61 (fiduciary duty/interim payment) CA

*Toprak v Sale Tilney* [1994] 1 WLR 840 (universal succession)

**PUBLICATIONS:**

"Documentary Evidence"  1st edition 1985, 8th edition 2003 (9th edition
due Summer 2006)
"Phipson on Evidence" 16th edition 2005 (with others)
"Conflicts of Interest and Chinese Walls" June 2000, 2nd ed Sept 2004

**FURTHER INFORMATION:**

**LECTURING:**
Lecturing to solicitors and other professionals regularly on:
The law of documents, evidence and privilege
The law relating to conflicts of interest
Sports law

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TZVI WEISS, *et al.*,

Plaintiff,

-against-

National Westminster Bank PLC,

Defendant.

CV 05-4622 (CPS) (KAM)

EXPERT DECLARATION OF CHARLES SIMON
HOLLANDER IN SUPPORT OF NATIONAL
WESTMINSTER BANK PLC'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL FURTHER DISCOVERY

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ATTORNEYS FOR DEFENDANT NATIONAL WESTMINSTER BANK PLC

ONE LIBERTY PLAZA
BOROUGH OF MANHATTAN
NEW YORK, N Y  10006
(212) 225-2000

COPY RECEIVED

THIS _____ DAY OF _____ 20_____

_____

_____

_____