UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

TZVI WEISS, *et al.*,
                               :
                               :  CV 05-4622 (CPS) (KAM)
               Plaintiffs,  :
                               :  **DECLARATION OF**
          - against -              :  **LAWRENCE B. FRIEDMAN**
                               :

NATIONAL WESTMINSTER BANK PLC,  :
                               :
             Defendant.  :

---------------------------------------------------------- x

         Lawrence B. Friedman declares as follows:

         1.      I am a Member of the Bars of the State of New York and of this Court and

of the law firm of Cleary Gottlieb Steen & Hamilton LLP, attorneys for defendant National

Westminster Bank Plc ("NatWest"). I make this declaration in support of NatWest's motion to

compel production of documents and answers to interrogatories.

         2.      Attached as Exhibit A is a true and correct copy of Plaintiffs' (amended)

Objections and Responses to NatWest's First Set of Interrogatories, dated August 14, 2006.

         3.      Attached as Exhibit B is a true and correct copy of NatWest's First Set of

Interrogatories, dated July 5, 2006.

         4.      Attached as Exhibit C is a true and correct copy of Plaintiffs' Objections

and Responses to NatWest's Initial Request for the Production of Documents, dated August 14,

2006.

5.      Attached as Exhibit D is a true and correct copy of an excerpt from the

deposition transcript of Steven Averbach, dated March 1, 2006.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: October 18, 2006
          New York, New York

_____

Lawrence B. Friedman

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

TZVI WEISS, et al.,                       :
                                          :      Case No. CV 05 4622
                 Plaintiffs,              :
                                          :
    -against-                             :      Honorable Charles P. Sifton
                                          :
NATIONAL WESTMINSTER BANK, PLC,           :      Magistrate Judge Kiyo A. Matsumoto
                                          :
                 Defendant.               :
                                          :
-----------------------------------------------------------x

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO
### DEFENDANT NATIONAL WESTMINSTER BANK, PLC'S
### FIRST SET OF INTERROGATORIES

Plaintiffs in the above-captioned case ("Plaintiffs"), by their undersigned counsel, object

and respond pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure to Defendant

National Westminster Bank, Plc ("Defendant" or "NatWest")'s First Set of Interrogatories

("Interrogatories") as follows:

### GENERAL OBJECTIONS

A.      Plaintiffs object to responding to Defendant's Interrogatories as being premature

to the extent they are contention interrogatories. While such interrogatories are generally

permitted, the obligation to respond should be postponed until the end of the discovery period,

absent a showing by the requesting party of particular need. *See generally In re Convergent

Technologies Security Litig.*, 108 F.R.D. 328, 338 (N.D. Calif. 1985); *see also Manual for

Complex Litigation*, 3rd, §21.33 at p.62 (2000) (Contention interrogatories may serve a useful

purpose in narrowing issues for trial "especially when served after adequate opportunity for

relevant discovery.") Plaintiffs have not completed any discovery with NatWest. Therefore,

Plaintiffs will not be a position to offer full and useful answers to contention interrogatories until Defendant produces responsive documents to Plaintiffs' requests. Responding to contention interrogatories at this stage of the litigation poses an undue burden on Plaintiffs, who will be forced to answer the Interrogatories a second time after the production of discovery is complete. Defendant will not be prejudiced by the delay because it has full access to information about its own behavior.

      B.     Plaintiffs object to each and every Interrogatory, including the accompanying instructions and definitions, to the extent they seek to impose discovery burdens or duties upon Plaintiffs greater than the burdens and duties imposed upon Plaintiffs pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York.

      C.     Plaintiffs object to each and every Interrogatory, including the accompanying instructions and definitions, to the extent they seek information not within the possession, custody, or control of Plaintiffs.

      D.     Plaintiffs object to each and every Interrogatory, including the accompanying instructions and definitions, to the extent they seek disclosure of information or documents protected by the attorney-client privilege or the attorneys' work product doctrine, or are otherwise protected by an applicable privilege, rule or statute. Any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to such information.

      E.     Plaintiffs object to each and every Interrogatory, including the accompanying instructions and definitions, to the extent they seek information and documents as easily available to NatWest as Plaintiffs or are obtainable from some other source in some other

2

(including, but not limited to, the public record) that is more convenient, less burdensome, and less expensive.

F.     Plaintiffs object to the Interrogatories, together with their instructions and definitions, to the extent they seek information and things that are already in the possession, custody or control of the Defendant.

G.     Plaintiffs object to the Interrogatories to the extent that they seek documents or things without a reasonable time-period limitation.

H.     Each of the foregoing General Objections is hereby incorporated by reference in response to each Interrogatory whether or not a further specific objection is made with respect to a specific Interrogatory.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the persons and entities that supplied, directly or ind<sup>i</sup>rectly, or otherwise participated, directly or indirectly, in obtaining on behalf of Plaintiffs the documents called for by Request Numbers 1, 4 and 7-18 in NatWest's Initial Request for the Production of Documents, dated July 5, 2006.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs object to this Interrogatory as being overbroad, burdensome, harassing, irrelevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs specifically object to the terms "directly" and "indirectly" in this interrogatory as being vague. Plaintiffs further object to this Interrogatory on the grounds that it seeks investigatory materials protected by the attorney work product doctrine. The methods and sources by which Plaintiffs' attorneys have and/or may choose to prepare their case are protected from disclosure and do not constitute factual information to which NatWest is entitled.

3

### INTERROGATORY NO. 2:

Identify all fact witnesses on whom Plaintiffs intend to rely at trial.

#### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Plaintiffs object to this Interrogatory as being overbroad, burdensome, and premature at this

time as discovery has recently commenced and Plaintiffs are not in a position to determine which

fact witnesses will be called to testify at trial.

### INTERROGATORY NO. 3:

Identify all expert witnesses on whom Plaintiffs intend to rely at trial.

#### OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

Plaintiffs object to this Interrogatory as being vague, overbroad, burdensome, and premature

at this time as discovery has recently commenced and Plaintiffs are not in a position to determine

which expert witnesses will be called to testify at trial. Plaintiffs further object to this request to the

extent it seeks investigatory materials protected by the attorney work product doctrine. Plaintiffs

will disclose expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(c).

### INTERROGATORY NO. 4:

Explain in detail the factual bases for Plaintiffs' allegations concerning (i) the identity of the
persons and/or entities that perpetrated the attacks that caused Plaintiffs' injuries, (ii) how and in
what farms and by what means such persons and/or entities received material support and/or
resources from NatWest; and (iii) how and by what means such material support and/or
resources proximately caused Plaintiffs' injuries.

#### OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:

Plaintiffs object to Interrogatory No. 4 as unduly vague and overbroad and on the basis of

General Objection A as a premature contention interrogatory. Plaintiffs also object to this

Interrogatory to the extent that it calls for a legal conclusion. Plaintiffs further object to this

4

Interrogatory to the extent it seeks investigatory materials protected by the attorney work product

doctrine.

## INTERROGATORY NO. 5:

Identify all persons who assisted in preparing responses to these Interrogatories and all documents

considered, read, referred to, discussed or reviewed in preparing responses to these Interrogatories.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs object to this Interrogatory as being vague, overbroad, burdensome, harassing,

irrelevant to the claim or defense of any party, and not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it

seeks investigatory materials protected by the attorney work product doctrine.

Date: August 14, 2006

OSEN & ASSOCIATE, LLC

By

Gary M. Osen (GO-5790)
Joshua D. Glatter (JG-0184)
Peter Raven-Hansen, Of Counsel
Aaron Schlanger (AS-9372)
700 Kinderkamack Road
Oradell, New Jersey 07649
(201) 265-6400

KOHN, SWIFT & GRAF, P.C.
Robert A. Swift
Steven M. Steingard
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

5

GLANCY BINKOW &
GOLDBERG LLP
Andrew D. Friedman (AF-6222)
Of Counsel
Neil A. Dublisnky
Of Counsel
430 Park Avenue
New York, New York 10022
(212) 308-6300

Attorneys for Plaintiffs

6

## CERTIFICATE OF SERVICE

I, Aaron Schlanger, hereby certify that a true and correct copy of Plaintiffs' Objections

and Responses to Defendant National Westminster Bank, Plc's First Set of Interrogatories was

served via electronic mail and first class mail on this 14th day of August 2006, on the following:

> Lawrence B. Friedman, Esq.
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> One Liberty Plaza
> New York, New York 10006

Aaron Schlanger

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                      :
TZVI WEISS, *et al.*,                                 :
                                                      :
                        Plaintiffs,                   :
                                                      :          CV 05-4622 (CPS) (KAM)
          - against -                                 :
                                                      :
NATIONAL WESTMINSTER BANK PLC,                        :
                                                      :
                        Defendant.                    :
                                                      :
------------------------------------------------------ X

## NATIONAL WESTMINSTER BANK PLC'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, in accordance with the Court's June 19, 2006

Order, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant

National Westminster Bank PLC ("NatWest"), by its undersigned counsel, hereby requests that

Plaintiffs answer under oath the interrogatories set forth below within thirty days of service

hereof.

## DEFINITIONS

NatWest incorporates by reference herein the Uniform Definitions in Discovery

Requests set out in Rule 26.3 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York.

1.      "Identify," when referring to a person or entity, means the response must state, to

the extent known, the person's or entity's full name, present or last known address, telephone

number and, in addition, when referring to a natural person, the person's present or last known

place of employment and title.

2.      "Identify," when referring to a document, means the response must state, to the extent known, (i) the type of document; (ii) the date of the document; (iii) the author(s), addressee(s) and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another; and (iv) the subject matter of the document.

3.      "Plaintiffs" means the named plaintiffs herein, their agents, including their attorneys, and any person or entity associated with, employed by, or acting on their behalf.

4.      "Person" means any natural person or any business, legal or governmental entity or association.

5.      "All" and "each" shall be construed as "all and each."

6.      "Include," "includes" and "including" shall be construed to mean "without limitation."

7.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

8.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

9.      The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1.      No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

2

2. If any interrogatory cannot be answered in full after exercising due diligence to secure the information to do so, answer the interrogatory to the extent possible, specifying any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available concerning the unanswered portion of said interrogatory.

3. If any interrogatory demands an answer that is withheld on the basis of a claim of privilege, work product or any other reason, (i) answer any portion of the interrogatory that is not subject to such a claim and indicate with specificity and particularity the basis of said withholding; and (ii) provide the information required by Rule 26.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4. The interrogatories herein shall be deemed continuing in nature, and if any information is obtained between the time that answers are supplied and the time of trial, supplemental or amended answers must be made in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify the persons and entities that supplied, directly or indirectly, or otherwise participated, directly or indirectly, in obtaining on behalf of Plaintiffs the documents called for by Request Numbers 1, 4 and 7-18 in NatWest's Initial Request for the Production of Documents, dated July 5, 2006.

2. Identify all fact witnesses on whom Plaintiffs intend to rely at trial.

3. Identify all expert witnesses on whom Plaintiffs intend to rely at trial.

4. Explain in detail the factual bases for Plaintiffs' allegations concerning (i) the identity of the persons and/or entities that perpetrated the attacks that caused Plaintiffs' injuries,

3

(ii) how and in what forms and by what means such persons and/or entities received material

support and/or resources from NatWest; and (iii) how and by what means such material support

and/or resources proximately caused Plaintiffs' injuries.

     5.     Identify all persons who assisted in preparing responses to these Interrogatories

and all documents considered, read, referred to, discussed or reviewed in preparing responses to

these Interrogatories.

Dated: New York, New York
       July 5, 2006

                       Respectfully submitted,

                       CLEARY GOTTLIEB STEEN & HAMILTON LLP

                       By: _____

                       Jonathan I. Blackman (JB 3846)
                       Lawrence B. Friedman (LF 9978)
                       Members of the Firm

                       One Liberty Plaza
                       New York, New York 10006
                       (212) 225-2000

                       Attorneys for Defendant
                       National Westminster Bank PLC

Of Counsel:

Sanjay Mody

4

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x
TZVI WEISS, et al.,                          :
                                             :    Case No. CV 05 4622
                Plaintiffs,                  :
                                             :
    -against-                                :    Honorable Charles P. Sifton
                                             :
NATIONAL WESTMINSTER BANK, PLC,              :    Magistrate Judge Kiyo A. Matsumoto
                                             :
                Defendant.                   :
                                             :
----------------------------------------------------------x

## PLAINTIFFS' OBJECTIONS AND RESPONSES
## TO DEFENDANT NATIONAL WESTMINSTER BANK, PLC'S
## INITIAL REQUEST FOR THE PRODUCTION OF DOCUMENTS

Plaintiffs in the above-captioned case ("Plaintiffs"), by their undersigned counsel, object

and respond pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to Defendant

National Westminster Bank, Plc ("NatWest")'s Initial Request for the Production of Documents

(the "Document Requests" and individually a "Request" or "Document Request") as follows:

## GENERAL OBJECTIONS

A.      Plaintiffs object to each and every Request, and to the accompanying instructions

and definitions, to the extent that NatWest seeks to impose discovery burdens or duties upon

Plaintiffs greater than the burdens and duties imposed upon Plaintiffs pursuant to the Federal

Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern

District of New York.

B.      Plaintiffs object to each and every Request, and to the accompanying instructions

and definitions, to the extent Plaintiff is requested to provide information not within the

possession, custody, or control of Plaintiffs.

C.     In the event that Plaintiffs agree to produce documents in response to any specific Request, such agreement should not be construed as meaning that responsive documents actually exist and should only be construed as indicating that each Plaintiff will provide responsive documents that: (1) are within their possession, custody, or control; (2) are not privileged or otherwise protected and/or exempt from production; and (3) can be located, copied and produced through a reasonable and good-faith investigation on the part of Plaintiffs.

D.     Plaintiffs object to each and every Request, and to the accompanying instructions and definitions, to the extent Plaintiffs are requested to disclose any information or documents protected by an applicable privilege, qualified immunity, rule, or statute, including, but not limited to, the attorney-client privilege or the attorneys' work product doctrine. Any inadvertent disclosure of privileged or protected information or documents shall not be deemed a waiver of any privilege with respect to such information or documents.

E.     Plaintiffs object to each and every Request, and to the accompanying instructions and definitions, to the extent Plaintiffs are requested to provide information and documents that are in Defendant's possession or are as easily available to Defendant as Plaintiffs, or are obtainable from some other source or in some other manner that is more convenient, less burdensome, and less expensive.

F.     Plaintiffs object to each and every Request, and to the accompanying instructions, and definitions, to the extent Defendant seeks the production of documents and things that are already in the possession, custody or control of the Defendant.

G.     Plaintiffs specifically reserve the right to make any use of, or introduce at any hearing or trial, information or documents responsive to the Requests but discovered and produced subsequent to the date of these Responses.

2

H.  The responses to each Request set forth below ("Responses") are made without in any way waiving, or intending to waive:

1.  any objections to the competency, relevance, materiality, privilege or admissibility of any documents produced or written responses made in response to Defendant's requests or the subject matter;

2.  the right to object on any ground to the use of the documents produced in response to any Requests, or the subject matter thereof, at any trial, hearing or other proceeding;

3.  the right to object on any ground, at any time, to a demand for further responses to Defendant's Requests; and

4.  the right at any time to revise, supplement, correct or add to these Responses.

I.  Each of the foregoing General Objections is hereby incorporated by reference in response to each Request regardless of whether a further specific objection is made with respect to each such Request.

J.  Plaintiffs reserve the right to amend and/or supplement these Objections and Responses as permissible and deemed necessary.

K.  Plaintiffs' Responses and any agreements to produce responsive documents are subject to the Protective Order entered by the Court on February 14, 2006.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**Request No. 1:**

All documents upon which Plaintiffs rely in support of their allegations in the Complaint, and all documents otherwise concerning the allegations in the Complaint, including but not limited to (i) documents reviewed by Plaintiffs in connection with formulating their allegations or on which Plaintiffs otherwise rely; (ii) communications or correspondence to or from Plaintiffs concerning

3

the allegations in the Complaint; and (iii) documents concerning or arising from any investigation or analysis perfumed by Plaintiffs, including but not limited to bank records, bank customer account records, wire transfer instructions, *website* materials, business records, court records, and/or police or other official reports obtained as a result of such investigation or analysis.

## OBJECTION AND RESPONSE TO REQUEST NO. 1:

Plaintiffs object to this Request as being overbroad, burdensome, harassing, irrelevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine. Documents concerning the methods by which Plaintiffs' attorneys have prepared, and/or may choose to prepare, their case are protected from disclosure and will not be produced in response to this Request. Plaintiffs need only provide Defendant with relevant facts, not information surrounding any interviews conducted, for such information has the potential for insights into Plaintiffs' attorneys' work product concerning the preparation of their case. Plaintiffs further object to this Request to the extent that it calls for a legal conclusion. Plaintiffs further object to this request to the extent that it calls for documents and things that are already in the possession of Defendant, or documents that are obtainable from other sources, and/or in other manners, that are more convenient, less burdensome and less expensive. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

## REQUEST NO. 2:

All documents concerning testimony by Plaintiffs in any lawsuit or arbitration hearing, including but not limited to transcripts of any pretrial deposition, declaration, affidavit or sworn trial testimony given by Plaintiffs in any action pending before any court or arbitral tribunal.

4

### OBJECTION AND RESPONSE TO REQUEST NO. 2:

Plaintiffs object to this Request as being overbroad, burdensome, harassing, irrelevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent that it calls for documents and things that are already in the possession of Defendant, or are obtainable from other sources, and/or in other manners, that are more convenient, less burdensome and less expensive. Plaintiffs also object to this Request on privacy grounds, including financial privacy. Plaintiffs further object to this Request to the extent it requests materials which have been deemed confidential or are otherwise protected from disclosure by an order of a court or legal tribunal, or pursuant to an agreement of parties to any legal proceedings involving the Plaintiffs. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged responsive documents from any relevant litigation.

### REQUEST NO. 3:

All documents sufficient to identify any lawsuit or arbitral proceeding in which Plaintiffs are currently, or were previously, a party, as well as all pleadings filed by or on behalf of Plaintiffs in any such lawsuit or arbitral proceeding.

### OBJECTION AND RESPONSE TO REQUEST NO. 3:

Plaintiffs object to this Request as being overbroad, burdensome, harassing, irrelevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent that it calls for documents and things that are already in the possession of Defendant or are obtainable from other sources, and/or in other manners, that are more convenient, less burdensome and less expensive. Plaintiffs further object to this Request to the extent it requests materials which have been deemed confidential by a court or tribunal. Without waiver of the foregoing objections,

5

Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request from any relevant litigation.

### REQUEST NO. 4:

All documents concerning the acts that caused Plaintiffs' injuries, including but not limited to news articles and media reports.

#### OBJECTION AND RESPONSE TO REQUEST NO. 4:

Plaintiffs object to this Request to the extent it seeks documents protected from disclosure by the attorney work product doctrine. Plaintiffs further object to this Request to the extent that it calls for documents and things that are already in the possession of Defendant, or are obtainable from other sources, and/or in other manners, that are more convenient, less burdensome and less expensive. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged or protected documents responsive to this Request.

### REQUEST NO. 5:

All documents concerning Plaintiffs' injuries, including but not limited to medical records, death certificates and insurance papers.

#### OBJECTION AND RESPONSE TO REQUEST NO. 5:

Plaintiffs object to this Request as being overbroad, burdensome, and harassing. Plaintiffs also object to this Request on privacy grounds, including financial privacy. Plaintiffs specifically object to Defendant's Request for documents concerning insurance papers on the grounds that documents and information concerning insurance are not admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, and as set forth in the General Objections, subject to the applicable protective order,

6

Plaintiffs will produce non-objectionable, non-privileged responsive documents that concern the injuries, or, in the case of a decedent, causes of death, that are alleged in this Action.

**REQUEST NO. 6:**

All documents concerning any basis upon which Plaintiffs seek compensatory damages.

### OBJECTION AND RESPONSE TO REQUEST NO. 6:

Plaintiffs object to this Request as being vague, overbroad, burdensome, harassing, irrelevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs specifically object to the term "any basis" as being ambiguous, vague and overbroad. Plaintiffs also object to this Request to the extent it calls for a legal conclusion. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 7:**

All documents concerning NatWest.

### OBJECTION AND RESPONSE TO REQUEST NO. 7:

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrines which are protected from disclosure and will not be produced in response to this Request. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsible to this Request.

**REQUEST NO. 8:**

All documents concerning Interpal.

7

**OBJECTION AND RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrines which are protected from disclosure and will not be produced in response to this Request. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 9**

All documents concerning any relationship between NatWest and Interpal.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs specifically object to the term "any relationship" as being ambiguous, vague and overbroad. Plaintiffs further object to this Request to the extent that it calls for documents and things in the possession, custody or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome, and less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 10:**

All documents concerning the Union of Good.

**OBJECTION AND RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney

8

work product doctrines which are protected from disclosure and will not be produced in response to this Request. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 11:**

All documents concerning any relationship between NatWest and the Union of Good.

### OBJECTION AND RESPONSE TO REQUEST NO. 11:

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs specifically object to the term "any relationship" as being ambiguous, vague and overbroad. Plaintiffs further object to this Request to the extent that it calls for documents and things in the possession, custody or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome, and less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 12:**

All documents concerning NatWest's alleged relationship to the acts that caused Plaintiffs' injuries, including but not limited to any documents reflecting NatWest's collection, provision, and/or transmission of any support, money and/or financial services, either directly or indirectly, to or from (i) Interpal; (ii) the Union of Good; and/or (iii) HAMAS.

### OBJECTION AND RESPONSE TO REQUEST NO. 12:

Plaintiffs object to this Request to the extent it seeks documents protected from disclosure by the attorney work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion or the production of documents concerning expert testimony. Plaintiffs further object to this Request to the extent that it calls for documents in the

9

possession, custody, or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome and less expensive. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

## REQUEST NO. 13:

All documents concerning NatWest's alleged knowledge of Interpal's alleged role in the acts that caused Plaintiffs' injuries.

### OBJECTION AND RESPONSE TO REQUEST NO. 13:

Plaintiffs object to this Request as being overbroad and burdensome. Plaintiffs also object to this Request to the extent it seeks documents that are not relevant to the claims or defenses of any party, and documents that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion or expert testimony. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which are protected from disclosure and will not be produced in response to this Request. Plaintiffs further object to this Request to the extent that it calls for documents and things in the possession, custody or control of Defendant, or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome, and less expensive. Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

## REQUEST NO. 14:

All documents concerning NatWest's alleged knowledge of the Union of Good's alleged role in the acts that caused Plaintiffs' injuries.

10

.

**OBJECTION AND RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this Request as being overbroad and burdensome.  Plaintiffs also object to this Request to the extent it seeks documents that are not relevant to the claims or defenses of any party, and documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request to the extent that it calls for a legal conclusion or expert testimony.  Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which are protected from disclosure and will not be produced in response to this Request.  Plaintiffs further object to this Request to the extent that it calls for documents and things in the possession, custody or control of Defendant, or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome, and less expensive.  Without waiver of the foregoing objections, Plaintiffs will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 15:**

All documents concerning the alleged relationship between Interpal and the Union of Good.

**OBJECTION AND RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing.  Plaintiffs specifically object to the term "alleged relationship" as being vague and overbroad.  Plaintiffs further object to this Request to the extent that it calls for documents and things that are in the possession, custody, or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome and less expensive.  Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which will not be produced in response to this Request.  Without waiver of the foregoing

11

objections, Plaintiff will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 16:**

All documents concerning the alleged relationship between Interpal and HAMAS.

### OBJECTION AND RESPONSE TO REQUEST NO. 16:

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs specifically object to the term "alleged relationship" as being vague and overbroad. Plaintiffs further object to this Request to the extent that it calls for documents and things that are in the possession, custody, or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome and less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which will not be produced in response to this Request. Without waiver of the foregoing objections, Plaintiff will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 17:**

All documents concerning the alleged relationship between the Union of Good and HAMAS.

### OBJECTION AND RESPONSE TO REQUEST NO. 17:

Plaintiffs object to this Request as being vague, overbroad, burdensome, and harassing. Plaintiffs specifically object to the term "alleged relationship" as being vague and overbroad. Plaintiffs further object to this Request to the extent that it calls for documents and things that are in the possession, custody, or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome and less expensive. Plaintiffs further

12

object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which will not be produced in response to this Request.  Without waiver of the foregoing objections, Plaintiff will produce non-objectionable, non-privileged documents responsive to this Request.

**REQUEST NO. 18:**

All documents obtained by or on behalf of Plaintiffs concerning the allegations in the Complaint from any governmental authority.

**OBJECTION AND RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request as being overbroad, burdensome and harassing.  Plaintiffs specifically object to the term "any governmental authority" as ambiguous, vague and over broad.  Plaintiffs also object to this Request to the extent that it calls for a legal conclusion. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which will not be produced in response to this Request.  Plaintiffs further object to this Request to the extent that it calls for documents in the possession, custody, or control of Defendant or which are obtainable from other sources, and/or by other means that are more convenient, less burdensome and less expensive.

**REQUEST NO. 19:**

All documents referred to or relied upon in Plaintiffs' Initial Disclosures, dated June 16, 2006.

**OBJECTION AND RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this Request to the extent it seeks documents protected by the attorney work product doctrine, which will not be produced in response to this Request.  Without waiver

13

of the foregoing objections, Plaintiffs will produce any non-objectionable, non-privileged documents responsive to this Request.

Date: August 14, 2006

OSEN & ASSOCIATE, LLC

By

Gary M. Osen (GO-5790)
Joshua D. Glatter (JG-0184)
Aaron Schlanger (AS-9372)
Peter Raven-Hansen, Of Counsel
700 Kinderkamack Road
Oradell, New Jersey 07649
(201) 265-6400

KOHN, SWIFT & GRAF, P.C.
Robert A. Swift
Steven M. Steingard
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

GLANCY BINKOW &
GOLDBERG LLP
Andrew D. Friedman (AF-6222)
Of Counsel
Neil A. Dublinsky
Of Counsel
430 Park Avenue, Suite 702
New York, New York 10022
(212) 308-6300

Attorneys for Plaintiffs

14

## CERTIFICATE OF SERVICE

I, Aaron Schlanger, hereby certify that a true and correct copy of Plaintiffs' Objections

and Responses to Defendant National Westminster Bank, Plc's Initial Request for the Production

of Documents was served via electronic mail and first class mail on this 14th day of August

2006, on the following:

> Lawrence B. Friedman, Esq.
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> One Liberty Plaza
> New York, New York 10006

Aaron Schlanger

# EXHIBIT D

1 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2 | ----------------------------------X

3 | TZVI WEISS, et al.                     :
                                         :
4 |                        Plaintiffs,  :
                                         :
5 |     -against-                        :   05-CV4622(CPS)(KAM)
                                         :
6 | NATIONAL WESTMINSTER BANK, PLC,      :
                                         :
7 |                        Defendant.    :

8 | ----------------------------------X

9 |

10 |                 Date:   March 1, 2006

11 |                 Time:   2:30 p.m.

12 |

13 |        VIDEOTAPED EXAMINATION BEFORE TRIAL of Steven

14 | Averbach, on behalf of Plaintiffs, taken pursuant to

15 | Notice, held at Ayalon House, 16th Floor, 12 Abba Hillel

16 | Street, Ramat-Gan, Israel, before a Certified Shorthand

17 | Reporter.

18 |

19 |

20 |

21 |

22 | Reported By:

23 | Carmelita Lee
Certified Shorthand Reporter
24 | Ha Nesiyim 4/32
Hod HaSharon, Israel 45371          COPY
25 | (972) 9 740-7764
wordworks@012.net.il

Deposition of Steven Averbach, 3-1-06-Tel Aviv

38

1  miss it and I miss it.  So with the children it has been

2  a big deal for me, and of course being with my wife is

3  also something that --

4     Q.  You are not able to have any personal

5  relationship?

6     A.  (Witness nods.)

7           MR. SWIFT:  Do other counsel have questions?

8

9                    EXAMINATION

10  BY MR. MODY:

11     Q.  My name is Sanjay Mody.  I represent the

12  defendant National Westminster Bank in an action

13  entitled Weiss, et al., versus National Westminster

14  Bank, filed in the Eastern District of New York, in

15  which you are named as a plaintiff.  I also represent

16  the defendant Credit Lyonnais in a separate action

17  entitled Strauss, et al., versus Credit Lyonnais, in

18  which you are also named as a plaintiff.

19           I have only a handful of questions for you,

20  and I want to thank you in advance for your patience in

21  responding to these questions.

22           First, Mr. Averbach, please describe your

23  knowledge of Nat West.

24     A.  None.

25     Q.  Mr. Averbach, are you familiar with a group

Carmelita Lee, Certified Shorthand Reporter
Ha Nesiyim 4/32, Hod HaSharon, Israel 45371

39

1  called Interpal?

2     A.   No, I am not.

3     Q.   Mr. Averbach, please describe your knowledge of

4  the relationship between Nat West and Interpal?

5     A.   I don't know of any.

6     Q.   Please describe your knowledge of Nat West's role

7  in the terror attack that caused your injuries.

8     A.   I don't know that there is one.

9     Q.   Next, Mr. Averbach, please describe your

10  knowledge of Credit Lyonnais?

11     A.   None whatsoever.

12     Q.   Are you aware of a group called Le Comité de

13  Bienfaisance et de Solidarité avec la Palestine, which I

14  will refer to as CSFB?

15     A.   I have no knowledge whatever of those groups.

16     Q.   Please describe your knowledge of the

17  relationship between Credit Lyonnais and CSFB?

18     A.   I don't know of any.

19     Q.   And finally, Mr. Averbach, please describe your

20  knowledge of Credit Lyonnais' role in this terror attack

21  that caused your injuries?

22     A.   I don't know of any connection between them.

23           MR. MODY:   Thank you very much.

24

25                    EXAMINATION