

## OSEN & ASSOCIATE, LLC

ATTORNEYS AT LAW
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400  FACSIMILE 201.265.0303
WWW.OSEN.US

December 21, 2006

Honorable Kiyo A. Matsumoto
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Strauss v. Crédit Lyonnais, S.A.**, 06 CV 702 (CPS)(KAM)
**Weiss v. National Westminster Bank, Plc.**, 05 CV 4622 (CPS)(KAM)

Dear Judge Matsumoto:

We represent Plaintiffs in the referenced actions and write to respond to Defendants' December 1, 2006 letters enclosing a copy of Magistrate Judge Pohorelsky's November 25, 2006 decision and order (the "November 25 Order") in *Linde v. Arab Bank, plc*, (04 CV 2799)(in which this Firm serves as co-counsel for Plaintiffs) and several related cases (collectively, the "Arab Bank Cases"). Defendants incorrectly argue that the November 25 Order supports their contention that the Plaintiffs in the referenced actions must be directed to obtain the documents and information sought in their discovery requests through the narrow and dilatory procedures of the Hague Convention rather than the provisions of the Federal Rules of Civil Procedure.

The November 25 Order unambiguously recognizes the compelling and overriding interests of the United States in permitting civil litigants to obtain discovery in cases brought under the 18 U.S.C. § 2333(a) of Anti-Terrorism-Act ("ATA"). "Upon consideration of those factors here (the Restatement (Third) of the Foreign Relations Law of the United States § 442 (1987))," Magistrate Judge Pohorelsky expressly found that "the bank secrecy laws cited by the defendant here should not excuse the defendant from being ordered to produce appropriately limited categories of documents and information." Nov. 25 Order at 8. This aspect of Judge Pohorelsky's holding is not discussed in Defendants' December 1st letters to Your Honor for the obvious reason that it is fatal to their contention that "the U.S. interest is no more than what it is in any civil action: to provide litigants in its courts with access to the discovery needed to fairly and fully present their case."[1] Defendants also avoid discussion of the following subtle, but important distinguishing factors in arguing that the balance of the November 25 Order mandates Plaintiffs' use of letters of request in the referenced actions.

---

[1] Defendant NatWest's memorandum of law in opposition to Plaintiffs' motion for an order overruling Defendant's foreign bank secrecy objections, at p. 14.

First, the bank secrecy issues presented in the Arab Bank Cases implicate potentially thousands of separate customer accounts located in over one half-dozen foreign jurisdictions – each with its own particularized statutory regime. The March 3, 2006, document production order mentioned at length in the November 25 Order required Arab Bank to produce customer records for more than 80 entities, and upwards of several thousand individuals, most of whom reside in the West Bank and Gaza Strip.[2] In sharp and conclusive contrast, each case before Your Honor involves a *single* customer – CBSP (for defendant Crédit Lyonnais), and Interpal (for defendant NatWest) – that has been designated an SDGT by the U.S. government. There is no justification for resorting to indisputably arduous, dilatory and costly (as Plaintiffs demonstrate in their Reply Briefs) letters of request, when any foreign court denial or restriction of discovery by such a route would inevitably have to be overridden anyway by this Court in favor of the discovery sought here, namely, bank records of SDGTs.

Second, Judge Pohorelsky has *never* held that the plaintiffs in the Arab Bank Cases should be required to pursue letters of request in any foreign jurisdictions. In fact, even in the wake of the November 25 Order, he has not even approved ***Arab Bank's*** motion to attempt to obtain letters of request from any jurisdiction implicated in the Arab Bank Cases. Rather, and as made clear by the record in the Arab Bank Cases, Judge Pohorelsky continues his efforts to formulate a suitable approach that will efficiently facilitate full discovery in that litigation. While it is correct that Judge Pohorelsky continues to consider whether it is efficient to permit *Arab Bank* (and not plaintiffs in those cases) to make one final attempt to obtain consent from various foreign governments, Defendants' strained suggestion that the Arab Bank Cases and the November 25 Order provide an analogous framework for analyzing their foreign bank secrecy objections is misguided.

Finally, and in contradistinction to the defendants here, Arab Bank actually initiated court proceedings in multiple jurisdictions in an effort to gain permission from foreign jurisdictions *before* the *Linde* Court issued the November 25 Order (though these efforts have predictably delayed discovery). Defendants' complete failure to undertake the same minimal effort in the cases at bar belies the sincerity of their insistence on the alleged efficiency and speed of the letters of request which they wrongly cast as Plaintiffs' burden.

We do not intend to suggest that Your Honor is bound to accept Magistrate Judge Pohorelsky's legal conclusions about the balancing (if any is required) of U.S. and foreign interests in these cases, or his particular case management approach as to what may best facilitate efficient, full discovery. However, in light of the dramatic differences in the scope of discovery sought in the Arab Bank Cases and that sought in the cases at bar, as well as the clear difference between the alleged interests of at least some customers in the former and those of the two designated terrorist customers in the latter, the foreign bank secrecy issues in all three sets of cases are analogous only to the extent that the compelling U.S. interest in discovery under the ATA reigns supreme in all of them.

---

[2] For reasons that are particular to the Arab Bank Cases which allege a massive "terrorism insurance scheme," Plaintiffs firmly believe that the scope of discovery in those cases is appropriate.

Accordingly, for the reasons set forth above, as well as those detailed in Plaintiffs' two Motions to Overrule Defendants' Objections to Rules 26 and 36 Discovery, we respectfully request that Plaintiffs' motions be granted, Defendants' objections be overruled, and Plaintiffs' proposed orders be entered.

Respectfully submitted,

Gary M. Osen

cc: All Counsel