

# OSEN & ASSOCIATE, LLC

ATTORNEYS AT LAW
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400  FACSIMILE 201.265.0303
WWW.OSEN.US

January 17, 2007

**VIA ECF**

Honorable Kiyo A. Matsumoto
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Strauss v. Credit Lyonnais, S.A., 06 CV 702 (CPS)(KAM)**
**Weiss v. National Westminster Bank, Plc., 05 CV 4622 (CPS)(KAM)**

**Request For Clarification of January 12, 2007 Minute Order**

Dear Judge Matsumoto:

We represent the Plaintiffs in the two above-referenced cases. We write to request clarification of Your Honor's minute Order dated January 12, 2007 (the "Minute Order"). The Minute Order, which followed the parties' January 12 telephone conference with the Court, provides, *inter alia*:

> *(1) By 1/19/07, plaintiffs shall provide the identities of individuals in Israel with whom they have discussed the scheduling of depositions and information relevant to the claims and defenses, the names of the potential deposition witnesses and non-privileged documents received from Israeli officials and sources that are responsive to defendants' discovery demands and/or that should be disclosed pursuant to plaintiffs' Fed. R. Civ. P. 26(a) disclosure obligations.*

By this letter, we confirm that we will, by January 19, 2007, provide defense counsel the names of those Israeli Prison Service ("IPS") officials with whom Plaintiffs' counsel or their agents discussed the scheduling of depositions. Contemporaneous with that disclosure we will provide any available contact information for those IPS officials, the names of any "potential deposition witnesses" actually submitted by Plaintiffs to the IPS, and any non-privileged documents or information pertaining to those individuals in Plaintiffs' possession.

However, we respectfully submit that it is not logistically possible for us to produce *all* non-privileged documents "that are responsive to defendants' discovery demands and/or that should be disclosed pursuant to Plaintiffs' Fed. R. Civ. P. 26(a) disclosure obligations" by the

January 19, 2007 date referenced in the Minute Order. This is due principally to the fact that the materials are voluminous, as is the attendant requisite cataloging of what are in large part Arabic and Hebrew language records. Plaintiffs have already produced 1,902 pages of documents concerning Defendants' liability from a variety of sources, and 3,996 pages of documents concerning damages – also from a variety of sources. We respectfully submit that this production of 5,898 pages to date demonstrates axiomatically that Plaintiffs and their counsel continue to meet their good faith obligations under the Federal Rules' discovery process. Further, to the extent that Plaintiffs obtain additional, non-privileged documents during the course of their continuing investigation **from any source**, those records which are relevant to Defendants' discovery requests will be provided to the Defendants on a rolling basis.

In fact, although not specifically required under the Minute Order, Plaintiffs will be providing defense counsel with correspondence sent by Plaintiffs' counsel to the IPS in connection with our prior request for assistance from the IPS to schedule prisoner depositions.[1] We will also provide to defense counsel the only correspondence we have received from the IPS to date. Contrary to Defendants' insinuations, Plaintiffs are neither attempting to withhold documents or surprise defense counsel. On the contrary, the genesis for this dispute arose solely because Plaintiffs' counsel gave opposing counsel the courtesy of substantial advance notice in anticipation of potential depositions that would require overseas travel.

Accordingly, we respectfully request that Your Honor clarify that our understanding and interpretation of the Minute Order is correct, and that we need not produce all non-privileged documents by this Friday, January 19, 2007.

We thank the Court for its consideration of our request for clarification. Should Your Honor or Chambers have any questions, please do not hesitate to contact us.

Respectfully Yours,

Gary M. Osen

cc:     All Counsel

---

[1] Out of an abundance of caution, and in order to comply with our understanding of the Minute Order's immediate deadline, we will be producing our correspondence sent to IPS on a non-waiver basis with respect to any objection in whole or in part as to its use in discovery or trial concerning fact or opinion work-product grounds. We note that, to date, Defendants have not established their entitlement to *any* work product material, including documents that may have a tendency to reveal Plaintiffs' counsel's strategies, legal theories, or opinions, via a demonstration of a showing of necessity and unavailability by other means, as mandated by *Hickman v. Taylor*, 324 U.S. 495, 510-12 (1947), *Upjohn v. United States*, 449 U.S. 383, 401-02 (1981) and applicable precedent in this Circuit.