CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial (212) 225-2490
E-Mail jblackman@cgsh.com

January 19, 2007

BY ECF AND HAND

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Weiss et al. v. National Westminster Bank Plc</u>, 05-CV-4622 (CPS) (KAM)
            <u>Strauss et al. v. Crédit Lyonnais, S.A.</u>, 06-CV-702 (CPS) (KAM)

Dear Magistrate Judge Matsumoto:

      I regret needing to report that despite the Court's recent Minute Orders of January 12, 2007, and yesterday, January 18, 2007, plaintiffs are still disregarding the directions in those Orders, and request that the Court instruct plaintiffs to comply with them.

      1. <u>Identification of witnesses</u>. Contrary to the January 12 Minute Order, which requires plaintiffs to identify today those "individuals in Israel with whom they have discussed the scheduling of depositions and information relevant to the claims and defenses," plaintiffs today disclosed <u>only</u> the names of the two Israeli Prison Service officials with whom plaintiffs have communicated about prisoner depositions, and the names of the eleven prisoners that plaintiffs have identified to those officials. Plaintiffs have <u>not</u> disclosed the identities of all the "individuals in Israel with whom plaintiffs have discussed . . . information relevant to the claims and defenses" in this action, as the Court expressly required them to do. When we telephoned plaintiffs' counsel earlier today concerning this omission, he informed us that he did not believe any further disclosure was necessary, claiming that the Orders were limited to disclosures relevant to these particular depositions.

      This "reading" of the January 12 Minute Order is on its face inconsistent with the Court's direction to provide all "the identities of individuals in Israel with whom [plaintiffs] have discussed the scheduling of depositions <u>and</u> information relevant to the claims and defenses" (emphasis supplied), which parallels the requirement that plaintiffs produce all non-privileged documents received from Israeli officials. Neither provision is limited to the scheduling of particular depositions. It appears that contrary to the two directions of the Court, plaintiffs

Magistrate Judge Kiyo A. Matsumoto, p. 2

persist in not disclosing the names of all their Israeli "sources," even though that information is clearly not work product.

      2. <u>Timing of plaintiffs' document production</u>. Plaintiffs produced certain additional documents to us today pursuant to the Court's January 12 Minute Order and its further Order of yesterday, but they did not comply with Your Honor's instruction in yesterday's Order that plaintiffs today "advise defense counsel how much more remains outstanding." When we asked plaintiffs' counsel about this omission, he told us that he did not understand yesterday's Order to require that he inform us "how much more remains outstanding," although the Order expressly so provides.

      We regret needing to burden Your Honor yet again on this subject, but it appears that without any further direction, plaintiffs will continue not to provide us with information that should have been included in their initial Rule 26(a) disclosures and discovery responses regarding the identity of persons in Israel with knowledge of relevant facts.

                                Respectfully,

                                Jonathan I. Blackman

cc: All Counsel of Record