CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial: (212) 225-2490
E-Mail: jblackman@cgsh.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
EDWARD D. KLEINBARD
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN

NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND

DAVID I. GOTTLIEB
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
GEOFFREY B. GOLDMAN
DAVID S. BERG
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
RESIDENT COUNSEL

March 20, 2007

BY ECF AND HAND

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Weiss et al. v. National Westminster Bank Plc, 05-CV-4622 (CPS) (KAM)
     Strauss et al. v. Crédit Lyonnais, S.A., 06-CV-702 (CPS) (KAM)

Dear Magistrate Judge Matsumoto:

I am responding on behalf of defendants National Westminster Bank Plc ("NatWest") and Crédit Lyonnais, S.A. to Mr. Glatter's letter of March 16, 2007 on behalf of plaintiffs in both of these lawsuits. Contrary to Mr. Glatter's assertions, Magistrate Judge Lindsay's decision in Protex International Corp. v. Vanguard Products Group, Inc., No. 05-CV-5355 (ADS)(ARL), 2006 WL 3827423 (E.D.N.Y. Dec. 27, 2006), does not assist plaintiffs' opposition to the pending motions by NatWest and Crédit Lyonnais to compel plaintiffs' production of documents and answers to interrogatories.

First, the analysis undertaken by Magistrate Judge Lindsay is consistent with the principle that the decision whether and when to permit contention interrogatories falls squarely within the discretion of the Court and is "dependent upon the circumstances of each particular case, as well as the issues implicated." See Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 67 (N.D.N.Y. 2003). Whether contention interrogatories were appropriate in the circumstances presented in Protex has no direct bearing on the unique circumstances presented in these cases.

Second, the defendant in Protex refused to produce any documents until the plaintiff had answered the contention interrogatories at issue. Protex, 2006 WL 3827423 at *2. Accordingly, Magistrate Judge Lindsay determined that "[t]he burden on Protex in responding to these requests outweighs the likelihood that useful information will be produced where Protex has not had discovery of Vanguard's documents." Id. In contrast, both NatWest and Crédit Lyonnais have produced documents to plaintiffs that are not subject to the to the pending bank

Magistrate Judge Kiyo A. Matsumoto, p. 2

secrecy motion practice. Further production from NatWest and Crédit Lyonnais is simply not necessary for plaintiffs to state the factual bases for allegations in their own complaint, assuming they have any, as requested by Interrogatory No. 4.

Third, while the interrogatories that the defendant sought to compel in <u>Protex</u> appear to have been proffered solely "to clarify[] issues in the case," <u>id.</u>, the reasons for compelling a response to Interrogatory No. 4 are not so limited. As explained in more detail in the briefs previously submitted by NatWest and Crédit Lyonnais, Interrogatory No. 4 calls for the <u>factual</u> bases for plaintiffs' allegations regarding how, in what forms and by what means the persons and/or entities that perpetrated the attacks that caused plaintiffs' injuries received material support and/or resources from NatWest or Crédit Lyonnais, and how that material support and/or resources proximately caused plaintiffs' injuries. The fact that Judge Sifton found plaintiffs' allegations in this respect sufficient to survive a motion to dismiss does not somehow give plaintiffs license to withhold information critical to NatWest's and Crédit Lyonnais's defense, which they have no way of obtaining from other sources. As the individual plaintiffs themselves have no meaningful knowledge regarding these allegations that can be obtained through depositions, NatWest and Crédit Lyonnais can only effectively acquire such information through a response Interrogatory No. 4.

Finally, as explained in the briefs previously submitted by NatWest and Crédit Lyonnais, the subpart of Interrogatory No. 4 that calls for the "identity of the persons and/or entities that perpetrated the attacks that caused Plaintiffs' injuries," plainly does not constitute a contention interrogatory and is not impacted by the <u>Protex</u> decision at all.

For the foregoing reasons, and those set forth at length in the briefs previously submitted, NatWest's and Crédit Lyonnais's motions to compel should be granted.

Respectfully,

Jonathan I. Blackman

cc: All Counsel of Record