

**OSEN & ASSOCIATE, LLC**

ATTORNEYS AT LAW
700 KINDERKAMACK ROAD, ORADELL, NEW JERSEY 07649
TELEPHONE 201.265.6400  FACSIMILE 201.265.0303
WWW.OSEN.US

September 20, 2007

**BY ECF**

Honorable Kiyo A. Matsumoto
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Strauss v. Credit Lyonnais, S.A.*, 06 CV 702 (CPS)(KAM)
     *Weiss v. National Westminster Bank, Plc.*, 05 CV 4622 (CPS)(KAM)

Dear Judge Matsumoto:

We represent plaintiffs in the above-referenced actions. We were copied on defense counsel's September 17, 2007 letter to Your Honor in the *Faudem et al v. Credit Lyonnais, S.A.*, 07-cv-1774 (CPS)(KAM), and *Faudem et al v. National Westminster Bank plc*, 07-cv-1775 (CPS)(KAM), litigations. Although only filed in the *Faudem* cases (and referencing an initial conference only for those cases), the letter notes that the discovery issues discussed therein may impact future discovery in our clients' cases. We further note that it is apparent from the Minute Order entered on September 18, 2007 that Your Honor has ordered briefing in the *Faudem* cases on the issues raised by the letter.

Though not entirely clear from the letter, defense counsel has confirmed to us that they will indeed seek reconsideration of the Court's May 25, 2007 ruling in *Strauss*, at least with respect to *future* discovery requests (which presumably include deposition testimony) propounded by the *Strauss* plaintiffs. Given that the strict 10 day jurisdictional window for Fed. R. Civ. P. 59(e) relief has long run, we presume that defendant seeks relief under Rule 60(b) at least where it is seeking to effect the Court's prior rulings in the *Strauss* case.[1]

We will not go into detailed argument here, but we believe strongly that the proffered arguments in the letter do not meet the standards of Rule 60(b) or Local Rule 6.3. Without limiting any future arguments in briefing (should it be permitted), the fact that the letter from the French Ministry of Justice (the "MOJ") that defendant Credit Lyonnais ("CL") relies upon is dated July 18, 2007, raises concerns as to why defendant has waited until now, while discovery has proceeded in the *Strauss* case (without, to our knowledge, any action or even threat of action

---

[1]  Under Local Rule 6.3, any motion for reconsideration or reargument "shall be filed within ten (10) days after the entry of the Court's determination of the original motion."

by the French government), to inject the MOJ letter into these proceedings. Certainly, it makes the proposed motion extraordinarily untimely – at least with respect to the *Strauss* and *Weiss* cases – and there has been no suggestion of any excusable neglect by defense counsel.

Defendant's September 17 submission largely reiterates arguments with respect to the same French "blocking" statute that Your Honor (supported by ample precedent and consistent with other Federal courts that have considered this statute) rejected previously, holding that:

> It is clear that American courts are not required to adhere blindly to the directives of such a statute. Indeed, the language of the statute, if taken literally, would appear to represent an extraordinary exercise of legislative jurisdiction by the Republic of France over a United States district judge, forbidding him or her to order any discovery from a party of French nationality, even simple requests for admissions or interrogatories that the party could respond to on the basis of personal knowledge . . . . Extraterritorial assertions of jurisdiction are not one-sided.

*Strauss et al v. Credit Lyonnais, S.A.*, 242 F.RD. 199, 213 (E.D.N.Y. 2007) quoting *Société Nationale Industrielle Aérospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522, 544 (1987).

The sole, new "authority" cited by defendant is the aforementioned vague two-page letter from the MOJ predictably reciting the French government's long-standing position regarding its blocking statute – a position that has never been accepted by U.S. courts with respect to French citizens who find themselves parties to U.S. litigation. The MOJ in turn relies solely upon one case in which an *American* attorney was apparently penalized by France for taking discovery outside of the Hague Convention. What remains unclear, are the circumstances underlying the American attorney's French conviction, including, *inter alia*, whether he or she was acting pursuant to outstanding discovery orders in that case (as is the case here), or whether the French citizen from whom he or she took discovery was a party to the U.S. litigation which gave rise to the apparent taking of discovery in France.[2] Furthermore, from what we can see, the MOJ's letter does not warn or inform CL that it will be subject to goverment penalties if it continues to comply with this Court's duly issued discovery orders even though, as noted above, defendant has for some time been producing documents to plaintiffs in response to outstanding discovery requests.

Moreover, the Court's prior observation is completely applicable to the vague nature of the MOJ's letter: "[g]laringly absent from the submission by Credit Lyonnais is any indication that civil or criminal prosecutions by the French government ... are likely, rather than mere possibilities." *Strauss*, 242 F.R.D. at 224. Defendant's submission also fails to address the Court's observation that "[e]ven if criminal penalties were likely to be imposed, however, it

---

[2] Moreover, the Court would be acting entirely appropriately given the letter defendant CL has obtained from the MOJ if it were to enter an order requiring all depositions of CL's employees to be taken in the United States or an agreed-upon neutral third country, in order to avoid the interference with this Court's authority that CL is clearly seeking to obtain from the French government, and to protect plaintiffs' counsel from arrest or harassment in France.

would not necessarily be sufficient to warrant nondisclosure in this case." *Id.* at 225, quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 30 (S.D.N.Y.1984) (emphasis added).

Accordingly, to the extent defendant is seeking by way of motion practice in the *Faudem* cases, to have the Court modify or reverse its *Strauss* decision, we respectfully suggest that defendant has not demonstrated that what is effectively a Rule 60(b) motion is appropriate. To the extent, however, that the Court is willing to entertain defendant's request for such relief, plaintiffs would request that the Court enter an appropriate order in these cases such that the *Strauss* plaintiffs may formally oppose such motion and address in a brief the issues raised by defendant.

Finally, and as we advised defense counsel this week, plaintiffs have no objection to defendants' alternate request in their September 17 letter that Your Honor enter an order confirming that defendants' responses to the plaintiffs' discovery requests are being provided as a result of prior court orders overruling defendants' objections and are thus involuntary.

We thank the Court for its consideration. Should Your Honor or Chambers have any questions, please do not hesitate to contact us.

Respectfully yours,

Joshua D. Glatter

cc: All Counsel