# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial  (212) 225-2840
E-Mail  lfriedman@cgsh.com

ROGER W. THOMAS
MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR

CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB

LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA LAVIN
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET E. STOWERS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
    RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHORO
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
DAVID S. BERG
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
    RESIDENT COUNSEL

December 18, 2007

BY HAND & ECF

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  Weiss, et al. v. National Westminster Bank, Plc, 05-cv-4622 (CPS) (KAM)
> Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (CPS) (KAM)
> Applebaum, et al. v. National Westminster Bank, Plc, 07-cv-916 (CPS) (KAM)
> Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-941 (CPS) (KAM)
> Faudem, et al. v. National Westminster Bank, Plc, 07-cv-1775
> Faudem, et al. v. Crédit Lyonnais, S.A., 07-cv-1774 (CPS) (KAM)

Dear Magistrate Judge Matsumoto:

This firm represents defendants National Westminster Bank Plc ("NatWest") and Crédit Lyonnais, S.A. ("CL") in the above-referenced matters.  Mr. Werbner, who represents plaintiffs in the Applebaum v. NatWest and Wolf v. CL matters, has asked me to correct his mistaken filings of last evening by submitting to the Court with this letter corrected versions of the two proposed global stipulations providing for the coordination of discovery that Mr. Werbner filed yesterday, stating that these proposals also had the support of defendants.  Mr. Werbner mistakenly attached to his letters superseded versions of these documents, which do not reflect the terms he intended to propose, and to which defendants do not agree.

In place of Mr. Werbner's mistaken filing of yesterday, I am attaching to this letter two proposed stipulations – one covering the Weiss, Applebaum and Faudem lawsuits pending against NatWest, and the other covering the Strauss, Wolf and Faudem lawsuits pending against CL – that (1) are what Mr. Werbner had intended to submit as his clients' proposals for

Magistrate Judge Kiyo A. Matsumoto, p. 2

the coordination of discovery, and (2) contain the terms to which defendants are prepared to agree, on the condition that the terms of these stipulations (i) will be agreed to by all plaintiffs in the lawsuits against NatWest and CL, including the Weiss, Strauss and Faudem plaintiffs, none of whom Mr. Werbner represents, and who are instead represented by Messrs. Osen and Glatter and their colleagues, or (ii) are ordered by the Court on the ground that they provide for the most efficient and effective conduct of coordinated discovery in all of these lawsuits.

In Mr. Glatter's letter to the Court of last evening, with which he transmitted his clients' very different proposed discovery stipulations, he explains that his proposals, which in large measure would defeat mandatory coordination of discovery, are made necessary by the fundamental lack of agreement, and indeed the rivalry between his legal team and Mr. Werbner's legal team, which Mr. Glatter accuses of having filed "copycat 'tag-along' actions with their consequent free-rider problems," and as "piggybacking" on the legal and investigative work of Mr. Glatter's team. In essence, in opposing mandatory coordination of discovery, Mr. Glatter's team is apparently motivated by its desire to avoid having Mr. Werbner's team benefit from what Mr. Glatter suggests is his team's more extensive work and preparation in investigating plaintiffs' claims, in comparison to the work of Mr. Werbner's team.

For obvious reasons, defendants do not wish to be injected into the disagreement between the two camps of plaintiffs' counsel, but at the same time, that disagreement should not be permitted to prejudice important interests that defendants are entitled to protect, and that are important to the Court as well, including the interest in having discovery proceed as efficiently and effectively as possible. These interests would be compromised by several aspects of Mr. Glatter's proposals (other than paragraphs 1 and 2 of his proposed stipulations, which provide effectively for the consolidation of the Weiss and Faudem v. NatWest matters, and the Strauss and Faudem v. CL matters, and are in all material respects identical to the stipulations Mr. Werbner has proposed, and to which defendants are prepared to agree).

First, Mr. Glatter's proposal contemplates that depositions of defendants and third parties need not be coordinated as between the Weiss and Applebaum matters and the Strauss and Wolf matters, such that defendant and third party witnesses will be deposed separately and duplicatively in each matter if the plaintiff teams cannot agree on coordinated examination dates. Further, Mr. Glatter's proposal contemplates that even coordinated depositions will be protracted, because (1) the two plaintiff teams will be permitted to depose a witness for a total of ten hours, rather than the seven hours allowed by the Federal Rules of Civil Procedure, and (2) even for a coordinated deposition, attended by both plaintiff teams, one plaintiff team can exclude the other from the deposition for as much as two hours to question a witness on matters that the excluding team regards as "proprietary and confidential" in relation to the excluded team, apparently to prevent the excluded team from "piggybacking" on the excluding team's work product. For obvious reasons, defendants should not be subjected to the added time and expense of duplicative and/or protracted depositions of either defendants' own witnesses or third party witnesses. Instead, plaintiffs should be required to coordinate their questioning of witnesses and to limit that questioning to the same seven hour period as applies to any other litigant.

Magistrate Judge Kiyo A. Matsumoto, p. 3

As the Court knows, it is common, and in our experience the rule, in cases such as these to require plaintiff groups to alternate leadership roles for depositions, to avoid both duplication and needless prolongation of questioning.  That common practice should govern here.

Second, Mr. Glatter's proposal contemplates similar duplication of effort in connection with plaintiffs' written discovery requests and motion practice.  This too risks subjecting defendants to needless costs, and should not be permitted.

Third, Mr. Glatter has included a bizarre provision in the second sentence of paragraph 6 of both of his proposed stipulations, under which "any communications by and among any plaintiffs . . . in connection with the litigation will be deemed attorney-client privileged regardless of the presence of counsel."  This risks extending privilege to communications that plainly would not be privileged as a matter of law.

At bottom, the fact that there are two contending camps of plaintiffs' lawyers in these actions that apparently cannot cooperate or coordinate with each other should not lead the Court to countenance a collection of cumbersome and wasteful procedures that have no precedent in our experience, that would needlessly protract these lawsuits, and that would impose substantial and unnecessary additional costs on defendants.

Finally, while Mr. Glatter in his letter to the Court attributes his anti-coordination proposals to his team's view of Mr. Werbner's team as "copycats" and "free-riders," on the last page of his letter Mr. Glatter also attempts to blame CL for fostering a departure from the efficient coordination of discovery.  But his argument is plainly mistaken, as CL's agreement with Mr. Werbner's proposal for coordination indicates.  Mr. Glatter's anti-coordination proposals are therefore wholly attributable to squabbling among plaintiffs' teams.

In essence, Mr. Glatter offers the false premise that CL has created the risk that depositions in the Strauss matter and in the Wolf matter will proceed on different calendars, because CL has declined to produce to Wolf counsel the documents the bank has already produced to Strauss counsel pursuant to the Court's prior compulsion order in Strauss, overruling CL's French law objections, and CL has instead resubmitted those objections to the Court for Your Honor's consideration, in light of the communications CL received on this subject from the French Ministry of Justice after Your Honor's ruling in Strauss.  But Mr. Glatter ignores that (1) CL has also resubmitted those very same objections to the Court with respect to the only deposition notice that Mr. Glatter's clients have served on CL in Strauss, and therefore those depositions cannot proceed in any event until the Court rules on those objections, (2) the parties' briefing of CL's objections to the Wolf document requests and to the Strauss deposition notice will proceed on the very same calendar, with plaintiffs' opposition papers to be served on January 8 and CL's reply papers to be served on January 25, thus permitting the Court, as Your Honor previously suggested, to resolve all of these objections in one ruling, and (3) because CL's French law-based objections to the Wolf document requests and to the Strauss deposition notice are identical, it is inconceivable that the Court's ruling on these two sets of objections will not be identical.

Magistrate Judge Kiyo A. Matsumoto, p. 4

Thus, if the Court rules against CL, the bank will promptly provide its <u>Strauss</u> document production to the <u>Wolf</u> plaintiffs, and the parties can then proceed to depose CL witnesses on a coordinated basis. If the Court upholds CL's objections, the <u>Wolf</u> plaintiffs will need to proceed under the Hague Convention to obtain the documents they require before they depose CL witnesses, and the <u>Strauss</u> plaintiffs will need to proceed under the Hague Convention to depose the CL witnesses they have noticed. In either event, depositions of CL in both cases will proceed on the same schedule.

The upshot is that there is no scenario under which CL's discovery objections – which are not the result of a "tactical decision," as Mr. Glatter suggests, but rather a French bank's good faith attempt to avoid the imposition of criminal and civil sanctions by its home sovereign – will result in either group of plaintiffs falling behind the other in its readiness to proceed to deposition discovery. Thus, Mr. Glatter's opposition to coordinated discovery is in fact attributable solely to his team's disagreements with Mr. Werbner's team.

In sum, for the reasons stated above, and as a matter of common sense, it would be unfair and unjust to require that defendants incur extra delay and expense as the result of disagreements among plaintiffs' counsel. Rather, as the Court previously suggested, discovery in all of these lawsuits should be coordinated – as is reflected in the attached proposed stipulations – and plaintiffs' counsel should be encouraged to resolve their disagreements, rather than visiting the undesirable consequences of those disagreements upon defendants, and ultimately the Court.

Respectfully,

Lawrence B. Friedman

Enclosures
cc:  All Counsel of Record in all Matters