UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
TZVI WEISS, et al.,                              :
                                                 :
        Plaintiffs,              :     Case No. 05-cv-4622 (CPS)(KAM)
                                                 :
  -against-                                     :
                                                 :
NATIONAL WESTMINSTER BANK, PLC,                  :
                                                 :
        Defendant.               :
------------------------------------------------------------x
JOSHUA FAUDEM, et al.                            :
                                                 :
        Plaintiffs,              :     Case No. 07-cv-1775 (CPS)(KAM)
                                                 :
  -against-                                     :
                                                 :
NATIONAL WESTMINSTER BANK, PLC,                  :
                                                 :
        Defendant.               :
------------------------------------------------------------x
NATAN APPLEBAUM, et al.                          :
                                                 :
        Plaintiffs,              :     Case No. 07-cv-916 (CPS)(KAM)
                                                 :
  -against-                                     :
                                                 :
NATIONAL WESTMINSTER BANK, PLC,                  :
                                                 :
        Defendant.               :
------------------------------------------------------------x

~~**STIPULATION AND ORDER FOR COORDINATION OF DISCOVERY**~~

~~The parties in the above captioned litigations hereby STIPULATE AND AGREE as follows:~~

**[PROPOSED] ORDER COORDINATING PRE-TRIAL PROCEDURES**

1. No later than December 31, 2007, Plaintiffs will amend the complaint in *Weiss, et al*~~.~~*, v. National Westminster Bank,* ~~Plc~~*PLC* (the "*Weiss* Action") for the sole purpose of adding the ~~named~~ plaintiffs in *Faudem, et al. v. National Westminster Bank,* ~~Plc~~*PLC (*the "*Faudem* Action") into the *Weiss* Action complaint, hereinafter referred to as "the Amended *Weiss* Complaint~~.~~")~~.~~ NatWest's counsel shall accept service of the Amended *Weiss* Complaint, and no later than two (2) business days after service of the Amended *Weiss* Complaint, counsel for the *Faudem* ~~Action~~ plaintiffs shall file a voluntary dismissal of that action in favor of the *Weiss* ~~action~~Action; thereafter, the *Faudem* Action docket number (07-CV-1775) will no longer be used.  NatWest shall answer the Amended *Weiss* Complaint within no more than thirty (30) days of service of the same.

2. For the purposes of all defenses related to the timing of the filing of the *Faudem* Action~~, Plaintiffs' claims against NatWest~~, including, but not limited to, all defenses related to statutes of limitation, statutes of repose, estoppel and laches, the claims of the *Faudem* Action Plaintiffs shall be treated as having been filed on the date of the filing of the *Faudem* Action. The parties ~~further stipulate and agree~~have previously stipulated and agreed that this ~~Stipulation~~Order shall not provide NatWest with any defense related to the *Faudem* Action Plaintiffs that NatWest would not have possessed had such Plaintiffs remained as plaintiffs in the *Faudem* Action. ~~It is~~ The parties have further agreed that this ~~Stipulation~~Order shall not deprive NatWest of any potential defense to the claims asserted by the *Faudem* Plaintiffs, except as expressly stated herein.

3. Barring further written amendment to this Order as approved by the Court, no party shall seek to consolidate the *Weiss* Action with the *Applebaum* Action pursuant to Rule 42(a), the Manual for Complex Litigation, or any other Federal Rule of Civil Procedure or Local

Rule of practice. For pre-trial purposes only, ~~the Weiss Action and Applebaum, et al. v. National Westminster Bank, Plc (the "Applebaum Action") will be coordinated. Such coordination shall include the following:~~ the parties are directed to coordinate the *Weiss* Action with the *Applebaum* Action. Non-exclusive examples of such coordination will include serving upon all counsel notices of depositions for: (a) any witnesses noticed by the *Weiss* or *Applebaum* plaintiffs; (b) depositions of actual *Weiss* and *Applebaum* plaintiffs; and (c) any other further notices, motions, and other filings relating to discovery that the parties in good faith believe are applicable to all cases.

~~a. Prior to any party serving notices for depositions in these cases, they shall jointly meet and confer to attempt to agree to the time and place of the deposition;~~

~~b. The depositions will be taken in these cases jointly and the Plaintiffs in the cases shall agree as to which counsel will take the lead at each particular deposition, and they shall abide by reasonable sharing of the role of lead questioner and a fair allocation of questioning time;~~

~~c. Before the Plaintiffs initiate any written discovery, counsel in the cases will meet and confer and the Plaintiffs will endeavor to serve a joint set of written discovery on the Defendant;~~

~~d. Status conferences and other pretrial court appearances will generally involve all counsel in all of these cases.~~

4.     Separate dockets will be maintained for the *Weiss* and *Applebaum* Actions, and ~~filings shall~~entries must be made in accordance with the regular procedures of the ~~Clerk of this Court. All communications which are required by the Federal Rules of Civil Procedure to be served on all parties shall be served on all counsel in both the Weiss and Applebaum Actions, as~~

~~if the two cases were one.~~<u>clerk of this Court.</u>

5. This ~~Stipulation and~~ Order shall apply to any related case ~~against NatWest~~ subsequently filed with or transferred to this Court, unless a party objecting to the coordination of such case, or to any other provision of this Order, within 15 days after the date upon which a copy of this Order is mailed to counsel for such party, files an application for relief from this Order, or any provision in this Order, and this Court deems it appropriate to grant such application.

**Communications Between Plaintiffs' Counsel**

6. All ~~communications, including e-mail~~ communications between *Weiss* and *Applebaum* counsel, and/or communications by *Weiss* or *Applebaum* counsel with any plaintiff<u>,</u> shall be deemed to be ~~protected~~<u>embraced</u> by the attorney-client privilege and/or work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications.

**Document Production**

7. *Discovery Materials*: Discovery materials produced <u>in this litigation</u> by the *Weiss* plaintiffs or the *Applebaum* plaintiffs that ~~relate solely to damages need not be produced to the other plaintiff group~~<u>are designated by either group as "confidential" or "highly confidential" pursuant to the protective orders in place in these cases shall not be produced to the other plaintiff group by the Defendant and neither the *Weiss* plaintiffs nor the *Applebaum* plaintiffs shall be obligated to produce such materials to each other absent certification by the other party that it will bear an equal share of any costs related to the acquisition or production of the relevant records</u>.

8. *Investigative Materials*: All plaintiffs shall make a good faith effort to resolve the

cost-sharing issues relevant to independent investigative materials.  However, the Court recognizes that the plaintiff groups each have their own litigation strategies and may have divergent views on the advisability of incurring certain costs.  Therefore, investigative materials gathered by individual counsel in the course of their independent case investigations that do not constitute attorney work product and are produced to the Defendants will be shared with those wishing to access the information only under a cost-sharing agreement to be mutually agreed upon by plaintiffs' counsel.  Otherwise, they will be deemed presumptively confidential.

   9. ~~8.~~ *Translations*: The cost of translating documents to be used in these cases will be shared by all parties who ~~proffer~~use or benefit from the use of such translations.

   10. ~~9.~~ *Expert Witnesses:* ~~To the extent possible, Plaintiffs shall~~Whenever expert witness testimony or reports are to be presented to the Court regarding a matter before the Court, the Court encourages the Plaintiffs to present the Court with joint experts~~, and~~. The Plaintiffs shall share the fees of any such experts equally.  Otherwise, both expert reports and expert testimony will be deemed presumptively confidential and proprietary to the cases for which the expert was retained.

**Motions and Briefs**

   11. ~~10.~~ Except where issues uniquely applicable to cases involving one plaintiff group arise, the parties will coordinate all briefing schedules and file all motions and related briefs in all cases on coordinated schedules.  To the extent the Defendant continues to be represented by the same counsel, it will be entitled to address particular issues to particular cases, but will incorporate all of its arguments into unified briefs.  The Plaintiffs shall make a good faith effort to respond to any motions by the Defendant in a coordinated fashion so as to avoid duplicative arguments.  To the extent that ~~Plaintiffs~~plaintiffs' counsel cannot agree on joint submissions or

wish to make non-duplicative arguments or brief issues not raised in any joint submission, they should identify those arguments in any supplemental brief and incorporate all other arguments, to the extent possible, by reference.  In the event that counsel for one plaintiff group or another wish to rely on submissions filed by the other plaintiff group in lieu of filing a joint submission, the plaintiff group wishing to rely on that submission shall reimburse the other plaintiff group for its reasonable fees and expenses in preparing the submission.

**Depositions** ~~of Plaintiffs~~

12. ~~11.~~ Defendant's depositions, if any, of ~~the Plaintiffs~~plaintiffs in *Weiss* need not be coordinated ~~as between the Weiss Action and~~with those of the *Applebaum* ~~Action~~ plaintiffs. However counsel for all parties shall be notified and invited to attend the deposition of any plaintiff.  The default allowance of time for each of the two plaintiff groups to depose Defendant's officers and employees will be five (5) hours each, although the plaintiff groups are permitted to divide their respective time allocations differently if they so agree.  If either plaintiff group wishes to introduce documents during the deposition of a Defendant's officer or employee or any third party witness that are proprietary and confidential to said plaintiff group, counsel taking the deposition for that group must inform all parties at least 72 hours before the scheduled date of the deposition if he/she wants to designate a portion of the deposition and the accompanying transcript confidential and exclude the participation of any other plaintiffs' counsel from a portion of the deposition if such counsel are not, pursuant to this Order, entitled to access to these documents (not to exceed 2 hours).

**Further Scheduling Orders**

13. To the extent possible, the *Weiss* and *Applebaum* plaintiffs shall coordinate the timing of depositions of Defendant's officers and employees and other discovery requests, but

<ins>recognizing that independent investigations have been undertaken by the *Weiss* and *Applebaum* plaintiffs' counsel, and that the two plaintiffs' groups may retain separate experts and/or pursue different litigation strategies, the Court will reserve decision regarding the advisability of coordinating the remainder of the schedule for pre-trial discovery and any future summary judgment motions.</ins>

<ins>SO ORDERED</ins>

Dated: December \_\_\_, 2007

~~By: _____~~
~~Mark S. Werbner~~
~~Sayles Werbner P.C.~~
~~4400 Renaissance Tower~~
~~1201 Elm Street~~
~~Dallas, Texas 75270~~
~~(214) 939-8700~~

~~Counsel for Applebaum Plaintiffs~~

~~By: _____~~
~~Gary M. Osen~~
~~Joshua D. Glatter~~
~~Osen & Associate, LLC~~
~~700 Kinderkamack Road~~
~~Oradell, New Jersey 07649~~
~~(201) 265-6400~~

~~Counsel for Weiss and Faudem Plaintiffs~~

~~By: _____~~
~~Lawrence B. Friedman~~
~~Cleary Gottlieb Steen & Hamilton LLP~~
~~One Liberty Plaza~~

<ins>_____ Brooklyn,</ins> New York~~, NY 10006~~

~~(212) 225-2000~~

~~Counsel for Defendant~~

~~ACCEPTED BY THE COURT THIS ___ day of _____, 2007.~~

_____

_____
                        KIYO A. MATSUMOTO
                        United States Magistrate Judge