UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TZVI WEISS, et al.,

        Plaintiffs,

-against-

NATIONAL WESTMINSTER BANK, PLC,

        Defendant.

Case No. 05-cv-4622 (CPS)(KAM)

---

JOSHUA FAUDEM, et al.

        Plaintiffs,

-against-

NATIONAL WESTMINSTER BANK, PLC,

        Defendant.

Case No. 07-cv-1775 (CPS)(KAM)

---

NATAN APPLEBAUM, et al.

        Plaintiffs,

-against-

NATIONAL WESTMINSTER BANK, PLC,

        Defendant.

Case No. 07-cv-916 (CPS)(KAM)

---

## STIPULATION AND ORDER FOR COORDINATION OF DISCOVERY

The parties in the above captioned litigations hereby STIPULATE AND AGREE as follows:

1. No later than December 31, 2007, Plaintiffs will amend the complaint in *Weiss, et al. v. National Westminster Bank, PLC* (the "*Weiss* Action") for the sole purpose of adding the plaintiffs in *Faudem, et al. v. National Westminster Bank, PLC* (the "*Faudem* Action") into the

*Weiss* Action complaint, hereinafter referred to as "the Amended *Weiss* Complaint." NatWest's counsel shall accept service of the Amended *Weiss* Complaint, and no later than two (2) business days after service of the Amended *Weiss* Complaint, counsel for the *Faudem* plaintiffs shall file a Stipulation of Dismissal of that action in favor of the *Weiss* Action; thereafter, the *Faudem* Action docket number (07-CV-1775) will no longer be used. NatWest shall answer the Amended *Weiss* Complaint within no more than thirty (30) days of service of the same.

2. For the purposes of all defenses related to the timing of the filing of the *Faudem* Action, including, but not limited to, all defenses related to statutes of limitation, statutes of repose, estoppel and laches, the claims of the *Faudem* Action Plaintiffs shall be treated as having been filed on the date of the filing of the *Faudem* Action. The parties have previously stipulated and agreed that this Order shall not provide NatWest with any defense related to the *Faudem* Action Plaintiffs that NatWest would not have possessed had such Plaintiffs remained as plaintiffs in the *Faudem* Action. The parties have further agreed that this Order shall not deprive NatWest of any potential defense to the claims asserted by the *Faudem* Plaintiffs, except as expressly stated herein.

3. For pre-trial purposes only, the parties are directed to coordinate the *Weiss* Action with the *Applebaum* Action. Non-exclusive examples of such coordination shall include:

   a. Prior to any party serving notices for depositions in these cases, they shall jointly meet and confer to attempt to agree to the time and place of the deposition;

   b. The depositions will be taken in these cases jointly and the Plaintiffs in the cases shall endeavor to agree as to which counsel will take the lead at each particular deposition, and shall abide by a reasonable sharing of questioning time;

   c. Before the Plaintiffs initiate any written discovery, counsel for Plaintiffs shall meet and confer and the Plaintiffs will endeavor to serve a joint set of written discovery on the Defendant;

    d. Status conferences and other pretrial court appearances will generally involve all counsel in all of these cases.

4. Separate dockets will be maintained for the *Weiss* and *Applebaum* Actions, and entries must be made in accordance with the regular procedures of the Clerk of this Court. All communications which are required by the Federal Rules of Civil Procedure to be served on all parties shall be served on all counsel in both the Weiss and Applebaum Actions.

## Communications Between Plaintiffs' Counsel

5. All communications between *Weiss* and *Applebaum* counsel, and/or communications by *Weiss* or *Applebaum* counsel with any plaintiff, shall be deemed to be embraced by the attorney-client privilege and/or work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications.

## Document Production

6. *Discovery Materials*: Discovery materials produced by the *Weiss* plaintiffs or the *Applebaum* plaintiffs that relate solely to damages need not be produced to the other plaintiff group.

7. *Translations*: The cost of translating documents to be used in these cases will be shared by all parties who proffer such translations.

8. *Expert Witnesses:* To the extent possible, Plaintiffs shall present the Court with joint experts, and shall share the fees of any such experts equally.

## Motions and Briefs

9. Except where issues uniquely applicable to cases involving one plaintiff group arise, the parties will coordinate all briefing schedules and file all motions and related briefs in all cases on coordinated schedules. To the extent the Defendant continues to be represented by

the same counsel, it will be entitled to address particular issues to particular cases, but will incorporate all of its arguments into unified briefs. The Plaintiffs shall make a good faith effort to respond to any motions by the Defendant in a coordinated fashion so as to avoid duplicative arguments. To the extent that plaintiffs' counsel cannot agree on joint submissions or wish to make non-duplicative arguments or brief issues not raised in any joint submission, they should identify those arguments in any supplemental brief and incorporate all other arguments, to the extent possible, by reference.

### Depositions of Plaintiffs

10. Defendant's depositions, if any, of the Plaintiffs need not be coordinated as between the Weiss Action and the Applebaum Action plaintiffs. However counsel for all parties shall be notified and invited to attend the deposition of any plaintiff.

Dated: December 21, 2007

By: *Mark S. Werbner*
Mark S. Werbner
Sayles Werbner P.C.
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700

Counsel for *Applebaum* Plaintiffs

By: *Gary M. Osen*
Gary M. Osen
Joshua D. Glatter
Osen & Associate, LLC
700 Kinderkamack Road
Oradell, New Jersey 07649
(201) 265-6400

Counsel for *Weiss* and *Faudem* Plaintiffs

By: _____
Lawrence B. Friedman
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Counsel for Defendant

SO ORDERED BY THE COURT THIS 21st day of December, 2007.

_____
KIYO A. MATSUMOTO
United States Magistrate Judge