CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial: (212) 225-2840
E-Mail: lfriedman@cgsh.com

MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
ANA DEMEL
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
DANA G. FLEISCHMAN
FRANCESCA L. ODELL
SANG JIN HAN
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
MARK A. ADAMS
HEIDE H. ILGENFRITZ
DAVID S. BERG
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
RESIDENT COUNSEL

January 10, 2008

BY HAND & ECF

Magistrate Judge Kiyo A. Matsumoto
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Weiss, et al. v. National Westminster Bank, Plc, 05-cv-4622 (CPS) (KAM)
Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (CPS) (KAM)
Applebaum, et al. v. National Westminster Bank, Plc, 07-cv-916 (CPS) (KAM)
Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (CPS) (KAM)

Dear Magistrate Judge Matsumoto:

This firm represents defendants National Westminster Bank Plc and Crédit Lyonnais, S.A. in the above-referenced matters. I am writing to identify two unintended calendaring anomalies that have arisen as the result of the Court's grant on December 28, 2007 of an extension request by the Weiss/Strauss plaintiffs, and to propose what I hope the Court will agree are sensible solutions to these anomalies, which are not opposed by the Weiss/Strauss plaintiffs, but oddly are opposed by the Applebaum/Wolf plaintiffs.

Specifically, the Court's December 28 grant of the Weiss/Strauss plaintiffs' requests for additional time to provide defendants with settlement demands, from December 30 to January 30, as part of which the Court also postponed defendants' response date from January 30 to February 29, has "un-coordinated" the relevant timetables in Weiss/Strauss and Applebaum/Wolf, yielding two unintended calendaring anomalies.

First, defendants are currently scheduled to respond to the Applebaum/Wolf plaintiffs' settlement demands by January 30, because those plaintiffs delivered their demands by

the December 30 deadline that the Court had previously set for all four matters. But in light of the Court's extension granting the Weiss/Strauss matters, the January 30 deadline for this response is now before defendants will have had the opportunity to consider the Weiss/Strauss demands, which are due on that same date. Maintaining this sequence would contravene what I believe to have been the Court's intention, as reflected in the original schedule, that defendants respond to plaintiffs' demands only after defendants have received and considered both sets of plaintiffs' demands, and also would contravene common sense, because defendants should know the universe of all plaintiffs' demands before they respond to any of them.

I therefore respectfully request that the Court cure this unintended anomaly by adjourning defendants' time to respond to the Applebaum/Wolf demands to the response date for the Weiss/Strauss demands, February 29.

Second, the Court's December 28 grant of the Weiss/Strauss plaintiffs' extension requests has created the following additional calendaring anomaly: if the Court went forward with the settlement conference it had previously scheduled for February 26, that conference would precede by three days the extended date for defendants' responses to the Weiss/Strauss plaintiffs' settlement demands (February 29). Hence, assuming the Court did not cure the first anomaly identified above by adjourning defendants' time to respond to the Applebaum/Wolf demands, the February 26 conference could proceed only with respect to the Applebaum/Wolf demands, not the Weiss/Strauss demands. That would necessitate two settlement conferences, and require defendants to address plaintiffs' demands in a piecemeal fashion. It would also contravene the Court's repeatedly expressed desire that the Weiss/Strauss and Applebaum/Wolf matters be coordinated to the greatest possible extent.

I therefore respectfully request that the Court cure this second anomaly by rescheduling the February 26 settlement conference for a date several weeks after the February 29 date on which defendants currently are scheduled to respond to the Weiss/Strauss demands (the same date on which defendants should be allowed to respond to the Applebaum/Wolf demands), and that accordingly there be only one settlement conference, covering all four cases.

My proposed solutions to these unintended calendaring anomalies will conserve the parties' and the Court's resources, and permit defendants to assess fairly all plaintiffs' settlement demands collectively. Thus, I was unsurprised when Mr. Glatter informed me the Weiss/Strauss plaintiffs do not oppose these solutions, but highly surprised when Mr. Werbner informed me the Applebaum/Wolf plaintiffs do oppose them. Mr. Werbner has insisted that defendants respond to his clients' settlement demands by January 30, before they have assessed the Weiss/Strauss settlement demands, and that the Court proceed with the February 26 settlement conference in Applebaum/Wolf alone, and convene a separate, subsequent conference in Weiss/Strauss. For the reasons stated above, and in light of the Court's request for coordinated proceedings, Mr. Werbner's position makes no sense.

In light of the foregoing, I respectfully request that the Court: (a) reschedule defendants' responses to the Applebaum/Wolf settlement demands to February 29, and (b) adjourn the February 26 settlement conference to a date after February 29.

Respectfully,

Lawrence B. Friedman

cc: All Counsel of Record in all Matters