# OSEN LLC
ATTORNEYS AT LAW

700 Kinderkamack Road, Oradell, NJ 07649
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

January 28, 2008

**VIA ECF**

Honorable Charles P. Sifton
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Weiss, et al. v. National Westminster Bank, Plc.*, 05 CV 4622 (CPS)(KAM)
              *Strauss, et al. v. Credit Lyonnais, S.A.*, 06 CV 702 (CPS)(KAM)

Dear Judge Sifton:

      We represent plaintiffs in the above-referenced actions. Today, plaintiffs, with defendants' consent, are filing a Fifth Amended Complaint in the *Weiss v. National Westminster Bank, plc* action (the "*Weiss* Action"), and a Third Amended Complaint in the *Strauss v. Credit Lyonnais, S.A.* action (the "*Strauss* Action"). Both complaints have been amended for the sole purpose of adding several new plaintiffs to the operative complaints, whose claims arise from a bus bombing in Jerusalem on January 29, 2004. The new allegations can be found at paragraphs 429-438 of the *Weiss* Action and paragraphs 563-572 of the *Strauss* Action.

      We also attach for the Court's review, and would respectfully request that the Court execute, a stipulation for each case that documents the parties' agreements with respect to preserving appellate rights. These stipulations are identical to those the Court entered for both cases on January 15, 2008. By way of reminder, in both the *Weiss* and *Strauss* cases, the Court dismissed plaintiffs' first claim for relief for common law aiding and abetting. In addition, in the *Strauss* Action, the Court's August 6, 2007 Memorandum Opinion held that plaintiffs who initiated their complaint more than four years after their claims accrued were not entitled to statutory, due diligence/discovery, or equitable tolling, and accordingly dismissed those claims arising out of the Eleventh, Twelfth and Thirteenth Attacks described in the Amended Complaint. Accordingly, the attached stipulation provides that both the aiding and abetting claims and claims held barred by the statute of limitations shall be preserved for all appellate purposes, and further stipulates those claims dismissed will be deemed to have been dismissed without prejudice, with leave to re-file said claims consistent with any ruling Your Honor may enter in each case, or in accordance with any final appellate decision rendered in each case.

We thank the Court for its consideration. Should Your Honor and Chambers have any questions, please do not hesitate to contact me.

Respectfully yours,

Aaron Schlanger

Encls.

cc: All counsel