OSEN LLC
ATTORNEYS AT LAW

700 Kinderkamack Road, Oradell, NJ 07649
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

September 4, 2008

**VIA ECF**

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Weiss, et al. v. National Westminster Bank* – Case No. CV-05-4622
              *Applebaum, et al. v. National Westminster Bank, PLC* – Case No. CV-07-916

Dear Judge Go:

      We write on behalf of all Plaintiffs in the above captioned actions pursuant to Local Rule 37.3, and Fed. R. Civ. P. 26, 34 and 37(a)(3) with respect to a discovery dispute that the parties have been unable to resolve after several meet-and-confers. For the reasons set forth herein, Plaintiffs accordingly request that the Court set the relevant period with the definition and instruction as set forth in Plaintiffs' First Document Request[1] and compel Defendant to produce documents for that period.

      Both the *Weiss* and *Applebaum* plaintiffs' claims are brought under 18 U.S.C. § 2333(a) of the Anti Terrorism Act ("the Act") and are predicated on allegations that defendant National Westminster Bank, PLC's ("NatWest" or "Defendant") provided "material support" to HAMAS, a terrorist organization designated by the U.S. government as a Foreign Terrorist Organization ("FTO"), a Specially Designated Terrorist ("SDT") and a Specially Designated Global Terrorist ("SDGT"). More specifically, Plaintiffs allege that NatWest's provision of material support to HAMAS through, *inter alia*, services rendered to and for its customer Interpal, itself designated by the U.S. Government as an SDGT by virtue of its role as a HAMAS fundraiser, renders Defendant liable under the Anti Terrorism Act to Plaintiffs for injuries they sustained in attacks committed by HAMAS.[2] A key element of Plaintiffs' claims under Section 2333 of the Act is

---

[1]    Both the *Weiss* and *Applebaum* plaintiffs' discovery requests state "Unless a different time period is specified, the relevant time period (the "Relevant Period") for these document requests is January 1, 1990 through the present."

[2]    Detailed discussion of Plaintiffs' claims can be found in *Weiss v. National Westminster Bank, Plc*, 453 F. Supp. 2d 609 (E.D.N.Y. 2006) (denying in part NatWest's motion to dismiss the Complaint), and *Weiss, et al. v. National Westminster Bank, Plc*, 242 F.R.D. 33 (E.D.N.Y. 2007) (overruling Defendant's foreign bank secrecy law objections to Plaintiffs' discovery requests).

that NatWest knowingly provided material support to HAMAS in violation of 18 U.S.C. § 2339B.

The *Weiss* plaintiffs served their first document discovery requests in June 2006.[3] Following Judge Matsumoto's May 2007 decisions overruling Defendant's foreign law objections to production, Defendant has been producing documents on a rolling basis but has limited production to September 24, 2004.[4] During this time, the parties have conducted numerous meet-and-confers to discuss Plaintiffs document requests but have been unable to resolve a dispute regarding the relevant time period for production of documents from NatWest.

Plaintiffs' discovery requests did not set an end date for the Relevant Period because at the time the *Weiss* plaintiffs served their discovery requests on Defendant in June 2006, NatWest continued to maintain accounts for, and provide financial services to, Interpal – even after the U.S. government had designated Interpal as an SDGT in August 2003. It was not until March 2007 that NatWest decided to close the accounts that it maintained for Interpal.

In responding to the *Weiss* plaintiffs' discovery requests, Defendant stated:

NatWest objects to the Document Requests to the extent the Relevant Period as defined therein is overbroad and, were it to apply to the Document Requests, would cause NatWest undue burden and result in the production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, NatWest will respond to the Document Requests as if the time period governing its search for documents responsive to the Document Requests were defined as January 1, 1996 through December 31, 2003.[5]

Defendant maintains that only documents in existence through the date of the last terrorist attack by HAMAS alleged in any of the complaints, in this case September 24, 2004, are relevant to this litigation and it is therefore not required to produce any documents after that date. During the course of the multiple meet-and-confers, Defendant was willing to consider expanding the relevant period to the date of the filing of the first complaint in September 2005. However, in an August 12, 2008 letter, Defendant stated "[w]e have not been persuaded by your assertions that documents post-dating September 24, 2004 are relevant." Although Plaintiffs were prepared to consider initially limiting NatWest's production obligations to September 2005,

---

[3] The *Applebaum* plaintiffs served materially identical requests in August 2007.

[4] Prior to the filing of the *Applebaum* complaint, Defendant had limited production to December 31, 2003. Inasmuch as the *Applebaum* complaint alleges injuries to Plaintiffs through September 24, 2004 and Defendant produced documents to the *Applebaum* plaintiffs through that date, Defendant agreed to similarly produce documents to the *Weiss* plaintiffs through that date.

[5] The response to the *Applebaum* plaintiffs' discovery requests was identical other than to expand the relevant period to September 24, 2004. As explained in n.3, the *Applebaum* complaint contained allegations of injuries through September 24, 2004.

given NatWest's position, and the general relevance of the First Requests' defined Relevant Period, it is clear that production up through the present date (or at least until Interpal's accounts were closed in March 2007) is appropriate.

Fed. R. Civ. P. 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Rule further states "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts construe the scope of discovery broadly. *See Great American Ins. Co. of New York v. TA Operating Corp.*, 2008 WL 754646 (S.D.N.Y. March 17, 2008); *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 244 F.R.D. 271 (S.D.N.Y. 2007). As this Court noted in *ADL, LLC v. Tirakian*, 2007 WL 1834517, at *1 (E.D.N.Y. June 26, 2007), "[w]hen broader discovery is sought, the Court should determine the scope 'according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.'" (citations omitted). Here, the relevant period readily satisfy Rule 26's requirements.

In *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 297-298 (1968), the Supreme Court stated that, "[i]n a proper case, of course, a party might well have the right to demand discovery of documents from an opposing party dealing with activities during a period outside that covered by the subject matter of the lawsuit in order the provide some indication of the ramifications of the actions forming the basis of the complaint."[6] As noted above, an integral component of this action is NatWest's knowledge with respect to its providing material support to HAMAS prior to and during the time period in which Plaintiffs were injured in attacks carried out by HAMAS.[7] In assessing what Defendant knew about its alleged support to HAMAS and when Defendant knew it, information postdating the last attack and leading up to Defendant's belated decision to terminate further services to Interpal and to finally close Interpal's accounts can be helpful in assessing the credibility of Defendant's employees that are being deposed. It is also helpful in determining what, if any, steps NatWest took both during the time in which Plaintiffs were injured as well as after the attacks in an effort to prevent anti-terror financing. Documents and information dated after September 2004 may show that some or all of the information upon which Defendant based its decision to finally close the Interpal account in 2007 had been known (or willfully ignored) by NatWest prior to the attacks that caused Plaintiffs' injuries. It will also allow Plaintiffs to assess Defendant's anti-terror financing policies to the extent they evolved with respect to particular time periods and regions of the world.

It is undisputed that even after the first complaint was filed in this action, NatWest continued to maintain accounts for Interpal, and transmit or receive funds on Interpal's behalf. Inasmuch as Defendant has refused to produce any documents past September 24, 2004,

---

[6] *See also Midland Inv. Co. v. Van Alstyne, Noel & Co.*, 59 F.R.D. 134, 138 (S.D.N.Y. 1973) ("Merely because the document is dated after the last act complained of, however, does not make it immune from discovery if it relates to relevant discoverable information."); *In re Sunrise Sec. Litig.*, 130 F.R.D. 560 (E.D.Pa. 1989).

[7] Moreover, a defendant's conscious avoidance or willful blindness can satisfy the knowledge prong of a criminal statute. *See U.S. v. Ferrarini*, 219 F.3d 145 (2d Cir. 2000).

Plaintiffs cannot know the full extent of NatWest's provision of material support to HAMAS. If Defendant continued to provide the same level of services after the *Weiss* complaint was filed, documents from this period of time may in fact shed light on Defendant's knowledge during the period of time in which Plaintiffs were injured. This may enable both Plaintiffs and the trier of fact to consider the credibility of NatWest's claim that it lacked knowledge earlier during the Relevant Period in light of a demonstrated willingness to continue to provide services to Interpal after learning of its SDGT designation by the U.S. Government, and after the filing of the Complaint. *See In re Fosamax Prod. Liab. Litig.*, 2008 WL 2345877 (S.D.N.Y. June 5, 2008) (holding that documents about what defendant knew or reasonably should have known were relevant and discoverable under Rule 26(b)(1)).

Accordingly, Plaintiffs respectfully request that the Court set the relevant period for discovery in accordance with the instruction set forth in Plaintiffs' First Document Request and compel Defendant to produce all documents for the relevant time period, together with such other and further relief as the Court may Order.

Respectfully submitted,

Joshua D. Glatter

cc:   All Counsel