## CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC

PARIS

BRUSSELS

LONDON

MOSCOW

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

Writer's Direct Dial (212) 225-2840
E-Mail: lfriedman@cgsh.com

FRANKFURT

COLOGNE

ROME

MILAN

HONG KONG

BEIJING

September 5, 2008

**BY ECF AND HAND**

Hon. Marilyn D. Go, U.S.M.J.
United States Courthouse
225 Cadman Plaza East, Room 1214S
Brooklyn, NY 11201

      Re:  Weiss v. National Westminster Bank Plc, 05-cv-4622 (CPS) (MDG)
            Applebaum v. National Westminster Bank Plc, 07-cv-916 (CPS) (MDG)
            Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (CPS) (MDG)
            Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (CPS) (MDG)

Dear Magistrate Judge Go:

      I am writing on behalf of defendants National Westminster Bank Plc and Crédit Lyonnais, S.A. in response to Mr. Werbner's letter of yesterday, September 4, on behalf of all plaintiffs. In that letter, Mr. Werbner proposes that, at the status conference scheduled for next Tuesday morning, September 9, the Court should address motions on four topics, as to certain of which he added the entry "Defendant's Response Pending." But Mr. Werbner conspicuously omits to inform the Court that plaintiffs first served their papers on three of these topics – a cross-motion concerning his item 1, and plaintiffs' new motions listed as his items 3 and 4 – only yesterday afternoon and evening, indeed after Mr. Werbner served his letter proposing that the Court address these motions at next Tuesday's conference.

      It would be grossly unfair to require defendants to file before next Tuesday morning's conference their responses to motions plaintiffs first served only yesterday afternoon and evening, and to have these motions addressed at that conference. Such a schedule would allow defendants less than the time provided for under the Court's rules to oppose plaintiffs' motions, and it would be inconsistent with the Court's Scheduling Order of this past Tuesday giving the parties one week to respond to motions that the parties submitted last week. It would also prejudice defendants, depriving them of adequate time to respond to plaintiffs' motions.

Hon. Marilyn D. Go, p. 2

   Thus, Defendants respectfully request that the Court allow them one week, to Thursday, September 11 – the same amount of time as the Court permitted for responses to the previously submitted motions – to respond to the three motions plaintiffs first served yesterday afternoon and evening. Defendants will then be prepared to discuss these motions with the Court at the Court's earliest convenience.

   If the Court wishes, defendants will be prepared to address at next Tuesday's conference the one motion Mr. Werbner lists as to which the parties have completed their submissions – his item 2, "NatWest: Plaintiffs' Motion to Compel production of communications from August and September 2003 listed on NatWest's privilege log."

   Alternatively, if the Court wishes to have all of the pending motions fully submitted before it meets with the parties, next Tuesday's conference should be rescheduled to a date after the parties' submissions are completed next Thursday. While we do not advocate such a postponement, plaintiffs would have no basis to oppose one, because it would be the consequence of their having waited until yesterday to file their most recent motions.

   As to Mr. Werbner's item 5, defendants are prepared to discuss with the Court plaintiffs' proposal to schedule depositions of NatWest and Crédit Lyonnais witnesses in October and November, a proposal with which defendants are working to comply. However, plaintiffs have not yet identified the NatWest witnesses whom they wish to depose in October. Obviously, we cannot possibly determine the availability of witnesses whom plaintiffs have not yet identified.

Respectfully,

Lawrence B. Friedman

cc: All counsel of record in all cases