

**OSEN LLC**
ATTORNEYS AT LAW

700 Kinderkamack Road, Oradell, NJ 07649
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

September 8, 2008

**VIA ECF**

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Weiss v. National Westminster Bank, Plc,* **05-cv-4622, and related cases**

Dear Judge Go:

      We write on behalf of all Plaintiffs in the above-captioned cases, in brief response to the September 4, 2008 and September 5, 2008 letters to the Court from Lawrence B. Friedman, counsel for the defendants.

      With respect to Mr. Friedman's September 4, 2008 letter, although purportedly an effort to "introduce Your Honor to the issues in these cases . . .[,]" and report on the cases' procedural status, most of it does little more than tout defendants' belief in their eventual victory. There is simply no provision in any of the applicable rules permitting a submission such as Mr. Friedman's letter, which is a transparent attempt to argue the merits of these actions, and to reargue already decided issues,[1] in the guise of informing the Court. Nor do we understand why defendants believed it necessary or appropriate to provide the Court with a lengthy primer on these cases; Plaintiffs are confident the Court is familiar with the decisions of Judge Sifton and Judge Matsumoto, as well as the pleadings in both cases, and has a proper framework to decide any matters properly presented to it in accordance with the procedures set forth in Local Rule 37.3, including the now-pending discovery motions.

      Plaintiffs will not engage in a point-by-point refutation of Mr. Friedman's letter (absent direction from the Court to do so), but will simply point out that defendants' letter amounts to little more than a selective and inaccurate recitation of factual matters (including much that is not

---

[1] This is not the first time defendants have chosen to burden the Court with superfluous filings. *See Strauss et al v. Credit Lyonnais, SA,* 2008 WL 2098100, at * 8 (E.D.N.Y. March 10, 2008) ("Notwithstanding the further and unfortunate expenditure of judicial resources to revisit issues already decided, the court does so reluctantly to address defendant's claim that the French Ministry's letter materially alters the factual bases of the court's May 25, 2007 order.")

even part of the Court record), and distortion of both Plaintiffs' positions and Judge Sifton's holdings on various issues. For example, Mr. Friedman devotes pages to his bank clients' interactions with regulators in their home countries, and their reliance on those regulators to advise each bank if and when they needed to stop doing business with their customers, Interpal and CBSP (who were designated by the United States as Specially Designated Global Terrorists precisely because of their relationships with HAMAS). Thus, defendants again ignore Judge Sifton's *explicit* rejection of these positions.[2] Similarly, the letter incorrectly suggests that Plaintiffs' claims predicated upon violations of § 2339B require that Plaintiffs' demonstrate that the defendants knew they were supporting HAMAS "terrorism" (in other words, HAMAS' violent activities), rather than what § 2339B actually requires – mere knowledge they were providing material support to *any* aspect of HAMAS.[3]

Lastly, with respect to Mr. Friedman's September 5, 2008 letter regarding the specifics of Tuesday's agenda, Plaintiffs wish to clarify that Plaintiffs' September 4 letter was *not* intended to suggest that the parties formally argue motions that have not been fully briefed (hence our explicit recognition in our September 4 letter's text of those issues that have not been fully briefed), but rather to present a short outline of the pending motions and issues.

As always, should Your Honor or Chambers have any questions or comments, please do not hesitate to contact us.

Respectfully submitted,

Joshua D. Glatter

cc: All Counsel

---

[2] *See Weiss v. National Westminster Bank PLC*, 453 F. Supp. 2d 609, 633 (E.D.N.Y. 2006) ("NatWest is free, and, indeed, obligated, to follow the more stringent American law."); *Strauss v. Credit Lyonnais, S.A.*, 2006 WL 2862704, *18 (E.D.N.Y. Oct. 5, 2006) ("Credit Lyonnais is free, and indeed obligated, to follow the more stringent American law."); *id.* at *15 ("the fact that the French government has not found CBSP to be a terrorist organization is not dispositive of the question whether the bank knew that CBSP was a terrorist organization under the standards of this country.").

[3] *See, e.g., Strauss*, 2006 WL 2862704, at *13. *Accord Weiss*, 453 F. Supp. 2d at 626.