# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

TZVI WEISS, et al.,                           :
                                              :          Case No. CV 05 4622
                          Plaintiffs,         :
                                              :
     -against-                                :          Honorable Charles P. Sifton
                                              :
NATIONAL WESTMINSTER BANK, PLC,               :          Magistrate Judge Kiyo A. Matsumoto
                                              :
                          Defendant.          :
                                              :
----------------------------------------------------------------x

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL WESTMINSTER BANK, PLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendant NATIONAL WESTMINSTER BANK, PLC in the above-captioned litigation produce and permit plaintiffs to inspect and copy all of the following documents which are in the possession, custody or control of defendant, and/or defendant's agents or attorneys within thirty (30) days following the date of service of these requests.

### DEFINITIONS

1.     As used herein, the following terms are defined as indicated:

    a.     "Person" is synonymous with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

    b.     "Agent" shall mean any past or present director, officer, counsel, shareholder, representative, consultant, or employee of any person or entity or any person who assisted or acted or purported to act or assist for or on behalf of such person or entity.

    c.     "Communication" is synonymous with the definition contained in Local Rule 26.3.

    d.     "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

e.     "NatWest," "You," or "Defendant" means defendant National Westminster Bank, Plc and the scope of this definition is the same as the definition of "Parties" contained in Local Rule 26.3 and also includes any Agents, or any person acting, or purporting to act, on behalf of Defendant.

f.     "RBS" means the Royal Bank of Scotland Group and the scope of this definition is the same as the definition of "Parties" contained in Local Rule 26.3.

g.     "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person employed by defendant.

h.     "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

i.     "Identify" is synonymous with the definition contained in Local Rule 26.3.

j.     "Complaint" refers to the above-captioned action.

k.     "Concerning" is synonymous with the definition contained in Local Rule 26.3.

l.     "And/Or" is synonymous with the definition contained in Local Rule 26.3.

m.     "All/Each" is synonymous with the definition contained in Local Rule 26.3.

n.     "Number" is synonymous with the definition contained in Local Rule 26.3.

o.     "Including" means "including without limitation" or "including, but not limited to."

p.     "HAMAS" means Harakat al-Muquawama al-Islamiyya or Islamic Resistance Movement as well as well as any persons acting for, or on behalf of such entities, and persons who are members or directors or employees of any such entities.

q.     "INTERPAL" means the Palestine Relief and Development Fund.

r.     "Terrorist" and "Terrorist Organizations" include but are not limited to individuals or entities designated as a Foreign Terrorist Organization ("FTO"), as that term is defined in 8 U.S.C. § 1189 of the Antiterrorism

and Effective Death Penalty Act of 1996, Specially Designated Terrorist ("SDT"), as defined by Executive Order 12947, or Specially Designated Global Terrorists ("SDGT"), as defined by Executive Order 13224, by the United States, or as a terrorist individual or organization by any other country including, but not limited to the Republic of France, the European Union individually or by its member nations, and State of Israel.

s. "Israeli Watchlist" or "Israeli Unlawful Organizations List" means the official list prepared by the Israeli Minster of Defense and promulgated by the Israeli Ministry of Defense in the official gazette – the Announcements and Advertisements Gazette and available from the Ministry of Justice website: *http://www.justice.gov.il/NR/rdonlyres/57C31612-EFC6-4452-A345-3C082F68D03D/4465/orgillegal2.doc*

t. "Generated" means written, typed, or otherwise originating from or at the behest of the person or entity that created the document which is the subject of the request.

u. "Anti-money laundering" or "AML" is synonymous with the definition used by the Financial Action Task Force on Money Laundering.

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if NatWest subsequently discovers or obtain possessions, custody or control of any document previously requested or required to be produced, defendant shall promptly make such document available.

2. In producing documents and other materials, you are to furnish all documents in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such documents. If the original of any document cannot be located, a copy shall be produced in lieu of thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document is being withheld.

5. Documents not otherwise responsive to these document requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these document requests, or if such documents are attached to documents called for by

3

these document requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.      All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

7.      All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

8.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

9.      Documents attached to each other should not be separated.

10.     If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

11.     In responding to these requests you are to include documents (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceedings or investigations; or (c) obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

12.     If you claim the attorney-client privilege or any other privilege or work product protection for any document, provide a detailed privilege log that contains at least the information required by Local Rule 26.2 (2)(A) for each document that you have withheld.

13.     Unless a different time period is specified, the relevant time period (the "Relevant Period") for these document requests is **January 1, 1990 through the present**.

## DOCUMENTS REQUESTED

1.      All account records maintained by, or in the custody and control of Defendant that concern INTERPAL, including account opening records, bank statements, wire transactions, deposit slips and all correspondence between Defendant and INTERPAL.

2.      All documents and communications by or to Defendant concerning INTERPAL, including all internal reports and the contents of any internal investigations undertaken by Defendant that reference INTERPAL.

4

3.     All non-privileged documents and communications by or to the Defendant from or to banking regulatory authorities in the United States, United Kingdom, or the European Union including, but not limited to, the U.S. Department of Justice, U.S. Department of the Treasury Office of the Comptroller of the Currency, U.S. Department of the Treasury Financial Crimes Enforcement Network, The Charity Commission for England and Wales, the Bank of England, the Financial Services Authority in the United Kingdom, concerning INTERPAL and or accounts maintained by the Defendant on INTERPAL's behalf.

4.     All documents and communications by or to Defendant concerning the existence of the Israeli Watchlist or Israeli Unlawful Organizations List.

5.     All documents and communications by or to Defendant concerning the existence of the United States FTO, SDT or SDGT lists.

6.     All documents and communications by or to Defendant concerning the contents or findings of the Israeli Watchlist or Israeli Unlawful Organizations List.

7.     All documents and communications by or to Defendant concerning the contents or findings of the United States FTO, SDT or SDGT lists.

8.     All documents and communications by or to Defendant concerning the "Union of Good" a/k/a Coalition of Benevolence a/k/a *I'Tilafu Al-Khayr*.

9.     All documents and communications by or to Defendant concerning Yussef al-Qaradawi a/k/a Yousuf Al-Qardawi a/k/a Yousef Al-Qaradhawi a/k/a Yussuf Al-Kardawi.

10.     All documents and communications by Defendant concerning the following alleged HAMAS agents or front organizations:

　　a.　Holy Land Foundation For Relief and Development;

　　b.　Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

　　c.　the Tulkarem Zakat Committee a/k/a Tulkarm Charitable Society a/k/a Tulkarem Charity Committee a/k/a *Lajnat Zakkah Tul-Karem*;

　　d.　the Zakat and Sadadaqat Committee Ramallah Bireh a/k/a Ramallah (and Al-bireh) Charitable Society a/k/a *Lajnat Zakkah Ramallah* a/k/a *Lajinat Zakkah Ramallah wa-Al-Bireh*;

　　e.　the Nablus Zakat Committee a/k/a Nablus Charitable Committee a/k/a Nablus Islamic Aid Committee a/k/a Islamic Assistance Society Nablus a/k/a *Lajnat Al-Ighatha Al-Islamia Nablus*;

f.    Al Islah Charitable Society a/k/a *Jamaiat Al-Islah Al-Khayriah/* a/k/a *Jamaiat Al-Islah Al-Khayriah Al-Ijtamiah bayt Lehem*;

g.    Orphan Care Society of Bethlehem a/k/a Bethlehem Society for Orphans a/k/a *Jamaiat Ra'iat Al-Yatim FiBayt-Lehem*;

h.    Hebron Islamic Charitable Society a/k/a Islamic Charity Society of Hebron a/k/a *l-Jamaia Al-Islamia Al-Khiria Al-Khalil*

i.    Jenin Zakat Committee a/k/a Jenin Charitable Society a/k/a *Lajnat Amwal Al-Zakkah Jenin*

j.    Nablus Al-Tadam Charitable Society a/k/a ISLAMIC SOLIDARITY (TADAMON) CHARITY SOCIETY a/k/a *Jamaiat Al-Tadamon (Al-Tadamun)*

k.    Al Salah Society – Gaza a/k/a Al-Salah Islamic Association – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

l.    Al Mujama al Islamiya – Gaza a/k/a ISLAMIC CENTER a/k/a Central Islamic Society – Gaza Strip

m.    Al Jama'ia al Islamiya – Gaza a/k/a The Islamic Society a/k/a ISLAMIC CHARITY SOCIETY

n.    Qalqilya Charity Committee a/k/a *Lajnat Zakkah Qalqiliya*

o.    Beit Fajar Charity Committee a/k/a Bet Fajar Zakat Committee

p.    Islamic Charitable Society in the Gaza Strip

q.    Muslim Youth Association of Hebron a/k/a Jamaiat Al-Shuban Al-Muslemia

r.    Tobas Zakat Committee

s.    Khan Yunis Zakat Committee a/k/a Lajnat Al-Zakkah Al-Rame Khan Yunes

t.    Society of Islamic Science and Culture Committee

u.    Al-Ram Zakat Committee – Jerusalem

v.    Al-Dheisha Refugee Camp Zakat Committee – Bethlehem

w.    Mercy Association for Children – Gaza

x.     Orphans and Needy Welfare Society – Gaza

y.     Kalkilya Society for the Disabled a/k/a Qalqilya Society for the Disabled

z.     Social Charitable Society – Rafa

aa.     Al-Sanabil – Saida, Lebanon

bb.     Jarach Camp

cc.     Al-Bir Wal-Ihssan Camp

dd.     Azmi Al-Mufti Camp

ee.     Ma'dab Camp

ff.     Soof Camp

gg.     Al-Wahadat Camp

hh.     Al-Rasifia Camp

ii.     Jabal Al-Nadheef

jj.     Al-Hussain Camp

kk.     Al-Zarkaa Camp

ll.     Hitteen Camp

mm.     Al-Bak'aa Camp

nn.     Islamic Relief Committee – Um-Alfahm

oo.     Sowailah Camp

pp.     Al Hai'a Al-Islamiah Liri'aya – Lebanon

qq.     The Mercy Association for Children

rr.     Al-Bir Committee – Al-Koora –Jordan

ss.     Al-Bir Committee Alshoona Shamalia – Jordan

tt.     Al Ramtha Islamic Center – Jordan

uu.    Haiat Al Aamal Al Khairia – Jordan

vv.    Palestine Support Committee – Jordan

11.    All documents concerning Defendant's freezing of INTERPAL'S accounts maintained by NatWest in March of 1996 including any documents that were the catalyst or basis of any decision to freeze said accounts.

12.    All documents concerning Defendant's freezing of INTERPAL'S accounts maintained by NatWest in August and/or September of 2003 including any documents that were the catalyst or basis of any decision to freeze said accounts

13.    All documents concerning NatWest's anti-money laundering efforts, "Know Your Customer" procedures, or other measures NatWest used to prevent the rendering of financial services to Terrorists and Terrorist Organizations.

14.    All documents including organization charts which refer or relate to the organization of NatWest and the identity of its officers, directors, branch managers and all parents and subsidiaries.

15.    All documents including organization charts which refer or relate to the organization of RBS and the identity of its officers, directors, branch managers and all parents and subsidiaries.

16.    All documents concerning or consisting of agency agreements between RBS and NatWest.

17.    Copies of all internal NatWest documents related to the following subjects and/or departments:

    a.    Account Opening Procedures:

        i.    Documents, including manuals, instruction booklets, or procedures outlining the information to be obtained and verified before an account may be opened with NatWest;

        ii.    A copy of an account opening application;

        iii.    Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts.

    b.    Security Department Procedures:

        i.    Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division

responsible for maintaining appropriate security for NatWest's business operations (a "Security Department");

ii.     Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Security Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Security Department's responsibilities;

iii.    Documents concerning procedures and software used for monitoring, review and investigation of account activity;

iv.     Copies of all internal or external audit plans for account activity;

v.      Documents concerning training or procedural guidelines for Security Department members who were tasked with monitoring account activity;

vi.     Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

vii.    Copies of all information technology ("IT") protocols used to monitor accounts;

viii.   Policy and procedures for the reporting of suspicious activity;

ix.     Copies of all organizational charts for any Security Department;

x.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to Security Department employees.

c.      Customer Account Department:

i.      Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup or division responsible for customer accounts ("Customer Account Department");

ii.     Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Customer Account Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Customer Account Department's responsibilities;

iii.    Documents concerning procedures and software used for the management of Customer Account Department files;

9

iv.  Documents concerning training or procedural guidelines for the maintenance of Customer Account Department files;

v.  Documents concerning procedures and protocols used to ensure the authenticity of client correspondence to officers such as signature verifications;

vi.  Copies of all IT protocols used by account officers to assist them with their files;

vii.  Documents concerning policies or procedures used to monitor compliance with the Customer Account Department filing procedures;

viii.  Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

ix.  Copies of all organizational charts for the Customer Account Department;

x.  Provide copies of any "Corporate Code of Conduct" guidelines that apply to Customer Account Department employees.

d.  Compliance Department Procedures:

i.  Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for compliance  with applicable banking regulations ("Compliance Department");

ii.  Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Compliance Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Compliance Department's responsibilities;

iii.  Documents concerning procedures and software used for the monitoring, review, and investigation of account activity;

iv.  Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

v.  Documents concerning training or procedural guidelines for Compliance Department employees;

vi.      All documents or forms used to report on the monitoring or investigation of accounts by Compliance Department employees;

vii.     Copies of all IT protocols used by Compliance Department employees to assist them in monitoring and investigating account activity;

viii.    Copies of all organizational charts for the Compliance Department;

ix.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to Compliance Department employees.

e.   Internal Audit Department procedures:

i.       Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for internal audit services for NatWest;

ii.      Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Internal Audit Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Internal Audit Department's responsibilities;

iii.     Documents concerning procedures and software used for the monitoring, review and investigation of account activity by Defendant's Internal Audit Department;

iv.      Documents concerning training or procedural guidelines for internal audit department employees or employees whose job it is/was to monitor and report on accounts;

v.       Copies of all IT protocols used by the Internal Audit Department employees to assist them in reporting on the monitoring or investigation of accounts;

vi.      Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

vii.     All documents or forms used to report on the monitoring or investigation of accounts by Internal Audit Department employees;

viii.    Policy and procedures for the reporting by Internal Audit Department employees of suspicious activity;

11

ix.     Copies of all organizational charts for the Internal Audit Department;

x.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to Internal Audit Department employees.

f.   Bank Secrecy Department:

i.      Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for monitoring regulating, or enforcing compliance with legal, regulatory, and reporting requirements concerning U.S. and foreign bank secrecy obligations ("Bank Secrecy Department");

ii.     Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Bank Secrecy Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Bank Secrecy Department's responsibilities;

iii.    Procedures and protocols concerning domestic and international bank secrecy requirements for NatWest's customers or transactions processed by NatWest;

iv.     Copies of all guidance, policy, or procedures concerning bank secrecy laws and regulations and NatWest's compliance requirements regarding same;

v.      Copies of all manuals or other documents created by or for Defendant concerning bank secrecy requirements and related areas of compliance;

vi.     All documents describing the relationship and division of responsibility between the Bank Secrecy Department, Legal Department, Compliance Department, Internal Audit Department, IT and any outside entities or individuals regarding bank secrecy compliance, investigation of suspicious activity and reporting of suspicious activity;

vii.    Documents concerning the procedures and software used for the monitoring of, or audit plans for compliance with, bank secrecy requirements;

viii.   Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

ix.      Documents concerning training or procedural guidelines on bank secrecy compliance for NatWest employees including Bank Secrecy Department employees;

x.       All documents or forms used to monitor compliance with bank secrecy obligations;

xi.      Copies of all IT protocols used by employees responsible for bank secrecy compliance;

xii.     All documents concerning  how any conflicts between bank secrecy obligations are reconciled with obligations to report suspicious activities;

xiii.    Provide copies of all suspicious activity reports or memoranda filed through or by the Bank Secrecy Department;

xiv.     Copies of all organizational charts for the Bank Secrecy Department;

xv.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to the Bank Secrecy Department employees.

g.   Terror Financing Designations or Warnings:

   i.     All documents concerning Defendant's system, including software, for tracking, documenting, cataloging, listing, or identifying the designation of entities or individuals as Terrorists or Terrorist Organizations pursuant to the International Economic Emergency Powers Act by the United States Office of Foreign Asset Control; the United Nations; and/or any other government or regulatory body or identifying any transactions or occurrences associated with Terrorists or Terrorist Organizations;

   ii.    Copies of all IT protocols or written descriptions of all software programs used to monitor the designation of entities or individuals as Terrorists or Terrorist Organizations pursuant to the International Economic Emergency Powers Act by the United States Office of Foreign Asset Control; the United Nations; and/or any other government or regulatory body;

   iii.   All manuals or internal protocols describing the appropriate actions to be taken by Defendant's employees to examine whether any designated Terrorists or Terrorist Organizations maintains

13

accounts, receives funds, engages in transactions or otherwise uses NatWest's services;

iv.     All documents or internal manuals describing the appropriate actions to be taken if NatWest's services are being used in any manner by a Terrorist or Terrorist Organization.

18.     Copy of any insurance policy which may provide coverage in whole or in part for the claims asserted in the Complaint.

19.     All documents concerning any formal or informal document retention policy maintained by NatWest, any NatWest branch, or any NatWest subsidiary or affiliate.

Date: June 30, 2006

OSEN & ASSOCIATE, LLC

By

Gary M. Osen (GO-5790)
Joshua D. Glatter (JG-0184)
Peter Raven-Hansen, Of Counsel
Aaron Schlanger (AS-9372)
700 Kinderkamack Road
Oradell, New Jersey 07649
(201) 265-6400

KOHN, SWIFT & GRAF, P.C.
Robert A. Swift
Steven M. Steingard
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

GLANCY BINKOW &
GOLDBERG LLP
Andrew D. Friedman (AF-6222)
Of Counsel
430 Park Avenue
New York, New York 10022
(212) 308-6300

Attorneys for Plaintiffs

14

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MOSES STRAUSS, et al.                          :
                                               :
                    Plaintiffs,                :    06-CV-702
                                               :
       -against-                               :    Honorable Charles P. Sifton
                                               :
CRÉDIT LYONNAIS, S.A.                          :    Magistrate Kiyo A. Matsumoto
                                               :
                    Defendant.                 :
-----------------------------------------------------------X

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION
## OF DOCUMENTS TO DEFENDANT CRÉDIT LYONNAIS, S.A.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendant CRÉDIT LYONNAIS, S.A. in the above-captioned litigation produce and permit plaintiffs to inspect and copy all of the following documents which are in the possession, custody or control of defendant, and/or defendant's agents or attorneys within thirty (30) days following the date of service of these requests.

## DEFINITIONS

1.    As used herein, the following terms are defined as indicated:

      a.    "Person" is synonymous with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

      b.    "Agent" shall mean any past or present director, officer, counsel, shareholder, representative, consultant, or employee of any person or entity or any person who assisted or acted or purported to act or assist for or on behalf of such person or entity.

      c.    "Communication" is synonymous with the definition contained in Local Rule 26.3.

      d.    "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

e.   "Crédit Lyonnais," "You," or "Defendant" means defendant Crédit Lyonnais, S.A. and the scope of this definition is the same as the definition of "Parties" contained in Local Rule 26.3 and also includes any Agents, or any person acting, or purporting to act, on behalf of Defendant.

f.   "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person employed by defendant.

g.   "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

h.   "Identify" is synonymous with the definition contained in Local Rule 26.3.

i.   "Complaint" refers to the above-captioned action.

j.   "Concerning" is synonymous with the definition contained in Local Rule 26.3.

k.   "And/Or" is synonymous with the definition contained in Local Rule 26.3.

l.   "All/Each" is synonymous with the definition contained in Local Rule 26.3.

m.   "Number" is synonymous with the definition contained in Local Rule 26.3.

n.   "Including" means "including without limitation" or "including, but not limited to."

o.   "HAMAS" means Harakat al-Muquawama al-Islamiyya or Islamic Resistance Movement as well as well as any persons acting for, or on behalf of such entities, and persons who are members or directors or employees of any such entities.

p.   "CBSP" means Comité de Bienfaisance et de Secours Aux Palestiniens.

q.   "Terrorist" and "Terrorist Organizations" include but are not limited to individuals or entities designated as a Foreign Terrorist Organization ("FTO"), as that term is defined in 8 U.S.C. § 1189 of the Antiterrorism and Effective Death Penalty Act of 1996, Specially Designated Terrorist ("SDT"), as defined by Executive Order 12947, or Specially Designated Global Terrorists ("SDGT"), as defined by Executive Order 13224, by the United States, or as a terrorist individual or organization by any other

2

country including, but not limited to the Republic of France, the European Union individually or by its member nations, and State of Israel.

r.    "Israeli Watchlist" or "Israeli Unlawful Organizations List" means the official list prepared by the Israeli Minster of Defense and promulgated by the Israeli Ministry of Defense in the official gazette – the Announcements and Advertisements Gazette and available from the Ministry of Justice website:    *http://www.justice.gov.il/NR/rdonlyres/57C31612-EFC6-4452-A345-3C082F68D03D/4465/orgillegal2.doc*

s.    "Generated" means written, typed, or otherwise originating from or at the behest of the person or entity that created the document which is the subject of the request.

t.    "Anti-money laundering" or "AML" is synonymous with the definition used by the Financial Action Task Force on Money Laundering.

## INSTRUCTIONS

1.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if Crédit Lyonnais subsequently discovers or obtain possessions, custody or control of any document previously requested or required to be produced, defendant shall promptly make such document available.

2.    In producing documents and other materials, you are to furnish all documents in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3.    In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such documents. If the original of any document cannot be located, a copy shall be produced in lieu of thereof, and shall be legible and bound or stapled in the same manner as the original.

4.    If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document is being withheld.

5.    Documents not otherwise responsive to these document requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

3

6.    All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

7.    All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

8.    Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

9.    Documents attached to each other should not be separated.

10.   If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

11.   In responding to these requests you are to include documents (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceedings or investigations; or (c) obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

12.   If you claim the attorney-client privilege or any other privilege or work product protection for any document, provide a detailed privilege log that contains at least the information required by Local Rule 26.2 (2)(A) for each document that you have withheld.

13.   Unless a different time period is specified, the relevant time period (the "Relevant Period") for these document requests is **January 1, 1990 through December 31, 2003.**

## DOCUMENTS REQUESTED

1.    All account records maintained by, or in the custody and control of Defendant that concern CBSP, including account opening records, bank statements, wire transactions, deposit slips and all correspondence between Defendant and CBSP.

2.    All documents and communications by or to Defendant concerning CBSP, including all internal reports and the contents of any internal investigations undertaken by Defendant that reference CBSP.

3.    All non-privileged documents and communications by or to the Defendant from or to banking regulatory authorities in the United States, the Republic of France, or the European Union including, but not limited to, the U.S. Department of Justice, U.S. Department of the Treasury Office of the Comptroller of the Currency, U.S. Department of the Treasury Financial

4

Crimes Enforcement Network, the French Ministry of Finance, Traitement du Renseignement et Action Contre Les Circuits Financiers Clandestins (TRACFIN), Banque De France, Autorité Des Marchés Financiers, Commission de Surveillance du Secteur Financier, Ministère de la Justice, concerning CBSP and/or accounts maintained by the Defendant on CBSP's behalf.

4.      All documents and communications by or to Defendant concerning the existence of the Israeli Watchlist or Israeli Unlawful Organizations List.

5.      All documents and communications by or to Defendant concerning the existence of the United States FTO, SDT or SDGT lists.

6.      All documents and communications by or to Defendant concerning the contents or findings of the Israeli Watchlist or Israeli Unlawful Organizations List.

7.      All documents and communications by or to Defendant concerning the contents or findings of the United States FTO, SDT or SDGT lists.

8.      All documents and communications by or to Defendant concerning the "Union of Good" a/k/a Coalition of Benevolence a/k/a *I'Tilafu Al-Khayr*.

9.      All documents and communications by or to Defendant concerning Yussef al-Qaradawi a/k/a Yousuf Al-Qardawi a/k/a Yousef Al-Qaradhawi a/k/a Yussuf Al-Kardawi.

10.     All documents and communications by Defendant concerning the following alleged HAMAS agents or front organizations:

- a.    Holy Land Foundation For Relief and Development;

- b.    Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

- c.    the Tulkarem Zakat Committee a/k/a Tulkarm Charitable Society a/k/a Tulkarem Charity Committee a/k/a *Lajnat Zakkah Tul-Karem*;

- d.    the Zakat and Sadadaqat Committee Ramallah Bireh a/k/a Ramallah (and Al-bireh) Charitable Society a/k/a *Lajnat Zakkah Ramallah* a/k/a *Lajinat Zakkah Ramallah wa-Al-Bireh*;

- e.    the Nablus Zakat Committee a/k/a Nablus Charitable Committee a/k/a Nablus Islamic Aid Committee a/k/a Islamic Assistance Society Nablus a/k/a *Lajnat Al-Ighatha Al-Islamia Nablus*;

- f.    Al Islah Charitable Society a/k/a *Jamaiat Al-Islah Al-Khayriah/* a/k/a *Jamaiat Al-Islah Al-Khayriah Al-Ijtamiah bayt Lehem*;

g.     Orphan Care Society of Bethlehem a/k/a Bethlehem Society for Orphans a/k/a *Jamaiat Ra'iat Al-Yatim FiBayt-Lehem*;

h.     Hebron Islamic Charitable Society a/k/a Islamic Charity Society of Hebron a/k/a *l-Jamaia Al-Islamia Al-Khiria Al-Khalil*

i.     Jenin Zakat Committee a/k/a Jenin Charitable Society a/k/a *Lajnat Amwal Al-Zakkah Jenin*

j.     Nablus Al-Tadam Charitable Society a/k/a ISLAMIC SOLIDARITY (TADAMON) CHARITY SOCIETY a/k/a *Jamaiat Al-Tadamon (Al-Tadamun)*

k.     Al Salah Society – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

l.     Al Mujama al Islamiya – Gaza a/k/a ISLAMIC CENTER a/k/a Central Islamic Society – Gaza Strip

m.     Al Jama'ia al Islamiya – Gaza a/k/a The Islamic Society a/k/a ISLAMIC CHARITY SOCIETY

n.     Qalqilya Charity Committee a/k/a *Lajnat Zakkah Qalqiliya*

o.     Beit Fajar Charity Committee a/k/a Bet Fajar Zakat Committee

11.     All documents concerning Defendant's decision in January 2002 to close CBSP's accounts maintained by Crédit Lyonnais including any documents that were the catalyst or basis of any decision to close or freeze said accounts.

12.     All documents concerning Defendant's actual closure in January 2002 of CBSP's accounts maintained by Crédit Lyonnais including any documents that were the catalyst or basis of any decision to close or freeze said accounts.

13.     All documents concerning Crédit Lyonnais's anti-money laundering efforts, "Know Your Customer" procedures, or other measures Crédit Lyonnais used to prevent the rendering of financial services to Terrorists and Terrorist Organizations.

14.     All documents including organization charts which refer or relate to the organization of Crédit Lyonnais and the identity of its officers, directors, branch managers and all parents and subsidiaries.

15.     Copies of all internal Crédit Lyonnais documents related to the following subjects and/or departments:

6

a.    <u>Account Opening Procedures</u>:

    i.    Documents, including manuals, instruction booklets, or procedures outlining the information to be obtained and verified before an account may be opened with Crédit Lyonnais;

    ii.    A copy of an account opening application;

    iii.    Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts.

b.    <u>Security Department Procedures</u>:

    i.    Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for maintaining appropriate security for Crédit Lyonnais's business operations (a "Security Department");

    ii.    Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Security Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Security Department's responsibilities;

    iii.    Documents concerning procedures and software used for monitoring, review and investigation of account activity;

    iv.    Copies of all internal or external audit plans for account activity;

    v.    Documents concerning training or procedural guidelines for Security Department members who were tasked with monitoring account activity;

    vi.    Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

    vii.    Copies of all information technology ("IT") protocols used to monitor accounts;

    viii.    Policy and procedures for the reporting of suspicious activity;

    ix.    Copies of all organizational charts for any Security Department;

    x.    Provide copies of any "Corporate Code of Conduct" guidelines that apply to Security Department employees.

c.     Customer Account Department:

    i.    Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup or division responsible for customer accounts ("Customer Account Department");

    ii.    Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Customer Account Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Customer Account Department's responsibilities;

    iii.    Documents concerning procedures and software used for the management of Customer Account Department files;

    iv.    Documents concerning training or procedural guidelines for the maintenance of Customer Account Department files;

    v.    Documents concerning procedures and protocols used to ensure the authenticity of client correspondence to officers such as signature verifications;

    vi.    Copies of all IT protocols used by account officers to assist them with their files;

    vii.    Documents concerning policies or procedures used to monitor compliance with the Customer Account Department filing procedures;

    viii.    Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

    ix.    Copies of all organizational charts for the Customer Account Department;

    x.    Provide copies of any "Corporate Code of Conduct" guidelines that apply to Customer Account Department employees.

d.     Compliance Department Procedures:

    i.    Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for compliance  with applicable banking regulations ("Compliance Department");

ii.    Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Compliance Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Compliance Department's responsibilities;

iii.   Documents concerning procedures and software used for the monitoring, review, and investigation of account activity;

iv.    Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

v.     Documents concerning training or procedural guidelines for Compliance Department employees;

vi.    All documents or forms used to report on the monitoring or investigation of accounts by Compliance Department employees;

vii.   Copies of all IT protocols used by Compliance Department employees to assist them in monitoring and investigating account activity;

viii.  Copies of all organizational charts for the Compliance Department;

ix.    Provide copies of any "Corporate Code of Conduct" guidelines that apply to Compliance Department employees.

e.     Internal Audit Department procedures:

i.     Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for internal audit services for Crédit Lyonnais;

ii.    Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Internal Audit Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Internal Audit Department's responsibilities;

iii.   Documents concerning procedures and software used for the monitoring, review and investigation of account activity by Defendant's Internal Audit Department;

iv.    Documents concerning training or procedural guidelines for internal audit department employees or employees whose job it is/was to monitor and report on accounts;

9

v.      Copies of all IT protocols used by the Internal Audit Department employees to assist them in reporting on the monitoring or investigation of accounts;

vi.     Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

vii.    All documents or forms used to report on the monitoring or investigation of accounts by Internal Audit Department employees;

viii.   Policy and procedures for the reporting by Internal Audit Department employees of suspicious activity;

ix.     Copies of all organizational charts for the Internal Audit Department;

x.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to Internal Audit Department employees.

f.   <u>Bank Secrecy Department</u>:

i.      Documents sufficient to evidence the existence of any formal or informal department, individual(s), group, subgroup, or division responsible for monitoring regulating, or enforcing compliance with legal, regulatory, and reporting requirements concerning U.S. and foreign bank secrecy obligations ("Bank Secrecy Department");

ii.     Documents sufficient to identify any outside entities, groups, individuals, or consultants who either (a) assist the Bank Secrecy Department in fulfilling its responsibilities; or (b) are directly responsible for carrying out the Bank Secrecy Department's responsibilities;

iii.    Procedures and protocols concerning domestic and international bank secrecy requirements for Crédit Lyonnais' customers or transactions processed by Crédit Lyonnais;

iv.     Copies of all guidance, policy, or procedures concerning bank secrecy laws and regulations and Credit Lyonnais' compliance requirements regarding same;

v.      Copies of all manuals or other documents created by or for Defendant concerning bank secrecy requirements and related areas of compliance;

10

vi.      All documents describing the relationship and division of responsibility between the Bank Secrecy Department, Legal Department, Compliance Department, Internal Audit Department, IT and any outside entities or individuals regarding bank secrecy compliance, investigation of suspicious activity and reporting of suspicious activity;

vii.      Documents concerning the procedures and software used for the monitoring of, or audit plans for compliance with, bank secrecy requirements;

viii.      Copies of all forms (including blank and completed forms) used for the monitoring or investigation of accounts;

ix.      Documents concerning training or procedural guidelines on bank secrecy compliance for Crédit Lyonnais employees including Bank Secrecy Department employees.

x.      All documents or forms used to monitor compliance with bank secrecy obligations;

xi.      Copies of all IT protocols used by employees responsible for bank secrecy compliance;

xii.      All documents concerning how any conflicts between bank secrecy obligations are reconciled with obligations to report suspicious activities;

xiii.      Provide copies of all suspicious activity reports or memoranda filed through or by the Bank Secrecy Department;

xiv.      Copies of all organizational charts for the Bank Secrecy Department;

xv.      Provide copies of any "Corporate Code of Conduct" guidelines that apply to the Bank Secrecy Department employees.

g.      Terror Financing Designations or Warnings:

i.      All documents concerning Defendant's system, including software, for tracking, documenting, cataloging, listing, or identifying the designation of entities or individuals as Terrorists or Terrorist Organizations pursuant to the International Economic Emergency Powers Act by the United States Office of Foreign Asset Control; the United Nations; and/or any other government or regulatory

          body or identifying any transactions or occurrences associated with Terrorists or Terrorist Organizations;

ii.      Copies of all IT protocols or written descriptions of all software programs used to monitor the designation of entities or individuals as Terrorists or Terrorist Organizations pursuant to the International Economic Emergency Powers Act by the United States Office of Foreign Asset Control; the United Nations; and/or any other government or regulatory body;

iii.     All manuals or internal protocols describing the appropriate actions to be taken by Defendant's employees to examine whether any designated Terrorists or Terrorist Organizations maintains accounts, receives funds, engages in transactions or otherwise uses Crédit Lyonnais's services;

iv.     All documents or internal manuals describing the appropriate actions to be taken if Crédit Lyonnais's services are being used in any manner by a Terrorist or Terrorist Organization.

16.     Copy of any insurance policy which may provide coverage in whole or in part for the claims asserted in the Complaint.

17.     All documents concerning any formal or informal document retention policy maintained by Crédit Lyonnais, any Crédit Lyonnais branch, or any Crédit Lyonnais subsidiary or affiliate.

Date: June 30, 2006

OSEN & ASSOCIATE, LLC

By                     

Gary M. Osen (GO-5790)
Joshua D. Glatter (JG-0184)
Peter Raven-Hansen, Of Counsel
Aaron Schlanger (AS-9372)
700 Kinderkamack Road
Oradell, New Jersey 07649
(201) 265-6400

12

KOHN, SWIFT & GRAF, P.C.
Robert A. Swift
Steven M. Steingard
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

GLANCY BINKOW &
GOLDBERG LLP
Andrew D. Friedman (AF-6222)
Of Counsel
430 Park Avenue
New York, New York 10022
(212) 308-6300

Attorneys for Plaintiffs

# EXHIBIT C

# SCHEDULE B

1.  Holy Land Foundation For Relief and Development;

2.  Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

3.  the Tulkarem Zakat Committee a/k/a Tulkarm Charitable Society a/k/a Tulkarem Charity Committee a/k/a *Lajnat Zakkah Tul-Karem*;

4.  the Zakat and Sadadaqat Committee Ramallah Bireh a/k/a Ramallah (and Al-bireh) Charitable Society a/k/a *Lajnat Zakkah Ramallah* a/k/a *Lajinat Zakkah Ramallah wa-Al-Bireh*;

5.  the Nablus Zakat Committee a/k/a Nablus Charitable Committee a/k/a Nablus Islamic Aid Committee a/k/a Islamic Assistance Society Nablus a/k/a *Lajnat Al-Ighatha Al-Islamia Nablus*;

6.  Al Islah Charitable Society a/k/a *Jamaiat Al-Islah Al-Khayriah/* a/k/a *Jamaiat Al-Islah Al-Khayriah Al-Ijtamiah bayt Lehem*;

7.  Orphan Care Society of Bethlehem a/k/a Bethlehem Society for Orphans a/k/a *Jamaiat Ra'iat Al-Yatim FiBayt-Lehem*;

8.  Hebron Islamic Charitable Society a/k/a Islamic Charity Society of Hebron a/k/a *l-Jamaia Al-Islamia Al-Khiria Al-Khalil*

9.  Jenin Zakat Committee a/k/a Jenin Charitable Society a/k/a *Lajnat Amwal Al-Zakkah Jenin*

10. Nablus Al-Tadam Charitable Society a/k/a ISLAMIC SOLIDARITY (TADAMON) CHARITY SOCIETY a/k/a *Jamaiat Al-Tadamon (Al-Tadamun)*

11. Al Salah Society – Gaza a/k/a Al-Salah Islamic Association – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

12. Al Mujama al Islamiya – Gaza a/k/a ISLAMIC CENTER a/k/a Central Islamic Society – Gaza Strip

13. Al Jama'ia al Islamiya – Gaza a/k/a The Islamic Society a/k/a ISLAMIC CHARITY SOCIETY

14. Qalqilya Charity Committee a/k/a *Lajnat Zakkah Qalqiliya*

15. Beit Fajar Charity Committee a/k/a Bet Fajar Zakat Committee

16.     Islamic Charitable Society in the Gaza Strip

17.     Support Committee in Support of the Intifada (Yemen)

18.     CBSP

19.     WAMY a/k/a World Assembly of Muslim Youth

20.     IIRO a/k/a Islamic International Relief Organization

21.     Friends of Al Aqsa

22.     Al Taqwa Limited

23.     ASP a/k/a Association de Secours Palestinien

24.     Asat Trust Reg. (Liechtenstein)

25.     Benevloence International Foundation (Illinois)

26.     Global Relief Foundation

27.     Muslim Youth Association of Hebron a/k/a Jamaiat Al-Shuban Al-Muslemia

28.     Al-Dheisha Refugee Camp Zakat Committee – Bethlehem

29.     Sanabil Association for Relief and Development

# EXHIBIT D

# **Schedule B**

1.  Holy Land Foundation For Relief and Development;

2.  Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

3.  Tulkarem Zakat Committee a/k/a Tulkarm Charitable Society a/k/a Tulkarem Charity Committee a/k/a *Lajnat Zakkah Tul-Karem*;

4.  Zakat and Sadadaqat Committee Ramallah Bireh a/k/a Ramallah (and Al-bireh) Charitable Society a/k/a *Lajnat Zakkah Ramallah* a/k/a *Lajinat Zakkah Ramallah wa-Al-Bireh*;

5.  Nablus Zakat Committee a/k/a Nablus Charitable Committee a/k/a Nablus Islamic Aid Committee a/k/a Islamic Assistance Society Nablus a/k/a *Lajnat Al-Ighatha Al-Islamia Nablus*;

6.  Al Islah Charitable Society a/k/a *Jamaiat Al-Islah Al-Khayriah/* a/k/a *Jamaiat Al-Islah Al-Khayriah Al-Ijtamiah bayt Lehem*;

7.  Orphan Care Society of Bethlehem a/k/a Bethlehem Society for Orphans a/k/a *Jamaiat Ra'iat Al-Yatim FiBayt-Lehem*;

8.  Hebron Islamic Charitable Society a/k/a Islamic Charity Society of Hebron a/k/a *l-Jamaia Al-Islamia Al-Khiria Al-Khalil*

9.  Jenin Zakat Committee a/k/a Jenin Charitable Society a/k/a *Lajnat Amwal Al-Zakkah Jenin*

10. Nablus Al-Tadam Charitable Society a/k/a ISLAMIC SOLIDARITY (TADAMON) CHARITY SOCIETY a/k/a *Jamaiat Al-Tadamon (Al-Tadamun)*

11. Al Salah Society – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

12. Al Mujama al Islamiya – Gaza a/k/a ISLAMIC CENTER a/k/a Central Islamic Society – Gaza Strip

13. Al Jama'ia al Islamiya – Gaza a/k/a The Islamic Society a/k/a ISLAMIC CHARITY SOCIETY

14. Qalqilya Charity Committee a/k/a *Lajnat Zakkah Qalqiliya*

15. Beit Fajar Charity Committee a/k/a Bet Fajar Zakat Committee

16.     WAMY a/k/a World Assembly of Muslim Youth

17.     IIRO a/k/a Islamic International Relief Organization

18.     Friends of Al Aqsa

19.     Al Taqwa Limited

20.     ASP a/k/a Association de Secours Palestinien

21.     Asat Trust Reg. (Liechtenstein)

22.     Benevloence International Foundation (Illinois)

23.     Global Relief Foundation

24.     Muslim Youth Association of Hebron a/k/a Jamaiat Al-Shuban Al-Muslemia

25.     Sanabil Association for Relief and Development

26.     Interpal

# **EXHIBIT E**

# SCHEDULE A-1

1.      Holy Land Foundation For Relief and Development;

2.      Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

3.      CBSP

4.      IIRO a/k/a Islamic International Relief Organization

5.      Friends of Al Aqsa

6.      Al Taqwa Limited

7.      ASP a/k/a Association de Secours Palestinien

8.      Asat Trust Reg. (Liechtenstein)

9.      Sanabil Association for Relief and Development

10.    World Assembly of Muslim Youth, a/k/a WAMY

11.    Palestinian Association in Austria (PVOE)

12.    Al Salah Society – Gaza a/k/a Al-Salah Islamic Association – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

13.    Yussef al-Qaradawi a/k/a Yousuf Al-Qardawi a/k/a Yousef Al-Qaradhawi a/k/a Yussuf Al-Kardawi

14.    Usama Hamdan

15.    Musa Abu Marzook

16.    Abdel Aziz Rantisi

17.    Khalid Mishaal

18.    Imad Khalil Al-Alami

19.    Sheik Ahmed Yassin

20.    Human Appeal International

21.    Humanitarian Relief Foundation

22.    Muslim Hands

23.    Muslim Aid / Educational Aid for Palestinians

# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

TZVI WEISS, et al.,                          :
                                             :        Case No. CV 05 4622
                    Plaintiffs,              :
                                             :
    -against-                                :        Honorable Charles P. Sifton
                                             :
NATIONAL WESTMINSTER BANK, PLC,              :        Magistrate Judge Kiyo A. Matsumoto
                                             :
                    Defendant.               :
                                             :
-------------------------------------------------------x

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS AND RELATED INTERROGATORIES DIRECTED TO DEFENDANT NATIONAL WESTMINSTER BANK, PLC

Plaintiffs in the above-captioned action, by their undersigned attorneys, and pursuant to Rules 36 and 33 of the Federal Rules of Civil Procedure, hereby request that defendant, National Westminster Bank, Plc admit, in writing and under oath within thirty days of the date of service hereof, or at such other time as counsel may agree, the truth of the following statements, with respect to each of the documents in the categories identified below.

## I.    Definitions and Instructions

A.    The definitions and instructions in Plaintiffs' First Set of Document Requests to Defendant apply herein as if fully set forth. Further, the terms "document(s)," "communication(s)," "person(s)," "identify," "concerning," "all/each," "and/or," and "number" are synonymous in scope and meaning with Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York. In addition, defendant is reminded of its obligation under Fed. R. Civ. P. 26(e) to seasonally supplement its response to these discovery requests.

B.    Unless a document or documents on Schedule A (Bates Numbered copies which are being contemporaneously provided to defendant) are specifically identified by document production number in the following Requests and Interrogatories, such Requests and Interrogatories apply to all documents on Schedule A.

C.    For each Request for Admission for which there is an Admission as to a document listed on Schedule A, please identify the document by document production number (a/k/a Bates Number).

D.    "Defendant," "you," or "your" refers to National Westminster, Plc.

E.    "Details of a transaction" denotes information including account number, account holder, currency, amount transferred, date of transfer, bank receiving or sending funds, beneficiary of funds transfer, and other information contained on the face of the document.

F.    "AML" or "terror financing compliance efforts" includes defendant's obligations under both the Bank Secrecy Act, 31 U.S.C. § 5311 *et seq.*, 12 U.S.C. § 1829b, and §§ 1951 – 1959, the British Government's Money Laundering Regulations 2003 (SI 2003/3075), the [British] Proceeds of Crime Act 2002, and any other applicable laws, regulations, treaties, or protocols which govern defendant's obligations and duties to monitor, detect, investigate, analyze, document, inform, report, freeze, enforce, or otherwise act in any fashion in connection with terrorism prevention efforts, including detection and prevention of financing terrorist or terrorist organization activities.

## II.    Applicable Documents

The documents on Schedule A are listed by document production number (a/k/a Bates Number) used by plaintiffs and are being contemporaneously produced to defendant in

accordance with plaintiffs' continuing discovery obligations under Fed. R. Civ. P. 26(a) and (e).

## III. Requests For Admissions and Interrogatories

### Request for Admission No. 1

Each document is a record of regularly conducted business activity of defendant within the meaning of Rule 803(6) of the Federal Rules of Evidence.

### Interrogatory No. 1

For each document that you did not admit in Request for Admission No. 1, set forth the document production number and state in detail all facts which support your position why each element of Rule 803(6) of the Federal Rules of Evidence is not satisfied.

### Request for Admission No. 2

Each document is an accurate reproduction of the original document that is maintained in your files.

### Interrogatory No. 2(a)

For each document that you did not admit in Request for Admission No. 2, set forth the document production number and state:

(1)     if the original document is maintained in defendant's files, all ways in which the document is not an accurate reproduction of the original document that is maintained in defendant's files;

(2)     if the original document is maintained in defendant's files, please state where such files are located and identify the person(s) having custody of the files;

(3)     if the original document is maintained in defendant's files and it bears any handwriting, please identify the person(s) whose handwriting appears on the document.

3

Interrogatory No. 2(b)

For each document that you admit is an accurate reproduction of the original document that is maintained in defendant's files:

(1)     if the original document is maintained in defendant's files, please state where such files are located and identify the person(s) having custody of the files;

(2)     if the original document is maintained in defendant's files and it bears any handwriting, please identify the person(s) whose handwriting appears on the document.

Request for Admission No. 3

The document accurately identifies an account or accounts of a customer or customers of defendant.

Interrogatory No. 3(a)

For each document that you did not admit in Request for Admission No. 3, set forth the document production number and state the facts which evidence that the document does not accurately identify an account or accounts of a customer or customers of defendant.

Interrogatory No. 3(b)

For each document that you have admitted the document accurately identifies an account or accounts of a customer or customers state the name of the customer(s) and location of each such account and whether each such account remains in existence currently, and if not; when the account ceased to exist.

4

Request for Admission No. 4

The document accurately sets forth the details of a transaction processed by defendant.

Interrogatory No. 4(a)

For each document that you did not admit in Request for Admission No. 4, set forth the document production number and state the facts which evidence that the document does not accurately set forth the details of a transaction processed by defendant.

Interrogatory No. 4(b)

For each document that you have admitted the document accurately sets forth the details of a transaction processed by the defendant identify the name, title and office location of each employee with knowledge of this transaction.

Interrogatory No. 4(c)

For each document that you have admitted the document accurately sets forth the details of a transaction processed by defendant, state whether the transaction was identified and/or reported as a suspicious transactions by defendant's Money Laundering Reporting Officer or any other employee of defendant as part of defendant's AML or terror financing compliance efforts and identify the name, title and office location of each employee with knowledge of this fact.

Date:   July 5, 2006

                                                OSEN & ASSOCIATE, LLC

                          By      _____

                                                Gary M. Osen (GM-5790)
                                                Joshua D. Glatter (JG-0184)
                                                Peter Raven-Hansen, Of Counsel
                                                700 Kinderkamack Road
                                                Oradell, New Jersey 07649
                                                (201) 265-6400

5

KOHN, SWIFT & GRAF, P.C.
Robert A. Swift
Steven M. Steingard
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

GLANCY BINKOW & GOLDBERG LLP
Andrew D. Friedman (AF-6222)
Of Counsel
430 Park Avenue
New York, New York 10022
(212) 308-6300

Attorneys for Plaintiffs

| | | |
|---|---|---|
| NWPL000001 | NWPL000010 | NWPL000018 |
| NWPL000002 | NWPL000011 | NWPL000019 |
| NWPL000003 | NWPL000012 | NWPL000020 |
| NWPL000004 | NWPL000013 | NWPL000021 |
| NWPL000005 | NWPL000014 | NWPL000022 |
| NWPL000006 | NWPL000015 | NWPL000023 |
| NWPL000007 | NWPL000016 | NWPL000024 |
| NWPL000008 | NWPL000016 | NWPL000025 |
| NWPL000009 | NWPL000017 | |

# SCHEDULE A

## CERTIFICATE OF SERVICE

I, Aaron Schlanger, hereby certify that a true and correct copy of Plaintiffs' First Set of

Requests for Admissions and Related Interrogatories Directed to Defendant National

Westminster Bank, PLC was served via electronic mail and first class mail on this 5th day of July

2006, on the following:

> Lawrence B. Friedman, Esq.
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> One Liberty Plaza
> New York, New York 10006

Aaron Schlanger

**National Westminster Bank** 3147

FINSBURY PARK BRANCH                    21MAR1997   OUR REF.  UTFWD9T032100018

PAYMENT ABROAD URGENT TRANSFER

Our Ref UTFWD97032100018  Branch Ref 0000  Remitter's Ref BTR/97/32

DEBIT ADVICE

Remitter's Name INTERPAL   LONDON

Paying Bank                          Beneficiary Bank
ARAB BANK LTD                        PALESTINIAN INVESTMENT BANK
P O BOX 138                          BETHLEHEM BRANCH
15 MOORGATE                          WEST BANK
LONDON EC2R 6LP

Beneficiary                          Beneficiary Account no
ORPHAN CARE SOCIETY                  T0080
NEAR THE OLD POST OFFICE
BETHLEHEM TEL/FAX 745 094

               *** Amount remitted -        3,967.95  US DLRS      ***

Debit details              STERLING           US DLRS    EXCHANGE RATE

PAYMENT AMOUNT    -                           4,000.00

CHARGES:-

COMMISSION        -            20.00*            32.05*    1.6025
PLUS VAT          -             0.00              0.00

TRANSMISSION      -             0.00
PLUS VAT          -             0.00

         DEBIT             4,000.00  US DLRS   ACCOUNT NO 140/00/04156838

* EQUIVALENT AMOUNT FOR INFORMATION ONLY - NOT INCLUDED IN DEBIT TOTAL

National Westminster Bank Plc.
Registered Number 929027 England  Registered Office 41 Lothbury, London EC2P 2BP

Member of the NatWest Life and NatWest Unit Trust Marketing Group
Member of IMRO

NWPL000001

16 Aug 02 12:32     AT                           0000                              P.2

 **NatWest**



## PAYMENT DEBIT ADVICE

000025/000478

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON          NW6 1RW

Our ref:  IBCCTYO00108846
Your ref: BTR/2002/118
Date:    8th August 2002

We confirm having remitted the following Urgent transfer.

Amount debited:   USD 10,000.00
From account:     140-00-04156838
Amount sent:      USD 9,909.66

Debit date: 8th August 2002

In favour of:
BEIT FAJJAR ZAKAT COMMITTEE

Beneficiary bank:
CAIRO-AMMAN BANK
BEITHLEHEM BRANCH,  PALESTINE

Beneficiary account number:
11034602

Payee bank:
CITIBANK N.

Payment details:
CHARITABLE ORGANISATIONS RUNNING CO
STS. STUDENT AID

Ordered by:
PRDF

### Transactional Information:

Requested amount:        USD 10,000.00

Rate:
Currency exchange contract:

NWB commission charges:      0.00

Agent banks charges:         0.00

RECEIVED  1 2 AUG 2002

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 31 of 34

National Westminster Bank plc  Registered in England No 929027.  Registered Office, 135 Bishopsgate  London EC2M 3UR
Regulated by the Financial Services Authority.

NatWest Bank PLC          Agency agreements exist between members of The Royal Bank of Scotland Group.

NWPL000002

16 Aug 02 12:32     AT                                    0000                    P.2

**& NatWest**

## We confirm having remitted the following Urgent transfer.

Amount debited:   USD  10,000.00
From account:     140-00-04156838
Amount sent:      USD  9,969.68

Debit date:  8th August 2002

In favour of:
BEIT FAJJAR ZAKAT COMMITTEE

Beneficiary bank:
CAIRO-AMMAN BANK
BEITHLEHEM BRANCH,  PALESTINE

Beneficiary account number:
11034602

Payee bank:
CITIBANK N.

Payment details:
CHARITABLE ORGANISATIONS RUNNING CO
STS. STUDENT AID

Ordered by:
PRDF

Transactional information:

Requested amount:          USD  10,000.00

Rate:
Currency exchange contract:

NWB commission charges:     0.00

Agent banks charges:        0.00

RECEIVED  1 2 AUG 2002

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 31 of 34

National Westminster Bank plc. Registered in England No 929027.  Registered Office, 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority

NatWest Bank PLC

Agency agreements exist between members of The Royal Bank of Scotland Group.

NWPLJ000003



## PAYMENT DEBIT ADVICE

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON          NW6 1RW

Our ref:  IBCCTYO00121258
Your ref:  DTR/Z002/139
Date.    16th August 2002

### We confirm having remitted the following Urgent transfer.

Amount debited:  USD  1,749.00
From account:    140-00-04156938
Amount sent.     USD  1,718 65

Debit date:  16th August 2002

In favour of:
ITI INA ZAKAT COMMITTEE

Beneficiary bank
CAIRO AMMAN BANK
SHALLALA STREET
HEBRON

Beneficiary account number:
0012111001017

Payee bank:
CITIBANK N.

Payment details:
SPONSOR AN ORPHAN PROGRAMME

Ordered by:
PRDF

Transactional information:

Requested amount:        USD  1,749.00

Rate.
Currency exchange contract.

NWB commission charges:      0 00

Agent banks charges:         0 00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

National Westminster Bank pe. Registered in England No 929027. Registered Office: 135 Bishopsgate London EC2M 3UR. Regulated by the Financial Services Authority

29 Aug 02 11:38    AT                          0000                    p.2



## PAYMENT DEBIT ADVICE

0000517/000097

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON       NW6 1RW

Our ref:  IBCCTYO00121256
Your ref: BTR/2002/168
Date:    16th August 2002

We confirm having remitted the following Urgent transfer.

Amount debited:  USD 5,796.00
From account:   140-00-04156838
Amount sent:    USD 5,765.65

Debit date: 16th August 2002

In favour of:
BEIT FAJJAR ZAKAT COMMITTEE

Beneficiary bank:
CAIRO AMMAN BANK
BEITHLEHEM BRANCH, PALESTINE

Beneficiary account number:
11034602

Payee bank:
CITIBANK N.

Payment details:
SPONSOR AN ORPHAN PROGRAMME

Ordered by:
PRDF

Transactional information:

Requested amount:      USD 5,796.00

Rate:
Currency exchange contract:

NWB commission charges:   0.00

Agent banks charges:     0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 1% of 48

National Westminster Bank plc. Registered in England No 929027 Registered Office 135 Bishopsgate London EC2M 3UR
Regulated by the Financial Services Authority

NWPL000005

**☈ NatWest**

## PAYMENT DEBIT ADVICE

02C057/000075

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON          NW6  1RW

Our ref:   IBCCTYO00121393
Your ref:   BTR/2002/170
Date:      16th August 2002

### We confirm having remitted the following Urgent transfer.

Amount debited:   USD  1,906.00
From account:     140-00-04156838
Amount sent:      USD  1,875.65

Debit date:  16th August 2002

In favour of:
ORPHAN CARE SOCIETY

Beneficiary bank:
ARAB BANK PLC
(BETHLEHEM BRANCH)
MANGER STREET
BETHLEHEM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
7099665

Payee bank:
ARABGB2LXXX

Payment details:
SPONSOR AN ORPHAN PROGRAMME

Ordered by:
PRDF

Transactional information:

Requested amount:        USD  1,906.00

Rate:
Currency exchange contract:

NWB commission charges:      0.00

Agent banks charges:        0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

Sheet 13 of 46

National Westminster Bank plc  Registered in England No 929027  Registered Office: 135 Bishopsgate  London EC2M 3UR
Regulated by the Financial Services Authority.

NWPLD00006

# ☎ NatWest

## PAYMENT DEBIT ADVICE

000038/000727

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref: IBCCTYO00166163
Your ref: BTR/2002/196
Date: 17th September 2002

### We confirm having remitted the following Standard transfer.

Amount debited: GBP 6,547.00
From account: 600822-95142940
Amount sent: GBP 6,533.00

Debit date: 17th September 2002

In favour of:
ORPHAN CARE SOCIETY

Beneficiary bank:
ARAB BANK PLC
(BETHLEHEM BRANCH)
MANGER STREET
BETHLEHEM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
7099665

Payee bank:
ARABGB2LXXX

Payment details:
SPONSOR AN ORPHAN/NEEDY CHILD
PROGRAMME

Ordered by:
PALESTINIANS DEV FUND INTERPAL

### Transactional Information:

Requested amount: GBP 6,547.00

Rate:
Currency exchange contract:

NWB commission charges: 0.00

Agent banks charges: 0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc, Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

**NatWest Bank PLC**

P. 2                    0000                    18        19 SEP 02 12:56

Nov 02 22:11     Interpal                    020 450 8004            P.2



## PAYMENT DEBIT ADVICE

00005502007&8

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  IBCCTYO00264195
Your ref: BTR2002/252
Date:     15th November 2002

**We confirm having remitted the following Standard transfer.**

Amount debited:  GBP 2,619.00
From account:    000022-05142940
Amount sent:     GBP 2,605.00

Debit date:  15th November 2002

In favour of:
ITHNA ZAKAT COMMITTEE

Beneficiary bank:
CAIRO AMMAN BANK
SHALLALA STREET HEBRON
PALESTINE

Beneficiary account number:
0012111001017

Payee bank:
CAIRO AMMAN

Payment details:
SPONSOR AN ORPHAN/NEEDY CHILD
PROGRAMME RAMADAN PROJECTS

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:          GBP 2,605.00

Rate:
Currency exchange contract:

NWB commission charges:     GBP 14.00

Agent banks charges:        0.00

All charges are netted with the transaction

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

ppl 44 of 45

National Westminster Bank plc, Registered in England No 929027  Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority

NWPLO00008

**↻ NatWest**

## PAYMENT DEBIT ADVICE

000055/000710

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref: IBCCTYO00264778
Your ref: BTR/2002/256
Date: 15th November 2002

### We confirm having remitted the following Standard transfer.

Amount debited: GBP 5,707.00
From account: 600822-95142940
Amount sent: GBP 5,693.00

Debit date: 15th November 2002

In favour of:
ORPHAN CARE SOCIETY

Beneficiary bank:
ARAB BANK PLC
(BETHLEHEM BRANCH)
MANGER STREET
BETHLEHEM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
7099665

Payee bank:
ARABGB2LXXX

Payment details:
SPONSOR AN ORPHAN/NEEDY CHILD PROGR
AMME, RAMADAM PROJECTS

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:        GBP 5,707.00

Rate:
Currency exchange contract:

NWB commission charges:     0.00

Agent banks charges:       0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority

**NatWest Bank PLC**

Agency agreements exist between members of The Royal Bank of Scotland Group

NWPL000009

30 Nov 02 21:16 Interpal

 **NatWest**

## PAYMENT DEBIT ADVICE

000055/000/12

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref: IBCCTYO00264526
Your ref: BTR2002/257
Date: 15th November 2002

### We confirm having remitted the following Urgent transfer.

Amount debited: GBP 5,897.00
From account: 600822-95142940
Amount sent: GBP 5,877.00

Debit date: 15th November 2002

In favour of:
BEIT FAJJAR ZAKAT COMMITTEE

Beneficiary bank:
CAIRO -AMMAN BANK
BEITHLEHEM BRANCH
PALESTINE

Beneficiary account number:
11034602

Payee bank:
CAIRO AMMAN

Payment details:
RAMADAN PROJECTS SPONSOR AN
ORPHAN /NEEDY CHILD PROGQ

Ordered by:
PALESTINIANS DEV FUND INTERPAL

**Transactional Information:**

Requested amount: GBP 5,897.00

Note:
Currency exchange contract:

NWB commission charges: 0.00

Agent banks charges: 0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority

**NatWest Bank PLC**

Agency agreements exist between members of The Royal Bank of Scotland Group

NWPL0000010



# PAYMENT DEBIT ADVICE

CR0355/000705

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  IBCCTYO00264562
Your ref: BTR 2002/260
Date:     15th November 2002

## We confirm having remitted the following Standard transfer.

Amount debited:  GBP 2,760.00
From account:    600822-95142940
Amount sent:     GBP 2,746.00

Debit date: 15th November 2002

In favour of:
AL-KHADER ZAKAT + SADAQAT COMMITTEE

Beneficiary bank:
EYGPTIAN ARAB BANK
BEITHLEHEM PALESTINE

Beneficiary account number:
0050002511

Payment details:
RAMADAN PROJECTS

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:          GBP 2,760.00

Rate:
Currency exchange contract:

NWB commission charges:     0.00

Agent banks charges:        0.00

This notification is not confirmation of receipt of the funds by the beneficiary – the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

National Westminster Bank plc. Registered in England No 929027.  Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority
Agency agreements exist between members of The Royal Bank of Scotland Group

NatWest Bank Pl C

سيّ (العايشة بوسسّ)
طبنة بلاي الاريس

**☮ NatWest**

/

## PAYMENT DEBIT ADVICE

000066/060995

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  IBCCTYO00370821
Your ref: BTR/2003/57
Date:    24th January 2003

### We confirm having remitted the following Standard transfer.

Amount debited:   GBP 4,500.00
From account:    600822-95142957
Amount sent:    GBP 4.486.00

Debit date: 24th January 2003

In favour of:
ITHNA ZAKAT COMMITTEE

Beneficiary bank:
CAIRO-AMMAN BANK
SHALLALA STREET
HEBRON, PALESTINE

Beneficiary account number:
0012111001017

Payee bank:
CAIRO AMMAN

Payment details:
ZAKAT DISTRIBUTION, QURBANI MEAT/
PROJECTS

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:       GBP 4,500.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:      0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority

Agency agreements exist between members of The Royal Bank of Scotland Group.

NatWest Bank PLC

NWPL000012

السيد (العامل ابو سهر)
١٧٢ م . ٤

**&** **NatWest**

We confirm having remitted the following Standard transfer.

Amount debited:   GBP  4,500.00
From account:     600822-95142967
Amount sent:      GBP  4,486.00

Debit date:  24th January 2003

In favour of:
ITHNA ZAKAT COMMITTEE

Beneficiary bank:
CAIRO-AMMAN BANK
SHALLALA STREET
HEBRON, PALESTINE

Beneficiary account number:
0012111001017

Payee bank:
CAIRO AMMAN

Payment details:
ZAKAT DISTRIBUTION, QURBANI MEAT/
PROJECTS

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:         GBP  4,500.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:       0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England No 929027.  Registered Office  135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

latWest Bank PLC

بسم الله الرحمن الرحيم

**ↆ NatWest**

## PAYMENT DEBIT ADVICE

00001100124

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  IBCCTYO00410266
Your ref  ETR 2003 81
Date:     19th February 2003

We confirm having remitted the following Standard transfer.

Amount debited:  GBP 21,450.00
From account:    600022-95142940
Amount sent:     GBP 21,424.00

Debit date:  19th February 2003

In favour of:
TULKAREM ZAKAT COMMITTEE

Beneficiary bank:
ARAB BANK PLC
(TULKARM BRANCH)
TULKARM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number.
00705000100500

Payee bank:
ARABGE2LXXX

Payment details:
SPONSORS AN ORPHAN/NEEDY CHILDPROG
RAMADAN PROJECTS QURBANI MEA

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional Information:

Requested amount:    GBP 21,450.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:    0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 1 of 14

**NatWest Bank PLC**

National Westminster Bank plc. Registered in England No 929027.  Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority.
Agency agreements exist between members of The Royal Bank of Scotland Group.

NWPL000014

05 Apr 03 10:35      Interpal                          020 450 8004

& NatWest

## PAYMENT DEBIT ADVICE

0000520001115

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  IBCCTYO00478191
Your ref: BTR/2003/133
1st April 2003

We confirm having remitted the following Standard transfer.

Amount debited:   GBP 18,000.00
From account:     600822 96142040
Amount sent:      GBP 17,974.00

Debit date:  1st April 2003

In favour of:
TULKAREM ZAKAT COMMITTEE

Beneficiary bank:
ARAB BANK PLC
(TULKARM BRANCH)
TULKARM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
90705000106500

Payee bank:
ARABJOAX100

Payment details:
HUMANITARIAN AID

Ordered by:
PALESTINIANS DEV FUND INTERPAL

Transactional information:

Requested amount:        GBP 18,000.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:       0.00

This notification is not confirmation of receipt of the funds by the beneficiary. The Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 14 of 16

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

NatWest Bank PLC

08 May 03 09:59      Interpal                  020 450 8004          p. 1

 

## PAYMENT DEBIT ADVICE

000079/001199

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref: IBCCTYO00526177
Your ref: BTR/2003/153
Date:    2nd May 2003

### We confirm having remitted the following Standard transfer.

Amount debited:  GBP 15,713.00
From account:    600822-95142975
Amount sent:     GBP 15,687.00

Debit date: 2nd May 2003

In favour of:
JENIN ZAKAT COMMITTEE

Beneficiary bank:
CAIRO-AMMAN BANK
JENIN BRANCH, PALESTINE

Beneficiary account number:
015002364000

Payee bank:
CAIRO AMMAN

Payment details:
SPONSOR A FAMILY PROG, SPONSOR AN
ORPHAN/NEEDY CHILD PROG

Ordered by:
PALESTINIANS DEV FUND INTERPAL

**Transactional information:**

Requested amount:        GBP 15,713.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:       0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England no 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

**NatWest Bank PLC**                  Agency agreements exist between members of The Royal Bank of Scotland Group.

NWPL000016

# ♻ NatWest

## PAYMENT DEBIT ADVICE

010033/012690

THE SECRETARY
HUMAN APPEAL INTERNATIONAL
VICTORIA COURT
376 WILMSLOW ROAD
MANCHESTER
M14 6AX

Our ref:  IPOLVLO00806190
Your ref:  JENIN
Date:     20th May 2003

### We confirm having remitted the following Standard transfer.

Amount debited:  GBP 29,559.00
From account:   010894-13822721
Amount sent:    GBP 29,559.00

Debit date:  20th May 2003

In favour of:
JENIN ZAKAT COMMITEE

Beneficiary bank: ,
AMMAN CAIRO BANK
JENIN BRANCH
JENIN WEST BANK
ISRAEL

Beneficiary account number:
0150023640000

Payment details:
HUMAN APPEAL ORPHANS AND PARCEL
FOOD PROJECT

Ordered by:
HUMAN APPEAL INTERNATIONAL

Transactional information:

Requested amount:        GBP 29,559.00

Rate:
Currency exchange contract:

NWB commission charges:    GBP 26.00

Agent banks charges:      0.00

Charges debited to account: 010894-15364828

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 1 of 1

National Westminster Bank plc, Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

NatWest Bank PLC            Agency agreements exist between members of The Royal Bank of Scotland Group.

01 Jul 03 14:18          Interpal                          020 450 8004                    p.3

# ☇ NatWest

## PAYMENT DEBIT CONFIRMATION

0012412003554

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  EBANKGO02356007
Your ref: +BTR/2003/21-025
Date.    27th June 2003
Delivery ref:  0020030627022818

### We confirm having remitted the following Standard transfer.

Amount debited:   GBP 2,210.00
From account     600822-95142975
Amount sent:      GBP 2,106.00

Debit date:  27th June 2003

In favour of
ITHNA ZAKAT COMMITTEE
ITHNA
HEBRON
PALESTINE

Beneficiary bank:
CAIRO-AMMAN BANK
BRANCH NO: 66
ISLAMIC BANKING DEPT, HEBRON
PALESTINE

Beneficiary account number:
0312111001017

Payee bank:
CAIRO AMMAN

Payment details:
ORPHAN SPONSORSHIP PROGRAMME
REFER TO ADVICE NOTICE FOR
FULL DETAILS

Ordered by:
INTERPAL

Transactional information:

Requested amount:        GBP 2,210.00

Rate:
Currency exchange contract:

NWB commission charges:    0.00

Agent banks charges:       0.00

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

National Westminster Bank plc. Registered in England No 7 ... 27  Registered Office 135 Bishopsgate London EC2M 3UB

Regulated by the Financial Services Authority

NWPL000018

# ⟳ NatWest

## PAYMENT DEBIT CONFIRMATION

000191/002817

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:   EBANKGO02501572
Your ref: +BTR/03/434-036
Date:    11th July 2003
Delivery ref:  0020030711030025

### We confirm having remitted the following Standard transfer.

Amount debited:  GBP  15,330.00
From account:    600822-95142940
Amount sent:     GBP  15,330.00

Debit date: 11th July 2003

In favour of:
JENIN ZAKAT COMMITTEE
ALAWQAF BUILDING
ALHASBA STREET, JENIN
PALESTINE

Beneficiary bank:
CAIRO AMMAN BANK
NATIONAL COLLEGE STREET
RAMALLAH
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
015002364000

Payee bank:
BARCGB22XXX

Payment details:
CONTRIBUTION TOWARDS
DEIR GAZAHALA MOSQUE
PROJECT

Ordered by:
INTERPAL

Transactional information:

Requested amount:          GBP  15,330.00

Rate:
Currency exchange contract:

NWB commission charges:     GBP  11.00

Agent banks charges:        0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

Sheet 4 of 7

National Westminster Bank plc. Registered in England No 929027. Registered Office; 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

NatWest Bank PLC

p. 1          020 450 8004          Interpal          15 JUL 03 15:20

05 Aug 03 13:21    Interpal

& **NatWest**

## PAYMENT DEBIT CONFIRMATION

000186/002492

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref: EBANKGO02676119
Your ref: +BTR/03/267-097
Date: 30th July 2003
Delivery ref: 0020030730023602

### We confirm having remitted the following Standard transfer.

Amount debited: GBP 73,757.00
From account: 600822-95142940
Amount sent: GBP 73,757.00

Debit date: 30th July 2003

In favour of:
JENIN ZAKAT COMMITTEE
ALAWQAF BUILDING
ALHASBA STREET, JENIN
PALESTINE

Beneficiary bank:
CAIRO-AMMAN BANK
JENIN BRANCH
PALESTINE

Beneficiary account number:
015002364000

Payee bank:
CAIRO AMMAN

Payment details:
WANS' RIYADH/SHARQIAH ORPHANS,
SCHOOL KIT AND NEEDY STUDENTS,
AND TWO FREEZER UNITS

Ordered by:
INTERPAL

Transactional information:

Requested amount:        GBP 73,757.00

Rate:
Currency exchange contract:

NWB commission charges:    GBP 11.00

Agent banks charges:       0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority.
Agency agreements exist between members of The Royal Bank of Scotland Group.

**NatWest Bank PLC**

NWPL000020

# ⅄ NatWest

## PAYMENT DEBIT CONFIRMATION

00301300153

THE SECRETARY
FALESTINIANS RELIEF & DEV. FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:   EBANKGO03242252
Your ref:  ~BTR/03/336-133
Date:   25th September 2003
Delivery ref:   0020030925025771

We confirm having remitted the following Standard transfer.

Amount debited:   GBP  5,000.00
From account:   600822-95142940
Amount sent:   GBP  5,000.00

Debit date:  25th September 2003

In favour of:
TULKAREM ZAKAT COMMITTEE
PO BOX 19
TULKAREM
PALESTINE

Beneficiary bank:
ARAB BANK PLC
(TULKARM BRANCH)
TULKARM
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
90705000106500

Payee bank:
ARABGB2LXXX

Payment details:
SPONSORSHIP PROGRAMME
FOR PERIOD ENDING 12/03

Ordered by:
INTERPAL

Transactional information:

Requested amount:          GBP  5,000.00

Rate:
Currency exchange contract:

NWB commission charges:       GBP  11.00

Agent banks charges:          0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

Sheet 16 of 26

National Westminster Bank Plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Member of the National Westminster Bank Group of The Royal Bank of Scotland Group

NatWest Bank PLC

NWPL000021

**&** **NatWest**

## PAYMENT DEBIT CONFIRMATION

000092/001472

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  EBANKGO03684066
Your ref: +BTR/03/369-178
Date:     5th November 2003
Delivery ref:  0020031105024512

### We confirm having remitted the following Standard transfer.

Amount debited:  GBP 32,329.00
From account:    600822-95142940
Amount sent:     GBP 32,329.00

Debit date: 5th November 2003

In favour of:
JENIN ZAKAT COMMITTEE
ALAWQAF BUILDING
ALHASBA STREET, JENIN
PALESTINE

Beneficiary bank:
CAIRO-AMMAN BANK
JENIN BRANCH
PALESTINE

Beneficiary account number:
015002364000

Payee bank:
CAIRO AMMAN

Payment details:
REBUILDING OF VILLAGE MOSQUE,
RAMADAN AND SPONSORSHIP PROJECTS

Ordered by:
INTERPAL

Transactional information:

Requested amount:       GBP 32,329.00

Rate:
Currency exchange contract:

NWB commission charges:  GBP 11.00

Agent banks charges:     0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

National Westminster Bank plc. Registered in England No 929027. Registered Office: 135 Bishopsgate, London EC2M 3UR.

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

NatWest Bank PLC

15-DEC-03 MON 17:27          020 450 8004          P. 3



## PAYMENT DEBIT CONFIRMATION

005913/007271

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  EBANKGO04043706
Your ref: +BTR/03/346-217
Date:     9th December 2003
Delivery ref:  0020031209008413

### We confirm having remitted the following Standard transfer.

Amount debited:  GBP 3,678.00
From account:    600822-95142940
Amount sent:     GBP 3,678.00

Debit date:  9th December 2003

In favour of:
ISLAMIC CHARITABLE SOCIETY
PO BOX 147
AL-KHALIL
PALESTINE

Beneficiary bank:
ARAB BANK PLC
(HEBRON BRANCH)
HEBRON
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
5107500491

Payee bank:
ARABGB2LXXX

Payment details:
RAMADAN AND SPONSORSHIP PROJECTS
FOR ICS AL-SHYOUK

Ordered by:
INTERPAL

**Transactional Information:**

Requested amount:      GBP 3,678.00

Rate: -
Currency exchange contract:

NWB commission charges;    GBP 11.00

Agent banks charges:       0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the information.

Sheet 1 of 1

NatWest Bank PLC

National Westminster Bank plc. Registered in England No 929027.  Registered Office: 135 Bishopsgate, London EC2M 3UR
Regulated by the Financial Services Authority.
Agency agreements exist between members of The Royal Bank of Scotland Group.

P. 3          020 450 8004          Interpal          16:05 03 Dec 15

NWPL000023


**NatWest**

ட்

# PAYMENT DEBIT CONFIRMATION

000109/002002

· THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  EBANKGO04373357
Your ref: +BTR/04/43-234
Date:     13th January 2004
Delivery ref.  0020040113024014

## We confirm having remitted the following Standard transfer.

Amount debited:  GBP  17,000.00
From account:    600822-95142940
Amount sent:     GBP  17,000.00

Debit date:  13th January 2004

In favour of:
QURAN AND SUNNAH SOCIETY
QALQILYA
PALESTINE

Beneficiary bank:
ARAB BANK PLC
(QALQILIAH BRANCH)
QALQILIAH
PALESTINIAN TERRITORY (OCCUPIED)

· Beneficiary account number:
5420423510

Payee bank:
ARABGB2LXXX

Payment details:
CHILD SPONSORSHIP PROGRAMME
AND QURBANI 2004 PROJECTS

Ordered by:
INTERPAL

### Transactional information:

Requested amount.              GBP  17,000.00

Rate:
Currency exchange contract:

NWB commission charges:        GBP  11.00

Agent banks charges:           0.00

Charges debited to account: 600822-95142983

▲

─►This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information,

Sheet 53 of 54

Regulated by the Financial Services Authority

NatWest Bank PLC

Agency Agreements executed between of The Royal Bank of Scotland Group

P. 1                  020 450 8004                    Interpal           21 Jan 04 12:55

NWPL000024

 **NatWest**

## PAYMENT DEBIT CONFIRMATION

0001560020045

THE SECRETARY
PALESTINIANS RELIEF & DEV FUND
PO BOX NO 3333
LONDON
NW6 1RW

Our ref:  EBANKGO04373345
Your ref: +BTR/04/30-239
Date:    13th January 2004
Delivery ref:  0020040113024028

We confirm having remitted the following Standard transfer.

Amount debited:   GBP 3,500.00
From account:    600822-95142940
Amount sent:    GBP 3,500.00

Debit date: 13th January 2004

In favour of:
ITHNA ZAKAT COMMITTEE
ITHNA
HEBRON
PALESTINE

Beneficiary bank:
CAIRO AMMAN BANK
NATIONAL COLLEGE STREET
RAMALLAH
PALESTINIAN TERRITORY (OCCUPIED)

Beneficiary account number:
0012111001017

Payee bank:
CAABJOAMXXX

Payment details:
QURDANI 2004 PROJECTS

Ordered by:
INTERPAL

Transactional information:

Requested amount:        GBP 3,500.00

Rate:
Currency exchange contract:

NWB commission charges:    GBP 11.00

Agent banks charges:      0.00

Charges debited to account: 600822-95142983

This notification is not confirmation of receipt of the funds by the beneficiary - the Bank does not accept
any liability whatsoever for any loss or damage arising in any way from any use of or reliance placed on the
information.

National Westminster Bank plc. Registered in England No 929027.  Registered Office: 135 Bishopsgate, London EC2M 3UR

Regulated by the Financial Services Authority.

Agency agreements exist between members of The Royal Bank of Scotland Group.

**NatWest Bank PLC**

NMPL000025