**SAYLES | WERBNER**

September 22, 2008

**VIA ELECTRONIC FILING**
Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Weiss, et al. v. National Westminster Bank* – Case No. CV-05-4622;
                *Applebaum, et al. v. National Westminster Bank, PLC* – Case No. CV – 07-0916.

Dear Magistrate Judge Go:

      We write in brief reply to Defendant National Westminster Bank's ("NatWest" or "Defendant") Opposition to Plaintiffs' letter motion for an order compelling NatWest to search for and produce additional documents based on the relevancy period established in Plaintiffs' discovery requests.

      In short, while Defendant discusses at considerable length in its Opposition such unrelated items as statements made by counsel for Plaintiffs at the most recent conference and adds in mischaracterizations of prior rulings by Judge Sifton and Judge Matsumoto, the Court can otherwise assess the applicable legal standards established in this case without need for Plaintiffs' counsel to use a discovery reply brief to correct Defendants' misstatements of law. Absent direction from the Court, Plaintiffs will stay focused on the actual dispute at issue – the relevancy of documents sought by Plaintiffs – which is much more straightforward. As Defendant acknowledges, the issue here as framed by other courts is whether documents outside the 1996-2004 time frame that Defendant defines as the relevant period must be produced.[1]

      Plaintiffs merely seek documents that shed light on what Defendant knew about its alleged support to HAMAS, and when NatWest knew it. Communications that occurred subsequent to September 24, 2004, for instance, may very well discuss why NatWest took certain actions prior to that date, and on what basis. Speaking more broadly, and as discussed in Plaintiffs' Motion, the overall need for those documents outside of the current eight-year time period is clear-cut – to know the full extent of NatWest's provision of material support to HAMAS, Plaintiffs simply must be able to assess documents pertaining to the entire time period

---

[1] Defendant appears to accept the holdings in both *First Nat'l Bank of Arizona v. Cities Serv. Co.* and *Midland Inv. Co. v. Van Alstyne, Noel & Co. See* Opposition at p. 7. From there, NatWest incorrectly attempts to find similarities with *First National Bank*, in which there was no significant evidence of the alleged claim during the period of injury, and this case, in which there is plenty of evidence. Moreover, the 1952 and 1964 Pennsylvania and Wisconsin decisions cited by NatWest deal with post-accident repairs and design changes, differing sharply from the continuing banking actions NatWest may have taken after 2004 that shed light on its state of mind.
131981.v1

Honorable Marilyn A. Go
September 22, 2008
Page 2 of 2

in which Interpal was a NatWest customer. This includes not only communications as to state of mind, but information obtained about the customer from its inception as well as circumstantial evidence of what NatWest did and did not record or communicate and evidence that helps frame and contextualize the operation of the HAMAS network. Admissibility as to use of these documents in trial is the subject for a later motion in limine; their relevance to the case for purposes of discovery under the broad scope of Rule 26 is what must be decided at this time.

Such a ruling is well within the bounds of Second Circuit jurisprudence, which holds that "any" information from both before *and* after the at-issue period in a case is relevant if it "sheds light on whether class period statements were false or materially misleading." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2nd Cir. 2001). In *Scholastic*, the pre-period information was relevant to establish that during the time period at issue, defendants had a basis to know what data was likely to occur based on the prior experience, and the post-period data could be used "to confirm what a defendant should have known during the class period." *Id. See also, e.g., Novak v. Kasaks*, 216 F.3d 300, 312-13 (2nd Cir. 2000) (holding that facts regarding inventory write-offs from after the expiration of the class period were relevant because they supported the plaintiffs' allegations that inventory issues existed during the class period); *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, (3rd Cir. 2005) (noting that the Second Circuit in *Scholastic* "made clear that both post-class-period data and pre-class data could be used to "confirm what a defendant should have known during the class period" and that "any information that sheds light on whether class period statements were false or materially misleading is relevant.... We shall follow the Second Circuit here and hold the pre-class data regarding Merck's market share relevant to showing Medco's statements to be misleading."); *In re U.S. Aggregates Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1067 n.3 (N.D. Cal. 2002) (citing *Scholastic* and holding that "post-class period conduct may provide support for Plaintiff's contention that compliance with the loan agreements motivated Defendants' fraud").

It is ironic that Defendant provides protracted discussions about how Plaintiffs cannot extend their allegations beyond the four corners of NatWest's provision of services for Interpal, and yet refuses to provide documents spanning the entirety of those four corners. Those are the documents Plaintiffs seek in their Motion to Compel, and those are the documents Plaintiffs respectfully request that the Court order NatWest must provide. They are relevant to the subject matter of this action, and necessitate a broad enough time period that encompasses the entirety of NatWest's actions.

Respectfully submitted,

*Mark S Werbner*

Mark S. Werbner
mwerbner@swtriallaw.com
(214) 939-8711

cc:    All Counsel of Record (via Email)

131981.v1