

OSEN LLC
ATTORNEYS AT LAW

700 Kinderkamack Road, Oradell, NJ 07649
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

September 23, 2008

**VIA ECF**

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Weiss, et al. v. National Westminster Bank Plc*, 05-cv-4622 (CPS)(MDG)
            *Applebaum, et al. v. National Westminster Bank Plc*, 07-cv-916 (CPS)(MDG)

Dear Judge Go:

      We write on plaintiffs' behalf in brief response to defense counsel's sur-reply letter of even date. To be clear, in our September 22, 2008 letter to the Court, plaintiffs noted that when presented with a Request for Admission regarding a NatWest wire transfer executed for the benefit of the Jenin Zakat Committee (the "JZC") for another NatWest customer, Human Appeal International,[1] NatWest has refused to admit or deny whether the wire transfer was defendant's business record, and instead objected that the RFA was irrelevant because the document did not concern Interpal.[2]

      Nothing has changed between July 9, 2007 (when NatWest filed its Supplemental Objections to the RFAs) and today; NatWest has not withdrawn such objection, nor has it ever produced any documents or other information concerning that transaction. NatWest has not even

---

[1]    Human Appeal International ("HAI") was one of several Islamic charities for which the U.S. Senate Finance Committee requested Internal Revenue Service (IRS) records as part of an investigation into possible links between nongovernmental organizations and terrorist financing networks. *See* http://www.america.gov/st/washfile-english/2004/January/20040114155543zemogb0.8868524.html. In July 2008, the Israeli Government declared HAI (along with 36 other Union of the Good entities) to be a "banned organization" by reason of their support and assistance to HAMAS. *See* http://www.mfa.gov.il/MFA/Government/Communiques/2008/Defense+Minister+signs +order+banning+Hamas-affiliated+charitable+organizations+7-Jul-20 08.htm.

[2]    *See* General Objection No. 8 to National Westminster Bank PLC's Supplemental Objections and Responses To Plaintiffs' First Set of Requests for Admission and Related Interrogatories (attached as Exhibit "B" to defendants' September 23, 2008 letter).

produced its own copy of the wire transfer which plaintiffs presented to it.[3]

Merely referencing correspondence indicating NatWest's abstract *willingness* to produce materials beyond Interpal does not resolve the larger issue that over four months after defendant's May 8, 2008 letter, not a *single* transactional document has been produced for entities like the JZC – which are unquestionably covered by the parties' prior agreements[4] – for transactions not involving Interpal, even when presented with *incontestable* evidence that NatWest transferred funds to the JZC at HAI's direction. Defendant's September 18, 2008 letter asserted that "NatWest has searched for **and produced** all of the documents in its possession that concern not only Interpal, but also the 14 specific zakat committees ..." That assertion not only remains – at best – inaccurate, but it is likely that if the Court orders the document production sought by plaintiffs regarding various "Union of Good" and zakat entities, such production will remove all doubt on this issue.

We look forward to appearing before Your Honor tomorrow.

Respectfully yours,

*[signature]*

Joshua D. Glatter

Enclosure

cc: All counsel

---

[3] This not surprising the core of the present discovery dispute is whether defendant must disclose material concerning the totality of NatWest's connections to HAMAS entities or persons, regardless of their specific connection to Interpal, or whether such entities or persons are identified in the Complaint or current interrogatory responses.

[4] NatWest's other representation – that it has searched certain specific departments for responsive documents – also sidesteps the issue. Defense counsel is well aware that when plaintiffs agreed that NW could limit its search to its Group Security and Fraud, Risk Management, Payment Operations, and Retail departments, that agreement was made without waiver of plaintiffs' right to demand a broader, bank-wide search. Thus, once plaintiffs did not receive documents (such as the JZC-HAI wire transfer materials), that was one of several factors leading to plaintiffs writing to defense counsel on July 25, 2008, requesting a broader search, and attaching Schedule A-1. Defendants did not attach plaintiffs July 25, 2008 letter to their most recent correspondence to the Court; it is attached hereto as Exhibit "A."

# Exhibit A

OSEN LLC
ATTORNEYS AT LAW

700 Kinderkamack Road, Oradell, NJ 07649
Telephone 201.265.6400 Facsimile 201.265.0303
www.osen.us

July 25, 2008

**VIA ELECTRONIC MAIL**

Lawrence B. Friedman
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

Re: *Weiss, et al. v. National Westminster Bank, Plc,* 05-CV-4622
*Applebaum, et al. v. National Westminster Bank, Plc,* 07-CV-916

Dear Larry:

On behalf of all plaintiffs, I write to follow up on our prior meet and confers and formally request that you undertake a more expansive search for certain documents responsive to document requests numbers 8, 9, and 10 in plaintiffs' First Request for the Production of Documents.

As you will recall, on May 16, 2008, we reached an accord that obviated the need for NatWest to file a motion for a protective order objecting to plaintiffs' document requests on the ground of burdensomeness. As part of that compromise, we agreed that, as an initial matter, defendant could (1) limit it searches for the time being to Group Security and Fraud department, RBS Risk Management department, Payments Operations department and Retail department; and (2) could search for relevant documents in the aforementioned departments for what we have described as the "9 plus 2" entities listed in Schedule "B" to my April 23, 2008 letter to you. By way of reminder the "9 plus 2" was a subset of entities identified in Request Number 10 as refined by schedule "B," and consisted of entities either identified in plaintiffs' operative complaint, or set forth in responses to defendant's early contention interrogatories. As you also know, we agreed that the accord was without waiver of plaintiffs' rights to request a more expansive production, or NatWest's right to maintain its objections to same.

Having reviewed NatWest's supplemental production, we must now request that defendant expand its search, given that the supplemental production yielded few responsive documents. Specifically, we are now requesting that NatWest search for all documents, wherever resident (i.e. not limited to the Group Security and Fraud department, RBS Risk Management department, Payments Operations department and Retail department) that are

electronically accessible and which concern a broader subset of entities and individuals than was set forth in our previous Schedule "B". The specific entities/persons are listed in Schedule "A-1" attached hereto. These materials are clearly relevant to plaintiffs' claims under 18 U.S.C. § 2339B(a)(1) both with respect to scienter, and causational elements under the statute. Additionally, to the extent there may be records called for by this request, including the additions in Schedule A-1, that are archived other than in an electronically accessible manner, we request that you advise us of the format in which the material is maintained and the manner it is stored and provide us with an explanation of the process and timing involved in retrieving such material.

We ask that you promptly advise us both as to your position regarding this request for a search of electronically accessible documents and records covered by document requests numbers 8, 9, and 10 in plaintiffs' First Request for the Production of Documents, wherever resident, including the additions contained in Schedule A-1 and also the requested explanation regarding any archived material discussed above. Please also note that our proposal is without waiver of our rights to seek a more expansive production. Finally, we request that such production (together with your explanation regarding materials that are not electronically accessible) be made no later than 30 days from the date of this letter.

Furthermore, as discussed in our prior call, this letter also serves as plaintiffs' formal request that NatWest expand the relevant period for its searches with respect to all of plaintiffs' document requests, and responses to any interrogatories, to March 20, 2007, the date in which NatWest announced that it was closing Interpal's accounts. We are cognizant of NatWest's standing objections on the grounds of attorney-client privilege and work product, and plaintiffs' counsel will write to you under separate cover regarding a proposal with respect to a privilege log. However, we obviously expect that NatWest will produce to us non-privileged responsive materials and will not destroy responsive documents prior to the resolution of this issue.

In addition, in light of our prior meet and confers on this issue, where you indicated your general agreement that material beyond the date of the last attack was relevant and responsive under Rule 26, including but not limited to its relevance vis-a-vis scienter, this letter also serves as our formal request that NatWest review its production with respect to its numerous redactions on the grounds of relevancy, and produce unredacted copies of said documents in light of our discussions.

Finally, although we are hopeful that you will agree that our request is reasonable and relevant and that we can cooperatively navigate any logistical issues in connection with this request, if that proves impossible, we should at least discuss a mutually acceptable schedule for NatWest to file a motion for a protective order.

Lawrence B. Friedman, Esq.
July 25, 2008
Page 3 of 3

      We look forward to hearing from you. As always, please don't hesitate to contact us with any questions or comments.

Yours very truly,

*[signature]*

Joshua D. Glatter

cc:     All Counsel

# SCHEDULE A-1

1. Holy Land Foundation For Relief and Development;

2. Al-Aqsa Charitable Foundation (Germany, Belgium, Denmark, and the Netherlands);

3. CBSP

4. IIRO a/k/a Islamic International Relief Organization

5. Friends of Al Aqsa

6. Al Taqwa Limited

7. ASP a/k/a Association de Secours Palestinien

8. Asat Trust Reg. (Liechtenstein)

9. Sanabil Association for Relief and Development

10. World Assembly of Muslim Youth, a/k/a WAMY

11. Palestinian Association in Austria (PVOE)

12. Al Salah Society – Gaza a/k/a Al-Salah Islamic Association – Gaza a/k/a Islamic Virtue Society – Gaza a/k/a *Jamaiat Al-Salah Al-Islamaia*

13. Yussef al-Qaradawi a/k/a Yousuf Al-Qardawi a/k/a Yousef Al-Qaradhawi a/k/a Yussuf Al-Kardawi

14. Usama Hamdan

15. Musa Abu Marzook

16. Abdel Aziz Rantisi

17. Khalid Mishaal

18. Imad Khalil Al-Alami

19. Sheik Ahmed Yassin

20. Human Appeal International

21. Humanitarian Relief Foundation
22. Muslim Hands
23. Muslim Aid / Educational Aid for Palestinians