**MINUTE ORDER**

**05cv04622 (CPS) WEISS ET AL V. NATIONAL WESTMINSTER BANK**
**06cv00702 (CPS) STRAUSS ET AL V. CREDIT LYONNAIS, S.A.**
**07cv00914 (CPS) WOLF ET AL V. CREDIT LYONNAIS, S.A.**
**07cv00916 (CPS) APPLEBAUM ET AL V. NATIONAL WESTMINSTER BANK, PLC**

This order sets forth the rulings made on the record at a conference on September 24, 2008.

1. In letter motions filed on 9/4/2008, the Weiss and Applebaum plaintiffs seek to compel defendant National Westminster Bank ("NatWest") to produce documents within the requested time period of 1980 through the present, rather than from January 1, 1996 through September 24, 2004, the date of the last attack alleged in the Applebaum complaint. See Weiss: ct. doc. 160; and Applebaum: ct. doc. 52. The Court finds that documents created after September 24, 2004 may lead to admissible evidence regarding the knowledge of NatWest prior to September 24, 2004. Likewise, the earlier documents from the customer file of Interpal, although quite attenuated in time from the attacks at issue, may also yield admissible evidence regarding knowledge of NatWest.

Thus, the motion is granted to the following extent: NatWest must produce by October 23, 2008 (a) all documents in the customer account files for INTERPAL from the inception of the account; (b) all internal bank communications from 9/24/04 through 9/25/2005 that relate or pertain to INTERPAL contained in the records of the four departments discussed on the record (Group Security, Fraud, Risk Management, Payment Operations); and (c) with respect to all other categories of documents requested, Nat West must also produce documents for the time period from 9/24/04 through 9/25/05.

This ruling is without prejudice to an application by Nat West to narrow the time period for production of documents relating to banking transactions not involving Interpal required by subsection (c) above. The parties shall confer regarding

production of other internal bank documents for the period after 9/25/05.

    2. Both defendants NatWest and Credit Lyonnais ("CL") have moved for protective orders on grounds of relevancy and burdensomeness with respect to various records concerning different entities alleged by plaintiffs to be HAMAS front organizations and, in response, the plaintiffs in all four actions have cross moved to compel production of documents pertaining to additional entities and individuals that may be part of the fundraising network or humanitarian arm of HAMAS ("subject entities").  See Weiss: ct. docs. 156, 166; Applebaum: ct. docs. 48;[*] Strauss: ct. docs. 150;[*] Wolf: ct. docs. 67, 76. In light of the statements of plaintiffs' counsel regarding the selection of the various additional persons and entities as to which documents are sought and submissions and prior proceedings, the Court finds that the body of relevant evidence should not be limited to documents concerning the services that the defendant banks directly provided to Interpal and CBSP.  Thus, the defendants' motions for a protective order are denied and plaintiffs' cross motions to compel are granted as follows.

    To minimize the burden on defendants in having to make repeated searches of the same body of documents and electronically stored information for responsive documents, plaintiffs are given one last opportunity to present a final list of subject entities as to which documents are sought in their document requests number 10.  The Weiss/Applebaum plaintiffs must submit to NatWest a "final list" of subject entities by Nov. 13, 2008 or 21 days after NatWest produces the post-9/2004 documents

---

[*] The docket sheets in Applebaum and Strauss do not reflect the docketing of their counsel's letter dated September 4, 2008 containing their response to NatWest's motion and cross motion. However, the letter filed under seal in Weiss (ct. doc. 166) also references Applebaum and the letter filed in Wolf (ct. doc. 76) references Strauss.  Accordingly, the plaintiffs' cross motions are deemed filed in Applebaum and Strauss.

it has been ordered to produce, whichever is later.  The
Strauss/Wolf plaintiffs must submit a final list of the subject
entities by Oct. 15, 2008.

For each subject entity on the final lists sent to NatWest
or Credit Lyonnais, as the case may be, each defendant must (1)
produce the entire customer file(s) for any subject entity that
is or was a customer and (2) produce copies of electronically
store records for those subject entities on the final lists that
are not customers of either defendant bank.

3.  With respect to any document created on or after
September 29, 2005 withheld from production by either defendant
on the ground that the document is protected from disclosure by
the attorney-client privilege or as work product, the defendant
claiming protection need not include the withheld document on a
privilege log if the document is addressed to or from outside
counsel in this litigation.

4.  In addition to the rulings on the record, the Court
further orders that the relevant time period with respect to
transactional documents (i.e., non-electronically store
information) covered by paragraph 2 shall be from 1/1/96 through
9/25/05 and, insofar as any documents required to be produced in
subparagraph 1(c) pertain to subject entities for which
defendants have previously made production, the additional
information required to produced shall be as set forth in
paragraph 2.

**SO ORDERED.**

Dated:    Brooklyn, New York
          September 26, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE