## CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

Writer's Direct Dial +1 212 225 2840
E-Mail: lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO

September 12, 2011

BY ECF

Hon. Marilyn D. Go, U.S.M.J.
United States Courthouse
225 Cadman Plaza East, Room 1214S
Brooklyn, New York 11201

Re: <u>Applebaum, et al. v. National Westminster Bank, Plc</u>, 07-cv-916 (DLI) (MDG)
<u>Weiss, et al. v. National Westminster Bank, Plc</u>, 05-cv-4622 (DLI) (MDG)

Dear Magistrate Judge Go:

I am responding on behalf of National Westminster Bank ("NatWest") to plaintiffs' September 6, 2011 request that the Court order NatWest to produce all materials relating to NatWest's January 6, 2006 and August 21, 2006 disclosures about Interpal to the National Criminal Intelligence Service of the London Metropolitan Police (the "2006 Disclosures"), despite the fact that all of these documents were created after the September 25, 2005 discovery cut-off date for NatWest's production of documents concerning Interpal that Your Honor specified in her September 26, 2008 Order in these lawsuits (<u>Weiss</u> Docket No. 172), rejecting plaintiffs' prior demand for documents created after that date. Your Honor set that cut-off date based on her ruling that documents created more than one year after the last attack at issue in these lawsuits, in September 2004, are not relevant to NatWest's <u>scienter</u> during the period before the last attack, which is the only basis on which plaintiffs have demanded these documents. September 24, 2008 Hearing Tr. at 38:20-24 (stating with respect to September 25, 2005 that "the knowledge of the bank" becomes "more attenuated after this date.").

Plaintiffs' pretext for demanding these documents now, three years after Your Honor ruled that NatWest's documents created after September 25, 2005 are not relevant, and long after the close of all fact discovery in these cases, is that I briefly referred to the 2006 Disclosures in the "Background" section of my August 19, 2011 letter to the Court in support of NatWest's motion for an order compelling plaintiffs to supplement their responses to certain of NatWest's contention interrogatories. But as plaintiffs admit, I referred to these documents in my August 19 letter solely to provide the Court with appropriate context concerning NatWest's extensive disclosures about Interpal to UK law enforcement authorities and regulators and those

agencies' investigations of and decisions about Interpal, exclusively to aid the Court in considering the contention interrogatories at issue, which focus on those subjects. Specifically, because contention interrogatories 17 and 18 both concern the knowledge and information available to UK law enforcement authorities and regulators, following my summaries in my August 19 letter of 13 NatWest disclosures and UK government actions concerning Interpal that occurred before the September 25, 2005 relevance cut-off date, I added two one sentence summaries of the 2006 Disclosures, solely to provide the Court with more of the chronology of NatWest's disclosures concerning Interpal, both during the relevance period and thereafter. I certainly did not refer to the 2006 Disclosures with the intention of (a) expanding the relevance period that Your Honor set in 2008, (b) waiving NatWest's consistent objection to producing documents created so long after the last attack at issue, and therefore irrelevant to NatWest's scienter before that last attack, (c) waiving NatWest's consistent reliance upon Your Honor's 2008 ruling that NatWest's documents created after September 25, 2005 are not relevant, rejecting plaintiffs' demand for documents created thereafter, or (d) re-opening fact discovery, which was concluded long ago.

Further, NatWest has never claimed that the 2006 Disclosures are relevant to plaintiffs' claims or NatWest's defenses, nor could it do so, in light of the Court's prior ruling that documents created after September 25, 2005 are not relevant. To the contrary, I expressly reaffirmed to plaintiffs the week before last that NatWest will not rely upon the 2006 Disclosures in support of its defenses in these cases. And in their September 6 letter demanding these documents, plaintiffs acknowledge they had no prior need for them, and instead are now demanding them due only to "Nat West's strategic decision to selectively wield them at this late date." But NatWest is not "selectively wield[ing]" these documents at all. Rather, I referred to them in my August 19 letter solely to provide context for the Court's consideration of NatWest's motion concerning plaintiffs' inadequate and improper responses to NatWest's contention interrogatories, not because NatWest believes these documents are relevant to the merits of these lawsuits, as they are not.

Plaintiffs' further argument that they are entitled to receive the 2006 Disclosures to test whether my one sentence summaries of them in my August 19 letter are accurate is unavailing because, under the Court's 2008 Order, these documents simply are not relevant.[1] And plaintiffs' assertion that my reference to the 2006 Disclosures in my August 19 letter makes those disclosures "newly discovered evidence" that warrants "modification of the Court's September 26, 2008 Order" is nonsense. These documents are not "newly discovered" evidence that is relevant to plaintiffs' claims or NatWest's defenses. Plaintiffs have long known that NatWest possesses documents concerning Interpal that were created after the relevance cut-off date, but the Court rejected plaintiffs' demand for those documents three years ago. If the mere

---

[1] Plaintiffs also seek all materials related to the 2006 Disclosures, defined to include "all communications and documents concerning these disclosures, including without limitation, drafts, Goalkeeper reports, internal suspicious activity reports, e-mails, memoranda, and analysis." The breadth of this demand underscores that plaintiffs' suggestion that my summaries of the 2006 Disclosures are inaccurate is a further pretext, and instead plaintiffs hope to exploit my brief reference to these documents in my August 19 letter to re-argue the Court's 2008 ruling and extend the relevance period beyond September 25, 2005.

Hon. Marilyn D. Go, U.S.M.J., p. 3

existence of documents created after a court-ordered relevance cut-off date were sufficient to cause that date to be modified, then any cut-off date would be meaningless.[2]

The Court should also reject plaintiffs' attempt to re-argue the point that the Court rejected in 2008 when it ruled that NatWest need not produce documents concerning Interpal created after September 25, 2005, by contending that the 2006 Disclosures are pertinent to NatWest's scienter before the date of the last attack at issue two years earlier, in September 2004. Oddly, plaintiffs argue they wish to test the credibility of testimony such as that provided by NatWest witness Amanda Holt, who, as plaintiffs state, was asked "[w]hat would have been sufficient to persuade you in 2005, … that Interpal was supporting terrorists and the bank should stop doing business with them?" (emphasis added). Obviously, NatWest's disclosures about Interpal in 2006 could not pertain to Ms. Holt's testimony about her state of mind in 2005, let alone in 2004.[3] Finally, the Court should also reject plaintiffs' argument that they need the 2006 Disclosures to assess whether the 2006 funds transfer by CBSP to Interpal that is the subject of those disclosures "suggested 'a genuine suspicion' of terrorism financing." Obviously a funds transfer in 2006 cannot bear on NatWest's scienter as of the date of the last attack, in 2004. Moreover, as plaintiffs concede in footnote 5 of their letter, NatWest disclosed to plaintiffs years ago 14 transactions between CBSP and Interpal, and plaintiffs had ample opportunity to pursue discovery on this subject.

Accordingly, the Court should deny plaintiffs' demand for production of the 2006 Disclosures and other documents concerning them.

Respectfully,

*Lawrence B. Friedman*

Lawrence B. Friedman

cc: All counsel of record

---

[2] Plaintiffs' reliance upon Star Direct Telecom, Inc. v. Global Crossing Bandwith, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011), is also nonsense, because that decision concerns the duty to supplement discovery responses with respect to relevant information. Here, plaintiffs seek documents the Court has previously ruled are irrelevant.

[3] Moreover, a complete examination of Ms. Holt's testimony demonstrates it is completely consistent with NatWest's showing, as evidenced by its six other disclosures summarized in my August 19 letter, that it was suspicious of possible terror financing by Interpal, which is precisely why NatWest made multiple reports to UK law enforcement authorities and regulators on this subject.