**MINUTE ORDER**
**Weiss, et al. v. National Westminster, 05-cv-4622 (DLI)(MDG)**

This order summarizes rulings made on the record during a conference held on 9/15/11.

1.  With respect to defendant's [243] motion to compel interrogatory responses, plaintiffs' objections on grounds of relevance are overruled and the motion is granted as follows:

    a.  plaintiffs must provide a more specific response to interrogatory 17 subject to any objections they deem appropriate as to the limits of their knowledge on the subject.  Plaintiffs may provide separate responses as to what information UK law enforcement agencies had in their possession and what information they could have requested from Interpal;

    b.  plaintiffs must provide a response to interrogatory 18;

    c.  plaintiffs must provide a more specific response to interrogatory 20 which may be similar to its response to interrogatory 1.  For example, plaintiffs need not identify each transfer that they claim violated 18 U.S.C. § 2339B and/or 18 U.S.C. § 2339C.

    d.  plaintiffs must provide a response to interrogatory 24 without distinguishing between their contentions during their case-in-chief as opposed to on rebuttal.

2.  Plaintiffs' [247] motion to compel interrogatory responses is granted to the following extent:

    a.  defendant must continue to search the Goalkeeper system for information responsive to interrogatory 22.

3.  With respect to plaintiffs' [245] motion to compel documents, defendant must produce the two disclosures identified in its motion to compel.  This Court's prior ruling setting a limit on the temporal scope of defendant's production was based on concerns of burden which are not implicated with respect to these documents.  Plaintiffs may renew their request for additional documents related to the disclosures after they have reviewed the disclosures themselves.

**SO ORDERED.**

Dated:     Brooklyn, New York
           September 16, 2011

                                        _____/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE