UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
:
TZVI WEISS, et al., :
:
                Plaintiffs, :
: Case No. 05-cv-4622 (DLI) (MDG)
       - against - :
:
NATIONAL WESTMINSTER BANK PLC, :
:
                Defendant. :
:
----------------------------------------------------------------X
:
NATAN APPLEBAUM, et al., :
:
                Plaintiffs, :
:
       - against - : Case No. 07-cv-916 (DLI) (MDG)
:
NATIONAL WESTMINSTER BANK PLC, :
:
                Defendant. :
:
----------------------------------------------------------------X

## SUPPLEMENTAL PROTECTIVE ORDER

     In the early stages of these two cases, the Court issued a protective order which, inter alia, concerned the protection from public disclosure and dissemination of documents and information exchanged in discovery and included in Court filings. See Protective Order filed February 16, 2006 in Weiss (ct. doc. 46) and Protective Order filed on July 18, 2007 in Applebaum (ct. doc. 27), which shall collectively be called the "Prior Orders." The Prior Orders are amended as follows:

I.   Protected Materials That May Be Filed Under Seal.

     A.     The provisions in the Prior Orders regarding the sealing of information or documents designated as "Confidential" or "Highly Confidential" set forth in subsections 2(f) of

the Prior Orders are vacated and superceded by this Order. Except as expressly set forth in this Order, the other portions of the Prior Orders shall remain in effect, including the provisions governing the conduct of the parties and non-parties as to disclosure and dissemination of information or documents designated as "Confidential" or "Highly Confidential."

      B.      Hereinafter, documents or information may be filed under seal or redacted only if the documents or information are within the definition "Protected Information" set forth in paragraphs II.A(i) – II.A(viii) and only if the procedures and requirements set forth herein regarding sealing and redactions are followed.

II. Protected Information.

      A.      Only the following documents and information shall constitute "Protected Information":

          (i)      specific transactions that Interpal, or other NatWest customers whose account records were disclosed to plaintiffs in these lawsuits ("Other NatWest Customers"), conducted in their accounts with NatWest (including cash operations, portfolio operations or lending operations);

          (ii)      Interpal's and Other NatWest Customers' account numbers, except as provided in the attached Annex;

          (iii)      the types of Interpal's and Other NatWest Customers' accounts, except as provided in the attached Annex;

          (iv)      Interpal's and Other NatWest Customers' transfer, collection, withdrawal and payment instructions to NatWest;

          (v)      Interpal's and Other NatWest Customers' account balances;

      (vi)    the identities of transferees and depositors into Interpal's and Other NatWest Customers' accounts, including their names, addresses, the location of their bank accounts and their bank account numbers;

      (vii)    the contents of NatWest's communications with UK law enforcement and regulatory authorities concerning Interpal and Other NatWest Customers; and

      (viii)    other personal or confidential documents and information that the Court may designate upon application of a party for leave to file under seal.

B.    No document or information that has already been produced may be designated as containing "Protected Information" except as provided in this Supplemental Protective Order.

C.    The parties must make a good faith effort to minimize the amount of redactions or number of documents to be sealed. Prior to filing any document under seal or filing a document with redaction of Protected Information, the parties must confer on whether the document may be sealed in its entirety or whether a document contains Protected Information that should be redacted from a filing.

      (i)    Except as set forth in (ii) or otherwise expressly ordered, each side must serve its motion papers on the other side in unredacted form and a marked copy with proposed redactions and sealed portions eight business days thereafter. The receiving party must respond to the proposed redactions within five business days thereafter with any further proposed redactions or portions to be sealed or opposition to the redactions.

      (ii)    With respect to reply papers or the final submission with respect to a motion, the side serving the final submission must serve a marked copy with proposed redactions and sealed portions within five business days after service of the reply or final submission and the other side must respond to the redactions within three business days.

(iii)   Should the parties be unable to resolve any dispute over redactions or sealing, they should promptly file an application with the Court.

D.   Documents and information that are or contain what has been classified as Protected Information in <u>Strauss v. Crédit Lyonnais</u>, no. 06-CV-702 (DLI) (MDG) and <u>Wolf v. Crédit Lyonnais</u>, no. 07-cv-914 (DLI) (MDG) will be treated in accordance with the Supplemental Protective Order in <u>Strauss</u> and <u>Wolf</u> to the extent they are included in Court filings in <u>Weiss</u> and <u>Applebaum</u>.

III.   <u>Sealed Documents.</u>

A.   Hereinafter, the only documents containing Protected Information that may be filed under seal in their entirety are (i) the banking records that defendant NatWest produced in discovery and that were records created in the course of the defendant's business relationship with Interpal or Other NatWest Customers ("Original Bank Records") and (ii) NatWest's communications with UK law enforcement and regulatory authorities concerning Interpal and Other NatWest Customers.

B.   All other documents not described in subsection A above, which contain Protected Information, including documents created in connection with these actions, such as memoranda of law, expert reports, affidavits and deposition testimony, may not be filed under seal in their entirety but may be redacted as discussed below in section IV.

IV.   <u>Redactions of Protected Information from Documents.</u>

A.   Protected Information contained in a filing other than Original Bank Records and NatWest's communications with UK law enforcement and regulatory authorities concerning Interpal and Other NatWest Customers may be redacted from the filing.

4

B.  Information which aggregates information contained in Original Bank Records need not be redacted, but specific information which would reveal specific banking transactions, including amounts, dates and persons involved, and NatWest's communications with UK law enforcement and regulatory authorities concerning Interpal and Other NatWest Customers should be redacted.

C.  The fact that NatWest had communications with UK law enforcement and regulatory authorities concerning Interpal and Other NatWest Customers need not be redacted.

V.  <u>Public Filing of Submissions Containing Protected Information.</u>

A.  The parties must file via electronic case filing ("ECF") all submissions with respect to a particular motion or application or group of motions (including cross motions) only after the motion or group of motions are fully briefed and within eight business days after the later of

(i) service of the receiving party's response to proposed redactions by the party serving the last submission, if there are no disputes regarding redactions or portions to be sealed, or

(ii) a ruling by the Court on redactions or portions to be sealed.

B.  If any portion of a document is to be filed under seal, there must be a publicly filed document describing the document or documents filed under seal (such as bank statements, wire transfer confirmation) and the number of pages of the sealed document. If practicable, the description of the sealed document may be included as part of the filing or an exhibit to the filing. For example, if certain Original Bank Records are attached as Exhibit A to a declaration, the declaration filed should include a page stating Exhibit A (bank statements, 10 pages) filed under seal.

    C.    The documents permitted to be filed under seal shall be separately filed by the party or parties submitting the documents. The submission should be filed as a single filing corresponding to the original public filing. If a document is filed via ECF under seal, the parties need not submit hard copies of the document for filing.

VI.    <u>Courtesy Copies.</u>

After the documents are filed within the time set forth in section V, courtesy copies of the complete submission must be provided to the chambers of the Honorable Dora L. Irizarry in accordance with her motion practice and rules. All such papers must be clearly marked "Courtesy Copy," "Original Filed by ECF," "Assigned Document Number __" and, if applicable, "Contains Protected Information." Any submission containing Protected Information should be clearly marked to indicate the portions of the submission that are redacted or filed under seal as Protected Information.

SO ORDERED.

Dated:    Brooklyn, New York  
            December __, 2011

                                                              MARILYN D. GO  
                                                              UNITED STATES MAGISTRATE JUDGE