```
                              UNITED STATES DISTRICT COURT
                              EASTERN DISTRICT OF NEW YORK


--------------------------------X
                                :
WEISS, et al.,                  :
                                :    05-CV-4622
            Plaintiffs,         :
                                :
        v.                      :
                                :    225 Cadman Plaza East
NATIONAL WESTMINSTER BANK,      :    Brooklyn, New York
                                :
            Defendant.          :    December 19, 2011
--------------------------------X

            TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
               BEFORE THE HONORABLE MARILYN D. GO
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:         AARON SCHLANGER, ESQ.
                            JOSHUA D. GLATTER, ESQ.
                            OSEN LLC
                            2 University Plaza
                            Suite 201
                            Hackensack, New Jersey 07601



For the Defendants:         LAWRENCE B. FRIEDMAN, ESQ.
                            Cleary Gottlieb Steen &
                              Hamilton LLP
                            1 Liberty Plaza
                            New York, New York  10006




Court Transcriber:          SHARI RIEMER
                            TypeWrite Word Processing Service
                            211 North Milton Road
                            Saratoga Springs, New York  12866




Proceedings recorded by electronic sound recording, transcript
produced by transcription service
```

2

1  [Proceedings began at 11:30 a.m.]
2  THE COURT: Weiss v. NatWest, Docket Number 2005-CV-
3  04622, Applebaum v. NatWest, Docket Number 2007-CV-00916.
4  Will counsel appearing by telephone please state
5  their names for the record? For the plaintiff.
6  MR. SCHLANGER: Aaron Schlanger on behalf of the
7  Weiss plaintiffs. Also Joshua Glatter --
8  THE COURT: Why don't you speak up? Or I'll just ask
9  you to identify yourselves when you do speak.
10  THE COURT: Joshua Glatter and Joel Israel. For the
11  defendant?
12  MR. FRIEDMAN: Lawrence Friedman and Valerie
13  Schuster, David Levy.
14  THE COURT: I've taken a look at the motion papers.
15  I'm going to grant the application. I'm not persuaded that
16  the burden is that great. That's on the motion to compel that
17  was filed on November 8th.
18  MR. FRIEDMAN: May I ask, Your Honor. There were
19  two applications or there were two formulas that plaintiff
20  proposed. One was just to have us produce the rest of what's
21  on the Goalkeeper system. The other was to have us go back
22  and search documents that we searched before that will have to
23  be taken out of archive and tapes will have to be examined.
24  Can we limit the production to what's available on the
25  Goalkeeper system and then without prejudice to them again

3

1 coming back and saying if they need anything more?  Otherwise
2 we're going to delay -- I fear we're going to delay the
3 summary judgment briefing schedule and hopefully plaintiffs
4 will be satisfied by what's on the Goalkeeper system.  And I
5 could get that to them within a week.
6          THE COURT: Okay.  I think that's fair enough.
7          MR. FRIEDMAN: Thank you, Your Honor.
8          THE COURT: The supplemental protective order.  I
9 just want to make clear then, the appendix, the accounts and
10 the annex are accounts that will not be protected; right?
11          MR. SCHLANGER: That is correct, Your Honor.
12          THE COURT: In toto, everything.
13          MALE VOICE:  No, no, no.
14          MALE VOICE:  It will just be the account numbers.
15          MALE VOICE:  It's the listed information about the
16 account, not everything about the account.
17          MALE VOICE:  Can I just ask if counsel -- and this
18 goes to my colleagues as well.  Can you all just announce
19 who's speaking at any given time because actually it's not
20 always clear on this end of the connection.
21          MR. FRIEDMAN: It's Larry Friedman.  I think we're
22 all agreed as the annex says that it's the information that is
23 listed about the accounts, not everything about the accounts
24 that need not be redacted.
25          MR. SCHLANGER: This is Eric Schlanger.  That's

4

1 correct. The annex is just a list of the account numbers and
2 I guess the name or type of account that is listed there which
3 was publicly available information. So only that issue would
4 not be redacted but if there's other documents relating to the
5 account that would still be considered confidential.
6        THE COURT: So really you're talking about the
7 accounts and the account number, account names and the account
8 numbers?
9        MR. SCHLANGER: That's correct.
10        THE COURT: Okay. It wasn't clear to me. I have you
11 talked about whatever procedures you're going to follow with
12 respect to -- I mean you have it in here but I guess what you
13 need to do is perhaps in a separate letter once you're more
14 certain about the preparation -- deadlines for completion of
15 the motion submissions to submit some sort of deadline for
16 filing redacted copies. Do you need to have supervision over
17 the exchange of submissions and redactions?
18        MR. FRIEDMAN: Your Honor, if I may just for
19 convenience. We've already served our initial motion papers
20 and I'll give you two dates if I may. The parties have agreed
21 that we will send, because we weren't sure when Your Honor
22 would enter this order --
23        THE COURT: Yes.
24        MR. FRIEDMAN: We have agreed that we will provide
25 our proposed redactions on our motion papers to plaintiffs on

```
                                                                    5
 1   January 9 and they will send their responses on January 17th.
 2   Otherwise what's provided in the order will govern.
 3   Plaintiff's opposition is due on January 30 and I believe our
 4   reply is due February 29.  So what the order provides will
 5   govern but as the papers have already been served we've agreed
 6   to January 9 and January 17.
 7             THE COURT: Okay.  All right.  I think you've done a
 8   good job trying to tailor what's protected and I appreciate
 9   that.
10             MR. FRIEDMAN: Thank you, Your Honor.  We wish you
11   the best of holidays.
12             THE COURT: Same here.
13             MR. GLATTER: Your Honor, this is Mr. Glatter in New
14   York again.  If I could ask Your Honor just on one question to
15   return to -- with respect to Your Honor's order on the motion
16   to compel for the 2006 disclosure related documents. Certainly
17   as we know we don't have any opposition to defendant producing
18   the Goalkeeper report.  Mr. Friedman indicated he could likely
19   produce any responsive materials of that nature in a week but
20   the one thing we would also ask is that it seems fair to ask
21   that to the extent that the Goalkeeper reports, which
22   presumably defendant will review before they produce them to
23   us, make reference to other documents.  For example,
24   referencing an email or some kind of other communication
25   exchange between employees at the bank.
```

6

1      We'd ask that the defendant at least make an effort
2 to also identify and to the extent available produce those
3 related communications that are referenced in the Goalkeeper
4 reports to the extent that they may not necessarily have been
5 literally scanned in, or if they're able to ascertan sourcing
6 out and producing those related communications is difficult
7 they can at least advise us of that.
8      But we think that's common sense and we'll hopefully
9 mitigate the risk that we'll have to come back to Your Honor
10 with additional motion practice pointing to materials that are
11 referenced in these reports.
12      MR. FRIEDMAN:  Josh, if I may.  Why don't we cross
13 that bridge when we come to it and common sense will be my
14 guide.
15      THE COURT:  Okay.  Without raising your hopes too
16 much, Mr. Friedman, I have to say that I do think that what's
17 being sought is at the outer limits of what's relevant even
18 though I did find that documents outside of a one year period
19 after the last attack would certainly have some -- could yield
20 evidence on the state of mind of the defendant.  It's not so
21 clear to me that's what was produced would but be that as it
22 may that's -- I don't have the complete knowledge that the
23 plaintiffs have and if you do want to come back and ask for
24 more you're going to have to explain a little more thoroughly
25 to me.

7

1                MR. FRIEDMAN:  I don't want to reargue the point,
2   Your Honor, but you read our letter in which we noted that all
3   the things Mr. Glatter cited in the 2006 disclosures that he
4   thought gave a clue of relevance of underlying documents are
5   facts that were already known to them but Your Honor has ruled
6   and we'll put these documents together and we'll proceed from
7   there.
8                THE COURT:  Okay.
9                MR. GLATTER:  Yes.  I understand Your Honor's ruling
10  and position and certainly we'll be mindful of your
11  expectation going forward to the extent that there are any
12  follow on requests that we are unable -- if any, that we'd be
13  unable to consensually resolve with the defendant.
14               THE COURT:  All right.
15               MR. FRIEDMAN:  Thank you, Your Honor.
16               THE COURT:  So have a good holiday season.
17                              * * * * *

```
                                                                    8
 1        I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4                         [signature]
 5                         _____
 6                              Shari Riemer
 7   Dated:  December 22, 2011
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```