# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON
MOSCOW · FRANKFURT · COLOGNE · ROME · MILAN
HONG KONG · BEIJING · BUENOS AIRES · SÃO PAULO

Writer's Direct Dial  +1 212 225 2840
E-Mail:  lfriedman@cgsh.com

LESLIE B. SAMUELS
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
JOHN PALENBERG
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RAYMOND B. CHECK

RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRÉS DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRALDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA

BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
CHRISTOPHER P. MOORE
JOON H. KIM
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
JONATHAN S. KOLODNER
HUGH C. CONROY, JR
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
DANIEL ILAN
CARLO DE VITO PISCICELLI
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
RESIDENT COUNSEL

May 1, 2012

<u>BY ECF</u>

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI)(MDG)
Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI)(MDG)
Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI)(MDG)
<u>Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI)(MDG)</u>

Dear Judge Go:

As Your Honor knows, this firm represents defendants Crédit Lyonnais, S.A. ("CL") and National Westminster Bank Plc ("NatWest") (collectively, "defendants") in the above-referenced matters.  I am writing to request that the Court compel the plaintiffs who have been designated to testify at any liability trial in the event defendants' pending summary judgment motions are denied – the only plaintiffs with respect to whom damages discovery is ongoing under the Court's orders bifurcating liability and damages issues for purposes of discovery and trial in these cases – to provide defendants' counsel with authorizations that will enable us to obtain (a) relevant income and employment information concerning these plaintiffs directly from the Internal Revenue Service (the "IRS") and the Social Security Administration (the "SSA") and (b) personnel records from these plaintiffs' past and present employers, all of which bear directly on these plaintiffs' damages claims.  These plaintiffs have refused to provide these authorizations, contending that, instead of seeking the relevant documents directly from the IRS and the SSA and these plaintiffs' past and present employers, defendants should be required

Honorable Marilyn D. Go, p. 2

to rely on these plaintiffs themselves to gather and produce complete versions of these documents. Importantly, these plaintiffs appear not to object to defendants having the information defendants seek. Rather, these plaintiffs object only to defendants obtaining that information directly from the IRS, SSA and these plaintiffs' past and current employers. That objection is meritless because proceeding by means of these authorizations will alleviate rather than impose any burden for these plaintiffs, and is the only means by which defendants can be assured they will receive complete versions of the information they are entitled to receive. Hence, the Court should direct plaintiffs to execute and deliver to defendants' counsel signed versions of the authorizations that defendants' counsel has provided.

       1. IRS and SSA authorizations. These authorizations unquestionably will lead to the discovery of relevant evidence, and to our understanding the objecting plaintiffs do not allege otherwise. CL and NatWest seek these authorizations to obtain complete employment and wage information concerning these plaintiffs directly from the IRS and the SSA, and complete records reflecting any applications for disability benefits by these plaintiffs from the SSA. These records are relevant for three reasons. First, the employment and wage information to be obtained from the IRS and the SSA is directly relevant to the claims for lost wages that have been made by several of these plaintiffs, among other reasons because they will provide defendants with complete information concerning these plaintiffs' employment both before and after they sustained their injuries. See, e.g., Bonta v. Accor North America, Inc., No. 07-cv-735S, 2010 WL 2869535, *2-3 (W.D.N.Y., July 20, 2010). Second, for all of these plaintiffs, information concerning their employment after they sustained their injuries is also relevant to the credibility of their injury claims. See id. Third, the disability records to be obtained from the SSA obviously will also bear on the credibility of plaintiffs' claims of physical and psychological injury. See Robinson v. U.S., 205 F.R.D. 104, 107 (W.D.N.Y. 2001).

       Moreover, the authorizations defendants have prepared for these plaintiffs to sign are narrowly tailored to obtain the employment, wage and disability information that defendants are entitled to receive directly from the IRS and SSA.

       Finally, because the authorizations defendants seek contemplate the disclosure of these plaintiffs' tax returns, defendants must show not only that these returns are relevant – as they have shown above – but also, in part "because of 'the private nature of the sensitive information contained therein . . . ,'" that defendants "have a compelling need because the information is not readily obtainable from a less intrusive source." Dunkin' Donuts Franchised Rests. LLC v. Grand Central Donuts, Inc., No. 07-cv-4027, 2009 WL 973363, at *2 (E.D.N.Y. Apr. 9, 2009) (Go, M.J.). Your Honor has written that, to satisfy this requirement, "a party must show that it attempted to obtain the requested information through the discovery of other documentary evidence such as financial records or through the use of any other less intrusive discovery device." Id. (citations omitted). Defendants plainly meet this test.

       First, at least two of these plaintiffs have already produced several of their federal tax returns and Form 1099 statements, and plaintiffs' counsel has promised to produce "documented proof of wages" for those plaintiffs asserting lost wage claims. These plaintiffs

have therefore conceded that (a) these materials and the information they contain are relevant, and (b) these plaintiffs' objections to providing the authorizations defendants seek are not motivated by the type of privacy concerns that this Court's test is intended to address, but rather simply by these plaintiffs' preference for gathering and producing their tax information themselves. But that is not a proper basis for objecting to the authorizations defendants seek. The Court should not subject defendants to the substantial risk that these plaintiffs do not have copies of and/or will fail to produce any copies they do have of relevant documents that defendants are entitled to receive. The risk that plaintiffs' gathering and production of documents will be incomplete is particularly great here, because defendants seek this information for a period of three years prior to the relevant attacks – thus as far back as 1999 – to the present. And this risk is not theoretical – at least one of these plaintiffs has already produced incomplete copies of her tax returns.

Second, the forms these plaintiffs can provide are unlikely to contain all of the information to which defendants are entitled concerning these plaintiffs' prior employers and wages. The same is true of the vague and incomplete employment information these plaintiffs have provided in the questionnaires they have filled out at defendants' request.

Third, it would be highly inefficient and more burdensome to these plaintiffs, and certainly to defendants, to postpone the availability of this information until after these plaintiffs appear for their respective depositions. If, as can be expected, these plaintiffs are unable at their depositions to provide all of the relevant information from memory, defendants will then need to renew their requests for the appropriate documentation, and after receiving those materials, they will need to depose these plaintiffs again. Moreover, the Court should not subject defendants to the risk that these plaintiffs' recollections at their depositions will be incorrect.

For precisely these reasons, courts routinely require plaintiffs to provide these types of authorizations to release records directly from the IRS and SSA. See Bonta, 2010 WL 2869535, at *2-3 (ordering plaintiff to produce authorizations to release documents from the IRS and SSA, even where plaintiff had produced W-2 statements); Robinson, 205 F.R.D. at 107-08 (ordering plaintiff to provide authorizations to release tax records from the IRS and disability records from the SSA despite plaintiff's sworn affidavit denying that he applied for disability benefits).

2. Employer authorizations. Defendants also seek authorizations from these plaintiffs to obtain personnel records from their past and present employers. As with tax records, the employment records of a plaintiff seeking recovery of lost wages plainly are discoverable. See Robinson, 205 F.R.D. at 106-07. Moreover, personnel records may contain information that is relevant to the injuries each plaintiff has alleged. See, e.g., id. at 106; Bonta, 2010 WL 2869535 at *3; Khan v. Delta Airlines, Inc., No. 10-cv-2080, 2010 WL 3210717, at *8 (E.D.N.Y. Aug. 12, 2010). Both common sense and Rule 26 therefore require that these plaintiffs produce authorizations to release their employment records. To the extent that these employment records contain irrelevant information, defendants' counsel will maintain that

Honorable Marilyn D. Go, p. 4

information in confidence, under the terms of the protective orders that govern all of these cases.
The same is true of information disclosed in the IRS and SSA records.

Plaintiffs' counsel has not articulated any basis for declining to provide
authorizations to obtain relevant information from these plaintiffs' prior employers other than by
arguing that these plaintiffs can provide this information themselves. But these plaintiffs have
already failed to provide in their responsive questionnaires clear and complete information about
their prior and subsequent employment histories, and in any event the Court should not impose
on defendants the substantial risk that plaintiffs will not provide all of their information and will
not do so clearly and completely. Rather, the more reliable and efficient course is to permit
defendants to obtain this information from the relevant employers themselves, based on
authorizations for the release of this information provided by these plaintiffs.

Finally in this regard, as with the IRS and SSA authorizations defendants seek, it
would be wasteful and inefficient to postpone these inquiries until after these plaintiffs are
deposed, because they are highly unlikely to be able to provide from memory all of the
employment information defendants are entitled to receive, thereby necessitating further
depositions after the relevant documents were obtained. Further, the Court should not subject
defendants to the substantial risk that plaintiffs' recollections concerning their respective
employment histories are mistaken or otherwise flawed. Rather, the Court should grant
defendants complete access to the actual underlying records themselves.

Accordingly, for the reasons stated above, CL and NatWest respectfully request
that the Court order the plaintiffs at issue to produce executed authorizations for defendants'
counsel to receive these plaintiffs' (i) wage and employment records from the IRS and SSA, (ii)
records concerning their requests for disability benefits from the SSA and (iii) personnel records
from past and present employers.

Respectfully,

Lawrence B. Friedman

cc: All counsel of record