## CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

Writer's Direct Dial +1 212 225 2840
E-Mail: lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO

May 11, 2012

BY ECF

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI)(MDG), Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI)(MDG), Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI)(MDG), Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI)(MDG)

Dear Judge Go:

   I am writing to reply briefly to plaintiffs' May 7 letter, which opposes my May 1 request that the plaintiffs who have been designated to testify at any liability trial be required to sign authorizations permitting us to obtain accurate and complete income and employment information concerning these plaintiffs directly from the IRS and SSA and their past and present employers, so that defendants are not unfairly forced to rely on these plaintiffs' own less accurate and less complete records.

   1. <u>The "Profile Form" these plaintiffs previously completed does not provide the information defendants seek and to which they are entitled</u>. Plaintiffs' first argument is that the information at issue is disclosed in the "Profile Form" they completed at defendants' request. That is untrue. Only those plaintiffs claiming lost wages provided any employment information on this form. But as shown in my May 1 letter, that information is relevant to the credibility of <u>all</u> of these plaintiffs' injury claims. Further, these plaintiffs did not identify their past or present employers on this form. Finally, many of these plaintiffs' responses are incomplete. For example, one admitted, unsurprisingly, that she did not have complete records of her wages.

      2. <u>Plaintiffs are highly unlikely to be able to provide complete historical wage information</u>. Plaintiffs' second argument is that these plaintiffs can provide historical wage information from their own records. Our experience to date with the "Profile Form" and these plaintiffs' productions demonstrates that is untrue. Defendants should not be required to rely on the completeness and accuracy of what these plaintiffs can or choose to provide. Instead, they are entitled to obtain accurate and complete data from IRS, SSA and employer records.

      3. <u>Plaintiffs can redact private information from their IRS records</u>. Plaintiffs' third argument is that disclosure of these plaintiffs' IRS records will disclose private information concerning their investments and charitable contributions. That concern is moot. Defendants will treat these records as "Highly Confidential" under the protective orders in these cases. Thus, they will be seen only by defendants' counsel and their agents. Further, if these plaintiffs wish, they can review the IRS records before defendants' counsel does so, and redact references to their investments and charitable contributions.

      4. <u>Defendants do not seek these plaintiffs' SSA records as "collateral source" discovery</u>. Plaintiffs' fourth argument is that their Social Security benefits are irrelevant to the calculation of their damages, under the "collateral source" rule. That is a red herring -- defendants do not seek these records to learn about the amounts of these plaintiffs' benefits. Rather, as I stated in my May 1 letter, they do so because these records will reveal accurate and complete information concerning these plaintiffs' employment that is relevant to their lost wage claims and the credibility of their injury allegations.

      5. <u>Plaintiffs mischaracterize the reasons for defendants' requests for these plaintiffs' employment records from their respective employers</u>. Plaintiffs' fifth argument is premised on the misrepresentation that defendants have "abandoned" their assertion that these plaintiffs' employment records are relevant to the credibility of their injury allegations. As I stated in my May 1 letter, defendants are entitled to these records precisely for that reason – both to obtain more accurate and complete versions of these plaintiffs' wage histories than these plaintiffs could be expected to provide on their own, and also to obtain information about the nature of the work these plaintiffs performed both before and after sustaining their injuries, which bears on the credibility of their damages claims. Again, the Court should not require defendants to rely on the completeness and accuracy of what these plaintiffs can or choose to provide, nor should it deprive defendants of qualitative information concerning these plaintiffs' employment that these plaintiffs cannot provide from their own records.

      Respectfully,

      Lawrence B. Friedman

cc: All counsel of record