

1800 M STREET, NW   SUITE 1000
WASHINGTON, DC  20036-5802
202.778.1800   202.822.8106 fax   www.zuckerman.com

AITAN D. GOELMAN
Partner
(202) 778-1996
agoelman@zuckerman.com

February 13, 2013

**VIA ECF**

Honorable Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Strauss, et al. v. Crédit* Lyonnais ,S.A., 06-cv-702 (DLI)(MDG)
              *Wolf, et al. v. Crédit* Lyonnais ,S.A., 07-cv-914 (DLI)(MDG)
              *Weiss, et al. v. National Westminster Bank, Plc*, 05-cv-4622 (DLI)(MDG)
              *Applebaum, et al. v. National Westminster Bank, Plc*, 07-cv-916 (DLI)(MDG)

Dear Judge Irizarry:

        We write on behalf of all Plaintiffs in the above-referenced lawsuits in response to Defendants Crédit Lyonnais, S.A.'s ("CL") and National Westminster Bank plc's ("NatWest") (together "Defendants") February 11, 2013 letter ("Defendants' Letter"). Defendants are entitled to disagree with Judge Gershon's February 6, 2013 opinion in the *Linde* case[1], or to argue that they are entitled to summary judgment even if their *Daubert* challenges to Plaintiffs' experts fail, or even to recycle prior arguments about other cases,[2] but they are not entitled to <u>completely misrepresent</u> Judge Gershon's opinion or its relevance to these cases.

---

[1]    Judge Gershon's decision is presently reported as *Linde et al. v. Arab Bank plc*, ___ F. Supp. 2d ___, 2013 WL 500637 (E.D.N.Y. Feb. 6 , 2013). Plaintiffs provided a copy of the opinion to Your Honor on February 7, 2011.

[2]    For example, Defendants renew their arguments that *Estate of Parsons v. Palestinian Authority*, 715 F. Supp. 2d 27 (D.D.C. 2010) supports excluding Dr. Levitt's testimony, and *U.S. v. Paracha*, 2007 WL 12768 (S.D.N.Y. Jan 6. 2008) requires excluding Mr. Kohlmann's testimony. The *Linde* order – which joins the plethora of decisions that have admitted both experts' testimony – demonstrates that neither decision supports Defendants' argument. Judge Gershon expressly distinguished *Parsons*, noting that in that case, Dr. Levitt was not, in fact, opining whether a specific attack was attributable to Hamas, but merely commenting that the attack had been claimed by Hamas. *Linde*, 2013 WL 500637, at *5. As for *Paracha*, that court admitted the majority of Mr. Kohlmann's testimony, rejecting the defendant's challenges to his methodology (which, like CL and NatWest, falsely accused him of merely culling material from newspapers and the internet). The *Paracha* court only barred Mr. Kohlmann from offering testimony regarding two individuals' roles in Al Qaeda, because that testimony did not reflect his independent analysis, but instead only communicated information he had learned from summaries



Honorable Dora L. Irizarry
February 13, 2013
Page 2

  For example, Defendants repeatedly advise this Court that the *Linde* opinion "does not address," or "does not address at all," the various objections to these experts raised by CL and NatWest. Defendants' Letter, *passim*. This contention is false. The expert opinions offered in the three cases are virtually identical[3] and the Defendants' challenges to these opinions closely echo those made by Arab Bank in *Linde*. Contrary to Defendants' oft-repeated representation, the *Linde* Court *did* address these objections; Judge Gershon merely rejected them and declined to exclude the experts on those bases.

  Moreover, CL and NatWest repeatedly mischaracterize *Linde*'s breadth, claiming falsely that "the *Linde* Order excludes critical portions of the Levitt and Spitzen opinions, without which the Plaintiffs cannot reply on those opinions to satisfy the proximate causation element of their claims." Defendants' Letter at 1.[4] In fact, the *only* portions of the *Linde* Order to address any potentially inadmissible content of these reports are reprinted below:

> Mr. Spitzen, in the course of his 279 page report, expressed a handful of inadmissible opinions as to the state of mind of an organization...To the extent that Mr. Spitzen attempts to express an opinion at trial as to the state of mind of a charitable entity or other organization, this testimony will be excluded....
>
> Finally, as with Mr. Spitzen, to the extent that Dr. Levitt expresses an occasional statement about the state of mind of an entity, any such testimony is tangential to his expert opinion and inadmissible, but this is not a sufficient basis on which to reject the whole of his testimony.

*Linde*, at * 4, 5. Thus, while Judge Gershon correctly characterized the "handful" of "occasional" inadmissible statements in reports hundreds of pages long to be "tangential," Defendants glaringly misrepresent to this Court that Judge Gershon excluded "critical portions" and "core elements" of the Levitt and Spitzen reports, the exclusion of which is fatal to

---

provided to him by the U.S. Government. *Paracha* at *22-23. Similar circumstances do not exist here; all of Mr. Kohlmann's opinions regarding the authenticity of Hamas claims of responsibility, the provenance of Hamas websites, and his explanation of why he believes certain categories of Hamas claims of responsibility are more likely than not true, result from his independent research, analysis, and experience.

[3] Defendants in fact agree that the opinions offered by Dr. Levitt and Mr. Spitzen in these cases "are identical in all material respects to the opinions on which Plaintiffs rely in the *Linde* cases." (Defendants' Ltr. at 1).

[4] *See also* Defendants' Ltr., at 3 ("As Plaintiffs' February 7 letter ignores, the *Linde* Order excludes portions of Levitt's and Spitzen's opinions that, if also excluded here, would preclude Plaintiffs from proving the proximate causation element of their claims. Plaintiffs' February 7 letter conspicuously omits to mention that the Linde Order excludes core elements of Levitt's and Spitzen's opinions."); Defendants' Letter at 4 (claiming that the *Linde* Order "defines the scope of Levitt's permitted testimony much more narrowly than the opinions for which Plaintiffs rely on Levitt here.")



Plaintiffs' case. Those minor exclusions have no impact on the pending summary judgment motions.

This Court should also reject Defendants' attempt to twist Judge Gershon's exclusion of portions of a *different* expert's opinion into a rationale for excluding *Dr. Levitt's* opinion. Defendants argue that because "the *Linde* Order excludes another expert's opinions concerning charities that were not involved in the purported flow of funds from Arab Bank," if "that ruling were applied here, Your Honor would need to exclude Levitt's sweeping (and unsupported) statements regarding Palestinian charities' purported involvement with terrorism." Defendants' Letter at 3.

In fact, Judge Gershon *admitted* Dr. Levitt's conclusions about the relationship between the Hamas *da'wa* (social wing) and terrorism. Defendants fail to mention that the opinions excluded by the *Linde* court were offered by a *defense expert*, Dr. Beverly Milton-Edwards, whom Arab Bank offered to testify broadly about how zakat committees and other Palestinian social services organizations *in general* were perceived by the Palestinian public. *Linde*, at *6-7. Judge Gershon actually is permitting Dr. Milton-Edwards to testify generally about the nature of zakat committees and other local charities, as well as the types of activities those zakats conducted during the relevant time period, but excluding overbroad testimony on Palestinian public opinion regarding zakat committees. Thus, even Defendants' proposed analogy is false; to the extent Dr. Levitt's opinions comment on social services organizations other than those to which the Defendants transmitted funds, that discussion is a logical component of his explanation of how Hamas developed and controlled a network of organizations as a means of achieving its goals, rather than overbroad and irrelevant opinions regarding how Palestinian social services organizations of any stripe are perceived by the general Palestinian populace.

Finally, Defendants' renewed attack on Plaintiffs' attribution experts' opinions is equally unavailing. CL and NatWest merely repeat their earlier contention that expert testimony on the attribution of terrorist acts is "an improper subject for expert testimony." Defendants' Letter at 5, 7. As with their earlier efforts, however, Defendants offer no support for this argument, beyond the inapposite precedent of a criminal case in which "attribution" evidence was effectively a proxy for the ultimate question of a defendant's guilt. The difference is that now, in addition to the precedent cited in Plaintiffs' Opposition to Summary Judgment, CL Opp. at 40-48; NW Opp. at 43-48, two judges from this District have recently held precisely the opposite, and admitted expert attribution testimony in Anti-Terrorism Act cases.



Honorable Dora L. Irizarry
February 13, 2013
Page 4

      Accordingly, for the reasons set forth in Plaintiffs' February 7 letter and the prior briefing and letters[5], Plaintiffs respectfully request that the Defendants' motions for summary judgment be denied, that the Café Hillel plaintiffs motion for summary judgment be granted, that the Plaintiffs' expert witnesses' opinions be admitted, and that the Court set a pre-trial conference to discuss remain pre-trial scheduling for the liability phase of these lawsuits.

                                                                                                 Respectfully submitted,

                                                                                                 Aitan D. Goelman

Cc: all counsel (by email)

---

[5]     Because they are wholly irrelevant to Judge Gershon's recent decision, and have previously been addressed several times at length, Plaintiffs are refraining from re-addressing Defendants' regurgitated arguments regarding scienter, proximate causation, and the implications of Judge Weinstein's decisions in the *Gill* case.