**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 212-225-2840
E-Mail: lfriedman@cgsh.com

LAURENT ALPERT, VICTOR I LEWKOW, LESLIE N SILVERMAN, ROBERT L TORTORIELLO, LEE C BUCHHEIT, JAMES M PEASLEE, ALAN L BELLER, THOMAS J MOLONEY, JONATHAN I BLACKMAN, WILLIAM F GORIN, MICHAEL L RYAN, ROBERT P DAVIS, YARON Z REICH, RICHARD S LINCER, JAIME A EL KOURY, STEVEN G HOROWITZ, JAMES A DUNCAN, STEVEN M LOEB, DONALD A STERN, CRAIG B BROD, SHELDON H ALSTER, MITCHELL A LOWENTHAL, EDWARD J ROSEN, JOHN PALENBERG, LAWRENCE B FRIEDMAN, NICOLAS GRABAR, CHRISTOPHER E AUSTIN, SETH GROSSHANDLER, WILLIAM A GROLL, JANET L FISHER, DAVID L SUGERMAN, HOWARD S ZELBO, DAVID E BRODSKY, MICHAEL L LAZERWITZ, ARTHUR H KOHN, RICHARD J COOPER, JEFFREY S LEWIS, FILIP MOERMAN

PAUL J SHIM, STEVEN L WILNER, ERIKA W NIJENHUIS, LINDSEE P GRANFIELD, ANDRES DE LA CRUZ, DAVID C LOPEZ, CARMEN A CORRALES, JAMES L BROMLEY, MICHAEL A GERSTENZANG, LEWIS J LIMAN, LEV L DASSIN, NEIL Q WHORISKEY, JORGE U JUANTORENA, MICHAEL D WEINBERGER, DAVID LEINWAND, JEFFREY A ROSENTHAL, ETHAN A KLINGSBERG, MICHAEL J VOLKOVITSCH, MICHAEL D DAYAN, CARMINE D BOCCUZZI JR, JEFFREY D KARPF, KIMBERLY BROWN BLACKLOW, ROBERT J RAYMOND, LEONARD C JACOBY, SANDRA L FLOW, FRANCESCA L ODELL, WILLIAM L MCRAE, JASON FACTOR, MARGARET S PEPONIS, LISA M SCHWEITZER, KRISTOFER W HESS, JUAN G GIRÁLDEZ, DUANE MCLAUGHLIN, BREON S PEACE, MEREDITH E KOTLER, CHANTAL E KORDULA, BENET J O'REILLY

DAVID AMAN, ADAM E FLEISHER, SEAN A O'NEAL, GLENN P MCGRORY, JOON H KIM, MATTHEW P SALERNO, MICHAEL J ALBANO, VICTOR L HOU, ROGER A COOPER, AMY R SHAPIRO, JENNIFER KENNEDY PARK, ELIZABETH LENAS, LUKE A BAREFOOT, PAMELA L MARCOGLIESE
RESIDENT PARTNERS

SANDRA M ROCKS, S DOUGLAS BORISKY, JUDITH KASSEL, DAVID E WEBB, PENELOPE L CHRISTOPHOROU, BOAZ S MORAG, MARY E ALCOCK, DAVID H HERRINGTON, HEIDE H ILGENFRITZ, JONATHAN S KOLODNER, HUGH C CONROY, JR, KATHLEEN M EMBERGER, WALLACE L LARSON JR, JAMES D SMALL, AVRAM E LUFT, DANIEL ILAN, ANDREW WEAVER, HELENA K GRANNIS, GRANT M BINDER, MEYER H FEDIDA
RESIDENT COUNSEL

February 14, 2013

BY ECF

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re: Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI)(MDG)
>  Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI)(MDG)
>  Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI)(MDG)
>  Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI)(MDG)

Dear Judge Go:

      I am writing on behalf of defendants Crédit Lyonnais, S.A. and National Westminster Bank Plc to request that the Court compel four plaintiffs to provide defendants with authorizations to obtain employment records from these plaintiffs' current and former employers that are relevant to these plaintiffs' damages claims. The parties addressed this subject with Your Honor during a telephone conference last May. Since that time, and based on the parties' discussions, defendants have reduced the number of plaintiffs for whom they seek such authorizations to four, and have explained to counsel for these four remaining plaintiffs precisely why their employment records are discoverable. Nonetheless, these plaintiffs have refused to comply with defendants' request.

      As Your Honor will recall, although liability and damages issues in these cases have been bifurcated for purposes of both discovery and trial, and while defendants' summary judgment motions are pending before Judge Irizarry, the parties are assembling documents relating to the damages claims of 11 plaintiffs who have been designated to testify in any liability trial. If Judge Irizarry denies defendants' pending summary judgment motions, defendants will then depose these 11 plaintiffs. The parties hope that, by collecting these plaintiffs' damages-related documents now, these plaintiffs can be deposed on both liability and damages issues, so

Honorable Marilyn D. Go, p. 2

that if any of them were to win a liability verdict, they would not need to be deposed again before a damages trial.

The parties have reached agreement with respect to all of defendants' requests for these damages-related documents, with the exception of defendants' request that four of these plaintiffs – Sarri Singer, Debra Steinmetz, Jacob Steinmetz and Erik Schecter – provide authorizations that will permit defendants to obtain employment records for these four plaintiffs from their relevant current and former employers.

When defendants sought these authorizations from a larger number of plaintiffs, plaintiffs' counsel objected. Based on the parties' further discussions, defendants have since limited their request to seek employment records relating to only four plaintiffs. None is pursuing a lost wage claim, but each is seeking a very substantial compensatory damages award based on psychological and/or physical injuries that they contend have adversely impacted their lives. What distinguishes these four plaintiffs from others is that, according to their disclosures to date, they are the only plaintiffs who have refused to provide the authorizations we seek and who (a) had the types of jobs in which their employers are likely to have maintained personnel files, and (b) continued to work after sustaining their injuries in either the same position that he or she held before sustaining those injuries, or at least a substantially similar position. Because, as plaintiffs' counsel has never disputed, the employment records we seek for these four plaintiffs are likely to reveal the nature of the work they performed both before and after they sustained their injuries and whether and, if so, the extent to which their ability to perform their work changed as the result of their injuries, these records obviously are relevant to these plaintiffs' damage claims, including in particular their contentions about how their lives have been adversely impacted by their injuries.

Plaintiffs have failed to demonstrate that this narrowly tailored request for relevant documents is improper. To date, plaintiffs' counsel has resisted this request by citing two precedents, both of which are inapposite. Warnke v. CVS Corp., 265 F.R.D. 64 (E.D.N.Y. 2010), which plaintiffs' counsel has cited for the premise that courts have quashed requests for personnel files on relevance grounds in the wrongful discharge context, is limited to the defendant's specific claim that the plaintiff was obligated to mitigate his damages. Warnke has no bearing on the relevance of personnel files to discover the extent to which, if at all, a plaintiff's functional abilities have changed as a result of the injuries that underlie his or her claims. Plaintiffs' reliance on Lemanik, S.A. v. McKinley Allsop, Inc., et al., 125 F.R.D. 602 (S.D.N.Y. 1989), is similarly misguided, because the court there merely rejected the defendant's broad discovery requests after it conceded they were based on mere speculation. Here, by contrast, defendants have identified the information they expect will be disclosed in the records they seek, plaintiffs do not deny that these records are likely to contain that information, and plaintiffs cannot plausibly deny that their ability to perform the same or similar job responsibilities both before and after they sustained their injuries is relevant to the consequences of these injuries, and therefore to their damages claims.

Honorable Marilyn D. Go, p. 3

      Defendants therefore respectfully request that the Court order the production of executed authorizations for defendants' counsel to receive personnel files for Mss. Singer and Steinmetz and Messrs. Steinmetz and Schecter.

                                                  Respectfully,

                                                  Lawrence B. Friedman

cc:     All counsel of record