# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

Writer's Direct Dial.  +1 212 225 2840
E-Mail.  lfriedman@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

February 15, 2013

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)
Weiss v. National Westminster Bank Plc, 05-cv-4622 (DLI) (MDG)
Applebaum v. National Westminster Bank Plc, 07-cv-916 (DLI) (MDG)

Dear Judge Irizarry:

On behalf of defendants Crédit Lyonnais, S.A. ("CL") and National Westminster
Bank plc ("NatWest"), and in further support of their showing in their pending summary
judgment motions[1] that plaintiffs cannot satisfy the indispensable proximate causation elements
of their Anti-Terrorism Act ("ATA") claims, I am writing to call the Court's attention to
yesterday's affirmance by the Second Circuit Court of Appeals of Judge Rakoff's prior dismissal
orders in another ATA case, Rothstein v. UBS AG, No. 11-cv-211 (2d Cir. Feb. 14, 2013)
("Rothstein III").  CL and NatWest have already demonstrated that those dismissal orders
support granting their summary judgment motions.  CL Br. at 18-19, 25-29; CL Reply at 13-14;
NatWest Br. at 21-22, 28-32; NatWest Reply at 18-19.  The Court of Appeals' affirmance
reinforces that conclusion, and expressly rejects the criticisms of those dismissal orders on which
plaintiffs in these cases have heavily relied in opposing summary judgment.  A copy of the
Rothstein III opinion is attached for Your Honor's convenience.

Yesterday's ruling supports CL's and NatWest's showing that plaintiffs cannot
satisfy the ATA's "by reason of" causation standard because, as the Court of Appeals confirmed,
it requires the same exacting proof of proximate causation as the civil provisions of the RICO
statute and the Clayton Act from which Congress adopted that standard.  Yesterday's ruling also

---

[1] See 07-cv-914 (DLI) (MDG), ECF Nos. 196 ("CL Br."), 202 ("CL Reply"); see also 07-cv-916 (DLI) (MDG),
ECF Nos. 162 ("NatWest Br."), 160 ("NatWest Reply").

Hon. Dora L. Irizarry, U.S.D.J., p. 2

confirms that, as used in the ATA, this standard cannot be met by proof of a lesser causal link between a defendant's conduct and a terrorist act. As the Court expressly ruled, "we do not agree with plaintiffs' contention that the 'by reason of' language chosen by Congress in creating a civil right of action under the ATA was intended to permit recovery on a showing of less than proximate cause, as the term is ordinarily used. The 'by reason of' language had a well understood meaning, as Congress had used it in creating private rights of action under RICO and the antitrust laws, and it had historically been interpreted as requiring proof of proximate cause." Rothstein III, at 21.

In so ruling, the Court of Appeals rejected the very same argument on which plaintiffs in these cases have heavily relied, which posits that, because the ATA concerns international terrorism, its causation requirement should be relaxed. See, e.g., Pl. CL Opp. at 32-33; Rothstein III, at 20-22. The Court of Appeals concluded instead that if "Congress had intended to allow recovery upon a showing lower than proximate cause, we think it either would have so stated expressly or would at least have chosen language that had not commonly been interpreted to require proximate cause for the prior 100 years." Rothstein III, at 22. Thus, the Court of Appeals' ruling precludes plaintiffs' baseless attempt to analogize the ATA's narrow and demanding proximate causation requirement to the broader and less demanding requirements of other federal statutes, such as the "resulting in whole or in part" causation standard of the Federal Employers' Liability Act. See, e.g., Pl. CL Opp. at 33, n. 49 (citing CSX Transp., Inc. v. McBride, 131 S. Ct. 2630, 2642-43 (2011)); CL Reply at 14.

The Court of Appeals therefore upheld Judge Rakoff's prior conclusion – on which CL and NatWest rely here – that the "by reason of" requirement is "synonymous with proximate cause – and proximate cause narrowly defined at that." Rothstein v. UBS AG, 772 F. Supp. 2d 511, 513 (S.D.N.Y. 2011) ("Rothstein II") (citing McBrearty v. Vanguard Grp., Inc., 353 F. App'x 640, 641-42 (2d Cir. 2009) (emphasis added). As the Court of Appeals previously ruled, this test holds a plaintiff "to a more stringent showing of proximate cause than would be required at common law," requiring that "the alleged violation led directly to the plaintiff's injuries," Lerner v. Fleet Bank, N.A., 459 F.3d 273, 285, n.5 (2d Cir. 2006) (citation omitted); McBrearty, 353 F. App'x at 641-42 (quoting Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461 (2006)), and proof that that the defendant's conduct was "'a substantial factor in the sequence of responsible causation.'" Lerner v. Fleet Bank, N.A., 318 F.3d 113, 123 (2d Cir. 2003) (citation omitted). In short, it requires proof that it was "reasonably foreseeable that [the defendant's] conduct [was] likely to result in violent criminal acts." Kaplan v. Al Jazeera, 2011 WL 2314783, at *7 (S.D.N.Y. June 7, 2011). And consequently, the Court in Rothstein III affirmed Judge Rakoff's conclusion that the Rothstein complaint did not satisfy this requirement, because its "extended chain of inferences" was far too speculative and attenuated to establish proximate causation. Rothstein v. UBS AG, 647 F. Supp. 2d 292, 294-95 (S.D.N.Y. 2009) ("Rothstein I"); Rothstein II, at 513, 518; Rothstein III, at 24-25.

The same is true of plaintiffs' claims here, which do not meet these tests with respect to either CL or NatWest. As a matter of law, plaintiffs have failed to show that CL's and NatWest's transfers of funds from their customers' accounts, and pursuant to their customers' instructions, "led directly to the plaintiff[s'] injuries" or were "a substantial factor in the sequence of responsible causation." CL Br. at 18, 25-29; CL Reply at 13-14; NatWest Br. at 21, 28-32; NatWest Reply at 18-19.

Hon. Dora L. Irizarry, U.S.D.J., p. 3

Yesterday's ruling also lays to rest plaintiffs' further argument that Judge Rakoff's application of the ATA's "by reason of" requirement in Rothstein II is a "lonely outlier." See Pl. CL Opp. at 32-33; Pl. NatWest Opp. at 39. To the contrary, the Court of Appeals has now confirmed that Judge Rakoff's descriptions of the ATA's proximate causation requirement, and of the proof necessary to satisfy that requirement, are the law of the Second Circuit. As CL and NatWest have previously emphasized, to the extent there is a "lonely outlier" on this subject, it is the one on which plaintiffs most heavily rely, the Seventh Circuit's ruling in Boim v. Holy Land Foundation for Relief and Dev., 549 F.3d 685 (7th Cir. 2008 ("Boim III"), which one court has described as essentially eliminating the ATA's proximate causation element. See Abecassis v. Wyatt, 785 F. Supp. 2d 614, 645 (S.D. Tex. 2011) (noting that Boim III "removes a causation requirement").

While affirming Judge Rakoff's dismissals of the Rothstein complaint on account of its failure to adequately allege proximate causation, the Court of Appeals reversed Judge Rakoff's conclusion that the complaint also failed to allege the Rothstein plaintiffs' Article III standing, merely because it failed to adequately allege proximate causation. The Court ruled that the "fairly traceable" test for Article III standing "is a 'lesser burden' than the requirement [of] proximate cause," and that the Rothstein complaint – all of the allegations of which the Court needed to accept as true – satisfied this "lesser" test. Rothstein III, at 14-16. But this ruling has no impact on CL's and NatWest's pending motions, which address the Article III standing and proximate causation tests separately, and establish that plaintiffs' claims satisfy neither.

Of course, even if plaintiffs could establish their Article III standing, their inability to satisfy the proximate causation element of their claims requires granting CL and NatWest summary judgment, as is also true of plaintiffs' separate failures to satisfy the scienter element of their claims and the requirement that they prove Hamas perpetrated the attacks on which their claims are based.

Respectfully,

Lawrence B. Friedman

Attachment

cc: All counsel of record