**OSEN LLC**
ATTORNEYS AT LAW

2 University Plaza, Suite 201, Hackensack, NJ 07601
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

February 15, 2013

**BY ECF**

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702 (DLI)(MDG)
*Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914 (DLI)(MDG)
*Weiss, et al. v. National Westminster Bank Plc*, 05-cv-4622 (DLI)(MDG)
*Applebaum, et al. v. National Westminster Bank Plc*, 07-cv-9 16 (DLI)(MDG)

Dear Judge Go:

  We write on Plaintiffs' behalf in opposition to Defendants' February 14, 2013 letter, which seeks to compel Plaintiffs Sarri Singer, Debra Steinmetz, Jacob Steinmetz, and Erik Schecter to provide Defendants with authorizations to obtain each Plaintiff's employment record, for records dating back as far as 20 years.

  As we explained to the Court when this issue originally arose on May 1, 2012, and as was discussed with Your Honor in a May 30, 2012 teleconference, these Plaintiffs are not seeking to recover lost wages or income. Defendants argue that, because these four Plaintiffs had, or have, the types of jobs in which their employers are likely to have maintained personnel files and each one continued to work at these (or similar) jobs after sustaining their injuries, they are entitled to these individual's personnel files because they "are likely to reveal the nature of the work they performed both before and after they sustained their injuries and whether and, if so, the extent to which their ability to perform their work changed as the result of their injuries...." Letter at *2. On multiple occasions we have invited Defendants to direct us to any evidence in the record – whether particular medical records or prior deposition testimony[1] – that casts doubt on the accuracy of Plaintiffs' previously provided Plaintiff Profile Forms or their prior testimony concerning the impact of their injuries on their work life. Defendants have never done so.

  Instead, Defendants' proffered reasons for demanding the authorizations constitutes

---

[1] Defendants have copies of hundreds of pages of deposition testimony adduced from these same Plaintiffs in the Arab Bank litigation pending in this district before Judge Gershon.

precisely the sort of improper fishing expedition that federal courts recognize[2] as failing to justify a demand for these sorts of records. For example, in *Saalfrank v. Town of Alton*, 2010 WL 839884 (D.N.H. Mar. 5, 2010), the court (awarding the plaintiff his expenses in opposing the motion to compel) held that the defendants' demand for employment and compensation records was improper where the plaintiff, like here, had provided his medical records, and also agreed to formally stipulate that he was not seeking to recover loss of income and future earnings capacity. The defendant had demanded the records, and thereafter moved to compel, in reliance on the following statement by the plaintiff during his deposition after being asked if the defendants' conduct had impacted his ability to work by making him fearful to leave his house: "Try to go get a job with the record they have given me.... Who is going to hire somebody like that?" The *Saalfrank* court held:

> In the face of these repeated disavowals of a claim for loss of income or earning capacity, Saalfrank's lone statement at his deposition suggesting the defendants bore some of the blame for his inability to work did not furnish a substantial justification for moving to compel this information. Indeed, neither the Alton defendants' motion itself nor their reply in support of it even acknowledged the disavowals, let alone offered any argument why Saalfrank's prior earnings and benefits were nevertheless discoverable. They plainly were not. *See Ellis v. City of N.Y.*, 243 F.R.D. 109, 112 (S.D.N.Y.2007) (ruling that plaintiff's tax returns were not discoverable in an action for malicious prosecution without any claim for lost wages or "other losses related to his income"); *Bagnall v. Freeman Decorating Co.*, 196 F.R.D. 329, 331-32 (N.D. Ill.2000) (ruling that plaintiff's social security disability and workers' compensation benefits were not discoverable in a suit for job discrimination on the basis of disability, except insofar as they showed he was permanently disabled and therefore unqualified for the job at the time of his discharge, which was relevant to his claim).

*Id.* at *5.[3] *Saalfrank* further held:

> Second, diligent representation, and even vigorous advocacy, must stay within the strictures of the applicable rules. Rule 26(b)(1) limits the scope of <u>discovery to "any nonprivileged matter that is relevant to any party's claim or defense."</u> The

---

[2] Defendants' crabbed reading of *Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010) is incorrect. Although Magistrate Judge Tomlinson did conclude that the personnel files were not relevant with respect to the defendant's mitigation defense, she also held that even if the files were relevant, the request was excessively burdensome. *Id.* at 69-70. Plaintiffs pointed defense counsel *Warnke* to demonstrate the point that even in employment disputes, where personnel files have a greater chance to be relevant, a defendant's right to them is not unlimited. Here, Plaintiffs' injuries and damages result from terrorist attacks, and thus Defendants' obligation to establish their relevance, and their obligation to demonstrate that any theoretical relevance exceeds the factors enunciated in Fed. R. Civ. P.26(b)(2)(C)(i)-(iii), is that much greater.

[3] *See also id.* at *6 (rejecting defendant's claim that material was relevant to plaintiff's credibility, and holding that the employment records were also not relevant given that defendant could not present collateral evidence to impeach witness on collateral matter); n. 8 ("To this point, the Alton defendants have never relied on anything but speculation to suggest that Saalfrank's income, employment, and benefit history would show that he was lying about not having worked or received benefits.")

> <u>Alton defendants' position that Saalfrank's income, employment, and benefits records are relevant simply cannot be squared with his repeated disavowals of any claim for lost earnings</u>. Their refusal even to acknowledge those disavowals in their moving papers seems to reflect the notion that they, rather than Saalfrank, get to decide what claims he is making-or privileges he has waived-based on what discovery they want from him. That notion is mistaken. <u>Despite the Alton defendants' insinuations to the contrary, a plaintiff may legitimately choose to limit the kinds of damages he seeks in order to avoid producing prejudicial or embarrassing information that would otherwise be discoverable</u>. *See Ipox v. EHC Fin. Servs., LLC,* No. 07-5606, 2008 WL 4534366, at *3 (W.D.Wash. Oct. 7, 2008) (observing that if a plaintiff "prefers to keep her mental health a private matter, she may withdraw her request for emotional damages" to foreclose discovery into that area).

*Id.* at *8 (emphasis added, footnote omitted).[4]

None of these Plaintiffs have sought lost wages or claimed that the injuries sustained in various terrorist attacks significantly altered their ability to perform their work. None of these Plaintiffs have been employed over the past 10-15 years in jobs that require substantial physical labor (such as carpenter, forklift operator, hospital orderly). The extent of their injuries are amply documented in their medical records, which Plaintiffs diligently have produced over the course of the last six years both themselves and by signing dozens of medical authorizations. Thus, Defendants' demands for over 20 years of personnel files from these Plaintiffs – without regard to the fact that the demands are facially irrelevant under any scenario and scope – are not only patently overbroad, burdensome and prejudicial, but in our view cross the line into harassment. The fact that Plaintiffs sustained very serious damages as a result of injuries suffered in terrorist attacks does not make discovery open-ended with no bounds.

Accordingly, for the reasons stated above, and those set forth in Plaintiffs' prior correspondence of May 7, 2012 and at the teleconference of May 30, 2012, Defendants' motion should be denied, together with such other and further relief as may be appropriate.

Respectfully yours,

Gary M. Osen

cc: All Counsel

---

[4] *See also Williams v. Bd. of County Comm'rs of Unified Government of Wyandotte County and Kansas City*, 192 F.R.D. 698, 705 (D. Kan. 2000) (defendants in action brought under the Violence Against Women Act by alleged rape victim were not entitled to discover plaintiff's employment and tax records, where plaintiff was not seeking damages for any lost wages, absent genuine demonstration of relevance); *Hilt v. Blackston*, 1993 WL 45982, at *3 (E.D. Pa. Feb. 18, 1993) ("Since the request seeks employment records <u>they are irrelevant because plaintiff is not claiming any lost earnings or wages and any other attempts to seek employment records could well invade plaintiff's right of privacy</u> and will not be ordered.") (Emphasis added.)