SAYLES | WERBNER

February 15, 2013

**VIA ECF**
Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Strauss, et al. v. Credit Lyonnais, S.A.* – Case No. CV – 06-00702 (DLI)(MDG);
             *Wolf, et al. v. Credit Lyonnais, S.A.* - Case No. CV-07-0914 (DLI)(MDG);
             *Weiss, et al. v. National Westminster Bank, Plc*, 05-CV-4622 (DLI)(MDG);
             *Applebaum, et al. v. National Westminster Bank, Plc*, 07-CV-916 (DLI)(MDG).

Dear Judge Irizarry:

    We write on behalf of all Plaintiffs in response to Defendants Credit Lyonnais, S.A. ("CL") and National Westminster Bank plc's ("NatWest") (together "Defendants") February 15, 2013 letter ("Defendants' Letter") concerning the Second Circuit Court of Appeal's February 14 decision in *Rothstein v. UBS AG* ("*Rothstein III*").

    As with the earlier district-court opinions in that case, *Rothstein III* reinforces why summary judgment is inappropriate here. Just as they did in their summary judgment papers, Defendants' Letter again glosses over the sharp contrast made by both the district court and the Second Circuit between the circumstances in *Rothstein v. UBS* and those present here. As discussed in Plaintiffs' summary judgment opposition briefs, Judge Rakoff explicitly distinguished the attenuated proximate causal link in *Rothstein v. UBS*, which involved financing of a country, from these cases, which "involve direct involvement between the defendant banks and the terrorist organizations or 'fronts' these organizations directly controlled."[1]

    *Rothstein III* concurred with Judge Rakoff, and focused on the deficiencies in the *Rothstein* plaintiffs' pleadings, none of which are present here. As the Second Circuit stated, the *Rothstein* plaintiffs failed to allege that UBS provided money to Hamas or Hizbollah, that the money it transferred to Iran was given to Hamas or Hizbollah, or that Iran (unlike Hamas during the Second Intifada) was not a government with legitimate governmental agencies. *Rothstein III* at 24-25. Moreover, *Rothstein III*'s entire proximate causation analysis stemmed from the fact that those plaintiffs argued that causation should be *presumed*, and then subject to rebuttal, based on UBS's statutory violations. No such argument was made, or considered by the Court, here. Instead, Plaintiffs have proffered an abundance of evidence that, by providing millions of dollars directly to Hamas, CL and NW provided material support to Hamas that was a substantial factor

---

[1] *See* CL Opp. at 31-33; NW Opp. at 38-40; citing *Rothstein v. UBS AG*, 647 F.Supp.2d 292, 294 (S.D.N.Y. 2009). Defendants' only response to this distinction was to speculate that Judge Rakoff somehow misapprehended the nature of these cases because *Rothstein* involved a motion to dismiss. *See* NW Mem. at 29 n.24.

Honorable Dora L. Irizarry
February 15, 2013
Page 2

in the causal chain leading to Plaintiffs' injuries. At a minimum, such evidence presents factual issues for a jury, and nothing about *Rothstein III*'s proximate cause standard establishes anything other than that the plaintiffs there were not entitled to a causation presumption and had not adequately connected the money that UBS provided the country of Iran to Hamas or Hizbollah.

Defendants' Letter falsely suggests that Plaintiffs have disputed the existence of an actual proximate cause standard, when Plaintiffs have *never* argued that proximate cause is not an element that must be proved, and Plaintiffs' opposition briefs in fact have entire sections devoted to demonstrating that CL and NW's respective actions were a proximate cause of Plaintiffs' injuries.[2] No courts, including Judge Sifton's earlier decisions in these cases, have eliminated such a requirement, and *Rothstein III* is entirely consistent with prior district-court decisions in this District and elsewhere. Judge Weinstein, for example, recently explained proximate cause for ATA cases as follows:

> "But for" cause cannot be required in the section 2333(a) context. In most instances, if a particular contribution was not made, money from other sources could be redistributed to make up for the shortfall, and an attack could take place without a substantial donation. For this reason the argument of the *Boim* en banc majority has bite: requiring an ATA plaintiff, at least in the material support context, to prove but-for causation would come up against the basic problem of the fungibility of money. This point was recognized both by Judge Posner for the *Boim* en banc majority and Judge Wood in her separate opinion. But, as Judge Wood contended in her separate opinion after *Boim* was reheard by the Court of Appeals for the Seventh Circuit en banc, that fact provides no reason to do away, in section 2333(a) cases, with the ordinary tort-law requirement of requiring a plaintiff to prove proximate causation. A section 2333(a) plaintiff alleging material support must prove that a defendant's actions were a proximate cause of the injury of which he complains. *See, e.g., Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000) (stating that "[a] proximate cause determination does not require a jury to identify the liable party as the sole cause of harm; it only asks that the identified cause be a substantial factor in bringing about the injury"). Temporal and factual issues will often be crucial, in particular cases, in proximate cause inquiries pursuant to section 2333(a).

*Gill v. Arab Bank, PLC*, 2012 U.S. Dist. LEXIS 130107, at *87-89 (E.D.N.Y. Sept. 12, 2012) (internal citations omitted).[3] Nothing about *Rothstein III* is at odds with Judge Weinstein's conclusions or the Second Circuit's prior statement that "[p]roximate cause is an elusive concept, one always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent." *Laborers Local 17 Health & Benefit Fund v.*

---

[2] CL Opp. at 31-40; NW Opp. at 37-43.

[3] *See, also, e.g., In re Terrorist Attacks on Sept 11, 2001*, 718 F. Supp. 2d 456, 492-3 (S.D.N.Y. 2010) (holding that Al Qaeda's ability to perpetrate September 11th was dependent on the cumulative contributions of thousands, and the commingling of funds and fungible nature of money made it "impossible to identify the specific material support" that caused the attack, "a reality [which] bears directly on the issues of temporal and causal proximity.").

152383.v1

Honorable Dora L. Irizarry
February 15, 2013
Page 3

*Philip Morris, Inc.*, 191 F.3d 229, 235-36 (2d Cir.1999).[4] *Rothstein III* also is not at odds with Judge Sifton's earlier ruling in these cases that proximate cause requires proof that the banks provided material support, or collected funds for, the terrorist organization (Hamas) that caused Plaintiffs' injuries. *Strauss v. Credit Lyonnais, S.A.*, 2006 WL 2862704, at *18 (E.D.N.Y. Oct. 5, 2006). In *Rothstein*, there was no such proof, whereas here the evidence is voluminous.

Nor should this Court be taken in by Defendants' effort to conjure a new, "proximate cause plus" standard for ATA cases. As Judge Weinstein found in *Gill*, "proximate cause" in these cases means nothing more than "the ordinary tort-law requirement." Defendants' Letter attempts to insert language from Judge Wood's decision in *Kaplan v. Al Jazeera* into the Second Circuit's discussion, even though the *Jazeera* case was never mentioned in *Rothstein III*, nor was its standard adopted.[5] It also relies upon *Abecassis v. Wyatt* in an effort to characterize *Boim III* as an outlier, when *Abecassis* actually relied on *Boim III* in establishing a proximate cause requirement, and explicitly distinguished its own facts from *Rothstein* by holding that allegations of Saddam Hussein's support of Palestinian terrorist organizations were sufficient to demonstrate proximate cause based on kickbacks provided by defendant oil companies to Hussein. 785 F.Supp.2d 614, 646-8 (S.D.Tex. 2011).

Consequently, the proximate causation requirement for cases brought under the ATA remains intact, and subject to the factual scenarios underlying each lawsuit. The plaintiffs in *Rothstein* argued that they were entitled to a rebuttable presumption that funds provided to Iran ultimately reached Hamas. Here, no such presumption was ever sought, and the flow of money directly from CL and NW to Hamas and its front organizations demonstrates why both Defendants were a proximate cause of Plaintiffs' injuries, and why summary judgment remains improper as to both banks.

Respectfully submitted,

*/s/ Joel Israel*

Joel Israel
jisrael@swtriallaw.com
(214) 939-8763

cc: All Counsel of Record

---

[4] *See also, e.g., Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 717 (1995) (O'Connor, concurring) ("Proximate causation is not a concept susceptible of precise definition" as it "depends to a great extent on considerations of the fairness of imposing liability for remote consequences").

[5] *Jazeera* characterized *Boim III*, which Defendants' Letter deems a "lonely outlier", as "perhaps the most comprehensive decision to date addressing Section 2333(a)." 2011 WL 2314783, *4 (S.D.N.Y. June 7, 2011). In *Jazeera*, Judge Wood actually cited Judge Sifton's decision in *Goldberg v. UBS AG* in her discussion of causation. *Id.* at *7; citing *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 427-29 (E.D.N.Y. 2009).

152383.v1