CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 212 225-2840
E-Mail: lfriedman@cgsh.com

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
MITCHELL A LOWENTHAL
EDWARD J ROSEN
JOHN PALENBERG
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER
DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN

PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY

DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A BAREFOOT
PAMELA L MARCOGLIESE
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
JONATHAN S KOLODNER
HUGH C CONROY JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR
JAMES D SMALL
AVRAM E LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
RESIDENT COUNSEL

February 21, 2013

BY ECF

Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI)(MDG)
            Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI)(MDG)
            Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI)(MDG)
            Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI)(MDG)

Dear Judge Go:

      I am replying to plaintiffs' February 15 letter, which responded to my February 14 letter. Plaintiffs' letter mischaracterizes and thus fails to defeat CL's and NatWest's showing that they are entitled to the employment records of the four plaintiffs at issue.

      First, the Court should reject as irrelevant plaintiffs' most extended response to defendants' request – that three courts outside this Circuit have previously concluded that a plaintiff's employment records were not relevant, and in so doing noted that the plaintiff was not seeking to recover lost wages. Those rulings are inapposite because the relevance arguments made by the defendants there have nothing to do with CL's and NatWest's showing here that the employment records they seek are relevant, even in the absence of lost wage claims.[1] That showing can be summarized as follows:

---

[1] Plaintiffs cite Saalfrank v. Town of Alton, 2010 WL 839884 (D.N.H. Mar. 5, 2010), for the proposition that the plaintiff's personnel records were not discoverable where he made a "lone statement" "suggesting" that the

Honorable Marilyn D. Go, p. 2

        (a) the four plaintiffs allege that their lives have been limited by what their counsel describes as "very serious" physical and/or psychological injuries, which plaintiffs contend are so extreme as to warrant tens of millions of dollars in compensatory damages;

        (b) these limitations would have been manifest in these plaintiffs' job performance but, nonetheless, each of these plaintiffs held the same or substantially similar jobs both before and after they sustained their injuries;

        (c) one can reasonably expect that these limitations would be reflected in these plaintiffs' employment records; and

        (d) these employment records would provide the only independent documentation of these limitations that is available to CL and NatWest, apart from these plaintiffs' medical records.

        And because these records are relevant for reasons having nothing to do with these plaintiffs' wages, they cannot unilaterally render these records *irrelevant* simply by forswearing lost wage claims.

        Further, in their February 15 letter, these plaintiffs appear to concede that these records would be discoverable if their occupations required substantial physical labor. Pl. Ltr. at 3. But the distinction they draw ignores the fact that all of them claim serious psychological injuries, which could be expected to have limited their performance of even desk jobs.

        <u>Second</u>, the Court should also reject these plaintiffs' false premise that their employment records would be relevant only if CL and NatWest proffered evidence that "casts doubt on the accuracy of Plaintiffs' previously provided Plaintiff Profile Forms or their prior testimony concerning the impact of their injuries on their work life." Pl. Ltr. at 1. CL and NatWest bear no such burden at all, in light of their showing that these plaintiffs' employment records can be expected to bear on how these plaintiffs' claimed limitations adversely impacted their lives.

        Furthermore, plaintiffs' argument misrepresents the extent of the information they have provided to CL and NatWest on this subject. Their respective "Plaintiff Profile Forms" contain scarcely any information about the consequences of their injuries. One plaintiff states only that the damage to his left leg is less severe than at the time of the injury but is persistent, and that his knee aches "frequently, but not always." He also states that he no longer suffers from direct emotional injury, attributing his recovery to "the passage of time." Another plaintiff states only that she experiences pain in her shoulder, does not have full range of motion, expects

---

defendants bore "some" responsibility for his injuries. That scenario is completely distinguishable from plaintiffs' allegations here, that their lives have been adversely impacted by very serious injuries they attribute to defendants. Plaintiffs cite <u>Williams v. Bd. of County Comm'rs of the Unified Gov't of Wyandotte Cnty. and Kansas City</u>, 192 F.R.D. 698 (D. Kan. 2000), for its holding that personnel files were not discoverable where the plaintiff was not seeking lost wages, absent a genuine showing of relevance. Here, by contrast, CL and NatWest have made such a showing of relevance. And in <u>Hilt v. Blackstone</u>, 1993 WL 45982 (E.D. Pa. Feb. 18, 1993), the court summarily dismissed a request for personnel files without much discussion, other than a reference to the plaintiff's right to privacy, which is mooted here by the Court's confidentiality orders.

the onset of arthritis and has slight hearing loss, injuries that "affect [her] regularly and are fairly constant." She also reports that she "gets very upset" when she hears someone speak of the attack in which she was injured, but this does not affect her each day. A third plaintiff does not allege any physical injury, but states that she experiences anxiety, which is worse when she is in a car, and that it is "very upsetting" when she drives past the site of the attack in which she was injured. The fourth plaintiff states that his artificial elbow, which he received after he was injured in an attack, is sensitive to weather, sound and pressure, and that he can no longer engage in certain physical activities for fear of breaking his prosthesis. He reports that he cannot lift anything weighing more than four pounds and the use of his arm is limited. He also reports that when he recalls the attack in which he was injured, he is "very distressed," which has not abated with the passage of time. These limited representations about the scope and impact of plaintiffs' injuries are hardly complete, and insufficient to permit CL and NatWest to address plaintiffs' allegations fully.

In addition, CL and NatWest have not yet received all of these plaintiffs' medical records, and have not yet deposed any of them. Indeed, CL's and NatWest's request for these plaintiffs' employment records is motivated by their desire to have those records before they depose these plaintiffs, so as to avoid any need to depose them again. The "prior testimony" to which plaintiffs' February 15 letter refers stems from depositions taken by Arab Bank's counsel in plaintiffs' companion lawsuits. Obviously, these plaintiffs cannot avoid their obligation to produce relevant information based on their compliance with more limited discovery taken by another defendant in another case.

Third, plaintiffs' suggestion that defendants are seeking records spanning 20 years is mistaken. Defendants seek Ms. Singer's personnel files from approximately 2001, two years prior to the relevant attack, through the present, a span of 12 years. They seek Mr. Schecter's records for a position he held in 2003-2004 (he was injured in a 2004 attack) and a position he has held from 2011 through the present, for a total of three years. CL and NatWest seek complete records for Mr. and Mrs. Steinmetz with respect to the employment each has maintained with one entity, in one case since 1991, and in the other since 1981, only to lessen the burden on their employers of parsing and producing partial records.

Finally, plaintiffs' statements that defendants' requests constitute "harassment" and warrant sanctions are baseless and offensive. There is no basis for attributing defendants' requests to bad faith. Moreover, they impose no compliance burden on plaintiffs, who need only to sign authorizations for their employers to produce these records.

Respectfully,

Lawrence B. Friedman

cc:   All counsel of record