```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TZVI WEISS, et al.,                             :
                                                :
                             Plaintiffs,        :
                                                :       ORDER REGARDING ITEMS TO BE
                                                :       CONSIDERED AT ORAL ARGUMENT
               -against-                        :
                                                :       05-cv-4622 (DLI)(MDG)
                                                :
NATIONAL WESTMINSTER BANK PLC,                  :
                                                :
                             Defendant.         :
                                                :
------------------------------------------------------------ x
NATAN APPLEBAUM, et al.,                        :
                                                :
                             Plaintiffs,        :
                                                :       07-cv-916 (DLI)(MDG)
                                                :
               -against-                        :
                                                :
                                                :
NATIONAL WESTMINSTER BANK PLC,                  :
                                                :
                             Defendant.         :
                                                :
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, U.S. District Judge:**

The parties should be prepared to discuss the following issues at the oral argument on Defendant National Westminster Bank PLC's Motion(s) for an Order Dismissing Plaintiffs' Claims, or, Alternatively, for Summary Judgment, to be held on October 8, 2015, in Courtroom 4A South of the Brooklyn Federal Courthouse, 225 Cadman Plaza East, Brooklyn, NY:

(1) Whether Defendant forfeited its personal jurisdiction objection by its conduct in this litigation;

(2) Whether, in light of the United States Supreme Court's decision in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), there remains any basis by which this Court properly

can assert general personal jurisdiction over Defendant in this matter;

(3) Assuming the Supreme Court announced a narrower rule on general personal jurisdiction, whether it did so in *Daimler* or three years earlier in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011);

(4) What contacts, relationships, and/or activities in or with New York, or the United States more broadly, were maintained by Defendant during the period relevant to this action, and how do they give rise or otherwise relate to Plaintiffs' claims, if at all;

(5) Given the extensive discovery conducted between the parties in this matter, whether additional jurisdiction specific discovery and/or an evidentiary hearing is necessary to resolve the instant motion, and, if so, specify what further discovery is needed and/or what issues must be addressed at an evidentiary hearing;

(6) Assuming, as Defendant contends, that personal jurisdiction may exist with respect to some of Plaintiffs' claims but not others, is it reasonably possible for the Court to identify and separate those claims for which jurisdiction is lacking, and, if so, how;

(7) If there were a basis to sever and dismiss those claims for which jurisdiction is lacking, would Defendant be entitled to summary judgment on the remaining claims for which there is personal jurisdiction;

(8) Assuming personal jurisdiction exists for some claims, but not all, as a matter of savings of judicial resources and/or the interests of justice, why should not or could not the Court try all claims together?

SO ORDERED.
Dated: Brooklyn, New York
September 3, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge

2