# Exhibit A

## General Jurisdiction Standard Before *Goodyear*

In-state activities of the corporate defendant "continuous and systematic"

Before *Goodyear* in 2011, general jurisdiction under *International Shoe* applied in situations where a foreign corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." 326 U.S., at 318, 66 S.Ct. 154.

CL and NatWest both claimed in 2006 that they did **"not conduct business in the United States."**

| Second Amended Complaint v. NatWest | NatWest's November 22, 2006 Answer |
|---|---|
| **287.** National Westminster Bank, Plc ("NatWest") is a British financial institution with its principal place of business in London, United Kingdom. It is part of the Royal Bank of Scotland Group.<br><br>**288.** NatWest conducts business in the United States and in New York, both directly and through its agents, at a number of locations including 101 Park Avenue, New York, New York 10178, and 600 Steamboat Road, Greenwich, Connecticut 06830, which it also lists in its annual report as one of its "principal offices."<br><br>**289.** NatWest has also been registered to conduct business within the State of Texas since 1999, and state records list its address as 600 Travis Street in Houston, Texas. | **287.** Denies the allegations contained in paragraph 287 of the Complaint; except admits that NatWest is a British financial institution with its principal place of business in London, United Kingdom, and avers that NatWest is a wholly-owned subsidiary of the Royal Bank of Scotland Group.<br><br>**288.** **Denies the allegations contained in paragraph 288 of the Complaint.**<br><br>**289.** **Denies the allegations contained in paragraph 289 of the Complaint**; except admits that Nat West was registered to conduct business within the State of Texas, avers that NatWest closed its Texas office on September 15, 2003, and refers the Court to the Texas state records for a true and accurate statement of their contents. |

## "NatWest -- an English bank with no branches or offices in the United States that does not conduct business in the United States"

Once plaintiffs' rhetoric as self-appointed enforcers of the nation's antiterrorism laws is set aside, the balancing of interests mandated by federal law when a litigant's discovery demands implicate foreign law concerns overwhelmingly favors denying plaintiffs' motion. Under the governing Second Circuit balancing test for such cases, England's significant interest in protecting bank customer secrecy, **the risk to NatWest -- an English bank with no branches or offices in the United States that does not conduct business in the United States** -- if it were to comply with plaintiffs' discovery requests pertaining to accounts located in England without its English customer's consent, and NatWest's good-faith efforts in seeking its customer's consent outweigh the generalized U.S. interest in discovery – especially because plaintiffs' need for discovery can be readily satisfied by alternative means.

NATIONAL WESTMINSTER BANK PLC'S MEMORANDUM ON UK BANK SECRECY, P. 1 - **November 16, 2006**