## CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, DC
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

Writer's Direct Dial: +1 212 225 2840
E-Mail: lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

February 19, 2016

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
> Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)
> Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI) (MDG)
> Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI) (MDG)

Dear Judge Irizarry:

I am writing on behalf of Crédit Lyonnais, S.A. and National Westminster Bank Plc (together, "Defendants") to inform the Court about the Second Circuit's decision yesterday in Brown v. Lockheed Martin Corp., No. 14-4083-cv, a copy of which is attached. This ruling strongly supports Defendants' pending motions for dismissal of Plaintiffs' claims or, alternatively, for summary judgment, in at least three respects.

First, the Second Circuit confirmed in Brown, as it had earlier ruled in Gucci America, Inc. v. Bank of China, 768 F.3d 122, 135-36 (2d Cir. 2014), that the Supreme Court changed the law of personal jurisdiction in Daimler, and not previously in Goodyear. See slip. op. at 20-21 (noting the plaintiff "had a stronger, if not ultimately persuasive, argument . . . [for asserting general jurisdiction over a foreign corporation defendant after] Goodyear [which] seemed to have left open the possibility that contacts of substance, deliberately undertaken and of some duration, could place a corporation 'at home' in many locations. But Daimler, decided in 2014, considerably altered the analytic landscape for general jurisdiction and left little room for these arguments."). Brown therefore further supports the conclusion that, contrary to the argument by Plaintiffs here, Defendants could not have waived their personal jurisdiction defense by not raising it before Daimler, because that defense did not exist before Daimler. See Strauss, ECF No. 377; Weiss, ECF No. 327 at 3-5.

Hon. Dora L. Irizarry, p. 2

Second, Brown further supports Defendants' showing that these are not "exceptional" cases in which Defendants – corporations that are neither incorporated nor headquartered in the United States – are nonetheless subject to general personal jurisdiction here after Daimler. See Strauss, ECF No. 369 at 3; Weiss, ECF No. 327 at 3 n.3. In particular, the Second Circuit ruled in Brown that the defendant's substantial forum contacts – including employing "between approximately 30 and 70 workers" and deriving "about $160 million in revenue" in the forum over a five year period, slip op. at 18-19 – "fall far short of the relationship that Due Process requires" to permit the exercise of general jurisdiction. Id. at 25. In so holding, the Court noted that, after Daimler, "mere contacts" of corporate defendants incorporated and headquartered outside the forum, "no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'" permitting the exercise of general jurisdiction. Id. at 21 (emphasis added). The Second Circuit also emphasized – as have Defendants in these cases – that the only example of such an "exceptional" case identified in Daimler involved unusual wartime circumstances in which a corporate defendant was sued in what was effectively its "surrogate principal place of business." Id. at 21-22 (citations omitted).

Because Defendants' contacts with both New York and with the United States as a whole are far less extensive than the defendant's forum contacts in Brown, and because Defendants' forum contacts fall far short of establishing a "surrogate principal place of business," Brown supports the conclusion that this Court lacks general jurisdiction over Defendants.

Third, Brown rejected the plaintiff's argument that the defendant's registration to do business in Connecticut under that state's registration statute constituted consent to general (as opposed to only specific) jurisdiction there, notwithstanding apparent dicta in a pre-Daimler decision of Connecticut's intermediate appellate court that "registering to do business in the state means submitting to the general jurisdiction of the state courts." Slip op. at 36, 52 (citation omitted). In so ruling, the Second Circuit identified serious constitutional concerns with the state court's interpretation of the registration statute[1] but, applying the principle that federal courts will construe statutes to avoid serious constitutional questions where possible, ruled that in the absence of clear statutory language or a definitive opinion by the Connecticut Supreme Court to the contrary, registration under the state statute did not constitute consent to general jurisdiction. Id. at 51-52.

Here, Defendants registered to do business in this forum under New York Banking Law Section 200.[2] As Defendants have shown, by its plain terms, that statute constitutes consent only

---

[1] See id. at 42 ("federal due process rights likely constrain an interpretation that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent' – perhaps unwitting – to the exercise of general jurisdiction by state courts"); id. at 48 ("If mere registration and the accompanying appointment of an in-state agent – without an express consent to general jurisdiction – nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and Daimler's ruling would be robbed of meaning by a back-door thief.").

[2] Although Brown noted that New York's general business registration statute (BCL §§ 1301(a), 1304(a)(6)) has been "definitively construed," as a matter of state law, to vest state courts with general jurisdiction over

Hon. Dora L. Irizarry, p. 3

to <u>specific</u>, and <u>not</u> general, jurisdiction. <u>Strauss</u>, ECF No. 379 at 3; <u>Weiss</u>, ECF No. 330 at 1 n.2. Even if Section 200 did not expressly so provide, <u>Brown</u> indicates that it must be so construed to avoid serious constitutional concerns. Accordingly, Defendants have not consented to general jurisdiction in this Court by reason of their registration to do business here.

For these reasons, and those set forth in Defendants' briefing and at oral argument, Defendants respectfully request that their pending motions be granted.

                                                Respectfully,

                                                */s/ Lawrence B. Friedman*

                                                Lawrence B. Friedman

Attachment

cc:    All counsel of record

---

registrants, <u>id.</u> at 50, Defendants (as foreign banks operating branches in New York) did <u>not</u> register under the BCL, but <u>only</u> under the Banking Law. <u>See</u> <u>Strauss</u>, ECF No. 379 at 3 n.3.