# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2840
lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

June 22, 2016

**BY HAND AND ECF**

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI)(MDG)
             Applebaum, et al. v. National Westminster Bank Plc, 07-civ-916 (DLI)(MDG)

Dear Chief Judge Irizarry:

    I am writing on behalf of defendant National Westminster Bank Plc ("NatWest") pursuant to Magistrate Judge Go's June 17, 2016 Scheduling Orders and Rule IV(A)(3) of Your Honor's Individual Motion Practices. NatWest respectfully seeks a pre-motion conference concerning two motions NatWest wishes to file.

    First, pursuant to the Second Circuit's remand order in these matters, NatWest wishes to file a renewed motion for summary judgment with respect to the proximate causation and Hamas responsibility elements of Plaintiffs' claims, which this Court did not consider in its ruling on NatWest's initial summary judgment motion that the Second Circuit later reversed. Second, NatWest wishes to file a motion for summary judgment with respect to claims arising from three attacks that have been added to these cases for the first time in the amended *Weiss* and *Applebaum* Complaints that were filed last week, on June 17, 2016. Plaintiffs have previously stated that they do not object to NatWest filing these motions.

**I.**    **NatWest's Motion for Summary Judgment on the Proximate Cause and Hamas Responsibility Elements of Plaintiffs' Claims**

    When the Second Circuit remanded these cases to this Court following its reversal of this Court's determination that there was no triable issue with respect to the scienter element of Plaintiffs' claims, the Second Circuit instructed Your Honor to decide "NatWest's other asserted grounds for summary judgment." *Weiss v. Nat'l Westminster Bank Plc*, 768 F.3d 202, 212 (2d Cir. 2014). That decision was then deferred pending the Court's adjudication of NatWest's *Daimler*-based personal jurisdiction motion, which the Court denied on March 31, 2016.

Hon. Dora L. Irizarry, U.S.D.J., p. 2

Accordingly, the Court should now consider the two grounds raised in NatWest's initial summary judgment motion that the Court did not previously address: (1) Plaintiffs' failure to present admissible evidence that NatWest proximately caused Plaintiffs' injuries; and (2) Plaintiffs' failure to present admissible evidence that Hamas perpetrated the attacks in which Plaintiffs were injured. Due to developments in the law in the four years since NatWest's summary judgment motion was fully briefed on February 29, 2012, including intervening Second Circuit decisions specifically construing the proximate causation element of Anti-Terrorism Act claims, NatWest respectfully requests that the Court permit the parties to re-brief these issues.

First, NatWest will demonstrate that it is entitled to summary judgment because Plaintiffs cannot show that NatWest transferred funds directly to Hamas, or that funds allegedly transferred indirectly to Hamas were actually used in any of the attacks in which Plaintiffs were injured, as Plaintiffs must prove in order to satisfy the proximate causation element of their claims under these recent Second Circuit precedents. Second, even if Plaintiffs could show that NatWest transferred funds directly to Hamas, which they cannot, NatWest would still be entitled to summary judgment on at least some of Plaintiffs' claims because Plaintiffs have not offered admissible evidence that Hamas perpetrated many of the attacks by which Plaintiffs claim to have been injured.

## II. NatWest's Motion for Summary Judgment on Claims Arising from Attacks Recently Added to the Complaints

Last week, on June 17, Plaintiffs amended the *Weiss* and *Applebaum* Complaints to add new plaintiffs, who assert claims arising from three attacks that were not previously at issue in these cases. Accordingly, because NatWest has not had any opportunity to seek summary judgment on claims arising from these attacks, NatWest respectfully requests permission to do so now. In its proposed summary judgment motion NatWest will show that all of the evidence on which Plaintiffs rely to establish that Hamas perpetrated these three attacks is inadmissible.[1]

First, Plaintiffs rely on inadmissible expert testimony to establish Hamas's responsibility for these three attacks. Plaintiffs rely on the purported expert opinion testimony of Ronni Shaked that Hamas committed the attacks, despite this Court's prior ruling that "[u]nder the Second Circuit's decision in *United States v. Mejia* [545 F.3d 179 (2d Cir. 2008)], much of Shaked's testimony" and such pronouncement-of-guilt testimony in particular "is inadmissible because it does not require expert knowledge." *Strauss v. Crédit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 444 (E.D.N.Y. 2013). Likewise, Plaintiffs offer purported expert opinion testimony from Evan Kohlmann despite the Court's prior ruling that his "recitation of secondary evidence . . . that Hamas perpetrated the fifteen attacks" is inadmissible. *Id.* at 446. Second, the documents that Plaintiffs rely on to show that Hamas perpetrated the three attacks are inadmissible for various reasons, including but not limited to those described in *Strauss*.

---

[1] Plaintiff's inability to prove that Hamas perpetrated these three attacks is also the subject of the summary judgment motion that Crédit Lyonnais, S.A. ("CL") proposes to make in the *Strauss* and *Wolf* lawsuits, as detailed in the pre-motion conference letter that CL is filing today.

Hon. Dora L. Irizarry, U.S.D.J., p. 3

    We look forward to addressing these matters further at a pre-motion conference.

                          Respectfully,

                          Lawrence B. Friedman

cc: All counsel