

399 PARK AVENUE 14TH FLOOR
NEW YORK, NY 10022-4614
212.704.9600 212.704.4256 fax www.zuckerman.com

SHAWN NAUNTON
Partner
646.746.8655
snaunton@zuckerman.com

June 22, 2016

**VIA ECF**

Honorable Dora L. Irizarry
United States District Judge,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Weiss, et al. v. National Westminster Bank Plc*, 05-cv-4622 (DLI)(MDG)
*Applebaum, et al. v. National Westminster Bank Plc*, 07-cv-916 (DLI)(MDG)
*Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702 (DLI)(MDG)
*Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914 (DLI)(MDG)

Dear Chief Judge Irizarry:

We write on behalf of all plaintiffs in the above-referenced actions to request a conference to discuss plaintiffs' proposed motion to consolidate the NatWest and Crédit Lyonnais actions for bifurcated trial or, in the alternative, leave to file the proposed motion. Consolidation is appropriate because it would conserve judicial resources, avoid duplication of significant costs, and reduce the possibility of inconsistent jury findings. It also would hasten the conclusion of litigation that has already spanned more than a decade, to the detriment of severely injured and financially burdened plaintiffs and their families.

Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions involving "a common question of law or fact." Consolidation should be liberally permitted to expedite trial and avoid costly duplication. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted), *cert. denied*, 498 U.S. 920 (1990). Consolidation is warranted here for a number of reasons. The NatWest and Crédit Lyonnais actions present *identical* legal claims brought under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333(a).[1] In both cases, plaintiffs allege that the defendants knowingly provided material support to the *same* Hamas-controlled charities in the Palestinian territories, thus proximately causing the *same*

[1] In the Court's opinions on defendants' original and renewed motions for summary judgment, Your Honor noted that the actions present precisely the same legal elements: knowledge or conscious disregard, attribution, proximate causation, and material support. *See infra* at 3. These issues will require highly similar (if not identical) jury instructions.






terrorist attacks,[2] which were perpetrated by the *same* Foreign Terrorist Organization ("FTO"), Hamas, and injured *virtually the same* group of plaintiffs.[3] Moreover, in both cases the parties are represented by the *same* counsel.

<u>Common Factual Issues</u>

Plaintiffs intend to rely on nearly identical documentary evidence and fact and expert witnesses to demonstrate that Hamas committed the attacks at issue in the NatWest and Crédit Lyonnais cases. In addition, plaintiffs will rely on identical experts to establish the link between Hamas and the "charitable" committees to which the banks transferred funds on behalf of their Specially Designated Global Terrorist customers. Defendants rely on the same case-in-chief and rebuttal expert witnesses for these issues. Requiring these fact and expert witnesses to testify twice about identical issues is unnecessarily costly, duplicative, and inefficient for the Court. *See Barkley v. Olympia Mortg. Co.*, 04-cv-875 (KAM)(RLM), 2010 WL 3709278, at *27 (E.D.N.Y. Sept. 13, 2010) ("If separate trials are held, each of the plaintiffs and the parties' fact and expert witnesses would testify at each of the trials . . . Consolidation would thus minimize duplicative testimony by the parties and their witnesses, and thus further the interests of judicial economy."), *aff'd*, 557 F. App'x 22 (2d Cir. 2014), as amended (Jan. 30, 2014). Separate trials would also waste judicial resources by forcing multiple juries to consider the same evidence for the same purpose and thus risk the juries reaching conflicting conclusions. *Id.* at *28.

Defendants will likely counter that they are unfairly prejudiced by consolidation because the dates and amounts of the financial transactions they conducted on behalf of their designated terrorist customers differ, as does the evidence of their knowledge and/or conscious disregard of the nature of their customers and the financial transactions at issue. However, these differences do not counsel against consolidation. Juries are routinely called upon to make separate factual determinations for distinct claims, and to pass judgment on the individualized conduct of multiple defendants. *See In re Joint Eastern and Southern Districts Asbestos Litigation*, 125 F.R.D. 60, 64 (E.D.N.Y. and S.D.N.Y. 1989) ("juries often consider complex actions competently") (citations omitted). As the Second Circuit counseled in *Johnson*, "the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff." 899 F.2d at 1285 (citations omitted). The Court can also reduce the risk of confusion by controlling the form in which differing evidence is presented. *See In re Joint E. & S. Districts Asbestos Litig.*, 125 F.R.D. at 63. The Court can

---

[2] There are 19 attacks at issue in the Crédit Lyonnais actions; 17 of those 19 attacks also are at issue in the NatWest actions.

[3] All but 23 of the 286 total plaintiffs in these cases are pursuing claims against both Crédit Lyonnais *and* NatWest.






guard against jury confusion by keeping the identity of parties and issues separate, providing instructions throughout the trial, and providing separate verdict forms. *In re Asbestos Litig*., No. 92 CIV. 8841 (RWS), 1998 WL 230950, at *7 (S.D.N.Y. May 8, 1998).

Common Legal Issues

As the Court recognized in its opinions on defendants' summary judgment motions, the elements of plaintiffs' ATA claims in these actions are identical. *Compare Weiss v. National Westminster Bank Plc*, 936 F. Supp. 2d 100, 112-114 (E.D.N.Y. 2013) *with Strauss v. Crédit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 426-27 (E.D.N.Y. 2013). The jury instructions concerning those elements are therefore likely to be identical or at least to track very closely.

A Unitary Damages Trial

If these two cases are not consolidated for a bifurcated trial, there is a significant risk of gross inefficiency and inequity. Having two trials would require the plaintiffs either to wait to commence the damages phase of the trial until the liability trial of the second defendant to be tried is concluded, or to put on two separate (almost identical) damages trials for the same plaintiffs before two separate juries. Neither outcome is efficient for the Court or cost effective for the litigants. Conversely, consolidation would allow liability to be resolved in one proceeding, with one damages trial to be held thereafter. Moreover, if the defendants face two separate damages trials, as they propose, the defendants would get two opportunities to question the plaintiffs presenting the same damages evidence, because the defendants are represented by the same counsel.

* * * * * *

In light of the common issues of fact and law, the high degree of overlap of fact and expert witnesses, the almost complete commonality of the plaintiffs, the availability of appropriate jury instructions and verdict forms to segregate any remaining distinct issues, as well as the fact that the parties have the same counsel, consolidation of the NatWest and Crédit Lyonnais actions for bifurcated trial is appropriate. Consolidation will avoid unnecessary cost and delay without unduly prejudicing defendants. We therefore respectfully request that the Court either schedule a pre-motion conference or permit plaintiffs to file a motion to consolidate the actions.






We thank the Court for its courtesy and consideration.

Respectfully submitted,

/s/ Shawn P. Naunton

Shawn Naunton

cc: Counsel of record (by ECF)