# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

Writer's Direct Dial: 212-225-2840
E-Mail: lfriedman@cgs.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

June 29, 2016

**BY HAND AND ECF**

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
            Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)
            Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI) (MDG)
            <u>Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI) (MDG)</u>

Dear Chief Judge Irizarry:

       I am writing on behalf of Crédit Lyonnais, S.A. ("CL"), Defendant in the <u>Strauss</u> and <u>Wolf</u> actions, and National Westminster Bank Plc ("NatWest"), Defendant in the <u>Weiss</u> and <u>Applebaum</u> actions, to oppose Plaintiffs' request for a pre-motion conference concerning their proposal that their separate lawsuits against CL and NatWest be consolidated for a single liability trial.

       Plaintiffs cannot meet their burden to justify consolidation of their claims against CL and NatWest at this late stage, more than 11 years after Plaintiffs first sued NatWest and CL separately in four individual actions, and after those claims have been litigated separately through discovery and dispositive motion practice ever since, as the result of Plaintiffs' own tactical decision to sue each Defendant in separate lawsuits. Consolidation would cause extreme prejudice to CL and NatWest, foster jury confusion and impose undue burdens on Defendants, a jury and the Court, all far outweighing any minimal time savings that consolidation might yield. Indeed, it is likely that consolidation would not only gravely prejudice Defendants, but also would yield <u>no</u> material efficiency gains, given the completely distinct bodies of evidence applicable to each Defendant on most of the issues to be tried, and the trial time that will need to be devoted to them. For these reasons, Plaintiffs' belated attempt to win a tactical advantage with a consolidated liability trial[1] does not present even a close call – the considerations favoring

---

[1] Plaintiffs previously opposed consolidation of their claims against NatWest with their claims against Arab Bank when Arab Bank sought consolidation. <u>See</u> Letter from Defendant Arab Bank to Judge Gershon, <u>Linde, et al. v. Arab Bank plc</u>, No. 04-2799 (E.D.N.Y. Feb. 8, 2006), ECF No. 148.

Hon. Dora L. Irizarry, U.S.D.J., p. 2

consolidation are few and relatively insignificant, but the reasons not to consolidate are many and substantial.

        **A.    Separate factual issues predominate, and thus a consolidated trial would cause extreme prejudice to Defendants**. It is well-settled in this Circuit that consolidation is not appropriate where the risks of prejudice and jury confusion outweigh the potential convenience, as "[t]he benefits of efficiency can never be purchased at the cost of fairness." Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993). Consolidation is particularly inappropriate where the introduction of large amounts of evidence that is relevant to one defendant, but irrelevant and inadmissible with respect to the other defendant, risks confusing the jury. See e.g., Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977).

        Here there is common evidence on the issue of whether Hamas perpetrated the attacks at issue, but as Plaintiffs cannot dispute, the vast majority of the relevant facts and admissible evidence that will be presented at trial relate to the scienter and, to a lesser extent, the proximate causation elements of Plaintiffs' claims, which are distinct for each Defendant, as Your Honor has previously noted. See Weiss v. Nat'l Westminster Bank Plc, 936 F. Supp. 2d 100, 118-20 (E.D.N.Y. 2013) ("[T]he general similarities between these two cases do not extend to the specific facts underlying the Court's analysis of scienter. The manner in which NatWest managed Interpal's accounts varies so significantly from Crédit Lyonnais' handling of CBSP's accounts that the Court must arrive at different results with respect to the defendants' motions for summary judgment."). Indeed, nearly all of the evidence that is admissible against one bank with respect to its conduct would be inadmissible in a trial against the other bank:

- Evidence that relates exclusively to CL and would be inadmissible against NatWest concerns whether (a) CL knew or was willfully blind to whether its customer CBSP was funding Hamas, and (b) the funds CL transferred to Palestinian charities on behalf of CBSP proximately caused the relevant attacks.[2]

- Evidence that relates exclusively to NatWest and would be inadmissible against CL concerns whether (a) NatWest knew or was willfully blind to whether its customer Interpal was funding Hamas terrorism, and (b) the funds NatWest transferred to Palestinian charities on behalf of Interpal proximately caused the relevant attacks.

It would be bad enough that, in a consolidated trial, a single jury would be required to evaluate extensive testimony and documents concerning two separate banks operating in two separate jurisdictions and in the context of two separate regulatory regimes. But when, on top of that, the evidence concerning each bank's knowledge and behavior would be completely inadmissible against the other, the risk of jury confusion and prejudice to each would be virtually guaranteed.

        Contrary to Plaintiffs' assertion, the prejudice that each bank would sustain as the result of the introduction of evidence in a single trial that is irrelevant to and inadmissible against the other could not be undone with cautionary instructions to the jury, particularly when it would

---

[2] For example, approximately 80% of the exhibits that CL anticipates offering at trial relate to issues unique to CL. Further, a comparison of the 30 fact witnesses deposed in the CL cases reveals no overlap with the 19 fact witnesses deposed in the NatWest cases.

Hon. Dora L. Irizarry, U.S.D.J., p. 3

constitute such a substantial portion of the trial record. See Malcolm, 995 F.2d at 352. Asking a jury to separately assess complex scienter and proximate causation evidence as to each bank, and to disregard weeks of such evidence concerning one bank but not the other, simply would ask too much of a jury, and with so much at stake.

      **B.** **Common factual issues are minimal.** In addition to the substantial prejudice to Defendants' rights to a fair trial that consolidation would cause because separate factual issues predominate, consolidation also is not warranted by considerations of judicial economy, because it would result in a trial nearly double the length of two separate trials – as long as four months – and unduly burden the parties, the jury and the Court, while yielding minimal potential time savings. Plaintiffs fail to dispute that the testimony and documents they plan to present on the only issue common to all four lawsuits – Hamas's responsibility for the attacks – would occupy only a small fraction of the overall trial time. This Court has largely excluded Plaintiffs' expert testimony on this subject, and there are no fact witnesses who can testify that Hamas perpetrated the attacks. See Strauss v. Crédit Lyonnais, S.A., 925 F. Supp. 2d 414, 444-46 (E.D.N.Y. 2013). The overlapping documentary evidence concerning this subject is insufficient to justify consolidation. Likewise, it would impose minimal burden for Plaintiffs' two purported experts on Palestinian charities to testify at two trials. In sum, and when compared to the extensive non-overlapping scienter and proximate causation evidence, the minimal overlapping evidence cannot support consolidation. See Johnson v. Kerney, No. 91-Civ-4028, 1993 WL 547466 at *6 (E.D.N.Y. Dec. 22, 1993).

      **C.** **Defendants' representation by the same trial counsel weighs against consolidation.** Consolidation also would needlessly risk prejudice to Defendants by potentially creating the need for one of them to retain new trial counsel after 11 years of litigation, due to potential conflicts relating to trial strategy, a consequence that also would cause substantial delay. See Transeastern Shipping Corp. v. India Supply Mission, 53 F.R.D. 204, 206 (S.D.N.Y. 1971); cf. Fenner Invs., Ltd. v. 3Com Corp., 2008 WL 4876816 at *1 (E.D. Tex. Nov. 12, 2008). Even if conflicts could be overcome, representation of the two Defendants at trial by the same lawyers would risk further jury confusion between the two Defendants, because the same lawyers would be speaking for both of them.

      **D.** **The course of hypothetical future damages proceedings is irrelevant.** Plaintiffs requested the bifurcation of these proceedings between separate liability and damages discovery and trials, and thus the possible consequences of that bifurcation that they now complain about are entirely of their own making. It also is entirely speculative at this point how a damages phase will proceed, because that depends on (1) which (if any) Defendant is found liable; (2) how the Court structures damages proceedings; and (3) the time necessary to complete damages discovery. The parties can later revisit whether a consolidated damages trial would be appropriate, but that has no bearing on whether a consolidated liability trial is appropriate.

      In sum, during 11 years of litigation, Plaintiffs have never before suggested a consolidated liability trial, and have instead planned for two separate trials. Consolidation now would subject the parties, the jury and the Court to a far more protracted trial, only a small fraction of which would be overlapping as to both Defendants. The prejudice, jury confusion and added burden that consolidation would create greatly outweigh any limited time savings that it might yield.

Hon. Dora L. Irizarry, U.S.D.J., p. 4

Accordingly, the Court should deny Plaintiffs' request to submit a consolidation motion.

Respectfully,

Lawrence B. Friedman

cc: All counsel of record