SAYLES | WERBNER

June 29, 2016

BY HAND AND ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Weiss et al. v. National Westminster Bank Plc*, 05-cv-4622 (DLI)(MDG)
          *Applebaum et al. v. National Westminster Bank Plc*, 07-cv-916 (DLI)(MDG)

Dear Chief Judge Irizarry:

    I write on behalf of all Plaintiffs in response to defendant National Westminster Bank Plc's ("NatWest") June 22, 2016 letter requesting a pre-motion conference regarding proposed summary judgment motions addressing: (a) the proximate causation and Hamas responsibility elements of all Plaintiffs' Anti-Terrorism Act ("ATA") claims; and (b) the supposed lack of admissible evidence supporting the claims of Plaintiffs who recently joined this action. While Plaintiffs do not object to the filing of these motions, both lack merit for the reasons Plaintiffs explain below.

**Proximate Causation**

    NatWest vaguely contends that unspecified "recent Second Circuit precedents" suggest that Plaintiffs cannot establish the proximate causation element of their claims. Defendant fails, however, to identify any actual case law that would support its request to "re-brief" the proximate cause issue. The proximate cause proof that Plaintiffs will introduce at trial closely parallels the evidence the Court held sufficient to defeat summary judgment in *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 431-34 (E.D.N.Y. 2013) and that a court and a jury found adequate to establish liability in the *Arab Bank* litigation in this District. Moreover, neither the Supreme Court nor any court in this Circuit had rejected the proximate causation standard for ATA claims that Judge Posner articulated in *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 695-96 (7th Cir. 2008) and that this Court adopted in *Strauss*. *See Linde v. Arab Bank*, 97 F. Supp. 3d 287, 327-28 (E.D.N.Y. 2015) ("The fact remains that no court has expressly held that the ATA's civil remedy requires a showing of but-for causation. And in the only Court of Appeals decision to actually decide the issue, Judge Posner set forth a detailed and compelling explanation of why it does not."); *Strauss*, 925 F. Supp. 2d at 433 (relying upon *Boim* in rejecting the argument that ATA plaintiffs must "trace specific dollars to

Hon. Dora L. Irizarry, U.S.D.J.
June 29, 2016
Page 2

specific attacks to satisfy the proximate cause standard"). Accordingly, NatWest's renewed proximate causation arguments are doomed to failure.

**Hamas's Responsibility for the Relevant Attacks**

Like defendant Credit Lyonnais in the *Strauss* and *Wolf* actions, NatWest advances meritless challenges to the admissibility of the evidence that certain Plaintiffs will rely upon at trial to demonstrate that Hamas committed the attacks that killed and injured those Plaintiffs. As Plaintiffs more fully explain in their letter responding to the proposed summary judgment and reconsideration motions in *Strauss* and *Wolf*, NatWest's evidentiary arguments are irreconcilable with this Court's prior rulings, the *Arab Bank* jury's findings, Judge Cogan's underlying evidentiary rulings and established precedent.[1]

Ultimately, NatWest's proposed motion promises only to burden the Court and Plaintiffs with previously rejected arguments and thereby cause further delay. Thus, while Plaintiffs cannot prevent NatWest from filing the proposed summary judgment motion, the Court should summarily reject NatWest's arguments for the reasons previously articulated in *Strauss*, 925 F. Supp. 2d at 443-50.

Respectfully submitted,

/s/ Mark Werbner

cc: All counsel (by email)

---

[1] *See, e.g.*, *Boim v. Quranic Literacy Institute,* 340 F. Supp. 2d 885, 919 (N.D. Ill. 2004) (discussing Emmanuel Gross's opinions on Israeli Military Courts and the "fairness" of those proceedings). *See also Sokolow v. Palestine Liberation Organization*, No. 04-cv-00397 (GBD), Order dated December 16, 2014 (ECF Docket Entry 672) (admitting guilty pleas, decisions and verdict, along with the underlying indictments, pursuant to FRE 803(22), subject to certain redactions).