# Exhibit 9

```
 1   UNITED STATES DISTRICT COURT

 2   EASTERN DISTRICT OF NEW YORK
     ---------------------------------------X
 3   MOSES STRAUSS, et al.,

 4                        Plaintiffs,
          - against -
 5
     CREDIT LYONNAIS, S.A.,
 6
                         Defendants.
 7
     CASE NO.: 06-702(DGT)(MDG)
 8   ---------------------------------------X
     BERNICE WOLF, et al.,
 9
                        Plaintiffs,
10        - against -

11   CREDIT LYONNAIS, S.A.,

12                        Defendants.

13   CASE NO.: 07-914(DGT)(MDG)
     ---------------------------------------X
14

15                   One Liberty Plaza
                     New York, New York
16
                     August 12, 2010
17                   9:45 a.m.

18

19        CONTINUED VIDEOTAPED DEPOSITION of Expert

20   Witness, ARIEH SPITZEN, before Melissa Gilmore,

21   a Notary Public of the State of New York.

22

23        ELLEN GRAUER COURT REPORTING CO. LLC
            126 East 56th Street, Fifth Floor
24             New York, New York 10022
                    212-750-6434
25                   REF: 93799
```

```
 1   A P P E A R A N C E S:

 2

 3   OSEN LLC

 4   Attorneys for Plaintiffs

 5        345 Seventh Avenue, 21st Floor

 6        New York, New York 10001

 7   BY:  JOSHUA D. GLATTER, ESQ.

 8        PATRICIA E. RONAN, ESQ.

 9        PHONE 646-380-0480

10        FAX 646-380-0471

11        E-MAIL jdg@osen.us

12

13

14   OSEN LLC

15   Attorneys for Plaintiffs

16        700 Kinderkamack Road

17        Oradell, New Jersey 07649

18   BY:  ARI UNGAR, ESQ.

19        PHONE 201-265-6400

20        FAX 201-265-0303

21        E-MAIL au@osen.us

22

23

24

25
```

```
 1   A P P E A R A N C E S:  (Cont'd)

 2

 3   CLEARY GOTTLIEB STEEN & HAMILTON LLP

 4   Attorneys for Defendant

 5        One Liberty Plaza

 6        New York, New York 10006-1470

 7   BY:  AVRAM E. LUFT, ESQ.

 8        BRENDAN H. GIBBON, ESQ.

 9        JAMIE RIETEMA, ESQ.

10        PHONE 212-225-2432

11        FAX 212-225-3999

12        E-MAIL aluft@cgsh.com

13

14

15   ALSO PRESENT:

16        RUTH KOHN, Official Hebrew Interpreter

17        MEIR TURNER, Check Interpreter

18        CLARA M. BEYLER, Check Interpreter

19        DAN MACOM, Videographer

20

21

22

23

24

25
```

1                          Spitzen

2        A.    Here, too, it's very problematic to

3   answer.  It's hard for me to answer this

4   question.

5        Q.    Can you not answer the question?  Do

6   you understand the question?

7             MR. GLATTER:  Is the question do you

8        not understand it or --

9        Q.    You understand the question, right?

10       A.    Yes, I understand the question, but

11  it's hard to answer it because it's very

12  complex.

13       Q.    It's too complex for you to answer?

14            MR. GLATTER:  Object to the form of

15       the question.

16       A.    It's hard for me to answer because

17  the formulation is complicated for me.  I was

18  asked about all the decisions.

19       Q.    Well, my question is that if a

20  person that you allege to be a member of Hamas

21  works at a nursery school run by one of the 13

22  entities, when they make a decision, how do you

23  determine if that decision is being made based

24  on their role at one of the 13 entities or if

25  it's being made based on their alleged role at

                        Spitzen

Hamas?

            MR. GLATTER:  I object to the form

    of the question.  Mr. Luft, if you would

    like, I will expand on the basis for my

    objection.

            MR. LUFT:  I don't want you to

    expand.

            MR. GLATTER:  For purposes of

    clarity, if at any point you would like me

    to expand, I will assume you will let me

    know.

            MR. LUFT:  I will.

            MR. GLATTER:  Thank you.  You may

    answer.

    A.   Again, I'm repeating.  Depends what

decision you are talking about.  For example,

whether the children should go out for a recess

at 10 o'clock, is this a Hamas decision?  That

I don't know.

    Q.   Could it be a Hamas decision whether

they go to recess at 10 o'clock?

            MR. GLATTER:  Object to the form of

    the question, vague and ambiguous.

    A.   Again, it's hard -- I can't answer

                        Spitzen

1    such a question.

2         Q.    Why not?  Why can't you answer?

3              MR. GLATTER:  Same objection.

4         A.    Because the question is formulated

5    in such a way that it sounds as if this entity

6    is an entity separate from the Hamas, not

7    belonging to the Hamas.  I didn't say such a

8    thing.

9         Q.    I'm talking about someone who worked

10   at a nursery school at one of the 13 entities

11   that we are discussing.  If you would like we

12   can choose any one of them to use in the place

13   and my -- and that's the context that I'm

14   asking.  That's the type of entity that we are

15   discussing, as I thought has been clear, but if

16   it hasn't, that's what I'm talking about.

17              So you can choose which one of the

18   13 entities, and it's a nursery school run by

19   one of those 13 entities, a person who works

20   there that you allege is a member of Hamas

21   makes a decision as part of their work at the

22   nursery school, and I want to know how you

23   determine if that is a decision they are making

24   as a member of Hamas or if that is a decision

```
 1                    Spitzen
 2   that they are making as an employee of one of
 3   the 13 entities?
 4              MR. GLATTER:  I object to the
 5          question on the grounds of form.  The
 6          question is vague, ambiguous, compound and
 7          confusing, as well as lack of foundation
 8          and misstating prior testimony and
 9          Mr. Spitzen's expert report.  You may
10          answer the question.
11          A.   Again, it's very problematic because
12   this question is very hypothetical.  I can make
13   an assumption that is as hypothetical as the
14   question is.  I can assume that if Ahmed Yassin
15   runs a nursery school --
16              THE WITNESS:  No nursery school.
17          Runs the --  (In English.)
18              THE INTERPRETER:  Sorry.
19          A.   If Ahmed Yassin heads the al-Mujama,
20   then the nursery school decisions that are
21   taken are decisions made by him and the head of
22   the Hamas and the head of the entity.
23              MS. BEYLER:  The type of education.
24              THE INTERPRETER:  Okay.
25          A.   I assume that Ahmed Yassin, who is
```

                              Spitzen
head of the Hamas and he was at that time also
the head of the Mujama, he is the one who makes
the decisions or made the decision -- decisions
regarding the content, regarding -- regarding
the content that those schools and those
nursery schools will teach the children and
pass over to the children.

            I cannot be sure whether he will be
in charge of their schedule when they will go
out for recess and when they will not.

      Q.   Mr. Spitzen, my question to you is
how -- how -- let me strike that.

            Mr. Spitzen, did you, in doing your
analysis, endeavor to try to determine which
decisions and actions taken by the 13 entities
were taken and made by individuals because of
their roles at the 13 entities or because of
their alleged roles at Hamas?

            MR. GLATTER:  Objection as to form
      and foundation.

      A.   No, this was not the method or the
way of my research.

      Q.   And Mr. Spitzen, did -- did you, in
conducting your analysis to offer these expert

1                       Spitzen

2    opinions, endeavor to try to determine whether

3    an individual, who you allege to be a member of

4    Hamas and to have either been a volunteer or

5    employee of one of the 13 entities, whether

6    their actions were done because they were

7    acting on behalf of Hamas or because they were

8    acting on behalf of one of the 13 entities?

9              MR. GLATTER:  Same objection.

10       A.    Again, this is not the way I was

11   working.  Your basic assumption in this

12   question is that these associations are one

13   thing and the Hamas is another thing.  I

14   determine in my expert opinion, and I insist on

15   it, that these entities are part of the

16   infrastructure of Hamas.

17       Q.    Mr. Spitzen, is it your expert

18   opinion that there is no -- no distinguishment

19   between the 13 entities and Hamas?

20              MR. GLATTER:  You can answer.

21       A.    Yes, and I'm also saying it at the

22   end of each of the sections, that these

23   associations are part of the civilian

24   infrastructure of the Hamas.

25              MR. TURNER:  I think it was