# Exhibit 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  COURTNEY LINDE et al.,                                      :
                                                              :   **ORDER**
                              Plaintiffs,                     :
                                                              :   04 Civ. 2799 (BMC) (VVP)
              - against -                                     :   and related cases[1]
                                                              :
  ARAB BANK, PLC,                                             :
                                                              :
                              Defendant.                      :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- X

The Court has considered the parties' objections and motions *in limine*, and issues the following rulings in advance of trial:

**I.  Plaintiffs' Objections**

1. <u>Defendant's policies and practices</u>

The objection is overruled in part.  As previously held, defendant may provide testimony and evidence that tends to rebut inferences that plaintiffs seek to draw about defendant's compliance programs.

2. <u>Palestinian Monetary Authority ("PMA") Circulars</u>

The objection is overruled in part.  To the extent plaintiffs offer PMA circulars ordering the freezing of certain accounts as relevant to defendant's notice and knowledge, defendant may complete the story by offering PMA circulars showing those accounts were unfrozen.  Defendant may not, however, offer evidence to demonstrate that its conduct was legal under Palestinian or other foreign law.  See <u>Linde v. Arab Bank</u>, 944 F. Supp. 2d 217 (E.D.N.Y. 2013).  The purpose

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings:  <u>Philip Litle, et al. v. Arab Bank, PLC</u>, 04-CV-5449; <u>Oran Almog, et al. v. Arab Bank, PLC</u>, 04-CV-5564; <u>Robert L. Coulter, Sr., et al. v. Arab Bank, PLC</u>, 05-CV-365; <u>Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC</u>, 05-CV-388; <u>Michael Bennett, et al. v. Arab Bank, PLC</u>, 05-CV-3183; <u>Arnold Roth, et al. v. Arab Bank, PLC</u>, 05-CV-03738; <u>Stewart Weiss, et al. v. Arab Bank, PLC</u>, 06-CV-1623.

for which defendant will offer the majority of these exhibits remains unclear; defendant will have to explain their relevance before they can be admitted.

3. Payments by Third Parties to Charities Alleged to be Hamas "Fronts"

The objection is overruled. As previously held at the July 30, 2013 Conference, defendant may use this evidence for impeachment purposes.

4. Prior Orders and Penalties Issued by FinCEN and OCC

The objection is sustained. Prior OCC and FinCEN penalty orders assessed against entities other than defendant are not relevant.

5. Documents Relating to Excluded Experts

The objection is overruled. Absent more specific objections to the documents themselves, the mere fact that they would have been discussed by experts who are no longer testifying is not grounds for exclusion.

6. Saudi Committee Transfers by Bank of New York

The objection is overruled in part. The fact that certain transfers were not listed on OFAC and were processed through the Bank's OFAC filter is potentially relevant to the Bank's mental state. The fact that other banks also processed certain transactions is not.

**II. Defendant's Motions in Limine**

1. FinCEN Assessment

Defendant's motion is denied. Plaintiffs now seek to admit but one portion of the FinCEN Assessment of Civil Monetary Penalty:

> [N]ames similar to those of originators and beneficiaries in funds transfers cleared by Arab Bank - New York appeared in credible and publicly available sources of information, including Congressional testimony, indictments in the United States, and well-publicized research and media reports, linking the originators and beneficiaries to illicit activity. Some originators or beneficiaries appeared in

2

subpoenas or other legal process that Arab Bank - New York received from law enforcement in the United States.

This portion of the FinCEN Assessment is admissible. Plaintiffs will be permitted to argue that defendant's settlement with FinCEN put the Bank on notice of a heightened need to screen its customers for illicit activity. Defendant may rebut this argument, including through argument that the FinCEN settlement was too general to put the Bank on notice of anything.

2. IDF Exhibits

The Court will reserve judgment on this motion. Plaintiffs have withdrawn the majority of these exhibits from their case-in-chief. The Court will rule on the admissibility of PX1240 when and if it is offered into evidence.

### III. Defendant's Objections

1. Expert Disclosure of Otherwise Inadmissible Testimony:

Judge Gershon has already held the opinions of plaintiffs' experts to be admissible. See Linde v. Arab Bank, 922 F. Supp. 2d 316 (E.D.N.Y. 2013). In doing so, she rejected defendant's argument that these experts were merely transmitting hearsay and other inadmissible evidence to the jury. See id. at 323, 331 ("Mr. Shaked (and Mr. Kohlmann) properly apply their expertise to what would otherwise be inadmissible hearsay to analyze evidence in a manner contemplated by Rule 703"). This Court has made clear, repeatedly, it will not revisit these prior rulings.

Nevertheless, Federal Rule of Evidence 703 does not give plaintiffs *carte blanche* to admit otherwise inadmissible evidence simply because their experts rely upon it. Unless a particular exhibit is otherwise admissible, the burden is on plaintiffs to demonstrate that the probative value of the evidence – for the purpose of assisting the jury in evaluating an expert's opinion – outweighs the risk of prejudice resulting from the jury's potential misuse of otherwise inadmissible information for substantive purposes. See Fed. R. Evid. 703 Advisory Committee's

3

Note (2000). Plaintiffs indicate that they will not be seeking to admit into evidence all of the exhibits challenged by defendant. The Court will therefore be best positioned to make a determination as to whether specific exhibits are admissible at trial, when and if plaintiffs attempt to admit them into evidence. Nevertheless, the Court will rule on some of the parties' arguments below.

2. Holy Land Foundation Trial Exhibits:

Plaintiffs do not provide any theory under which this evidence would be independently admissible; rather, they solely contend these exhibits to be admissible under Rule 703. Clearly, all 34 exhibits will not be necessary to help the jury evaluate the experts' testimony, particularly given that such a large number of them are examples of Hamas propaganda that are similar in purpose and effect. The Court will consider whether plaintiffs have met their burden under 703 as to specific exhibits as they are offered, and should a contested exhibit be admitted, the Court will give an appropriate limiting instruction at defendant's request.

3. Israeli Government Memoranda and Other Releases

As noted, the Court will make its Rule 703 rulings at trial, and provide appropriate limiting instructions as requested.

To the extent plaintiffs seek to admit some of these 41 government documents as independent exhibits, they will have to authenticate them. Plaintiffs will also have to demonstrate that they fit within Rule 803(8)(A)(iii), and that any hearsay statements contained within such reports also fit within an appropriate exception.

4

4. Israeli Military Court Documents:

The apostilled Israeli military court documents are self-authenticating. Plaintiffs will have to authenticate the non-apostilled documents at trial.

The Court rejects defendant's argument that Israeli military court documents, even if properly authenticated, are insufficiently reliable to be admitted at trial due to the process afforded defendants in such proceedings. See Strauss v. Credit Lyonnais, S.A., 925 F. Supp. 2d 414, 447-48 (E.D.N.Y. 2013). The indictments may be admissible under Rule 803(22) where they led to a judgment of conviction. See Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 412 (6th Cir. 2006). Where an indictment did not lead to a judgment of conviction, it will not be independently admissible absent some other basis.

5. Newspaper Articles

The Court will largely sustain defendant's objection to these articles under Rule 403. Plaintiffs concede that they are hearsay if submitted for the truth of the matters asserted. To be relevant to show notice to defendant, plaintiffs would have to demonstrate that an employee of defendant responsible for an account at issue did, in fact, have notice of particular articles. The marginal probative value of this evidence to notice would be outweighed by the delay necessitated by such proof, and the risk of unfair prejudice to defendant.

The exception is PX502, the Saudi Committee advertisement informing beneficiaries to collect their payments at local Arab Bank branches. This advertisement is relevant for the fact it was published, and defendant's 30(b)(6) witness concerning the Saudi Committee confirmed his knowledge of such advertisements.

5

6. <u>Website Captures</u>

As previously held at the 7/30/13 conference, plaintiffs will need to authenticate these captures and demonstrate that they fall within a hearsay exception before they can use them as independent exhibits. The Court will reserve judgment as to whether plaintiffs are able to do so.

The Court disagrees with the holdings in <u>Strauss</u>, 925 F. Supp. 2d at 449, and <u>Gill v. Arab Bank, PLC</u>, 893 F. Supp. 2d 542, 569 (E.D.N.Y. 2012), that claims of responsibility for terrorist attacks are sui generis and can never fall within the Rule 804(b)(3) hearsay exception for statements against interest. A statement that "I killed someone" is a declaration against interest. The weight to be given it is for the jury. By claiming responsibility for an attack, Hamas could trigger investigation by Israeli authorities, investigation which could lead to imprisonment or assassination by the IDF if the statement of responsibility is found true. Declarations against interest do not conclusively establish facts; they are evidence of the facts stated, and a party is always free to argue to the jury that the statement is not to be believed for contextual reasons.

Indeed, <u>Gill</u> cited no authority for its holding to the contrary. Instead, it referred to cases indicating that the statement against interest analysis focuses on whether a statement was sufficiently self-inculpatory, and not whether it might also be made for other reasons like boastfulness. <u>See id.</u> (citing <u>United States v. Mills</u>, 704 F.2d 1553, 1562 (11th Cir. 1983) ("boastful" statement about racial murder in prison by member of white supremacist group admissible); <u>United States v. Mussare, III</u>, 405 F.3d 161, 168 (3d Cir. 2005) ("bragging"); <u>United States v. Berrios</u>, 676 F.3d 118, 129 (3d Cir. 2012) ("braggadocio")). <u>Strauss</u>, meanwhile, cited only <u>Gill</u>. <u>See Strauss</u>, 925 F. Supp. 2d at 449.

6

7. <u>Photos and Videos From Other Sources</u>

The objection is sustained in part. Pictures, videos, and news reports concerning the aftermath of terrorist attacks will be irrelevant if defendant concedes that the attacks were acts of terrorism. Exhibits bearing no relation to the issue of attributing the attacks to Hamas are therefore excluded. The Court will reserve judgment on the remainder of these exhibits.

8. <u>Defendant's Annual Reports From 1956-71 and </u>The Indomitable Arab:

As previously held at the July 30, 2013 Conference, these exhibits are admissible for impeachment only. Also as previously held, plaintiffs may present this impeaching material when they present the deposition testimony they are seeking to impeach in their case-in-chief.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
July 31, 2014