# Exhibit 19

תיק מס': 3511/03 תאריך: י"ח תמוז, תשס"ה
26 יולי, 2005

# ה כ ר ע ת - ד י ן

על יסוד ההודאה באשמה, אני מרשיע את הנאשם בעבירות המיוחסות לו בכתב האישום המתוקן, היינו:

א. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ב. ניסיון לגרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון וסעיפים 19 ו-20 לצו בדבר כללי האחריות לעבירה

ג. גרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון (2 פרטים).

ניתן והודע היום, 26/7/05, בפומבי ובמעמד הצדדים.

_____     _____     _____
      שופטת                        אב"ד                       שופט

סניגורית: אני מבקשת לדחות את התיק לטיעונים לעונש בתחילת חודש ספטי.

# ה ח ל ט ה

התיק יידחה לטיעונים לעונש ביום 6/9/05.

ניתן והודע היום, 26/07/05, בפומבי ובמעמד הצדדים.

_____     _____     _____
      שופטת                        אב"ד                       שופט

רס"ן אלינור ברזני
קצינת העיר נתניה

נאמן למקור

-2-

L_C180954

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| # | English | Hebrew |
|---|---|---|
| 1. | STATE OF ISRAEL | מדינת ישראל |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS — ברזני אלינור BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | המכהן בתור קצינת העיר נתניה |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF — צבא ההגנה לישראל ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | אושר במשרד החוץ |
| 6. | THE 22/9/2011 | ביום |
| 7. | BY LIDAR RAHIMA CONSULAR BUREAU — לידר רחימה החטיבה הקונסולרית | על-ידי |
| 8. | NO 526757. | מס' 526757 |
| 9. | SEAL/STAMP | חותם/חותמת |
| 10. | SIGNATURE, JERUSALEM | חתימה, ירושלים |

L_C180955

תאריך: י"ח בשבט, תשס"ו
16 בפברואר, 2006

תיק מס': 3511/03

בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן יאיר תירוש
השופטת: רס"ן דליה קאופמן
השופט: רס"ן מייקל בן-דוד

התביעה הצבאית
(באמצעות סרן סרגיי מורין)

נגד

הנאשם: עבדאללה אחמד מחמוד אבו סיף, ת.ז. 937286730 / שב"ס
(באמצעות ב"כ עו"ד אנואר אבו עומר ועו"ד אחלאם חדאד)

## נימוקי גזר הדין

הנאשם הורשע עפ"י הודאתו בעבירות שמהותן חברות ופעילות בהתאחדות בלתי מותרת, ניסיון גרימת מוות בכוונה וגרימת מוות בכוונה.

הנאשם, אשר היה חבר בפלג הצבאי של ארגון החמאס, "גדודי עז אדין אל קסאם" מילא תפקיד מרכזי בביצוע פיגוע רצחני שהתבצע ב-7 מרץ, בישוב קרית ארבע בפיגוע זה נרצחו על ידי הנאשם ושותפיו בני הזוג **דינה ואלי הורוביץ** ז"ל ונפצעו שלושה אנשים נוספים.

חלקו של הנאשם באותו אירוע החל כבר בחודש ינואר 2003 עת התבקש ע"י מגייסו, באסל קאוסמה לאתר מקום ממנו ניתן לחדור לישוב קרית ארבע לשם ביצוע פיגוע. הנאשם הסכים לכך ואיתר מקום כפי שהתבקש. לאחר מכן, התבקש הנאשם ע"י מגייסו לצלם את המקום, אולם הנאשם לא עשה כן, כיוון שלא הצליח להפעיל את המצלמה. הנאשם מסר לבאסל קוואסמה אודות מקום קרוב לגדר הישוב בו ניתן להחביא את הנשק שישמש לפיגוע.

בתחילת חודש מרץ 2003 שלושה ימים לפני ביצוע הפיגוע המתוכנן, קיבל הנאשם ממגייסו תיק ובו רובה סער מסוג M16, תחמושת וחגורת נפץ והסתירו במקום המסתור הסמוך לגדר הישוב. אמצעי הלחימה האמורים היו אמורים לשמש את המפגעים שנועדו לבצע את הפיגוע כשלושה ימים לאחר מכן.

ביום הפיגוע עצמו, 7/3/03, נקרא הנאשם למקום מפגש במגרש כדורגל ושם פגש את מגייסו באסל הנ"ל ושניים נוספים. באסל הודיע לנאשם כי השניים אמורים לבצע את הפיגוע המתוכנן בקרית ארבע והורה לנאשם להובילם לגדר הישוב. הנאשם לקח את השניים לישוב קרית ארבע, תחילה למקום מסתור הנשק וחגורת הנפץ, שם התחמשו והתחפשו השניים. משסיימו השניים להתכונן לפיגוע הראה להם הנאשם את המקום שבו על פי התכנון שלו צריכים היו לחתוך את הגדר. הנאשם עזב את המקום ושני המפגעים, חתכו את הגדר, נכנסו לתוך הישוב והחלו לירות לעבר עוברים ושבים. לאחר מכן נכנסו המפגעים לבית משפחת הורוביץ, המשיכו בירי ואף חגורת הנפץ שעל גופו של אחד מהם התפוצצה.

נאמן למקור

-1-

תאריך: י״ח בשבט, תשס״ו          תיק מס׳: 3511/03
16 בפברואר, 2006

1  כאמור כתוצאה מהמעשים הנ״ל נרצחו בני הזוג **דינה ז״ל והרב אלי הורוביץ ז״ל**
2  ונפצעו שלושה אנשים נוספים.
3
4  בנוסף, פחות מחודש לאחר אירוע זה, השתתף הנאשם בפיגוע נוסף, שבוצע באותה
5  דרך, אך למרבה המזל המפגע נורה ונהרג ע״י מאבטח הישוב, ובכך נמנעה התוצאה
6  הקטלנית. חלקו של הנאשם בפיגוע השני היה דומה לחלקו בפיגוע הרצח.
7
8  התובע הצבאי אשר סקר את מעשיו של הנאשם ביקש להשית עליו עונש של שני
9  מאסר עולם וכן עונש קצוב נוסף בגין העבירות הנוספות בהן הורשע.
10
11  הסנגורית המלומדת, טענה כי יש לבחון את חלקו של הנאשם באירוע ולא רק את
12  סעיף ההרשעה. הסנגורית ציינה כי הנאשם לא היה בין יוזמי הפיגועים, אלא הוא
13  קיבל הנחיות ממגייסו באסל קאוסמה. הסנגורית טענה כי חלקו של הנאשם אינו
14  כחלקו של מבצע עיקרי ועל כן אין הוא ראוי לאותו עונש, שיש להטיל על מבצע
15  עיקרי. הסנגורית הפנתה את בית המשפט למספר פסקי דין שניתנו בעניינם של
16  מסייעים לגרימת מוות בכוונה, עליהם לא נגזר מאסר עולם.
17
18  אכן, כדברי הסנגורית, הנאשם לא היה יוזם או מתכנן הפיגוע. יחד עם זאת, הנאשם
19  מילא תפקיד מרכזי בהוצאה לפועל של הפיגוע מהשלב הראשון של התכנון ואיתור
20  מקום החדירה לישוב, עובר להחבאת אמצעי הלחימה ועד לשלב האחרון של הובלת
21  המפגעים למקום הפיגוע. במסגרת ההכנות, היה הנאשם גם זה שהסתיר את הנשק
22  עבור המפגעים בסמוך לישוב קרית ארבע. חלקו של הנאשם, הינו כאמור מרכזי ועל
23  כן ראוי הוא לעונש זהה לעונש המוטל על מבצע עיקרי.
24
25  נציין כי פסקי הדין אשר הוגשו על ידי ההגנה אינם מתייחסים למקרים בעלי
26  נסיבות דומות למקרה דנן. כמו כן, אף אם היינו מסתמכים על הפסיקה האמורה
27  הרי שמרבית פסקי הדין שאוזכרו הם פסקי דין של ערכאה ראשונה אשר על פי
28  ההלכה הפסוקה אין בהם כדי להוות תקדים אלא אם כן המדובר בשותפים באותה
29  פרשייה עובדתית (עד״י איו״ש 56/02 **התובע הצבאי נגד אבו עליא**).
30
31  אשר לפסק הדין של בית המשפט הצבאי לערעורים ע׳ איו״ש 2397/04+1777+1776
32  **שחאדה וסעדי נגד התובע הצבאי** שאוזכר בישיבת הטיעונים לעונש הוא אינו יכול
33  לשמש כנקודת המוצא לעונש הראוי במקרה דנן. שם נדון עניינם של שתי נאשמות,
34  אשר הורשעו במסגרת הסדר טיעון כמסייעות לעבירה של גרימת מוות בכוונה.
35  ביהמ״ש הצבאי לערעורים ציין במפורש כי לולא תיקנה התביעה הצבאית את כתב
36  האישום כך שלנאשמות יוחס סיוע בלבד, ראויות היו לעונשי מאסר עולם מצטברים
37  בגין מעשיהן. נוכח הקביעות האמורות מובן שאין ללמוד גזירה שווה בין מקרה זה
38  למקרה דנן בו הורשע הנאשם בשתי עבירות של גרימת מוות בכוונה מה גם שאף
39  בית המשפט הצבאי לערעורים קבע כי ראוי היה לגזור על הנאשמות מאסרי עולם
40  באותו מקרה.
41
42  בסופו של יום, הנאשם בחר לרצוח שני אנשים, לפצוע שלושה אנשים נוספים
43  ולנסות ולרצוח מספר אנשים רב ככל האפשר. מעשים אלה מחייבים **ענישה חמורה**
44  ומרתיעה שתביא לכדי ביטוי ראוי את האינטרסים של גמול והרתעה העומדים
45  ביסוד הענישה הפלילית. בנסיבות המקרה אין מקום לדעתנו להקלה **בעונשו של**
46  הנאשם אשר הלך בדרך הרצח והאלימות מתוך מודעות ובחירה ומעשיו גרמו
47  למותם של זוג אנשים חפים מפשע ולפציעתם של אנשים נוספים.
48

נאמן למקור

-2-

רס״ן אלינור ברזני
קצינת העיר נתניה

L_C180957

תאריך: י״ח בשבט, תשס״ו    תיק מס': 3511/03
16 בפברואר, 2006

1 נדגיש כי הנאשם לא הביע מעולם חרטה על מעשיו ונראה כי אין הוא מצטער כלל על
2 מעשיו או מבין את השלכותיהם על בני משפחות הנרצחים, על הפצועים ועל בני
3 משפחותיהם שנפגעו כתוצאה ממעשיו הנלוזים.
4
5
6 אשר על כן, העונש היחיד המתאים בנסיבות המקרה הוא העונש שנקבע לנאשם
7 בגזר הדין מיום 20.9.05:
8
9 א.  2 מאסרי עולם לריצוי בפועל במצטבר בגין גרימת מותם של הרב אלי
10    הורביץ ז״ל ורעייתו דינה הורביץ ז״ל.
11 ב.  25 שנים אשר ירוצו במצטבר בגין יתר העבירות בהן הורשע.
12
13 זכות ערעור תוך 30 יום ממתן נימוקי גזר הדין.
14
15 ניתן והודע היום, 16/2/06, בלשכה.
16 עותק מהנימוקים יועבר לצדדים על ידי המזכירות
17
18
19
20 שופטת                          אב״ד                          שופט
21

רס״ן אלינור ברזני
קצינת העיר נתניה

נאמן למקור

-3-

תאריך: י"ח בשבט, תשס"ו
16 בפברואר, 2006

תיק מס': 3511/03

# בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן יאיר תירוש
השופטת: רס"ן דליה קאופמן
השופט: רס"ן מייקל בן-דוד

**התביעה הצבאית**
(באמצעות סרן סרגיי מורין)

נגד

**הנאשם:** עבדאללה אחמד מחמוד אבו סיף, ת.ז. 937286730 / שב"ס
(באמצעות ב"כ עו"ד אנואר אבו עומר ועו"ד אחלאם חדאד)

---

## החלטה – תיקון טעות סופר

בהכרעת הדין מיום 26/7/05 נפלו שתי טעויות סופר, אשר מתוקנות בזאת:

א. בשורה 3 להכרעת הדין במקום המילים "אני מרשיעי" יבואו המילים: "אנו מרשיעים".

ב. בשורה 8 להכרעת הדין, יתווספו בסופה המילים: (שני פרטי אישום).

ניתן והודע היום, 16/2/06, בלשכה.
עותק מהההחלטה יועבר לצדדים על ידי המזכירות

_____     _____     _____
שופטת            אב"ד            שופט

רס"ן אלינור ברזני
קצינת העיר נתניה

נאמן למקור

-1-

| | |
|---|---|
| תאריך: ט״ז באלול, תשס״ה | תיק מס׳: 3511/03 |
| 20 ספטמבר, 2005 | |

בית המשפט הצבאי יהודה

בפני כב׳ האב״ד: רס״ן יאיר תירוש
השופטת: רס״ן דליה קאופמן
השופט: רס״ן מייקל בן-דוד

התביעה הצבאית
(באמצעות סגן ראני עמאר)

נגד

הנאשם: עבדאללה אחמד מחמוד אבו סיף, ת.ז. 937286730 / שב״ס - נוכח
(באמצעות ב״כ עו״ד אנואר אבו עומר ועו״ד אחלאם חדאד - נוכחים)

## גזר - דין

לאחר ששמענו את כל טיעוני הצדדים, ובתנו את פסיקת ביהמ״ש הצבאי לערעורים, תוך התייחסות לחלקו של הנאשם בביצוע העבירות שעניינן גרימת מותם בכוונה של הרב **אלי הורביץ ז״ל** ורעייתו **דינה הורביץ ז״ל**, החלטנו לגזור על הנאשם את העונשים הבאים:

א. 2 מאסרי עולם לריצוי בפועל במצטבר בגין גרימת מותם של הרב **אלי הורביץ ז״ל ורעייתו דינה הורביץ ז״ל**.

ב. 25 שנים אשר ירוצו במצטבר בגין יתר העבירות בהן חורשע.

נימוקי גזר הדין ינתנו בהמשך.

זכות ערעור תוך 30 יום ממתן נימוקי גזר הדין.

ניתן והודע היום, 20/09/2005, בפומבי ובמעמד הצדדים.

_____   _____   _____
שופטת                אב״ד                 שופט

[חותמות וחתימות:
4584482
רס״ן אלינור ברזני
קצינת העיר נתניה
נאמן למקור
בית משפט הצבאי לערעורים]

-3-



**Global Arabic Translation Services**

الخدمات العالمية للترجمة العربية

65 Tzfat St., Petah-Tikva, Israel
+972 54 8349.337
www.GatsTranslations.com

## **CERTIFICATION**

I, Yaniv Berman, do hereby certify that as a qualified translator I am fully conversant with the English and Hebrew languages, and that to the best of my knowledge, the attached document, L_C180954-60, is a true and accurate translation of the original text from the Hebrew language into English.

Date: August 20, 2014

_____
Yaniv Berman

Case No. 3511/03                                              Date: 18 Tamuz 5765
                                                                    26 July 2005

**Verdict**

Based on his admission of guilt, I hereby convict the Defendant of the offenses, which are attributed to him in the revised indictment, namely:

- A. Membership and activity within an unlawful association, in accordance with Regulation 85(1)(A) of the Defense [Emergency] Regulations.
- B. Attempt to intentionally cause death, in accordance with Clause 51(A) in the Order on Security Instructions, and Clauses 19 and 20 in the Order on Rules of Responsibility for an Offense.
- C. Intentionally causing death, in accordance with Clause 51(A) in the Order on Security Instructions (2 charges).

**Issued and announced today, 26 July 2005, in public, with both parties attending.**

[signature]                [signature]                [signature]
_____              _____          _____
Judge                      Presiding Judge            Judge

Defense counsel: I request to postpone the date for the arguments for sentencing in this case to the beginning of September.

**Decision**

The date for the arguments for sentencing in this case is postponed to 6 September 2005.

**Issued and announced today, 26 July 2005, in public, with both parties attending.**

[signature]                [signature]                [signature]
_____              _____          _____
Judge                      Presiding Judge            Judge

(Military Court of Appeals in Judea and Samaria)    [illegible handwriting]

**Original Copy**

(City Officer Natania 9338 *)

[signature]
**4584482**
**Major Elinor Barazani**
**City Officer Natania**

-2-

L_C180954

| APOSTILLE (CONVENTION DE LA HAYE 5 DU OCTOBER 1961) <br> *(Ministry of Foreign Affairs seal)* | | |
|---|---|---|
| [English column] | | [Hebrew column] |
| 1. STATE OF ISRAEL | BARAZANI ELINOR [Hebrew] <br> BARAZANI ELINOR [English] | 1. STATE OF ISRAEL |
| 2. THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR/MS | | 2. THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR/MS |
| 3. ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | 3. ACTING IN THE CAPACITY OF NATANIA CITY OFFICER [FOR MILITARY MATTERS] |
| 4. BEARS THE SEAL/STAMP OF THE MINISTRY OF | Israel Defense Forces [Hebrew] <br> ISRAELI DEFFENCE [English. Sic.] | 4. BEARS THE SEAL/STAMP OF THE MINISTRY OF |
| 5. CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | 5. CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS |
| 6. THE | 22 September 2011 | 6. On |
| 7. BY | LIDAR [English]   LIDAR [Hebrew] <br> RAHIMA              RAHIMA | 7. BY |
| 8. NO 526757. | CONSULAR       CONSULAR <br> BUREAU [English]  BUREAU [Hebrew] | 8. NO 526757. |
| 9. SEAL/STAMP | | 9. SEAL/STAMP |
| 10. SIGNTAURE, JERUSALEM [Handwritten signature:] Lidar | *(Ministry of Foreign Affairs seal)* | 10. SIGNTAURE, JERUSALEM [Handwritten signature:] Lidar |

L_C180955

Case No. 3511/03                                   Date: 18 Shvat 5766
                                                        16 February 2006

## The Judea Military Court

**Before the honorable Presiding Judge:** Major Yair Tirosh
                                          Judge: Major Dalia Kaufmann
                                          Judge: Major Michael Ben-David

**The Military Prosecution**
(Represented by Captain Sergei Morin)  4584482, Major Elinor Barazani, Netanya City Officer

Vs.

**The Defendant: Abdallah Ahmad Mahmud Abu Saif, I.D. 937286730 / IPS**
(Represented by his attorneys, the lawyers Anwar Abu Omar and Ahlam Hadad)

### Reasons for the Verdict

The Defendant has been convicted, based on his confession, of crimes whose essence is membership and activity in an unlawful association, an attempt to intentionally cause death, and intentionally causing death.

The Defendant, who was a member in the military wing of Hamas organization, the "Izz al-Din al-Qassam Brigades", has played a central role in the execution of a murderous terrorist attack that took place on March 7 in the settlement Kiryat Arba. In this terrorist attack, the couple **Dina and Eli Horovitz of blessed memory** were murdered by the Defendant and his accomplices, and three other people were injured.

The Defendant's part in the said event already began in January 2003, when he was asked by his recruiter, Basel Qawasmeh, to locate a point from which the Kiryat Arba settlement could be penetrated in order to carry out a terrorist attack. The Defendant agreed and located a place as required. Later on, the Defendant was asked by his recruiter to film the place, but he did not do it since he failed to operate the video camera. The Defendant told Basel Qawasmeh about a place close to the settlement's fence, where the weapons to be used for the terrorist attack could be hidden.

In the beginning of March 2003, three days before the execution of the planned terrorist attack, the Defendant received from his recruiter a bag, and in it was an M-16 assault rifle, ammunition and an explosive belt. He hid it in the hiding place near the settlement's fence. These weapons were supposed to be used by the terrorists, who intended to carry out the terrorist attack three days later.

On the day of the terrorist attack, 7 March 2003, the Defendant was called to a meeting place in a soccer field, where he met his recruiter, the aforementioned Basel, and two other people. Basel notified the Defendant that these two people are supposed to execute the

planned terrorist attack in Kiryat Arba and ordered the Defendant to lead them to the settlement's fence. The Defendant took the two men to the settlement Kiryat Arba, first to the hiding place of the rifle and the explosive belt, where the two took the weapons and disguised themselves. After the two finished preparing for the terrorist attack, the Defendant showed them the place where, according to his plan, they were supposed to cut through the fence. The Defendant left the place and the two terrorists cut the fence, entered the settlement and began shooting at by-passers. Afterwards, the terrorists entered the house of the Horovitz family, continued shooting and the explosive belt that one of them was wearing exploded.

    [illegible handwriting]

Military Court of Appeals in Judea and Samaria Region

Original Copy

-1-

L_C180956 [continued]

Case No. 3511/03                                                                 Date: 18 Shvat 5766
                                                                                 16 February 2006

As stated, as a result of these deeds, the couple **Dina of blessed memory and Rabbi Eli Horovitz of blessed memory** were murdered, and three other people were injured.

In addition, less than a month after this event, the Defendant took part in another terrorist attack, carried out in the same manner, but fortunately the terrorist was shot and killed by the town's security guard, who thus prevented a deadly outcome. The Defendant's role in the second terrorist attack was similar to his role in the murder act.

The military prosecutor, who reviewed the Defendant's deeds, has requested to sentence him to two life imprisonments and to an additional sentence on account of the other crimes for which he was convicted.

The learned defense counsel claimed that the Defendant's role in the event should also be examined, and not only the clause of the conviction. The defense counsel pointed out that the Defendant was not among those who initiated the terrorist attacks. Rather, he received instructions from his recruiter, Basel Qawasmeh. The defense counsel claimed that the Defendant's part is not the same as the part of a primary executor, and therefore he does not deserve the same sentence as that of a primary executor. The defense counsel referred the court to several verdicts issued in cases of people, who were accomplices in intentionally causing death, and who were not sentenced to life imprisonment.

Indeed, as the defense counsel stated, the Defendant was not the initiator or the planner of the terrorist attack. However, the Defendant did play a central role in the execution of the terrorist attack from the initial stage of planning and locating a point of penetration to the settlement, on through hiding the weapons, all the way to stage of leading the terrorists to the location of the terrorist attack. As part of the preparations, the Defendant also hid the weapons for the terrorists near Kiryat Arba. The Defendant's part is, as was said before, pivotal, and therefore, he deserves a sentence equal to that of a primary executor.

We would like to note that the verdicts presented by the defense do not refer to cases of circumstances similar to the occurrence at hand. Furthermore, even if we would have relied on said verdict, most verdicts that were mentioned are first instance verdicts, which, according to binding case law, cannot constitute a precedent unless accomplices in the same factual affair are concerned (appeal to the Judea and Samaria Military Court, 56/02, **the Military Prosecutor against Abu Alya**).

As for the sentence of the Military Court of Appeals, Appeal in the Judea and Samaria Region 2397/04 + 1777 + 1776 **Shehada and Sa'adi vs. The Military Prosecutor**, which was mentioned during the Arguments for Sentencing session – it cannot serve as the starting point for the appropriate sentence in the case at hand. In that case, the matter of two female Defendants was discussed. The two were convicted, in the framework of a plea bargain, of being accomplices to an offense of intentionally causing death. The Military Court of Appeals explicitly indicated that had the Military Prosecution not revised the indictment – attributing to the Defendants only the charge of being accomplices – they would have

L_C180957

deserved consecutive life sentences for their deeds. In light of the said statements, it is obvious that one cannot evenly compare this [previous] case, and the case at hand, in which the Defendant was convicted of two offenses of intentionally causing death. All the more so, the Military Court of Appeals ruled that the Defendants in that case should have been sentenced to life sentences.

At the end of day, the Defendant chose to murder two people, injure three other people, and attempt to murder as many people as possible. These deeds necessitate harsh and deterring punishment, which properly expresses the interests of reward and deterrence, which are at the core of criminal punishment. Under the circumstances of this case, we feel that there is no room for reducing the sentence of the Defendant, who took the path of murder and violence by consciousness and choice, and whose deeds caused the death of a pair of innocent people and the injury of others.

Military Court of Appeals in Judea and Samaria

**Original Copy**     [illegible handwriting] -2-

City Officer Natania 9338 *

[signature]
**4584482**
**Major Elinor Barazani**
**City Officer Natania**

L_C180957 [continued]

Case No. 3511/03                                                                 Date: 18 Shvat 5766
                                                                                 16 February 2006

We emphasize that the Defendant has never expressed remorse for his deeds, and it seems that he is not at all sorry for his deeds, nor does he understand their consequences on the relatives of those who were murdered, on the injured, and on the relatives of those who were injured as a result of his despicable deeds.

Therefore, the only sentence appropriate under the circumstances of the case, is the sentence that was issued to the Defendant on 20 September 2005:

- A. Two actual life sentences, to be served consecutively, for causing the death of Rabbi **Eli Horovitz of blessed memory** and his wife **Dina Horovitz of blessed memory**.
- B. Twenty five years, to be served consecutively, for the rest of the offenses with which he was convicted.

**A right to appeal – within 30 days after the issuance of the reasons for the sentence.**

**Issued and announced today, 16 February 2006, in the office.**

**A copy of the reasons will be delivered to the parties by the secretary's office.**

| [signature] | [signature] | [signature] |
|---|---|---|
| _____ | _____ | _____ |
| Judge | Presiding Judge | Judge |



( Military Court of Appeals in Judea and Samaria )    [illegible handwriting]    ( City Officer Natania 93[illegible] )    [signature]
**Original Copy**                                                                                                                **4584482**
                                                                                                                                  **Major Elinor Barazani**
                                                                                                                                  **City Officer Natania**

-3-

L_C180958

Case No. 3511/03             Date: 18 Shvat 5766
                                                                        16 February 2006

# The Judea Military Court

**Before the honorable Presiding Judge: Major Yair Tirosh**
                  **Judge: Major Dalia Kaufmann**
                  **Judge: Major Michael Ben-David**

**The Military Prosecution**
(Represented by Captain Sergei Morin)

                                          **Vs.**

**The Defendant: Abdallah Ahmad Mahmud Abu Saif, I.D. 937286730 / IPS**
(Represented by his attorneys, the lawyers Anwar Abu Omar and Ahlam Hadad)

---

**Decision – Amending a Scribal Error**

In the verdict that was issued on 26 July 2005, two scribal errors was made, which are hereby amended:

    A. In line 3 of the verdict, instead of the words "I convict", we place the words: "We convict".
    B. Add to the end of line 8 of the verdict the words: (two charges).

**Issued and announced today, 16 February 2006, in the office.**

**A copy of the decision will be delivered to the parties by the secretary's office.**

[signature]            [signature]            [signature]
_____     _____     _____
Judge                    Presiding Judge           Judge

(Military Court of Appeals in Judea and Samaria)     [illegible handwriting]   **Original Copy**   (City Officer Natania 9338 *)     [signature]
**4584482**
**Major Elinor Barazani**
**City Officer Natania**

-1-

L_C180959

Case No. 3511/03                                    Date: 16 Elul 5765
                                                    20 September 2005

# The Judea Military Court

**Before the honorable Presiding Judge: Major Yair Tirosh**
**Judge: Major Dalia Kaufmann**
**Judge: Major Michael Ben-David**

**The Military Prosecution**
(Represented by Lieutenant Rani Amar)

                                  Vs.

**The Defendant: Abdallah Ahmad Mahmud Abu Saif, I.D. 937286730 / IPS - Present**
(Represented by his attorneys, lawyers Anwar Abu Omar and Ahlam Hadad- Present)

## Sentence

Having heard all the arguments of both sides, and having examined the verdict of the Military Court of Appeals, addressing the Defendant's role in the execution of the offenses that had to do with intentionally causing the death of Rabbi **Eli Horovitz of blessed memory** and his wife **Dina Horovitz of blessed memory,** we have decided to sentence the Defendant to the following:

- A. Two actual life sentences, to be served consecutively, for causing the death of Rabbi **Eli Horovitz of blessed memory** and his wife **Dina Horovitz of blessed memory**.
- B. Twenty five years, to be served consecutively, for the rest of the offenses with which he was convicted.

**The reasons for the sentence will be given in due course.**

**A right to appeal – within 30 days after the issuance of the reasons for the sentence.**

**Issued and announced today, 20 September 2005, in public, with both parties attending.**

[signature]                [signature]                [signature]
_____              _____           _____
Judge                      Presiding Judge            Judge



(Military Court of Appeals in Judea and Samaria)   [illegible handwriting]   **Original Copy**   (City Officer Natania 93[illegible])   [signature]
4584482
**Major Elinor Barazani**
**City Officer Natania**

L_C180960