# Exhibit 25

תאריך: י"א תשרי, תשס"ז
3 אוקטובר, 2006

תיק מס': 4348/04

## ה כ ר ע ת - ד י ן

על יסוד הודאתו באשמה, אנו מרשיעים את הנאשם בעבירות המיוחסות לו בכתב האישום המתוקן, דהיינו:

א. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ב. נשיאת משרה בהתאחדות בלתי מותרת, לפי תקנה 85(1)(ב) לתקנות ההגנה.

ג. ירי לעבר אדם, לפי תקנה 58(א) לתקנות ההגנה.

ד. קשירת קשר לגרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון וסעיפים 21 ו-22 לצו בדבר כללי האחריות לעבירה (4 פרטים).

ה. זריקת חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה.

ו. ביצוע שירות עבור התאחדות בלתי מותרת, לפי תקנה 85(1)(ג) לתקנות ההגנה.

ז. אי מניעת עבירה, לפי סעיף 59 לצו בדבר הוראות בטחון.

ח. ניסיון לגרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון וסעיפים 19 ו-20 לצו בדבר כללי האחריות לעבירה.

ניתן והודע היום, 3/10/06, בפומבי ובמעמד הצדדים.

_____          _____          _____
     שופט                    אב"ד                     שופט

הצדדים: נבקש לדחות את הטיעונים לעונש למועד אחר.

## ה ח ל ט ה

התיק נקבע לישיבת טיעונים לעונש ליום 6/11/06.

ניתן והודע היום, 3/10/06, בפומבי ובמעמד הצדדים.

_____          _____          _____
     שופט                    אב"ד                     שופט



רס"ן אלינור ברזני
קצינת העיר נתניה

-2-

L_C180923

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| # | English | Hebrew text | # |
|---|---|---|---|
| 1. | STATE OF ISRAEL | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS **BARAZANI ELINOR** ברזני אלינור | מסמך ציבורי זה נחתם בידי מר/גב | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | המכהן בתור קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF **ISRAELI DEFFENCE** צבא תהגנה לישראל | נשא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | אושר במשרד החוץ | .5 |
| 6. | THE 22/9/2011 | ביום | .6 |
| 7. | BY | על-ידי | .7 |
| 8. | NO 526756. LIDAR RAHIMA CONSULAR BUREAU | לידר רחימה מס' 526756 | .8 |
| 9. | SEAL/STAMP | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | חתימה, ירושלים | .10 |

L_C180924

| | |
|---|---|
| תאריך: י"א תשרי, תשס"ז | |
| 3 אוקטובר, 2006 | תיק מס': 4348/04 |

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: סא"ל צבי לקח
השופט: רס"ן רונן עצמון
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן אנדריי ורשצ'יגין)

נגד

הנאשם: נופל ג'האד נופל אלעדוין ת.ז 920662152/ שב"ס - נוכח
(באמצעות ב"כ עו"ד חאלד אלאערג'י- נוכח)

רמ"שית: רב"ט יפית קדישמן
מתורגמן: רב"ט מג"ד קטיש



אב"ד פותח את הישיבה ומזהה את הנאשם.

## מהלך הדיון

נאשם: מייצג אותי עו"ד חאלד אלאערג'י.

תובע: הגענו להסדר טיעון במסגרתו יודה הנאשם בכתב האישום שיתוקן בגופו.

סנגור: אני מאשר את דברי התובע. אבקש להתיר למרשי לחזור בו מכפירתו.

## ה ח ל ט ה

אנו מתירים לתובע לתקן את כתב האישום ולנאשם לחזור בו מכפירתו.

ניתן והודע היום, 3/10/06, בפומבי ובמעמד הצדדים.

_____   _____   _____
שופט                    אב"ד                    שופט

ביהמ"ש מבהיר לנאשם ולצדדים כי אינו כבול להסדר הטיעון שנקשר ביניהם. התובע מתקן את כתב האישום בגופו.

סנגור: הקראתי למרשי את כתב האישום המתוקן, הסברתי לו את תוכנו, הוא הבינו ומודה במיוחס לו בו.

נאשם: אני מאשר את דברי סנגורי ומודה בכתב האישום המתוקן.

רס"ן אלינור ברזני
קצינת העיר נתניה
4584482

-1-

L_C180925

תאריך: י"ג בכסלו, תשס"ז
4 בדצמבר, 2006

תיק מס': 4348/04

1  בית המשפט הצבאי יהודה
2
3  בפני כב' האב"ד: סא"ל צבי לקח
4  השופט: רס"ן רונן עצמון
5  השופט: סא"ל טל בנד
6
7  התביעה הצבאית
8  (באמצעות סרן דוד גולן)
9
10  נגד
11
12  הנאשם: נופל גהאד נופל אלעדוין ת.ז. 920662152 / שב"ס - נוכח
13  (באמצעות ב"כ עו"ד חאלד אלאערגי' - נוכח)
14
15  רמ"שית: רב"ט אלחנדרה יצקוביץ'
16  מתורגמן: סמ"ר פהים חסון
17
18
19  אב"ד פותח את הישיבה ומזהה את הנאשם.
20
21  **מהלך הדיון**
22
23  נאשם: מייצג אותי עו"ד חאלד אלאערגי.
24
25  תובע: אין ראיות לעונש.
26
27  סנגור: אין ראיות לעונש.
28
29  תובע מסכם: הגענו להסדר טיעון במסגרתו נבקש להשית על הנאשם את העונשים
30  הבאים:
31
32  א. 21 שנות מאסר בפועל שימנו החל מיום מעצרו.
33  ב. מאסר על תנאי לשיקול דעת בית המשפט.
34
35  הנימוקים להסדר הם קשיים ראייתיים אשר התקיימו בתיק, חסכון בזמן שיפוטי יקר
36  ובעיקר בעונש שהוטל על שותפו של הנאשם בגין פרשייה זו, שותף בשם מוחמד נשאש
37  מתיק ע. איו"ש 2316/06. העבירות העיקריות בוצעו יחד עם מוחמד נשאש, לא היינו
38  שוטים מן העונשה במידה זו או אחרת אלא שאנו סבורים שחלקו של הנאשם הזה עולה
39  במעט מאותו שותף.
40
41  סנגור מסכם: אבקש לכבד את הסדר הטיעון. ראשית, ברצוני להתייחס לקשיים
42  הראייתיים, פרט האישום ששותפו נגזר עליו עונש של 15 שנות מאסר, בתיק שלנו לא ברור
43  מידת המעורבות הנאשם, הקשיים נובעים מכך שהיו שני תכנונים משני ארגונים. בהתחלה
44  היה חמאס אך בפועל אנשי התנזים. לא היה ברור מה חלקו של הנאשם ומידת המעורבות
45  שלו במקרה זה. לגבי רמת העונשה, מדובר במדרג ענישה שהתחיל עם פראס עדאוין
46  שהוא קשור לפרטי אישום שונים שקיבל 11 שנות מאסר בפועל ומוחמד נשאש קיבל 15
47  שנות מאסר, היה וידוח על עונשו של השותף. הערעורים הורידו את העונש הזה ל-15 שנות
48  מאסר והיה מקום לשינוי העבירה עצמה. אני מבקש לכבד את ההסדר בנסיבות אלו.
49  אוסיף כי בתיק לא נשמעו עדים, הוא הודה במסגרת הסדר טיעון, זה חסך זמן שיפוטי
50  יקר, עברו נקי.
51
52  נאשם בדברו האחרון: אין לי מה לומר.

-1-

תיק מס': 4348/04　　　　　　　　　　　　　　　　　תאריך: י"ג בכסלו, תשס"ז
　　　　　　　　　　　　　　　　　　　　　　　　4 בדצמבר, 2006

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: סא"ל צבי לקח
השופט: רס"ן רונן עצמון
השופט: סא"ל טל בנד

**התביעה הצבאית**
(באמצעות סרן דוד גולן)

נגד

הנאשם: נופל גהאד נופל אלעדוין ת.ז. 920662152 / שב"ס - נוכח
(באמצעות ב"כ עו"ד חאלד אלאערגי - נוכח)

### ג ז ר - ד י ן

הנאשם הורשע, על פי הודאתו, במסגרת הסדר הטיעון בשורה של עבירות ביטחוניות חמורות:

1. **חברות ופעילות ונשיאת משרה בהתאחדות בלתי מותרת** – הנאשם הורשע בכך שמשנת 2001 ועד למעצרו היה חבר בחוליה טרוריסטית של ארגון החמאס, ומראשית שנת 2003 עמד בראש חוליה זו.

2. **ירי לעבר אדם** – בשנת 2003 ירה 8 כדורים לעבר בית בשכונת גילה בירושלים.

3. **קשירת קשר לגרימת מוות בכוונה** – בראשית שנת 2004, יחד עם חבריו, תכנן לבצע פיגוע נגד אזרחים וחיילים ישראלים. התכנון כלל רכישה של שתי מכוניות גנובות שאותן התכוונו למלכד במטעני חבלה, את הראשונה להפעיל כנגד אוטובוס שיעבור לידה ואת המכונית השנייה להפעיל לעבר חיילי צה"ל ומתיישבים יהודים שיבואו לסייע בטיפול בפצועי הפיצוץ הראשון. קשר זה לא יצא לפועל בשל קושי לרכוש טלפונים ניידים שנדרשו לשם הפעלת מכוניות התופת.

4. **זריקת חפץ מבעיר** – בכך שבמהלך שנת 2004 מסר מטעני חבלה לפעיל טרור אחר ואותו פעיל יצא במספר הזדמנויות לכביש שמוביל מבית סחור לקבר רחל והשליך את המטענים לעבר חיילי צה"ל שהיו במקום. המטענים התפוצצו בסמוך לכלי הרכב של החיילים.

5. **קשירת קשר לגרימת מוות בכוונה** – הנאשם הורשע בכך שבינואר 2004, יחד עם חבריו לחוליה גייס אדם שנועד לבצע פיגוע התאבדות, תכנן את פרטי הפיגוע והכין מטען חבלה לשם ביצועו. הנאשם הלביש את חגורת הנפץ על המחבל המתאבד, צילם אותו והקליט אותו כשהוא מקריא את "צוואתו". מכתב האישום נמחקו המשך של אותן הכנות וכאמור גם פיגוע זה לא התממש.

6. **אי מניעת עבירה** – בכך שבסוף חודש ינואר 2004, זמן קצר לאחר ההכנות שתוארו לעיל שוחח הנאשם עם אותו מפגע מתאבד והאחרון אמר לו כי הוא עומד בקשר עם פעילי תנזים פת"ח בקשר ליציאה לפיגוע שתוכנן על ידי הנאשם וכי הוא מתעתד לצאת לבצע את הפיגוע בעזרתם. הנאשם ידע כי הפיגוע צפוי להתבצע סמוך לאחר מכן, אך לא עשה דבר כדי למנוע את ביצועו. בכתב האישום מתואר המשך השתלשלות האירועים, שבסופם עלה גיעהרה, המחבל המתאבד לאוטובוס "אגד" בקו 19 בירושלים, והפעיל את תיק הנפץ בפינת רחובות ארלוזורוב ועזה. כתוצאה מפיגוע התאבדות זה נהרגו 11 ישראלים ונפצעו למעלה מ- 50 בדרגות פציעה קשות וקלות. לאחר ביצוע הפיגוע נטל הנאשם את הצילומים

-2-

L_C180927

תאריך: י"ג בכסלו, תשס"ז
4 בדצמבר, 2006

תיק מס': 4348/04

1  והקלטות שערך, מסרם לתחנת טלוויזיה בבית לחם במסגרת נטילת האחריות
2  לפיגוע בשם ארגון החמאס.
3

4  7. קשירת קשר לגרימת מוות בכוונה – בכך שברבעון השלישי של שנת 2004 נפגש עם
5  מחמד עדוין וקשר עימו לבצע פיגוע התאבדות נגד ישראלים. אותו מחמד הציע
6  לצרף מחבלים מתאבדים נוספים, השיג את הסכמתם של אותם מחבלים מיועדים
7  והודיע על כך לנאשם. הנאשם הסביר למחמד כי עליהם להמתין עד להשגת חומר
8  נפץ, והציע שמחמד ילמד נהיגה כדי שיוכל להסיע את כל המתאבדים לביצוע
9  הפיגוע.
10

11  8. קשירת קשר לגרימת מוות בכוונה – בכך שבשנת 2004 נענה לפניית אחיו, פראס
12  עדוין והסכים לסייע בהוצאה לפועל של פיגוע התאבדות בירושלים. הנאשם מסר
13  לאחיו כי כאשר יקבל את חגורות הנפץ עבור חמשת המחבלים הפוטנציאלים, הוא
14  ידאג לביצוע הפיגוע בירושלים. הנאשם אף סייר בצומת הגבעה הצרפתית ושכונת
15  מאה השערים בירושלים כדי לבחון אפשרות לבצע שם את הפיגוע ועדכן את אחיו
16  אודות ממצאי הסיור וכן סיפר לאחיו כי יש אדם המוכן להסיע את המתאבדים
17  לירושלים. הפיגועים לא יצאו אל הפועל בשל מעצרו של האח פראס ובשל הקושי
18  בהשגת חגורות נפץ.
19

20  9. ניסיון לגרימת מוות בכוונה – בכך שבחודש אוגוסט 2004 הסכים הנאשם
21  להשתתף בהכנות לביצוע פיגוע ירי לעבר חיילי צה"ל המאבטחים את הפועלים
22  הבונים את מכשול התפר, ולעבר הפועלים עצמם. הנאשם מסר לאחיו פרטים על
23  מועדי הגעת חיילים לאזור מכשול התפר ובאמצעות מידע זה וסיור שערך במקום
24  הסיק פראס עדוין מתי כדאי לבצע את הפיגוע. זמן מה לאחר מכן, יצא פראס
25  עדוין וחברו ברכב לשם ביצוע הפיגוע, אך כאשר התקרבו למקום נוכח פראס עדוין
26  כי ישנם ילדים באזור הפיגוע והחיילים נמצאים בצידה הרחוק של הגדר, ועל כן
27  לא ניתן לבצע את הפיגוע. למחרת היום, שוב יצאו פראס וחברו לבצע את הפיגוע
28  ושוב נמנעו מלבצעו בשל אותן סיבות.
29

30  הצדדים עתרו לעונש שהוסכם ביניהם וביקשו כי נכבדו. נימוקיהם להסדר היו עברו
31  הנקי של הנאשם, העובדה שהודאתו באשמה חסכה מזמנם של כל הגורמים וכן רמת
32  הענישה שנגזרה בתיקיהם של מעורבים אחרים בפרשה. הצדדים הביאו בפנינו את
33  עניינו של פראס עדוין שבתיק בימ"ש יהודה 4185/04 נגזרו עליו 11 שנות מאסר
34  לריצוי הפועל ואת עניינו של מחמד אלנשאש שבע"י איו"ש 2316/06 נגזרו עליו 15 שנות
35  מאסר לריצוי הפועל, תוך אישור של הסדר טיעון שהושג גם בערכאה הראשונה.
36

37  מעשיו של הנאשם רבים וחמורים והם מצדיקים עונש כבד ביותר. מגוון הפעולות
38  שנקט הנאשם לאורך תקופה ארוכה מלמדות על עיקשות בחתירה להריגתם של
39  ישראלים רבים ככל האפשר. הנאשם שלח ידו הן במסירת מטעני חבלה לשם השלכתם
40  על חיילים, הן בגיוס מחבלים מתאבדים, השגת חגורות נפץ ושילוח מחבלים
41  מתאבדים, הן בירי ברובה לעבר ישוב ישראלי, הן בייזום פיגועי מכונית תופת והן
42  בהצטרפות לתוכניותיהם של אחרים שביקשו לבצע פיגועי התאבדות, כמו גם מתן
43  סיוע במגוון דרכים לשם מימושם של פיגועים כאלה.
44

45  אף שלא יוחסה לנאשם אחריות משפטית ישירה לכך, יש לזכור כי כתוצאה מהתכנות
46  שביצע הנאשם בסופו של דבר יצא אל הפועל פיגוע התאבדות שבו נרצחו 11 בני אדם
47  ונפצעו עשרות רבות. בשאר המקרים, רק מזל, וסיכול בידי כוחות הביטחון הם שמנעו
48  מימושם של פיגועים המוניים אחרים.
49

50  הנאשמים האחרים שעניינים הובא בפנינו היו מעורבים רק בחלקים מתוך פעילותו
51  הענפה של הנאשם ועל כן העונשים שהוטלו עליהם יכולים להוות רק נקודת מוצא
52  לקביעתו של העונש הראוי לנאשם. אין בהם כדי ללמד על סך העונש שנכון להטיל על
53  הנאשם.

נאמן למקור

[חתימה]
4584482
רס"ן אלינור ברזני
קצינת העיר נתניה

L_C180928

תאריך: י"ג בכסלו, תשס"ז
4 בדצמבר, 2006

תיק מס': 4348/04

1
2
3  על רקע זה, הסדר הטיעון שהוצג בפנינו מקל עם הנאשם במידה לא מבוטלת, הן
4  בעבירות שאותן הותירה התביעה בכתב האישום והן בעונש שעתרה לו. עם זאת,
5  בהתאם להלכה הפסוקה בדבר הצורך לכבד הסדרי טיעון, וכיוון שהעונש שמוצג בפנינו
6  מצוי במתחם העונשה הסבירה, אף שהוא נוטה לקולא, החלטנו לכבד את הסדר
7  הטיעון. לפיכך, אנו גוזרים על הנאשם את העונשים הבאים:

8  א. 21 שנות מאסר בפועל אשר יימנו החל מיום מעצרו 27/08/04.
9  ב: 3 שנות מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא
10     יעבור עבירה בה הורשע.

12  זכות ערעור תוך 30 יום מהיום.

14  ניתן והודע היום, 04/12/06, בפומבי ובמעמד הצדדים.

שופט          אב"ד          שופט

נאמון למקור

רס"ן אלינור ברזני
קצינת העיר נתניה
4584482

-4-

L_C180929



**Targem Translations**

143 RODNEY STREET
BROOKLYN, N.Y. 11211
TEL. (718) 384-8040
FAX: (718) 388-3516

## CERTIFIED TRANSLATION

I, Miriam Braver, Project Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language services firm with a track record of providing expert language services to the legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders, are professionally trained and vastly experienced in providing professional legal translations for submission in U.S. courts, from Hebrew into English and vice versa; and they have professionally translated document **"Sentence and Verdict of Nofel Jihad Nofel Al-Adawin / L_C180923"** from Hebrew into English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: May 6, 2014

Miriam Braver



ROCHAL WEISS
Notary Public, State of New York
Registration No.: 01WE6282937895
Qualified in Kings County
My Commission Expires December 15, 2017

PROFESSIONAL TRANSLATIONS OF FOREIGN LANGUAGES

Date: 11 Tishrei, 5767　　　　　　　　　　　　　　　　　　　　　　　Case no. 4348/04
October 3, 2006

## Verdict

Based on the defendant's admission of guilt, we hereby convict the defendant with the criminal acts attributed to him in the revised indictment, namely:
  A. Membership and activities in an illegal organization, pursuant to Regulation 85(1)(a) of the Defense Regulations.
  B. Holding a position in an illegal organization, pursuant to Regulation 85(1)(b) of the Defense Regulations.
  C. Shooting towards a person, pursuant to Regulation 58(a) of the Defense Regulations.
  D. Conspiring to intentionally cause death, pursuant to Section 51(a) of the Security Orders and Sections 21 and 22 of the Order Regarding the Rules of Criminal Liability (4 counts).
  E. Throwing an incendiary object, in violation of Regulation 58(b) of the Defense Regulations.
  F. Rendering services for an illegal organization, pursuant to Regulation 85(1)(c) of the Defense Regulations.
  G. Failing to prevent a crime, pursuant to Regulation 59 of the Security Orders.
  H. Attempt to intentionally cause death, pursuant to Section 51(a) of the Security Orders and Sections 19 and 20 of the Order Regarding the Rules of Criminal Liability.

**Handed down and announced today, 10/3/06, in open court and in the presence of the parties.**


[signature]　　　　　　　　[signature]　　　　　　　　[signature]
<u>Judge</u>　　　　　　　　　<u>Presiding Judge</u>　　　　<u>Judge</u>

Parties: Requesting to postpone the arguments for sentencing to a later date.

## Decision

The case is scheduled to hear arguments for sentencing on 11/6/06.

**Handed down and announced today, 10/3/06, in open court and in the presence of the parties.**


[signature]　　　　　　　　[signature]　　　　　　　　[signature]
<u>Judge</u>　　　　　　　　　<u>Presiding Judge</u>　　　　<u>Judge</u>

-2-

L_C180923

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

## APOSTILLE
### (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

1. STATE OF ISRAEL
2. THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS  BARAZANI ELINOR
3. ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS
4. BEARS THE SEAL/STAMP OF THE MINISTRY OF  ISRAELI DEFFENCE
5. CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS
6. THE  22/9/2011
7. BY
8. NO 526753.  LIDAR RAHIMA CONSULAR BUREAU
9. SEAL/STAMP
10. SIGNATURE, JERUSALEM

L_C180924

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

| | |
|---|---|
| Date: 11 Tishrei, 5767 | Case no. 4348/04 |
| October 3, 2006 | |

## Military Court – Judea

**Appearing before the Hon. Presiding Judge: Lt. Colonel Zvi Lekach**
**Judge: Major Ronen Atzmon**
**Judge: Major Menachem Lieberman**

**The Military Prosecution**
(Represented by First Lt. Andrei Varshchegin)

vs.

**Defendant: Nofel Jihad Nofel Al-Adawin I.D. 920662152/Prison Service – present**
(Represented by counsel, Attorney Khaled Al-A'raj – present)

**Court Reporter: Corporal Yafit Kadishman**
**Interpreter: Corporal Majed Katish**

**Presiding Judge opens the session and identifies the defendant.**

### Proceedings of the Hearings

Defendant: Attorney Khaled Al-A'raj is representing me.

Prosecutor: We have arrived at a plea bargain, whereby the defendant will admit to the indictment whose contents will be revised.

Defense Counsel: I approve the Prosecutor's words. I would like to ask that my client be permitted to retract his denial.

### Decision

We hereby permit the Prosecutor to amend the indictment and the defendant to retract his denial.

**Handed down and published today, 10/3/06, in open court and in the presence of the parties.**

| [signature] | [signature] | [signature] |
|---|---|---|
| <u>Judge</u> | <u>Presiding Judge</u> | <u>Judge</u> |

**The court clarifies to the defendant and the parties that it is not bound by the plea bargain that was made between them.**
**The Prosecutor amends the contents of the indictment.**

Defense Counsel: I read aloud to my client the revised indictment, I explained its content to him; he understood it and admits [to the crimes] attributed to him in it.

Defendant: I confirm my defense attorney's words and I admit to the revised indictment.

-1-

L_C180925

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

| | | |
|---|---|---|
| Date: 13 Kislev, 5767 | Case no. 4348/04 | |
| December 4, 2006 | | |

## Military Court – Judea

**Appearing before the Hon. Presiding Judge:** Lt. Colonel Zvi Lekach
**Judge:** Major Ronen Atzmon
**Judge:** Lt. Colonel Tal Bend

**The Military Prosecution**
(Represented by Captain David Golan)

vs.

**The defendant: Nofel Jihad Nofel Al-Adawin I.D. 920662152/Prison Service – present**
(Represented by counsel, Attorney Khaled Al-A'raj – present)

**Court Reporter:** Corporal Alejandra Itzkovitch
**Interpreter:** First Sergeant Fahim Hassun

**Presiding Judge opens the session and identifies the defendant.**
_____--

### Proceedings of the Hearing

Defendant: Attorney Khaled Al-A'raj is representing me.

Prosecutor: No evidence in support of sentencing.

Defense Counsel: No evidence in support of sentencing.

Prosecutor concludes: We arrived at a plea bargain whereby we are asking [the court] to impose the following sentence on the defendant:

   a. 21-year prison term, to be counted from the day of his arrest.
   b. Suspended prison term as per the court's judgment.

The grounds for the plea bargain are evidential difficulties that existed in this case, saving precious court time and mainly the sentence imposed on the defendant's accomplice in this incident, an accomplice by the name of Muhammad Nashash, Case 2316/06 of the Judea & Samaria region. The main crimes were committed together with Muhammad Nashash, we would not have deviated one way or another from the sentence, however in our opinion this defendant's share is somewhat greater than that of his accomplice.

Defense Counsel's concluding words: I am requesting to honor the plea bargain. Firstly, I wish to mention the evidential difficulties, the count on which his accomplice was sentenced to 15 years of imprisonment. In our case, the defendant's level of involvement is unclear; the difficulties result from the fact that there were two plans by two organizations. At first, there was the Hamas, but in reality the "Tanzim." The defendant's share was unclear, as well as the level of his involvement in this incident. As for the level of punishment, this is a punishment level that commenced with Firas Adawin that is connected to various counts and was sentenced to an 11-year prison term, and Muhammad Nashash who was sentenced to 15 years in prison. There was a debate regarding the accomplice's punishment. The appeals reduced this punishment to 15 years in prison, and an amendment in the actual crime is in place. I am asking to honor the plea bargain in these circumstances. I will add that no witnesses were heard in this case, he confessed within the framework of a plea bargain, this saved precious judgment time, his record is clean.

Defendant's final comments: I have nothing to say.

-1-

L_C180926
[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

| | | |
|---|---|---|
| Date: 13 Kislev, 5767 | Case no. 4348/04 | |
| December 4, 2006 | | |

### Military Court – Judea

| | |
|---|---|
| **Appearing before the Hon. Presiding Judge:** | Lt. Colonel Zvi Lekach |
| Judge: | Major Ronen Atzmon |
| Judge: | Lt. Colonel Tal Bend |

**The Military Prosecution**
(Represented by Captain David Golan)

vs.

**Defendant: Nofel Jihad Nofel Al-Adawin I.D. 920662152/Prison Service – present**
(Represented by counsel, Attorney Khaled Al-A'raj – present)

### Sentence

The Defendant was convicted, as per his admission, within the framework of a plea bargain, for a series of severe security crimes:

1. **Membership and activity and position in an illegal organization** – The defendant was convicted for being a member in a Hamas organization terrorist cell, from 2001 to his arrest, and since the beginning of 2003 he headed the cell.
2. **Shooting at a person** – In 2003 he fired 8 bullets at a house in the Gilo neighborhood in Jerusalem.
3. **Conspiring to intentionally cause death** – At the beginning of 2004, together with his accomplices, he planned to carry out an attack on Israeli civilians and soldiers. The plan included acquisition of two stolen cars in which they planned to lay a trap with explosives, the first one to be used against a passing bus, and the second car to be used against IDF soldiers and Jewish settlers that would arrive to assist in treating the wounded in the first attack. This conspiracy was not carried out, due to difficulties in buying mobile phones that were needed for activating the car bombs.
4. **Throwing an incendiary object** – in that during 2004 he handed over improvised explosive devices to another terrorist and that terrorist went out on a few occasions to the road leading from Beth Sahor to Rachel's Tomb and hurled the explosive devices towards IDF soldiers that were present there. The explosives detonated in close proximity to the soldier's vehicle.
5. **Conspiring to intentionally cause death** – The defendant was convicted in that in January 2004, together with his fellow accomplices in the cell, he recruited a man that was designated to carry out a suicide attack; he planned the attack in detail and prepared an improvised explosive device for the purpose of carrying out the attack. The defendant put the explosive belt on the suicide bomber; he filmed and recorded him reading aloud his "last will." The rest of those preparations were deleted from the indictment, and as mentioned, this attack, too, was not carried out.
6. **Failure to prevent a crime** – in that at the end of January 2004, shortly after the preparations described above, the defendant had a talk with that suicide bomber, and the latter told him that he was in contact with the Fatah Tanzim operatives about setting out on the attack planned by the defendant and that he was planning to go in order to carry out the attack with their help. The defendant knew that the attack was expected to happen soon after that, but he did nothing to prevent its occurrence. The following chain of events, described in the indictment, culminated in the suicide bomber, Ali Jahara, getting on Egged bus No. 19 in Jerusalem, where he activated the bomb case at the corner of Arlozorov and Azza Streets. As a result of the suicide attack, 11 Israelis were killed and more than 50 were wounded, in various degrees of severity. After the attack, the defendant took the pictures

-2-

L_C180927

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

Date: 13 Kislev, 5767　　　　　　　　　　　　　　　　　　　　　　Case no. 4348/04
December 4, 2006

    and the recordings that he made, handed them over to a TV station in Bethlehem, within the framework of assuming responsibility for the attack on behalf of the Hamas organization.

7. **Conspiring to intentionally cause death** – in that in the third quarter of 2004 he met with Muhmmad Adawin and conspired with him to carry out a suicide attack against Israelis. That Muhmmad offered to add more suicide bombers, obtained the consent of those intended terrorists and informed the defendant. The defendant explained to Muhmmad that they would have to wait until they obtain explosives, and suggested that Muhmmad learn to drive so that he can drive all of the suicide bombers to the site of the attack.

8. **Conspiring to intentionally cause death** – in that in 2004 he agreed to his brother, Firas Adawin who turned to him and agreed to assist in carrying out a suicide attack in Jerusalem. The defendant told his brother that when he receives the explosive belts for the five potential terrorists, he will arrange for the attack in Jerusalem. The defendant even scouted the French Hill intersection and the Me'ah She'arim neighborhood in Jerusalem, to explore the possibility of carrying out the attack there, and updated his brother about the findings of his surveillance. He also told his brother that there was someone who was willing to drive the suicide bombers to Jerusalem. The attacks were not carried out, due to the arrest of this brother Firas and due to the difficulty in obtaining explosive belts.

9. **Attempt to intentionally cause death** – in that in August 2004 the defendant agreed to participate in preparations for a shooting incident towards IDF soldiers that were guarding workers constructing the border barrier as well as towards the workers themselves. The defendant supplied his brother with details regarding the soldiers' times of arrival at the site of the border barrier, and with this information and surveillance that he did of the place, Firas Adawin decided when it would be worthwhile to carry out the attack. Sometime later, Firas Adawin and his companion went in a car in order to carry out the attack, but upon arrival Firas Adawin realized that there were children at the site of the attack and the soldiers were at the far side of the fence, therefore it was impossible to carry out the attack. The next day, Firas and his companion went out again in order to carry out the attack, and again refrained from doing so, for the same reasons.

The parties appealed for the punishment that was agreed between them and asked the court to honor it. Their arguments for the bargain were the defendant's clean record, the fact that his admission to his guilt saved time for all entities, as well as the level of punishment imposed in the cases of others that were involved in the affair. The parties presented us the case of Firas Adawin that in Judea Court case 4185/01 was sentenced to an 11-year prison term, and the case of Muhmmad al-Nashash that in Judea & Samaria 2316/06 was sentenced to a 15-year prison term, while confirming the plea bargain that was obtained in the first instance as well.

The defendant's actions are many and severe and justify a weighty punishment. The defendant's various activities for a long period of time demonstrate persistence in striving to kill as many Israelis as possible. The defendant was involved both in delivering improvised explosive devices for the purpose of hurling them at soldiers, as well as in recruiting suicide bombers, obtaining explosive belts and sending suicide bombers, shooting from a rifle at an Israeli settlement, initiating car attacks, joining the plans of others who wished to carry out suicide attacks, as well as providing assistance in various ways for implementing these attacks.

Although the defendant was not attributed direct legal liability, it should be remembered that as a result of the preparations carried out by the defendant, eventually a suicide attack was carried out, where 11 people were killed and many dozens were wounded. In the other cases, it was only good luck and interception by the security forces that prevented carrying out other mass attacks.

The other defendants whose case was brought before us were involved only partially in the defendant's widespread activities; therefore, the sentences imposed on them can only serve as a starting point for determining the punishment that the defendant deserves. There is nothing in them to indicate the total punishment that should be imposed on the defendant.

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

L_C180928

Date: 13 Kislev, 5767  Case no. 4348/04
December 4, 2006

Against this background, the plea bargain that was presented here mitigates with the defendant not insignificantly, both with the offenses that the prosecution left in the indictment as well as the punishment that it requested. Nevertheless, according to the case law regarding the need to honor plea bargains, and since the punishment presented to us is within the range of reasonable punishment, although tending to leniency, we have decided to honor the plea bargain. Therefore, we sentence the defendant to the following punitive measures:

a. A 21-year prison term, to be counted since his arrest on August 27, 2004.
b. A 3-year suspended prison term, with the condition being that for 5 years following his release from prison, he will not commit the crime for which he was convicted.

**Right to appeal within 30 days from today.**

**Handed down and announced today, December 4, 2006, in open court and in the presence of the parties.**

[signature]  [signature]  [signature]
Judge  Presiding Judge  Judge

-4-

L_C180929

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria
[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya