# Exhibit 27



Global Arabic Translation Services

الخدمات العالمية للترجمة العربية

26 Shainfein St., Kfar-Saba, Israel
+972 54 8349.337
www.GatsTranslations.com

# CERTIFICATION

I, Yaniv Berman, do hereby certify that as a qualified translator I am fully conversant with the English and Hebrew languages, and that to the best of my knowledge, the attached document, the Amended Indictment of Muhammad Kayed Khalil al-Nashash , is a true and accurate translation of the original text from the Hebrew language into English.

Date: April 16, 2015

_____
Yaniv Berman

| Israel | Defense | Forces |

| | | |
|---|---|---|
| In the Military Court | Court file: | 4083 /04 |
| | Prosecution file: | 2349/04 |
| J u d e a | | |
| Before a panel | P.A. File | Hebron3797-3800/04 |

In a Case Between the Military Prosecutor – the Accuser

-versus-

Muhammad Kayed Khalil al-Nashash ("Hamuda")

I.D. 907050298, born on 22 OCT 1979, a resident of Al-Izza Refugee Camp

Incarcerated since 1 September 2004

The Accused

Indictment   *[Handwritten:] Amended, as part of a plea bargain. 3/15/2006 [a few illegible words] Legal Officer. Military prosecutor.*

The aforementioned Accused is hereby charged with committing the following offenses:

Item one:

Nature of the offense: Throwing objects at a person or property, an offense under Section 53A(2) of the Order regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970.

Details of the offense: The aforementioned Accused, in the area, in the mid-1990s or thereabouts, threw an object, including a stone, at a person or property with the intention of harming a person or damaging property, namely:

The aforementioned Accused, on the said date, in the area of Rachel's Tomb or in the vicinity, during riots associated with the opening of the Western Wall tunnel, took part in a procession protesting the opening of the tunnel, during which he threw stones at IDF soldiers, who were at the location, with the intention of harming them.

Item two:

Nature of the offense: Conspiring to commit an offense the penalty for which is more than three years' imprisonment, an offense under Section 22 of the Order regarding Rules of Responsibility for an Offense (Judea and Samaria) (No. 225), 5728-1968 and under Section 51 of the Order regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970.

Details of the offense: The aforementioned Accused, in the area, in 2003 or thereabouts, conspired with another person deliberately to cause the death of another, namely:

The aforementioned Accused, during the aforementioned period, in Bethlehem or thereabouts, conspired with Muhammad Mustafa Muhammad Najjar, to booby trap a stolen vehicle next to the Open University so as to blow it up and cause the death of a policeman by the name of Ofer, who came to the area of the refugee camp with the aim of locating stolen vehicles. The Accused and his friend planned to place the explosive charge so that it would explode when the policeman approached the vehicle, thus causing his death.

Item three:

Nature of the offense: Damaging the security of the area, an offense under Section 53(A)(4) of the Order regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970.

Details of the offense: The aforementioned Accused, in the area, in 2004 or on a date close to it, committed an act or omission that damages, harms, interferes with or endangers the security of the area or the security of IDF forces and its soldiers, or their activities, or the use or security of any of the following: a ship, aircraft, port, pier, platform, anchorage, airport, railroad, water course, road, path, steam engine, vehicle, any freight or other means of public transport, or public communications or any factory, institution or equipment used or capable of being used for the production, supply, storage, transfer, delivery, or distribution of water, fuel, gas or electricity or any property of the State of Israel or of the IDF, namely:

At the beginning of 2004, in Ramallah or in the vicinity, the Accused was approached by Ali Ju'ara, who worked with him in the Palestinian police. Ju'ara expressed his wish to carry out a suicide attack. Thereafter, on many occasions, Ali contacted the Accused and expressed his wish to commit suicide. After approximately two months, during which these contacts occurred, Ali asked from the Accused help in putting his wish into action. The accused agreed to his request and contacted Nawfal Jihad Nawfal Adawin, and told him about Ali's wish.

Date: 13 October 2004
Reference: 2349-04Muhammad

After some time, Nawfal consented to the Accused's request and replied that he would prepare the device and would send Ali to carry out the attack.

The Accused sold gold for cash and with the cash he and Nawfal bought a camera and a reel of photograph as well as materials for preparing the explosive charge for carrying out the attack. After buying the materials, the Accused and Nawfal assembled the explosive charge together and concealed it in a fire extinguisher. In addition to the explosive charge, the Accused and Nawfal prepared an explosives belt. The Accused went to Ali Ju'ara and met him in the police station. The Accused told Ali that there was someone ready to send him to a suicide attack that would lead to the deaths of as many Israelis as possible.

Ali replied to the Accused that he was ready to carry out the said attack, and the Accused took him to meet Nawfal and introduced the two. In the presence of the Accused, Nawfal showed Ali the explosive charge and explained to him how it worked and how to activate it. Ali asked the two to videotape him ahead of the attack, and also asked that the attack he was about to carry out would be executed in the name of Hamas, which is designated an illegal association. The Accused and Nawfal agreed to Ali's request, and two days later they met in Nawfal's house where the Accused and Nawfal arranged appropriate scenery for the shooting, composed of martyrs' pictures, a Hamas flag, a Kalashnikov assault rifle, and a Koran. Ali put a Hamas headband on his head and carried the bag with the explosive charge on his shoulders. He also wore the explosive belt, while in his hand he held the weapon and the Koran. Thus attired, Ali dictated a will to his parents, which had been written by Nawfal.

The Accused and his friend videotaped the Accused with the camera and recorded his words on a recording device. Ali went to return the weapon to the police station and the Accused and Nawfal hid the recorded and videotaped material, as well as the will Ali had read. Then, they waited for Ali in Nawfal's house in order to dispatch him to the suicide attack.

When Ali returned, Nawfal assembled the explosive charge on his body and primed it. Ali asked the Accused and Nawfal to take him to the area of the tunnels on Highway 60 and from there he would make his way to Jerusalem and carry out the attack inside Jerusalem.

When Ali's preparations were done, Nawfal and Ali set off in the direction of the tunnels to carry out the attack.

That same night, the Accused met with Nawfal and asked what had happened. Nawfal replied that Ali and himself were forced to return because there was a Palestinian Security Forces roadblock in their way.

Two weeks later, the Accused heard that Ali Ju'ara had carried out the suicide attack. The Accused and Nawfal retrieved Ali's footage and his will from their hiding place, and put them next to the door of a television station, so that Ali's picture would be shown on television. The Accused and Nawfal then left the place and notified the television station's staff by telephone that they had left the items of the perpetrator of the Jerusalem attack.

Item four:

Nature of the offense: Membership of and activity in an illegal association, an offense under Section 85(1)(A) of the Defense (Emergency) Regulations, 1945.

Details of the offense: The aforementioned Accused, in the area, on 23 March 2004 and until the time of his arrest or thereabouts was a member of or acted as a member in the Izz al-Din al-Qassam Brigades, which is an illegal association, namely:

The aforementioned Accused, during the said period, in the Al-Izza Refugee Camp or thereabouts, was a member of the Izz al-Din al-Qassam Brigades of the Hamas organization, which is an illegal association. The Accused was recruited to the organization by Nawfal Jihad Nawfal Adawin. Together with the accused in the cell were Muhammad Jawda, Wael Adawin, Mu'az Abd al-Jabr Tarbush, Muhammad Sami al-Izza, and Muhammad Fuad Adawin.

Item five:

Nature of the offense: Performing a service for an illegal association, an offense under Section 85(1)(C) of the Defense (Emergency) Regulations, 1945.

Details of the offense: The aforementioned Accused, in the area, in 2004 or on a date close to it, did work of any sort or performed any kind of service for the Hamas organization, which is an illegal association, namely: The aforementioned Accused, on the said date, in the Al-Izza Refugee Camp or in its vicinity, together with members of his cell, on a number of different occasions, wrote slogans and hung posters and photographs of Ahmad Yassin and Abd al-Aziz Rantisi in the name of Hamas's Izz al-Din al-Qassam Brigades, which is an illegal association.

2

Date:                    13 October 2004

Reference: 2349-04Muhammad

Item six:
Nature of offense: Trading in military equipment, an offense under Section 2 of the Order regarding Prohibition of Commerce in War Materiel (Judea and Samaria) (Number 243), 1968.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, traded in or engaged in military equipment in some manner, without signed authorization from the regional commander or his stead, namely:
The aforementioned Accused, during said period, in the Al-Izza Refugee Camp or near it, asked the aforementioned Nawfal Adawin for two pipe bombs. Nawfal gave the Accused the requested devices. Using the devices, the Accused carried out the following two items of indictment.

Item Seven:
Nature of offense: Throwing an incendiary device, an offense under Order 58(b) of Defense (Emergency) Orders, 1945.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, threw or placed a bomb, hand grenade or explosive or incendiary device with the intent to cause death or injury to any person or damage to any property, namely:
The aforementioned Accused, during the aforementioned period, in the Bethlehem area or nearby, threw one of the devices at military vehicles traveling on the road, with the intent to kill or harm the passengers or their property. The device exploded.

Item eight:
Nature of offense: Throwing an incendiary device, an offense under Order 58(b) of Defense (Emergency) Orders, 1945.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, threw or placed a bomb, hand grenade or explosive or incendiary device with the intent to cause death or injury to a person or damage to any property, namely:
The aforementioned Accused, during the aforementioned period, in the Bethlehem area or nearby, on the night of the day after what was described in the previous item of indictment, threw the second device at military vehicles traveling on the road, with the intent to kill or harm the passengers or their property. The device exploded.

Item nine:
Nature of offense: Manufacture of an incendiary device, an offence under Section 53(a)(3)+(b) of the Order regarding Security Regulations (Judea and Samaria) (Number 378), 1970.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, manufactured a shooting device, ammunition, bomb, hand grenade or explosive or incendiary device, without a permit provided by the regional military commander or on his behalf, or not in accordance with the conditions of the permit, namely:
The aforementioned Accused, during the aforementioned period, in the Al-Izza Refugee Camp or nearby, prepared two Molotov cocktails, with the intent to throw them at IDF soldiers and injure them. Using the Molotov cocktails, the Accused carried out the next two items of indictment.

Item ten:
Nature of offense: Throwing an incendiary device, an offense under Order 58(b) of Defense (Emergency) Orders, 1945.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, threw or placed a bomb, hand grenade or explosive or incendiary device with the intent to cause death or injury to any person or damage to any property, namely:
The aforementioned Accused, during the aforementioned period, in the Bethlehem area or nearby, threw one of the Molotov Cocktails he had prepared as stated in the details of the previous item of indictment, at military vehicles. The bottle ignited near the military jeep.

Item eleven:
Nature of offense: Throwing an incendiary device, an offense under Order 58(b) of Defense (Emergency) Orders, 1945.
Details of the offense: The aforementioned Accused, in the area, in 2004 or around that time, threw or placed a bomb, hand grenade or explosive or incendiary device with the intent to cause death or injury to a person or damage to any property, namely:
The aforementioned Accused, during the aforementioned period, in the Bethlehem area or nearby, threw the second of the Molotov cocktails he had prepared as stated in the details of the previous item of indictment, at military vehicles. The bottle ignited on the road.

3

Date:           13 October 2004
Reference:      2349-04Muhammad

<u>Item twelve</u>:

<u>Nature of offense</u>: Conspiring to commit an offense the penalty for which is more than three years in prison, an offence under Section 22 of the Order regarding Rules of Responsibility for an Offense (Judea and Samaria) (Number 225), 1968, and under Section 51 of the Order regarding Security Regulations (Judea and Samaria) (Number 378), 1970.

<u>Details of the offense</u>: The aforesaid Accused, in the area, during 2004 or around that time, conspired with another person to cause the death of another, namely:

The aforesaid Accused, during the aforesaid period, in the Bethlehem area or nearby, conspired with Nawfal Jihad Nawfal Adawin to carry out a shooting attack against Israeli citizens with the intent to cause their deaths. When the Accused asked, Nawfal responded that he would bring the weapon from the Hamas organization.

<u>Prosecution witnesses</u>:

Sergeant Major Nissim Argaman, Military ID 44861, LHK Judea (the officer who took the Accused's statement on 02 September 2004)

First Sergeant Yaakov Barazni, Military ID 99106, LHK Judea (the officer who took the Accused's statement on 09 September 2004)

Nawfal Jihad Nawfal Adawin, ID 920662152 (detainee)

Muhammad Ibrahim Muhammad Jawda, ID 907048847 (detainee)

Sagiv Lichtman, Second Lieutenant

Military Prosecutor

[signature]

4

Date:	13 October 2004
Reference:	2349-04Muhammad

| צבא | | המשפט | הצבאי | הגנה | | לישראל |
|---|---|---|---|---|---|---|
| בבית | | | ה ז ו ה | תיק ביהמ"ש: | 04/ 4085 | |
| | | | הרכב | תיק תביעה: | 2349/04 | |
| בפני | | | | תיק פ.א.: | 3797-3800/04 חברון | |

### במשפט שבין: ! תובע הצבאי – המאשים

### -נגד-

מחמד כאיד חליל אל-נשאש ("חמודה")
ת.ז. 907050298, יליד 22.10.79, תושב מ.פ.אלעזה
עצור מיום 1.9.04

### הנאשם

## כתב-אישום

הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** זריקת חפצים לעבר אדם או רכוש, עבירה לפי סעיף 53א(2) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במחצית שנות ה-90' או בסמוך לכך, זרק חפץ, לרבות אבן, לעבר אדם או רכוש, בכוונה לפגוע באדם או ברכוש, דהיינו:

הנאשם הנ"ל, במועד האמור, באזור קבר רחל, או בסמוך לכך, במהלך המהומות אשר נגעו לפתיחת מנהרת הכותל, השתתף בתהלוכה כנגד פתיחת המנהרה, ובמהלכה זרק אבנים לעבר חיילי צה"ל אשר היו במקום, וזאת בכוונה לפגוע בם.

**פרט שני:**

**מהות העבירה:** קשירת קשר לביצוע עבירה שדינה מעל לשלוש שנות מאסר, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968, ולפי סעיף 51 לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בשנת 2003 או בסמוך לכך, קשר קשר עם אדם אחר לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במהלך התקופה האמורה לעיל, בבית לחם או בסמוך לכך, קשר יחד עם מחמד מצטפא מחמד נג'אר, למלכד רכב גנוב ליד האוניברסיטה הפתוחה, וזאת כדי לפוצצו ולהביא בכך למותו של שוטר בשם עופר, המגיע לאזור מחנה הפליטים במטרה לאתר רכבים גנובים. הנאשם וחבריו תכננו להניח את המטען באופן שיתפוצץ בעת שהשוטר יתקרב לרכב ויביא בכך למותו.

**פרט שלישי:**

**מהות העבירה:** פגיעה בבטחון האיזור, עבירה לפי סעיף 53(א)(4) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בשנת 2004 או במועד הסמוך לכך, עשה מעשה או מחדל שיש בהם פגיעה, הזק, הפרעה או סכנה לבטחון האיזור או לבטחון כחות צה"ל וחייליו, או לפעולתם, שימושם או בטחונם של כל אחד מאלה: אניה, אווירון, נמל, רציף, מזח, מעגן, שדה תעופה, מסילת ברזל, נתיב מים, דרך, דרך עפר, קטר, כלי רכב, כל משא או כל אמצעי אחר של הובלה ציבורית, או תקשורת ציבורית או כל מפעל, מוסד, או ציוד המשמש או מסוגל לשמש לייצורם, הספקתם, החסנתם, העברתם, מסירתם או הפצתם של מים, דלק, גז או חשמל או כל רכוש של מדינת ישראל או של צה"ל, דהיינו:

בראשית שנת 2004, ברמאללה או בסמוך לכך, פנה אל הנאשם עלי ג'ערה, אשר עבד עמו במשטרה הפלסטינית, והביע את רצונו לבצע פיגוע התאבדות. לאחר מכן, במספר רב של הזדמנויות, פנה עלי אל הנאשם והביע את רצונו להתאבד.

לאחר כחודשיים במהלכם אירעו הפניות כאמור, ביקש עלי סיוע מן הנאשם בהוצאת רצונו אל הפועל. הנאשם נעתר לבקשתו ופנה אל נופל ג'יהאד נופל עדאוויו, וסיפר לו על רצונו של עלי.

1

תאריך: 13.10.04

סימוכין: 2349-04 מחמד

לאחר זמן, נעתר נופל לבקשת הנאשם והשיב שהוא יכין את המטען, וישלח את עלי לבצע את הפיגוע.

הנאשם מכר זהב תמורת כסף, ובכסף קנה הוא ונופל מצלמה וסרט צילום, וכן חומרים להכנת מטען החבלה, לצורך ביצוע הפיגוע. לאחר קניית החומרים, הנאשם ונופל הרכיבו יחד מטען חבלה, והסליקו אותו בתוך מטף כיבוי אש. בנוסף למטען החבלה, הכינו הנאשם ונופל חגורת נפץ. הנאשם הלך לעלי ג'וערה, ופגש אותו בתחנת המשטרה. הנאשם סיפר לעלי כי יש אדם המוכן להוציאו לפיגוע התאבדות, אשר יביא למותם של ישראלים רבים ככל האפשר.

עלי השיב לנאשם שהוא מוכן לבצע פיגוע כאמור, והנאשם לקח אותו למפגש עם נופל והכיר בין השניים. בנוכחות הנאשם, נופל הראה לעלי את המטען והסביר לו את אופן פעולתו ואת דרך הפעלתו. עלי ביקש מן השניים כי יצלמו אותו טרם ביצוע הפיגוע, ועוד ביקש כי הפיגוע שיבצע, יבוצע בשם ארגון חמא"ס שהוא התאחדות בלתי מותרת. הנאשם ונופל נעתרו לבקשת עלי, ולאחר יומיים נפגשו בביתו של נופל, שם סידרו הנאשם ונופל תפאורה מתאימה לצילום, המורכבת מתמונות "שהידים", דגל חמא"ס, רובה מסוג רוסי"ר קלצ'ניקוב וספר קוראן. עלי ענד על ראשו סרט של ארגון חמא"ס ונשא על כתפיו את התיק עם מטען החבלה וכן עטה את חגורת הנפץ, ובידיו החזיק את הנשק ואת ספר הקוראן. בהיותו כך, הקריא עלי צוואה להוריו שנכתבה על ידי נופל.

הנאשם וחברו צילמו את הנאשם במצלמה והקליטו את דבריו באמצעות מכשיר הקלטה.
עלי הלך להחזיר את הנשק לתחנת המשטרה, והנאשם ונופל הסליקו את החומר המוקלט והמצולם, וכן את הצוואה אותה הקריא עלי, ולאחר מכן המתינו לעלי בביתו של נופל, על-מנת להוציאו לבצע את פיגוע ההתאבדות.

עם חזרתו של עלי, הרכיב נופל את המטען על גופו והכינו להפעלה. עלי ביקש מהנאשם ומנופל, שייצחרו לאזור המנהרות על כביש 60, ומשם הוא ימצא את דרכו לירושלים ויבצע את הפיגוע בתוככי ירושלים.

לאחר סיום הכנתו של עלי, יצאו נופל ועלי לכיוון המנהרות, לצורך ביצוע הפיגוע.
באותו לילה, פגש הנאשם את נופל, ושאלו לאשר אירע. נופל השיב שהוא ועלי נאלצו לחזור, משום שהיה מחסום של כוחות הביטחון הפלסטינים בדרכם.

כעבור שבועיים, שמע הנאשם כי עלי ג'וערה ביצע פיגוע התאבדות. הנאשם ונופל הוציאו את צילומיו של עלי ואת צוואתו ממקום מסתורם, והניחו אותם ליד דלתה של תחנת טלוויזיה, וזאת על מנת שתמונותיו של עלי תוצג בטלוויזיה. לאחר מכן התרחקו הנאשם ונופל מהמקום והודיעו בטלפון לאנשי תחנת הטלוויזיה, כי הניחו את החפצים של מבצע הפיגוע בירושלים.

**פרט רביעי:**
**מהות העבירה:** חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, מיום 23.3.04 ועד לעת מעצרו או בסמוך לכך, היה חבר או פעל כחבר בארגון "גדודי עז א-דין אל קסאם" שהוא התאחדות בלתי מותרת, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה, במ.פ.אלעזה או בסמוך לכך, היה חבר בגדודי עז א-דין אל קסאם של ארגון חמא"ס, שהוא התאחדות בלתי מותרת. הנאשם גויס לארגון על-ידי נופל ג'יהאד נופל עדאווין. יחד עם הנאשם היו בחוליה מחמד ג'ודה, ואל עדאווין, מועאז ע/ג'בר תרבוש, מחמד סאמי אלעזה ומחמד פואד עדאווין.

**פרט חמישי:**
**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בשנת 2004 או במועד הסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל הארגון "חמא"ס" שהוא התאחדות בלתי מותרת, דהיינו: הנאשם הנ"ל, במועד האמור, במ.פ.אלעזה או בסמוך לכך, יחד עם חברי חולייתו, בנספר הזדמנויות שונות, כתב סיסמאות והדביק כרוזים ותמונות של אחמד יאסין וע/עזיז רנטיסי, בשם ארגון גדודי עז א-דין אל קסאם של החמא"ס, שהוא התאחדות בלתי מותרת.



2

תאריך : 13.10.04

סימוכין : 2349/04מחמד

פרט ששי:

מהות העבירה: סחר בציוד מלחמתי, עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח-1968.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי, ללא היתר חתום על-ידי מפקד האיזור או מטעמו, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה לעיל, במ.פ.אלעזה או בסמוך לכך, ביקש מנופל עדאווין האמור 2 מטעני צינור. נופל נתן לנאשם את המטענים המבוקשים. באמצעות המטענים ביצע הנאשם את האמור בשני פרטי האישום הבאים.

פרט שביעי:

מהות העבירה: זריקת חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, זרק או הניח פצצה, רימון יד או חפץ נפיץ או מבעיר מתוך כוונה לגרום מוות או חבלה לכל אדם או נזק לכל רכוש, דהיינו: הנאשם הנ"ל, במועד האמור, באזור בית לחם או בסמוך לכך, זרק את אחד המטענים לעבר כלי רכב צבאיים שהיו בנסיעה בכביש, וזאת במטרה להביא למותם של נוסעיהם או לפגיעה בם או ברכושם. המטען התפוצץ.

פרט שמיני:

מהות העבירה: זריקת חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, זרק או הניח פצצה, רימון יד או חפץ נפיץ או מבעיר מתוך כוונה לגרום מוות או חבלה לכל אדם או נזק לכל רכוש, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה לעיל, באזור בית לחם או בסמוך לכך, בלילה שלמחרת האמור בפרט האישום הקודם, זרק את המטען השני לעבר כלי רכב צבאיים שהיו בנסיעה בכביש, וזאת במטרה להביא למותם של נוסעיהם או לפגיעה בם או ברכושם. המטען התפוצץ.

פרט תשיעי:

מהות העבירה: ייצור חפץ מבעיר, עבירה לפי סעיף 53(א)(3)+(ב) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, ייצר כלי יריה, תחמושת, פצצה, רימון יד, חפץ נפיץ או מבעיר, ללא תעודת היתר, שהוענקה על ידי מפקד או מטעמו, או שלא בהתאם לתנאיה של אותה תעודת היתר, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה לעיל, במ.פ.אלעזה או בסמוך לכך, הכין שני בקבוקי תבערה, במטרה לידותם לעבר חיילי צה"ל, ולפגוע בהם. באמצעות בקבוקי התבערה, ביצע הנאשם את האמור בפרטי האישום הבאים.

פרט עשירי:

מהות העבירה: זריקת חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, זרק או הניח פצצה, רימון יד או חפץ נפיץ או מבעיר מתוך כוונה לגרום מוות או חבלה לכל אדם או נזק לכל רכוש, דהיינו: הנאשם הנ"ל, במועד האמור, באזור בית לחם או בסמוך לכך, זרק את אחד מבקבוקי התבערה איתהם הכין כאמור בפרט האישום הקודם, לעבר כלי רכב צבאיים. הבקבוק התלקח בסמוך לגייפ הצבאי.

פרט אחד עשר:

מהות העבירה: זריקת חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.
פרטי העבירה: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, זרק או הניח פצצה, רימון יד או חפץ נפיץ או מבעיר מתוך כוונה לגרום מוות או חבלה לכל אדם או נזק לכל רכוש, דהיינו: הנאשם הנ"ל, במהלך התקופה האמורה לעיל, באזור בית לחם או בסמוך לכך, זרק את בקבוק התבערה השני אות הכין כאמור בפרט האישום הקודם, לעבר כלי רכב צבאיים. הבקבוק התלקח על הכביש.

3

התאריך: 13.10.04

סימוכין: 2234/04מחמד

פרט שנים עשר:

**מהות העבירה**: קשירת קשר לביצוע עבירה שדינה מעל לשלוש שנות מאסר, עבירה לפי סעיף 22 יחד בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968, ולפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-.

**פרטי העבירה**: הנאשם הנ"ל, באיזור, בשנת 2004 או בסמוך לכך, קשר קשר עם אדם אחר לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במהלך התקופה האמורה לעיל, באזור בית לחם או בסמוך לכך, קשר יחד עם נופל ג'יהאד נופל עדאווין, לבצע פיגוע ירי לעבר אזרחים ישראלים, בכוונה להביא למותם. לשאלת הנאשם, השיב נופל כי יביא את הנשק מארגון חמא"ס.

**עדי התביעה**:

1. רס"ב נסים ארגמן, מ.א.44861, לח"ק יהודה (גובה אמרת הנאשם מיום 2.9.04).
2. רס"מ יעקב ברזני, מ.א.99106, לח"ק יהודה (גובה אמרת הנאשם מיום 9.9.04).
3. נופל ג'יהאד נופל עדאווין, ת.ז.920662152(עצור).
4. מחמוד אבהים מחמד גיודה, ת.ז.907048847(עצור).

שגיב ליכטמן
תובע
סגן
צבאי

4

תאריך: 13.10.04

סימוכין: מחמוד2340.04