# Exhibit 28

תאריך: ט"ו אדר, תשס"ו
15 מרץ, 2006

תיק מסי: 4083/04

## הכרעת - דין

על יסוד הודאתו בכתב האישום המתוקן, מורשע הנאשם בעבירות המיוחסות לו, דהיינו:

א. פגיעה בביטחון האזור פגיעה בביטחון האזור, עבירה לפי סעיף 53(א)(4) לצו בדבר הוראות בטחון (יהודה ושומרון) (מסי 378) התש"ל 1970.

ב. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ג. קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה ושומרון) (מסי 378), התש"ל 1970 ולפי סעיף 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח 1968.

**ניתן והודע היום,15/03/06 , בפומבי ובמעמד הצדדים.**

שופטת | אב"ד | שופט

נאמן למקור

תובעת: אין ראיות לעונש.

סניגור: אין ראיות לעונש.

תובעת מסכמת: במסגרת הסדר הטיעון נבקש להשית על הנאשם 15 שנות מאסר לריצוי בפועל, מאסר מותנה בהתאם לשיקול דעת ביהמ"ש. ליבו של כתב האישום הינו עבירה של פגיעה בביטחון האזור בה הנאשם מילא תפקיד מרכזי של הוצאה לפועל של פיגוע התאבדות, דבר אשר הנחה את הצדדים בהגיעם לעונש המוסכם. מנגד, ניתן משקל לעובדה שהניסיון להוציא את הפיגוע נקטע עוד בשטח הפלסטיני. כן ניתן משקל לעובדה שעברו של הנאשם נקי ולהודאתו שחסכה בזמן שיפוטי יקר. נוכח מכלול השיקולים, סבורה התביעה כי ההסדר ראוי ועל ביהמ"ש לכבדו.

סניגור מסכם: אבקש לכבד את הסדר הטיעון. היום הנאשם הודה בכתב האישום המתוקן וחסך מזמנו היקר של ביהמ"ש. לגבי הפרט הראשון בכתב האישום המתוקן של פגיעה בביטחון האזור, תפקידו של הנאשם היה תפקיד לא ראשי. הוא תכנן עם חברים שלו ובמיוחד עם נאפל אבל מי שרצה לעשות את הפיגוע היה עלי גיערה. הוא יצא מהאזור וחזר לאזור בלי לעשות את הפיגוע. כאן הסתיים תפקידו השלילי של הנאשם. תפקידו לא עיקרי לעבירה זו. עלי גיערה תכנן עם אחרים לאחר כמה זמן והלך לבצע את הפיגוע ללא קשר לנאשם. לגבי שאר הפרטים של חברות וקשירת קשר, לא נגרם שום נזק ממעשיו של הנאשם ולכן העונש שהגענו אליו הוא מעל רמת הענישה המקובלת, לדעתי. עשיתי בהסדרים תיקים שכללו אפילו פציעות והם פחות מהעונש הזה, אומנם היו בהם בעיות ראייתיות. הנאשם הודה וחסך מזמנו של ביהמ"ש. נוסף על כך, הוא נשוי ויש לו ילד, תינוק. 15 שנה להרחיק אותו ממשפחתו זה עונש כבד. אבקש מכבודכם לכבד את ההסדר.

נאשם בדברו האחרון: אני מתחרט על מה שעשיתי ואני נשבע שאני לא אעשה שום דבר אחרי שאני אשתחרר מהכלא ואם יש אפשרות להקל עלי. לא ראיתי את הילדה שלי מאז שהוא נולד כי הייתי בכלא. כל אחד רוצה לראות את הילדים שלו.

4584482
רס"ן אלינור ברגני
קצינת העיר נתניה

L_C180758

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| | | | | |
|---|---|---|---|---|
| 1. | STATE OF ISRAEL | | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור<br>BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל<br>ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ | .5 |
| 6. | THE | 2/10/2011 | ביום | .6 |
| 7. | BY | SHIR TZIKVASHVILY שיר ציקבאשוילי<br>CONSULAR BUREAU התטיבה הקונסולרית | על-ידי | .7 |
| 8. | NO 528201. | | מס' 528201 | .8 |
| 9. | SEAL/STAMP | [Seal: משרד החוץ MINISTRY OF FOREIGN AFFAIRS] | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | | חתימה, ירושלים | .10 |

[signature] [signature]

תיק מסי: 4083/04

תאריך: ט"ו אדר, תשס"ו
15 מרץ, 2006

# בית המשפט הצבאי יהודה

**בפני כב' סגן הנשיא: רס"ן רונן עצמון**
**השופטת: רס"ן דליה קאופמן**
**השופט: רס"ן מייקל בן-דוד**

**התביעה הצבאית**
(באמצעות קמ"ש רותי צביאל)

**נגד**

**הנאשם: מוחמד כאיד חליל אלנשאש ת.ז 907050298/ שב"ס - נוכח**
(באמצעות ב"כ עו"ד שעבאן- נוכח)

---

## גזר-דין

לאחר ששמענו את טיעוני הצדדים ובחנו אותם על רקע העבירות החמורות בהן הורשע הנאשם, ואף לאחר שהתחשבנו בדברי הנאשם בפנינו, מצאנו כי לא נוכל לכבד את הסדר הטיעון שהציגו הצדדים. זאת משום שהעונש שהוסכם חורג לקולא במידה קיצונית ממתחם הענישה הסבירה.

החלטנו פה אחד לגזור על הנאשם את העונשים הבאים:

א. 20 שנות מאסר לריצוי בפועל אשר יימנו החל מיום מעצרו, 01/09/04.
ב. 18 חודשי מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור עבירה על תקנה 85 לתקנות ההגנה.
ג. 3 שנות מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור עבירה שמהותה יצירת סיכון מכוון לחיי אדם, לרבות עבירות של פגיעה בביטחון האזור וקשירת קשר שבהן הורשע בתיק זה.

נימוקי גזר הדין יינתנו בנפרד.

**זכות ערעור תוך 30 יום מיום פרסום הנימוקים.**

**ניתן והודע היום, 15/03/06, בפומבי ובמעמד הצדדים.**

| שופט | אב"ד | שופטת |
|---|---|---|

נאמן למקור

בית המשפט הצבאי לערעורים * באיו"ש *

4584482
רס"ן אלינור ברזני
קצינת העיר נתניה

קצין העיר נתניה 9338

L_C180760

תאריך: 9/4/06 תיק מס': 4083/04

בהמ"ש הצבאי לערעורים * באיו"ש *

נאמן למקור

# בית המשפט הצבאי יהודה

**בפני כב' סגן הנשיא: רס"ן רונן עצמון**
**השופטת: רס"ן דליה קאופמן**
**השופט: רס"ן מייקל בן-דוד**

**התביעה הצבאית**
(באמצעות קמ"ש רותי צביאל)

**נגד**

**הנאשם: מוחמד כאיד חליל אלנשאש ת.ז 907050298/ שב"ס**
(באמצעות ב"כ עו"ד שעבאן)

---

## נימוקי גזר הדין

ביום 15/3/06, בעת שגזרנו את עונשו של הנאשם, החלטנו לסטות מעונש מוסכם שהציגו הצדדים, והטלנו עליו 20 שנות מאסר בפועל, וכן עונש מאסר מותנה. להלן נימוקינו.

הנאשם הורשע בעבירה של חברות בהתאחדות בלתי מותרת, על כך שמסוף חודש מארס 2003 ועד מעצרו היה חבר בגדודי חללי אל אקצא. כמו כן הורשע בכך שבשנת 2004 קשר עם נופל עדאווין לבצע פיגוע ירי לעבר אזרחים ישראליים. העבירה המרכזית בה הורשע הנאשם הוכתרה בכתב האישום פגיעה בביטחון האזור, אך חשוב לפרט את העובדות העומדות בבסיסה.

לפי כתב האישום המתוקן, בראשית שנת 2004 פנה אל הנאשם עלי גיערה, וביקש ממנו לסייע לו לצאת לפיגוע התאבדות. עלי פנה אל הנאשם באותה בקשה מספר פעמים במשך כחודשיים, עד שהנאשם נעתר לבקשתו. הנאשם פנה אל נופל עדאווין וסיפר לו על רצונו של עלי גיערה, נופל הסכים להכין את מטען הנפץ שישמש לפיגוע. הנאשם מכר זהב שהיה בידיו, ובתמורה רכשו הוא ונופל מצלמה וסרט צילום, וכן חומרים להכנת מטען חבלה. הנאשם הכין יחד עם נופל מטען חבלה וכן חגורת נפץ. הנאשם הפגיש את עלי גיערה – המפגע המיועד - עם נופל עדאווין, ועלי ביקש לצאת לפיגוע בשם ארגון החמאס. לבקשתו של עלי צילמו אותו הנאשם ונופל בביתו של האחרון, על רקע תפאורה שהכינו, הכוללת רובה, דגל החמאס, תמונות מפגעים וספר קוראן. עלי ענד סרט ראש של ארגון החמאס, ונשא תיק ובו מטען חבלה וכן את חגורת הנפץ. עלי הקריא "צוואה" שהופנתה להוריו, ונכתבה על ידי נופל.

בנוכחותו של הנאשם, הרכיב נופל את חגורת הנפץ על גופו של עלי גיערה, ולאחר מכן, יצאו עלי ונופל לכיוון ירושלים. הכוונה הייתה להוביל את המפגע עד לאזור המנהרות בכביש 60, ומשם ימצא המפגע את דרכו אל תוך ירושלים. עלי ונופל חזרו בלא לבצע את הפיגוע משום שנתקלו במחסום של כוחות הביטחון הפלסטיניים.

מכתב האישום עולה, כי כשבועיים לאחר מכן ביצע עלי גיערה פיגוע התאבדות בירושלים. ניתן להבין כי התביעה לא מייחסת לנאשם אחריות לפיגוע זה.

4584482
רס"ן אלינור ברג...
קצינת העיר נתניה
קצין העיר

עם זאת, מצוין בכתב האישום, שכאשר שמע הנאשם על ביצוע הפיגוע הניח את צילומיו של המפגע ואת "צוואתו" בפתחה של תחנת טלוויזיה, והודיע על כך לאנשי התחנה, כדי שיעשו בחפצים אלה שימוש.

הצדדים עתרו לעונש מוסכם של 15 שנות מאסר בפועל, וכן עונש מאסר מותנה לשיקול דעתנו. נימוקיהם להסדר היו, עברו הנקי של הנאשם, הודאתו שחסכה מזמנו של ביהמ"ש, העובדה שהפיגוע שהוא נטל חלק בהכנתו, נקטע בעוד המפגע בשטח הרשות הפלסטינית, ומבלי שנגרם נזק. לשאלתנו על קולת העונש, השיבה התובעת בשאלה משלה – לאיזה עונש צפוי היה המפגע המתאבד עצמו, בגין היציאה לפיגוע **והחזרה ממנו** בשל היתקלות במחסום פלסטיני. לאחר מכן אף הציגה בפנינו תקדים שנפסק בבית המשפט הצבאי לערעורים, בעי איו"ש 2747/04 **מוג'אהד אלמשיני**. שם יצא המערער פעמיים לבצע פיגועי התאבדות ופעמיים החליט שלא לממש את הפיגוע, לאחר שנתקל בכוחות הביטחון של ישראל. נגזרו עליו בסופו של דבר 15 שנות מאסר בפועל.

ההגנה הדגישה את העובדה שלא נגרם נזק ממעשיו של הנאשם, והנאשם בדברו האחרון אמר שהוא מתחרט על מעשיו, מקווה לראות בקרוב את ילדיו – שאת אחד מהם כלל לא ראה עדיין – ושאין בכוונתו לשוב לעשות מעשים דומים לכשישוחרר מן הכלא.

סברנו כי העונש שעליו הסכימו הצדדים אינו מבטא את חומרת מעשיו של הנאשם. אמנם, לזכות הנאשם מספר שיקולים מקילים: העובדה שלא הוא יזם את הפיגוע, העובדה שלא במהרה נענה לבקשותיו של עלי ג'ערה לסייע לו לממש רצונו לפגע, הודאתו ואף חרטתו בפנינו, והעובדה שבסופו של דבר הפיגוע שהוא סייע להכנתו לא יצא אל הפועל.

עם זאת, רבים הם השיקולים להחמיר עמו: הנאשם מכר מרכושו הפרטי כדי לממן את הפיגוע, והדבר מלמד על מחויבותו למימושו. לאחר מכן, עשה כל שיכול היה כדי להוציא את המפגע אל הפיגוע. מקישורו למשלחים אחרים ועד להכנת מטען חבלה, צילומו של המפגע וציודו במטען החבלה. למעשה, מבחינתו של הנאשם, פיגוע ההתאבדות הושלם, ורק נסיבות שכלל לא היו בשליטתו – התנהגותו של המפגע המתאבד - מנעו את מימוש הפיגוע הקטלני שהוא התכוון לו. עוד יש לזכור, כי אותו מחבל שהנאשם הסכים לקשרו עם פעילי טרור ששילחוהו לפיגוע, אכן ביצע פיגוע התאבדות כעבור כשבועיים. הדבר מלמד איזה סיכון גדול יצרו מעשיו של הנאשם. הסיכון לא התממש בפעם הראשונה, אך יש לזקוף לחובת הנאשם את "תרומתו" לכך שבסופו של דבר אותו מפגע אכן מימש את זממו.

בענייננו, אין הבדל גדול בין עצירתו של המפגע בשטח הפלסטיני או הישראלי. אין חשיבות לשאלה, אם מחסום של צה"ל או של הרשות הפלסטינית הוא שגרם למחבל המתאבד לדחות את ביצוע הפיגוע. מידת האומץ, הנחישות או הזהירות של המחבלים המתאבדים אינה צריכה להיות שיקול להקלה בעונשם של המשלחים. החשוב – והחמור – הוא שהמפגע יצא לדרכו, כקליע שיצא את לוע הרובה, ומכאן ואילך תלויה התוצאה בנסיבות מקריות. בעוד שחזרתו של המפגע עצמו מכוונתו הרעה עשויה להביא להקלה משמעותית בעונשו – עד כדי פטור עקב חרטה – הרי אין לחזרה כזו משמעות כה גדולה כשעוסקים באחריותו, אשמתו ועונשו של משלח. כאמור, את חלקו הוא ביצע עד תומו, תוך ציפייה להשלמת הפיגוע ולגרימת המוות, ועונשו צריך להיגזר בעיקר לפי המעשים שעשה, וחלקי הפיגוע שבהם הייתה לו שליטה.

נאמן למקור

רס"ן אלינור ברזני
קצינת העיר נתניה
4584482

לאור דברים אלה, ניתן להבין מדוע לא ייחסנו משקל רב לתקדים שהוצג בפנינו, בעניינו של מוגיהד אלמשיני (עי איו״ש 2747/04). שם דובר במערער שחבר לאדם אחר, והיה אמור לבצע יחד עמו פיגוע התאבדות. אין מדובר במשלח אלא במחבל המתאבד עצמו. המערער וחברו החליטו – מיוזמתם – שלא לבצע את הפיגוע, ועל כן היה מקום להקל מאד בעונשם. עם זאת, לא היה מקום להקלה דומה במשפטם של המשלחים שלהם, ועל אלה אף נגזרו עונשים חמורים יותר.

בענייננו, הנאשם הוא משלח של מתאבד, והעובדה שאותו מתאבד לא ביצע את הפיגוע באותו מועד אליו התכוון הנאשם היא בעלת משמעות מעטה בלבד. על כן, סברנו, כי העונש לו עתרו הצדדים נמוך במידה בלתי סבירה. אין בו כדי להמחיש את החומרה שבמעשה ואין בו כדי להרתיע מפני מעשים דומים. החלטנו לסטות מן ההסדר שהוצג לנו מתוך מודעות להלכה הפסוקה המורה למעט בכך, ולשמור את זאת למקרים חריגים. כמו כן, בהתאם לאותה הלכה, לא מיצינו את הדין עם הנאשם – שהיה ראוי לעונש חמור אף יותר מזה שגזרנו לו בסופו של דבר.

**ניתן והודע היום, 9/4/06 , שלא במעמד הצדדים.**

שופט
אב״ד
שופט

נאמן למקור
4584482
רס״ן אלינור ברזני
קצינת העיר נתניה

L_C180763



143 RODNEY STREET
BROOKLYN, N.Y. 11211
TEL. (718) 384-8040
FAX: (718) 388-3516

**CERTIFIED TRANSLATION**

I, Miriam Braver, Project Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language services firm with a track record of providing expert language services to the legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders, are professionally trained and vastly experienced in providing professional legal translations for submission in U.S. courts, from Hebrew into English and vice versa; and they have professionally translated document **"Sentence and Verdict of Muhammad Kayed Halil Al Nashash / L_C180758-63"** from Hebrew into English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: August 27, 2013

Miriam Braver

ROCHAL WEISS
Notary Public, State of New York
Registration No.: 01WE6293785
Qualified in Kings County
My Commission Expires December 16, 2017

PROFESSIONAL TRANSLATIONS OF FOREIGN LANGUAGES

תיק מסי: 4083/04

תאריך: ט"ו אדר, תשס"ו
15 מרץ, 2006

**הכרעת - דין**

על יסוד הודאתו בכתב האישום המתוקן, מורשע הנאשם בעבירות המיוחסות לו, דהיינו:

א. פגיעה בביטחון האזור פגיעה בביטחון האזור, עבירה לפי סעיף 53(א)(4) לצו בדבר הוראות בטחון (יהודה ושומרון) (מסי 378) התש"ל 1970.

ב. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ג. קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה ושומרון) (מסי 378), התש"ל 1970 ולפי סעיף 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח 1968.

**ניתן והודע היום,15/03/06 , בפומבי ובמעמד הצדדים.**

**שופט** **אב"ד** **שופטת**

נאמן למקור

תובעת: אין ראיות לעונש.

סניגור: אין ראיות לעונש.

תובעת מסכמת: במסגרת הסדר הטיעון נבקש להשית על הנאשם 15 שנות מאסר לריצוי בפועל, מאסר מותנה בהתאם לשיקול דעת ביהמ"ש. ליבו של כתב האישום הינו עבירה של פגיעה בביטחון האזור בה הנאשם מילא תפקיד מרכזי של הוצאה לפועל של פיגוע התאבדות, דבר אשר הנחה את הצדדים בהגיעם לעונש המוסכם. מנגד, ניתן משקל לעובדה שהניסיון להוציא את הפיגוע נקטע עוד בשטח הפלסטיני. כן ניתן משקל לעובדה שעברו של הנאשם נקי ולהודאתו שחסכה בזמן שיפוטי יקר. נוכח מכלול השיקולים, סבורה התביעה כי ההסדר ראוי ועל ביהמ"ש לכבדו.

סניגור מסכם: אבקש לכבד את הסדר הטיעון. היום הנאשם הודה בכתב האישום המתוקן וחסך מזמנו היקר של ביהמ"ש. לגבי הפרט הראשון בכתב האישום המתוקן של פגיעה בביטחון האזור, תפקידו של הנאשם היה תפקיד לא ראשי. הוא תכנן עם חברים שלו ובמיוחד עם נאפל אבל מי שרצה לעשות את הפיגוע היה עלי גיערה. הוא יצא מהאזור וחזר לאזור בלי לעשות את הפיגוע. כאן הסתיים תפקידו השלילי של הנאשם. תפקידו לא עיקרי לעבירה זו. עלי גיערה תכנן עם אחרים לאחר כמה זמן והלך לבצע את הפיגוע ללא קשר לנאשם. לגבי שאר הפרטים של חברות וקשירת קשר, לא נגרם שום נזק ממעשיו של הנאשם ולכן העונש שהגענו אליו הוא מעל רמת הענישה המקובלת, לדעתי. עשיתי בהסדרים תיקים שכללו אפילו פציעות והם פחות מהעונש הזה, אומנם היו בהם בעיות ראייתיות. הנאשם הודה וחסך מזמנו של ביהמ"ש. נוסף על כך, הוא נשוי ויש לו ילד, תינוק. 15 שנה להרחיק אותו ממשפחתו זה עונש כבד. אבקש מכבודכם לכבד את ההסדר.

נאשם בדברו האחרון: אני מתחרט על מה שעשיתי ואני נשבע שאני לא אעשה שום דבר אחרי שאני אשתחרר מהכלא ואם יש אפשרות להקל עלי. לא ראיתי את הילד שלי מאז שהוא נולד כי הייתי בכלא. כל אחד רוצה לראות את הילדים שלו.

4584482
רס"ן אלינור ברגני
קצינת העיר נתניה

L_C180758

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| | | | | |
|---|---|---|---|---|
| 1. | STATE OF ISRAEL | | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור<br>BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל<br>ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ | .5 |
| 6. | THE | 2/10/2011 | ביום | .6 |
| 7. | BY | SHIR TZIKVASHVILY שיר ציקבאשוילי<br>CONSULAR BUREAU התטיבה הקונסולרית | על-ידי | .7 |
| 8. | NO 528201. | | מס' 528201 | .8 |
| 9. | SEAL/STAMP | [Stamp: משרד החוץ MINISTRY OF FOREIGN AFFAIRS] | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | | חתימה, ירושלים | .10 |

[Signature] [Signature]

L_C180759

תאריך: ט״ו אדר, תשס״ו
15 מרץ, 2006

תיק מס׳: 4083/04

# בית המשפט הצבאי יהודה

**בפני כב׳ סגן הנשיא: רס״ן רונן עצמון**
**השופטת: רס״ן דליה קאופמן**
**השופט: רס״ן מייקל בן-דוד**

**התביעה הצבאית**
(באמצעות קמ״ש רותי צביאל)

**נגד**

**הנאשם: מוחמד כאיד חליל אלנשאש ת.ז 907050298/ שב״ס - נוכח**
(באמצעות ב״כ עו״ד שעבאן- נוכח)

---

## גזר-דין

לאחר ששמענו את טיעוני הצדדים ובחנו אותם על רקע העבירות החמורות בהן הורשע הנאשם, ואף לאחר שהתחשבנו בדברי הנאשם בפנינו, מצאנו כי לא נוכל לכבד את הסדר הטיעון שהציגו הצדדים. זאת משום שהעונש שהוסכם חורג לקולא במידה קיצונית ממתחם הענישה הסבירה.

החלטנו פה אחד לגזור על הנאשם את העונשים הבאים:

א. 20 שנות מאסר לריצוי בפועל אשר יימנו החל מיום מעצרו, 01/09/04.
ב. 18 חודשי מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור עבירה על תקנה 85 לתקנות ההגנה.
ג. 3 שנות מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור עבירה שמהותה יצירת סיכון מכוון לחיי אדם, לרבות עבירות של פגיעה בביטחון האזור וקשירת קשר שבהן הורשע בתיק זה.

נימוקי גזר הדין יינתנו בנפרד.

**זכות ערעור תוך 30 יום מיום פרסום הנימוקים.**

**ניתן והודע היום, 15/03/06, בפומבי ובמעמד הצדדים.**

**שופטת** **אב״ד** **שופט**

נאמן למקור

4584482
רס״ן אלינור ברזני
קצינת העיר נתניה

-3-

L_C180760

תיק מס': 4083/04 תאריך: 9/4/06

בימ"ש הצבאי עיטרים * באיו"ש *

נאמן למקור

**בית המשפט הצבאי יהודה**

**בפני כב' סגן הנשיא: רס"ן רונן עצמון**
**השופטת: רס"ן דליה קאופמן**
**השופט: רס"ן מייקל בן-דוד**

**התביעה הצבאית**
(באמצעות קמ"ש רותי צביאל)

**נגד**

**הנאשם: מוחמד כאיד חליל אלנשאש ת.ז 907050298/ שב"ס**
(באמצעות ב"כ עו"ד שעבאן)

---

## נימוקי גזר הדין

ביום 15/3/06, בעת שגזרנו את עונשו של הנאשם, החלטנו לסטות מעונש מוסכם שהציגו הצדדים, והטלנו עליו 20 שנות מאסר בפועל, וכן עונש מאסר מותנה. להלן נימוקינו.

הנאשם הורשע בעבירה של חברות בהתאחדות בלתי מותרת, על כך שמסוף חודש מארס 2003 ועד מעצרו היה חבר בגדודי חללי אל אקצא. כמו כן הורשע בכך שבשנת 2004 קשר עם נופל עדאווין לבצע פיגוע ירי לעבר אזרחים ישראליים. העבירה המרכזית בה הורשע הנאשם הוכתרה בכתב האישום פגיעה בביטחון האזור, אך חשוב לפרט את העובדות העומדות בבסיסה.

לפי כתב האישום המתוקן, בראשית שנת 2004 פנה אל הנאשם עלי ג'ערה, וביקש ממנו לסייע לו לצאת לפיגוע התאבדות. עלי פנה אל הנאשם באותה בקשה מספר פעמים במשך כחודשיים, עד שהנאשם נעתר לבקשתו. הנאשם פנה אל נופל עדאווין וסיפר לו על רצונו של עלי ג'ערה, נופל הסכים להכין את מטען הנפץ שישמש לפיגוע. הנאשם מכר זהב שהיה בידיו, ובתמורה רכשו הוא ונופל מצלמה וסרט צילום, וכן חומרים להכנת מטען חבלה. הנאשם הכין יחד עם נופל מטען חבלה וכן חגורת נפץ. הנאשם הפגיש את עלי ג'ערה – המפגע המיועד - עם נופל עדאווין, ועלי ביקש לצאת לפיגוע בשם ארגון החמאס. לבקשתו של עלי צילמו אותו הנאשם ונופל בביתו של האחרון, על רקע תפאורה שהכינו, הכוללת רובה, דגל החמאס, תמונות מפגעים וספר קוראן. עלי ענד סרט ראש של ארגון החמאס, ונשא תיק ובו מטען חבלה וכן את חגורת הנפץ. עלי הקריא "צוואה" שהופנתה להוריו, ונכתבה על ידי נופל.

בנוכחותו של הנאשם, הרכיב נופל את חגורת הנפץ על גופו של עלי ג'ערה, ולאחר מכן, יצאו עלי ונופל לכיוון ירושלים. הכוונה הייתה להוביל את המפגע עד לאזור המנהרות בכביש 60, ומשם ימצא המפגע את דרכו אל תוך ירושלים. עלי ונופל חזרו בלא לבצע את הפיגוע משום שנתקלו במחסום של כוחות הביטחון הפלסטיניים.

מכתב האישום עולה, כי כשבועיים לאחר מכן ביצע עלי ג'ערה פיגוע התאבדות בירושלים. ניתן להבין כי התביעה לא מייחסת לנאשם אחריות לפיגוע זה.

4584482 רס"ן אלינור ברוני קצינת העיר נתניה

עם זאת, מצוין בכתב האישום, שכאשר שמע הנאשם על ביצוע הפיגוע הניח את צילומיו של המפגע ואת "צוואתו" בפתחה של תחנת טלוויזיה, והודיע על כך לאנשי התחנה, כדי שיעשו בחפצים אלה שימוש.

הצדדים עתרו לעונש מוסכם של 15 שנות מאסר בפועל, וכן עונש מאסר מותנה לשיקול דעתנו. נימוקיהם להסדר היו, עברו הנקי של הנאשם, הודאתו שחסכה מזמנו של ביהמ"ש, העובדה שהפיגוע שהוא נטל חלק בהכנתו, נקטע בעוד המפגע בשטח הרשות הפלסטינית, ומבלי שנגרם נזק. לשאלתנו על קולת העונש, השיבה התובעת בשאלה משלה – לאיזה עונש צפוי היה המפגע המתאבד עצמו, בגין היציאה לפיגוע **והחזרה ממנו** בשל היתקלות במחסום פלסטיני. לאחר מכן אף הציגה בפנינו תקדים שנפסק בבית המשפט הצבאי לערעורים, בעי' איו"ש 2747/04 **מוג'אהד אלמשיני**. שם יצא המערער פעמיים לבצע פיגועי התאבדות ופעמיים החליט שלא לממש את הפיגוע, לאחר שנתקל בכוחות הביטחון של ישראל. נגזרו עליו בסופו של דבר 15 שנות מאסר בפועל.

ההגנה הדגישה את העובדה שלא נגרם נזק ממעשיו של הנאשם, והנאשם בדברו האחרון אמר שהוא מתחרט על מעשיו, מקווה לראות בקרוב את ילדיו – שאת אחד מהם כלל לא ראה עדיין – ושאין בכוונתו לשוב לעשות מעשים דומים לכשישוחרר מן הכלא.

סברנו כי העונש שעליו הסכימו הצדדים אינו מבטא את חומרת מעשיו של הנאשם. אמנם, לזכות הנאשם מספר שיקולים מקילים: העובדה שלא הוא יזם את הפיגוע, העובדה שלא במהרה נענה לבקשותיו של עלי ג'ערה לסייע לו לממש רצונו לפגע, הודאתו ואף חרטתו בפנינו, והעובדה שבסופו של דבר הפיגוע שהוא סייע להכנתו לא יצא אל הפועל.

עם זאת, רבים הם השיקולים להחמיר עמו: הנאשם מכר מרכושו הפרטי כדי לממן את הפיגוע, והדבר מלמד על מחויבותו למימושו. לאחר מכן, עשה כל שיכול היה כדי להוציא את המפגע אל הפיגוע. מקישורו למשלחים אחרים ועד להכנת מטען חבלה, צילומו של המפגע וציודו במטען החבלה. למעשה, מבחינתו של הנאשם, פיגוע ההתאבדות הושלם, ורק נסיבות שכלל לא היו בשליטתו – התנהגותו של המפגע המתאבד - מנעו את מימוש הפיגוע הקטלני שהוא התכוון לו. עוד יש לזכור, כי אותו מחבל שהנאשם הסכים לקשרו עם פעילי טרור ששילחוהו לפיגוע, אכן ביצע פיגוע התאבדות כעבור כשבועיים. הדבר מלמד איזה סיכון גדול יצרו מעשיו של הנאשם. הסיכון לא התממש בפעם הראשונה, אך יש לזקוף לחובת הנאשם את "תרומתו" לכך שבסופו של דבר אותו מפגע אכן מימש את זממו.

בעינינו, אין הבדל גדול בין עצירתו של המפגע בשטח הפלסטיני או הישראלי. אין חשיבות לשאלה, אם מחסום של צה"ל או של הרשות הפלסטינית הוא שגרם למחבל המתאבד לדחות את ביצוע הפיגוע. מידת האומץ, הנחישות או הזהירות של המחבלים המתאבדים אינה צריכה להיות שיקול להקלה בעונשם של המשלחים. החשוב – והחמור – הוא שהמפגע יצא לדרכו, כקליע שיצא את לוע הרובה, ומכאן ואילך תלויה התוצאה בנסיבות מקריות. בעוד שחזרתו של המפגע עצמו מכוונתו הרעה עשויה להביא להקלה משמעותית בעונשו – עד כדי פטור עקב חרטה – הרי אין לחזרה כזו משמעות כה גדולה כשעוסקים באחריותו, אשמתו ועונשו של משלח. כאמור, את חלקו הוא ביצע עד תומו, תוך ציפייה להשלמת הפיגוע ולגרימת המוות, ועונשו צריך להיגזר בעיקר לפי המעשים שעשה, וחלקי הפיגוע שבהם הייתה לו שליטה.

נאמן למקור

רס"ן אלינור ברזני
קצינת העיר נתניה
4584482

L_C180762

לאור דברים אלה, ניתן להבין מדוע לא ייחסנו משקל רב לתקדים שהוצג בפנינו, בעניינו של מוגיהד אלמשיני (ע' איו"ש 2747/04). שם דובר במערער שחבר לאדם אחר, והיה אמור לבצע יחד עמו פיגוע התאבדות. אין מדובר במשלח אלא במחבל המתאבד עצמו. המערער וחברו החליטו – מיוזמתם – שלא לבצע את הפיגוע, ועל כן היה מקום להקל מאד בעונשם. עם זאת, לא היה מקום להקלה דומה במשפטם של המשלחים שלהם, ועל אלה אף נגזרו עונשים חמורים יותר.

בענייננו, הנאשם הוא משלח של מתאבד, והעובדה שאותו מתאבד לא ביצע את הפיגוע באותו מועד אליו התכוון הנאשם היא בעלת משמעות מעטה בלבד. על כן, סברנו, כי העונש לו עתרו הצדדים נמוך במידה בלתי סבירה. אין בו כדי להמחיש את החומרה שבמעשה ואין בו כדי להרתיע מפני מעשים דומים. החלטנו לסטות מן ההסדר שהוצג לנו מתוך מודעות להלכה הפסוקה המורה למעט בכך, ולשמור את זאת למקרים חריגים. כמו כן, בהתאם לאותה הלכה, לא מיצינו את הדין עם הנאשם – שהיה ראוי לעונש חמור אף יותר מזה שגזרנו לו בסופו של דבר.

**ניתן והודע היום, 9/4/06 , שלא במעמד הצדדים.**

שופט אב"ד שופט

נאמן למקור

בימ"ש הצבאי לערעורים באיו"ש

קצין העיר נתניה 9313

4584482
רס"ן אלינור ברזני
קצינת העיר נתניה

L_C180763

Date: 15 Adar 5766
March 15, 2006

Case No.: 4083/04

## Verdict

On the basis of his confession to the amended indictment, the Defendant is convicted of the crimes attributed to him, as follows:

a. Offense against regional security, a crime pursuant to Section 53(a)(4) of the Security Orders (Judea and Samaria) (No. 378), 5730-1970.
b. Membership and activity in an unlawful association pursuant to Regulation 85(1)(a) of the Defense Regulations.
c. Conspiracy to intentionally cause death, a crime pursuant to Section 51 of the Security Orders (Judea and Samaria) (No. 378), 5730-1970, and pursuant to Sections 21 and 22 of the Order Regarding Rules of Criminal Liability (Judea and Samaria) (No. 225), 5728-1968.

**Handed down and published today, March 15, 2006, in open court and in the presence of the parties.**

| [signature] | [signature] | [signature] |
|---|---|---|
| Judge | Presiding Judge | Judge |

Prosecutor: No evidence relevant to sentencing.

Defense Attorney: No evidence relevant to sentencing.

The prosecutor sums up: In the context of the plea bargain, we ask that the Defendant be sentenced to 15 years in prison, and a conditional suspended sentence in accordance with the Court's judgment. The core of the indictment is the crime of as an offense against the security of the region, in which the Defendant played a central role by carrying out a suicide attack, a matter which guided the parties in agreeing upon a sentence. On the other hand, consideration was given to the fact that the attempt to carry out the attack came to an end while still within Palestinian territory. Consideration was also given to the fact that the Defendant has a clean record, and that his confession saved precious judicial time. In light of all the factors, the prosecution believes that the plea bargain is proper and that the Court should honor it.

The defense attorney sums up: I ask that the plea bargain be honored. The Defendant confessed today to the amended indictment and saved precious time for the Court. Regarding the first charge in the amended indictment, an offense against the security of the region, the Defendant did not play a main role. He was a planner together with his accomplices and particularly with Nofel, but the party who wanted to carry out the attack was Ali Ju'ara. He left the [West Bank] region and returned to it, without carrying out the attack. This is where the Defendant's negative role ended. His role was not central to this crime. Sometime later, Ali Ju'ara planned with others, and carried out the attack, without any connection to the Defendant. Regarding the other charges of membership and conspiracy, no damage was caused by the Defendant's acts and the sentence we have agreed upon is therefore more substantial than the standard sentence, in my view. I have done plea bargains in cases which even included injuries in which there was a lesser punishment, although there were evidentiary problems. The Defendant has confessed and saved time for the court. Additionally, he is married and has a child. Fifteen years of being distanced from his family is a heavy sentence. I ask your honors to respect the plea bargain.

Defendant's final remarks: I regret what I did and I swear that I will not do anything after I am released from prison and if it is possible, be lenient with me. I have not seen my son since he was born because I was in prison. Everyone wants to see his children.

[stamp:] Correct copy [stamp:] Military Appeals Court — Judea and Samaria [signature]
[stamp:] District officer, Netanya. 9338 [signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

**L_C180758**

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| | | |
|---|---|---|
| 1. STATE OF ISRAEL | | מדינת ישראל .1 |
| 2. THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור<br>BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' .2 |
| 3. ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור קצינת העיר נתניה .3 |
| 4. BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל<br>ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד .4 |
| 5. CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ .5 |
| 6. THE | 2/10/2011 | ביום .6 |
| 7. BY | SHIR TZIKVASHVILY שיר ציקבאשוילי<br>CONSULAR BUREAU החטיבה הקונסולרית | על-ידי .7 |
| 8. NO 528201. | | מס' 528201 .8 |
| 9. SEAL/STAMP | משרד החוץ · MINISTRY OF FOREIGN AFFAIRS | חותם/חותמת .9 |
| 10. SIGNATURE, JERUSALEM | | חתימה, ירושלים .10 |

L_C180759

Date: 15 Adar 5766
March 15, 2006

Case No.: 4083/04

**Military Court - Judea**

**Before Deputy President Judge: Major Ronen Atzmon**
**Judge: Major Dahlia Kaufman**
**Judge: Major Michael Ben-David**

**The Military Prosecution**
(Represented by Legal Officer Ruti Tzaviel)

vs.

**Defendant: Muhammad Kayed Halil Al Nashash ID: 907050298/ Prison Service - Present**
(Represented by counsel, Attorney Shaban – Present)

**Sentence**

Having heard the parties' arguments and examined them in light of the serious crimes of which the Defendant has been convicted, and after also considering the Defendant's comments made before us, we have found that we cannot honor the plea bargain presented by the parties. This is because the sentence that had been agreed upon deviates in its leniency – to an extreme degree – from the range of what would be a reasonable punishment.

We have decided, unanimously, to impose the following sentences on the Defendant:

a. A twenty-year sentence to be served in prison, to be counted from the date of his arrest, September 1, 2004.
b. Eighteen months of a suspended sentence, on condition that the Defendant does not commit any crime pursuant to Regulation 85 of the Defense Regulations during the five years following his release from prison.
c. Three years of a suspended sentence, on condition that the Defendant does not commit, during the five years following his release from prison, any crime the substance of which is the intentional creation of a risk to human life, including offenses against security in the region and conspiracy, of which the Defendant was convicted in this case.

The full reasons for the sentence will be published later.

**Right to appeal within 30 days starting from the day the reasons are published.**

**Handed down and published today, March 15, 2006, in open court and in the presence of the parties.**

| [signature] | [signature] | [signature] |
|---|---|---|
| Judge | Presiding Judge | Judge |

[stamp:] Correct copy [stamp:] Military Appeals Court — Judea and Samaria [signature]
[stamp:] District officer, Netanya. 9338 [signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

**L_C180760**

Date: 15 Adar 5766
March 15, 2006

Case No.: 4083/04

**Judea Military Court**

**Before Presiding Judge: Major Ronen Atzmon Judge: Major Dahlia Kaufman Judge: Major Michael Ben-David**

**Military Prosecution**
(By Legal Officer Ruti Tzaviel)

**vs.**

**The Defendant: Muhammad Kayed Halil Al Nashash ID: 907050298/ Prison Service - Present**
(Represented by counsel, Attorney Shaban - Present)

**Reasons for Sentencing**

On March 15, 2006, when we sentenced the Defendant, we decided to deviate from the agreed upon sentence presented by the parties, and we sentenced him to 20 years in prison as well as a conditional suspended sentence. The following are our reasons:

The Defendant was convicted of the crime of membership in an unlawful association, in that since the end of March 2003 and through the time of his arrest he was a member of the Al Aqsa Martyrs Brigades. He was also convicted because of the fact that in 2004 he conspired with Nofel Adawin to carry out a shooting attack against Israeli citizens. The key crime for which the Defendant has been convicted was referred to in the indictment as an offense against the security of the region, but it is important to describe the facts that form the basis of that crime.

According to the amended indictment, at the beginning of 2004, the Defendant was approached by Ali Ju'ara, who asked him to help him in setting out for a suicide attack. Ali made the same request of the Defendant several times over the course of approximately two months, until the Defendant gave in to his request. The Defendant turned to Nofel Adawin and told him of Ali Ju'ara's wish, and Nofel agreed to prepare an improvised explosive device that would be used in the attack. The Defendant sold gold that he had available, and he and Nofel used the proceeds to buy a camera and film and material to be used for the preparation of the improvised explosive device. The Defendant, together with Nofel, prepared the improvised explosive device and an explosive belt. The Defendant introduced Ali Ju'ara - the intended attacker - to Nofel Adawin, and Ali asked to be allowed to carry out an attack in the name of Hamas. At Ali's request, the Defendant and Nofel filmed him in the latter's home, against a background that they had prepared, which included a gun, Hamas flag, pictures of attacks and a book of the Quran. Ali wore a Hamas headband and carried a bag with the improvised explosive device in it and the explosive belt. Ali read out a "will" that was directed at his parents, and which had been written by Nofel.

In the presence of the Defendant, Nofel assembled the explosive belt on Ali Ju'ara's body; afterward, Ali and Nofel went out in the direction of Jerusalem. The intention was to bring the attacker up to the area of the Route 60 tunnels, and from there the attacker would find his way into Jerusalem. Ali and Nofel returned without carrying out the attack because they encountered a checkpoint of the Palestinian Security Forces.

The indictment indicates that approximately two weeks afterwards, Ali Ju'ara carried out a suicide attack in Jerusalem. It can be understood that the prosecution does not attribute responsibility for this attack to the Defendant.

[stamp:] Correct copy [stamp:] Military Appeals Court — Judea and Samaria [signature]
[stamp:] District officer, Netanya. 9338 [signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

Nevertheless, it is noted in the indictment that when the Defendant heard about the attack he left the pictures of the attacker and his "will" at the entrance to the television station, and notified the personnel at the television station, so that they could make use of these items.

The parties asked for an agreed upon sentence of 15 years in prison and a conditional suspended sentence in accordance with our judgment. Their reasons for this arrangement were the Defendant's clean record, his confession which saved the Court's time, the fact that the attack in which he took part was prevented while the attacker was still in the territory of the Palestinian Authority, and without it having caused any harm. The prosecutor responded to our question regarding the light sentence with a question of her own – what punishment was expected for the suicide bomber himself for going out to carry out the attack **and retreating** because of the encounter with a Palestinian checkpoint? Afterward, she presented us with a precedent that had been established by the Military Court of Appeals, in Judea and Samaria, Region Appeal 2747/04 **Mujahad Almashini**. There, the appellant had left twice to carry out suicide attacks and had twice decided not to carry out the attack after encountering the Israeli Security Forces. He was, in the end, sentenced to 15 years in prison.

The defense emphasized the fact that the Defendant did not cause any damage, and the Defendant, in his final remarks, stated that he regretted his actions and hoped to see his children soon, one of whom he had not yet seen at all – and that he did not intend to commit any similar actions again when he was released from prison.

We believed that the sentence to which the parties had agreed does not reflect the severity of the Defendant's actions. It is true that there are a number of factors weighing in favor of leniency for the Defendant: the fact that he did not initiate the attack, the fact that he did not respond quickly to Ali Ju'ara's request for help in carrying out his wish to execute an attack, his confession and expression of regret to us, and the fact that in the end, the attack which he helped to prepare did not take place.

Nevertheless, there are many factors weighing in favor of severity with respect to him: the Defendant sold his own private property in order to finance the attack, which shows his commitment to its realization. Afterwards, he did all that he could to send the attacker off to carry out the attack - from connecting him to other senders, through his preparation of the improvised explosive device, his filming of the attacker and his equipping him with the improvised explosive device. In effect, from the Defendant's perspective, the suicide attack was completed, and the fatal attack that he had planned failed to take place only because of circumstances that were completely out of his control – the behavior of the suicide bomber. It should also be recalled that the attacker whom the Defendant agreed to connect with the terrorists who sent him to the attack did indeed carry out an attack two weeks later. This indicates the substantial danger created by the Defendant's actions. The danger was not realized on the first occasion, but the Defendant's "contribution" to the fact that the same attacker was in the end able to carry out his plot should be credited to the Defendant.

In our view, it is of no significant difference that the attacker was arrested in Palestinian territory rather than in Israeli territory. The question of whether it was an IDF checkpoint or a Palestinian Authority checkpoint that caused the suicide bomber to delay the execution of the attack is not important. The degree of courage, determination or caution of the suicide bombers does not need to be a factor in favor of leniency regarding the sentencing of their dispatchers. The important – and the serious – issue is that the attacker did set off – like a bullet that moves out of the muzzle of a rifle – and from that time forward, the result depended on accidental circumstances. While the fact that the attacker himself withdrew from his bad intentions can lead to substantial leniency regarding his own punishment – to the point where he may not be sentenced at all because of an expression of regret – this withdrawal is not very significant with respect to the responsibility, guilt and punishment of the dispatcher. As stated, the dispatcher carried out his part in full, with the expectation that the attack would be completed and that the death would be caused, and his sentence must be determined primarily on the basis of the acts that he committed, and the aspects of the attack over which he did have control.

[stamp:] Correct copy [stamp:] Military Appeals Court — Judea and Samaria [signature]
[stamp:] District officer, Netanya. 9338 [signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya

In light of these matters, our failure to give much weight to the precedent which was shown to us – the case of Mujahad Almashini (Judea and Samaria Region Appeal 2747/04) – is understandable. That case discussed an appellant who worked together with another person, and was supposed to carry out a suicide attack together with that person. This was not a dispatcher, but a suicide bomber himself. The appellant and his accomplice decided – on their own initiative – not to carry out the attack, and it was therefore appropriate to be very lenient with respect to their punishments. Such leniency is not appropriate in the sentence of the dispatchers themselves, and these have been given more substantial sentences.

In our case, the Defendant was the suicide bomber's dispatcher, and the fact that the suicide bomber did not carry out the attack on the date that the Defendant had intended is of little significance. We therefore believe that the sentence requested by the parties is unreasonably light. It does not demonstrate the severity of the act, and it does not serve to deter the commission of similar acts. We have decided to deviate from the arrangement presented despite our awareness of the case law requiring that such deviations should be minimal and limited to exceptional circumstances. Additionally, in accordance with the same law, we have not imposed the highest possible sentence on the Defendant – as an even longer sentence than the one we have in the end imposed on him would have been fitting.

Handed down and published today, April 9, 2006, in the absence of the parties.

| [signature] | [signature] | [signature] |
|---|---|---|
| Judge | Presiding Judge | Judge |

[stamp:] Correct copy [stamp:] Military Appeals Court — Judea and Samaria [signature]
[stamp:] District officer, Netanya. 9338 [signature] [stamp:] 4584482. Major Elinor Barazani, District Officer, Netanya