# Exhibit 43

| צבא | הגנה | לישראל |
|---|---|---|
| בבית המשפט הצבאי | תיק ביה"מ :  | |
| בבית אל | תיק תביעה : 834/02 | |
| בפני הרכב | תיק פ.א. : 3961/02 מוריה | |

במשפט שבין התובע הצבאי - המאשים

- נ ג ד -

פהמי עיד רמדאן משאהרה
ת.ז. 031530967, יליד 23.01.79, תושב סוואחרה שרקיה
עצור מיום 04.09.02



- הנאשם -

## כתב - אישום

הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** חברות בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל משנת 1996 ועד ליום מעצרו, היה חבר או פעל כחבר בהתאחדות בלתי מותרת, דהיינו:

והנאשם הנ"ל, במהלך התקופה האמורה, היה חבר בארגון החמאס, שהוא התאחדות בלתי מותרת. הנאשם גויס לשורות ארגון החמאס על-ידי אחיו רמדאן עיד רמדאן משאהרה.
בתחילת חודש יוני 2002, הנאשם גויס על-ידי אחיו הנ"ל, רמדאן משאהרה, לגדודי עז א-דין אל קסאם, הזרוע הצבאית של ארגון החמאס, שהוא התאחדות בלתי מותרת.

**פרט שני:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם במכוון ל- מותו של אחר, דהיינו:

1. בתחילת חודש יוני 2002, אחיו של הנאשם, רמדאן עיד רמדאן משאהרה, לאחר שגייס את הנאשם לשורות גדודי עז א-דין אל קסאם, הודיע והסביר לנאשם, הסביר לנאשם כי בפעילותם במסגרת הארגון הנ"ל הינו להוביל מחבל מתאבד לירושלים על מנת שיבצע שם פיגוע התאבדות ויגרום למותם של אזרחים רבים ככל האפשר.

W_S156822

2. במסגרת ההכנות לביצוע פיגוע ההתאבדות המתוכנן, רמדאן משאהרה מסר לנאשם 1,000 ש"ח על מנת שהאחרון יעשה טסט וביטוח לרכבו - פיאט אונו בצבע שחור, מ.ר. 7411287 (להלן: רכב הפיאט), וכן ימלא דלק. הנאשם עשה את מה שביקש רמדאן משאהרה.

3. לאחר מכן, רמדאן משאהרה הורה לנאשם לערוך סיורים בירושלים עם רכב הפיאט על מנת לאתר מקום מתאים לביצוע פיגוע ההתאבדות המתוכנן. רמדאן משאהרה המליץ בפני הנאשם על איזור שכונת גילה בירושלים.

4. על-פי הוראתו של רמדאן משאהרה, הנאשם ביצע ארבעה סיורים בירושלים. את הסיור הראשון ביצע ליד גן החיות בירושלים. הנאשם ערך את הסיור כאשר עמו ברכב הפיאט נמצאים אשתו ובתו הקטנה - כל זאת על מנת לא לעורר חשד אצל אנשי כוחות הביטחון הישראליים.

5. את הסיור השני הנאשם ערך באיזור תחנת האוטובוס הנמצאת ליד בית צפפא בירידה מגילה לכיוון שכונת פת.

6. במהלך ביצוע הסיור השלישי, הנאשם הגיע לאיזור בית צפפא על מנת לבחון שוב את תחנת האוטובוס הנ"ל. הנאשם עלה לאוטובוס שנסע מכיוון גילה, רכש כרטיסיה ב-49 ש"ח וירד בצומת פת. את הכרטיסיה הנ"ל הנאשם רכש לפי הוראתו של רמדאן משאהרה. רמדאן משאהרה הורה לנאשם לרכוש כרטיסיה לאוטובוס "אגד" ולנקב בה חור, על מנת למסור את הכרטיסיה הנ"ל לאחר מכן לידי המחבל המתאבד כדי שיוכל לעלות לאוטובוס מבלי שיחשדו בו. הנאשם אסף מידע מתי מתמלא אוטובוס המגיע מגילה ומתי מתחילים הנוסעים לרדת.

7. לאחר ביצוע הסיור הנ"ל, הנאשם יצא לביצוע סיור ביחד עם רמדאן משאהרה. הנאשם ואחיו, רמדאן משאהרה, נסעו ברכב רנו אקספרס לבן השייך לרמדאן משאהרה. במהלך הסיור, הנאשם הצביע בפני רמדאן משאהרה על תחנת האוטובוס, אשר אותה איתר כיעד לפיגוע ההתאבדות המתוכנן.

8. ביום 17.06.02, בסביבות השעה 21:00 רמדאן משאהרה הגיע אל הנאשם ומסר לאחרון כי עליו לנסוע עם רכבו לואדי נאר ביום למחרת ולאסוף שם בשעה 06:30 את המחבל המתאבד, אשר יבצע את פיגוע ההתאבדות המתוכנן. רמדאן משאהרה מסר לנאשם איך ייראה המחבל המתאבד וכן מסר כי על הנאשם לשאול את המחבל המתאבד "איפה המכונית לבית-לחם?" וכי המחבל המתאבד צריך להשיב "ברמאללה".

9. למחרת, יום 18.06.02, בסביבות השעה 06:15, הנאשם ורמדאן משאהרה יצאו מבתיהם שבסילואן אחרי שריקה, מסרו לבני משפחתם כי הולכים לעבודה, ונסעו לכיוון ואדי נאר. רמדאן משאהרה נסע ברכבו מסוג רנו אקספרס ואילו הנאשם נסע ברכב הפיאט.

10. הנאשם ואחיו, רמדאן משאהרה, לקחו כל אחד מכשיר טלפון סלולרי, על מנת להיות בקשר מתמיד בעת העברת המחבל המתאבד לירושלים.

11. בסביבות השעה 06:20, הנאשם הגיע לתחנת דלק הנמצאת בואדי נאר. שם הנאשם פגש את המחבל המתאבד, מחמד הנאנא אל מיעל (להלן: המחבל המתאבד), אשר זיהה אותו לפי המפרצים ומילות הקוד שמסר רמדאן משאהרה. והמחבל המתאבד הובא למקום המפגש על-ידי הכולל מסילה מחמד בראמה על-פי הוראתו של על עלאן.

12. הנאשם והמחבל המתאבד, אשר נשא על גופו חגורת מטען, ענאו לכיוון ירושלים ברכב הנאשם שהוא רכב הנאשם. הנאשם והמחבל המתאבד נסעו לירושלים דרך גבול מוכבר וצור באהר עד צומת ותלפיות. משם, הנאשם נסע את המחבל המתאבד עד לבית צפפא.

13. בדרך, המחבל המתאבד הקריא לנאשם איה, ינשי ארונה הנאשם אומר רמדאן משאהרה.

W_S156823

14. רמדאן משאהרה נסע ברכב רנו אקספרס לבן, השייך לו, לפני רכב הפיאט, ועדכן באופן שוטף, באמצעות טלפון סלולרי, את הנאשם ואת המחבל המתאבד בדבר נוכחות כוחות הביטחון הישראליים בדרך.

15. בסביבות השעה 07:30, הנאשם הוריד את המחבל המתאבד מרכבו במרחק של כ-200 מטר מתחנת האוטובוס, אשר אותה בחרו הנאשם ורמדאן משאהרה כפי שתואר לעיל לצורך ביצוע פיגוע ההתאבדות המתוכנן.

16. הנאשם מסר לידי המחבל המתאבד כרטיסיה לנסיעה באוטובוס "אגד", אשר אותה רכש כפי שתואר לעיל. הנאשם סיכם עם המחבל המתאבד כי אם לא יבוצע פיגוע ההתאבדות מסיבה כלשהי, הנאשם יחזור למקום לאחר שיתקשר אל המחבל המתאבד ויאסוף אותו.

17. הנאשם הורה למחבל המתאבד לנסוע באוטובוס שלוש תחנות ורק לאחר מכן לבצע את פיגוע ההתאבדות המתוכנן, מכיוון שבתחנות הבאות עולים אנשים נוספים ונוסעים בדרך כלל לא יורדים בתחנות הללו.

18. המחבל המתאבד הגיע לתחנת האוטובוס הנ"ל הנמצאת ברחוב דב יוסף (כביש גילה - פת) כ-70 מטר מהפנייה לדרך אגודת ספורט בית"ר ירושלים.

19. ביום 18.06.02, בשעה 07:50 או בסמוך לכך, המחבל המתאבד עלה לאוטובוס מ.ר. 8343001, קו "אגד" 32א, אשר נסע מכיוון גילה לכיוון צומת פת כשהוא מלא בנוסעים. לאחר שהמחבל המתאבד עלה לאוטובוס הנ"ל, האוטובוס עזב את התחנה הנ"ל והמשיך בנסיעה.

20. לאחר מספר שניות, במרחק של כ-20 מטר מהתחנה הנ"ל, המחבל המתאבד הפעיל את מטען החבלה שנשא על גופו בכוונה לגרום למותם של אנשים רבים ככל הניתן.

21. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור, נהרגו תשעה-עשר בני אדם, כפי שיתואר בפרטי האישום הבאים.

22. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרמו חבלות ופציעות לאנשים רבים נוספים, כפי שיתואר בפרטי האישום הבאים.

23. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרם נזק רב לרכוש, האוטובוס הנ"ל נהרס כליל וכן נגרם נזק לכלי רכב שהיו בסמוך למקום הפיצוץ.

24. במעשיו המתוארים לעיל, הנאשם גרם בכוונה למותו של **רפאל ברגר ז"ל, בן 28 במותו**, אשר נהרג כתוצאה מהתפוצצות מטען החבלה כאמור לעיל.

<u>פרט שלישי:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העובדה</u>: הנאשם הנ"ל, בין באיחוד ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במעשיו המתוארים בפרט והאישום חמישי, גרם במוות של ברוך גראוני ז"ל, בן 56 במותו, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט רביעי:</u>

<u>מהות העבירה</u>: גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **מיכל ביאזי ז"ל, בת 24 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט חמישי:</u>

<u>מהות העבירה</u>: גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של **בועז אלוף ז"ל, בן 54 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט שישי:</u>

<u>מהות העבירה</u>: גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **אלפו אירית היילה ז"ל, בת 21 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט שביעי:</u>

<u>מהות העבירה</u>: גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **הלנה פלגוב ז"ל, בת 43 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

W_S156825

<u>פרט שמיני:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של לאה ברוך ז"ל, **בת 59 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט תשיעי:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של שירי נגארי ז"ל, **בת 21 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט עשירי:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של טטיאנה ברסלבסקי ז"ל, **בת 41 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט אחד-עשר:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של ג'יזל (גילה) נקב ז"ל, **בת 55 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

W_S156826

פרט שנים-עשר:

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **ליאת יגן ז"ל, בת 24 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

פרט שלושה-עשר:

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של **רחמים צדקיהו ז"ל, בן 51 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

פרט ארבעה-עשר:

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **שני אבי צדק ז"ל, בת 16 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

פרט חמישה-עשר:

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של גלילה **בוגלה ז"ל, בת 11 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

W_S156827

<u>פרט שישה-עשר:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשייל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכייח-1968.

<u>פרטי העבירה</u>: הנאשם הנייל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :

הנאשם הנייל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של **מנדל ברזון זייל, בן 71 במותו**, אשר נהרג כתוצאה מהתפוצצות המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ייאגדיי 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט שבעה-עשר:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשייל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכייח-1968.

<u>פרטי העבירה</u>: הנאשם הנייל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :

הנאשם הנייל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של **הלנה איוון זייל, בת 63 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ייאגדיי 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט שמונה-עשר:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשייל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכייח-1968.

<u>פרטי העבירה</u>: הנאשם הנייל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :

הנאשם הנייל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של **איימן כבהא זייל, בן 25 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ייאגדיי 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

<u>פרט תשעה-עשר:</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשייל-1970, וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכייח-1968.

<u>פרטי העבירה</u>: הנאשם הנייל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :

הנאשם הנייל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותו של משה **גוטליב זייל, בן 78 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ייאגדיי 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

7

W_S156828

Case 1:05-cv-04622-DLI-RML   Document 363-43   Filed 02/24/17   Page 9 of 20 PageID #: 16367



### פרט עשרים:

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, גרם בכוונה למותה של **ראיסה דיקשטיין ז"ל, בת 69 במותה**, אשר נהרגה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני.

### פרט עשרים ואחד:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, ניסה לגרום בכוונה למותם של כל האנשים אשר היו בסביבתו של המחבל המתאבד, אשר התפוצץ עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השני. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה **נפצעו כ-57 בני אדם** שהיו באוטובוס הנ"ל ובסמוך אליו בעת הפיצוץ.

### פרט עשרים ושניים:

**מהות העבירה:** קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968 וסעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש יוני 2002 או בסמוך לכך, קשר עם אדם אחר לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בסווארה שרקיה או בסמוך לכך, קשר עם אחיו, רמדאן עיד רמדאן משאהרה לבצע פיגוע באילת במטרה לגרום למותם של אזרחים רבים ככל הניתן. רמדאן משאהרה הסביר לנאשם כי באילת טרם בוצעו פיגועים.
רמדאן משאהרה מסר כי בכוונות ארגון החמאס לשלוח לאילת מחבל מתאבד, אשר יחזיק במצלמת וידאו ממולכדת, ולאחר שיעלה על ספינה באילת יפעיל את מטען החבלה המוסתר בתוך מצלמת וידאו ויגרום למותם של אנשים רבים ככל הניתן. הנאשם ורמדאן משאהרה הסכימו כי את הפיגוע המתוכנן באילת יבצע אדם הנושא תעודת זהות ישראלית.
סוכם בין הנאשם לבין רמדאן משאהרה כי תפקידו של הנאשם יהא לאתר ספינה לצורך ביצוע הפיגוע המתוכנן ולרכוש כרטיס לספינה עבור המחבל המתאבד.

### עדי התביעה:

1. רס"ם יעקב ברזני, מ.א. 99106, לח"ק יהודה. [גובה אמרת הנאשם ומגיש כתב-ידו של הנאשם בערבית + שרטוט שנערך ע"י הנאשם + ת"זים].
2. רס"ל יצחק יעקובוף, מ.א. 1008358, לח"ק יהודה. [מגיש דוחו"ת שחזור + דו"ח פעולה]
3. רפ"ק ניסים מזרחי, המעבדה הניידת, מז"פ, מטא"ר - ירושלים. [מגיש קלטת וידאו - שחזור]
4. רס"ר אבי עטר, מ.א. 90079, יחידת מעלה אדומים. [מגיש דו"ח פעולה]
5. חליל מסלט מוחמד בראקעה, ת.ז. 901.5336, עצור [ת.ה. 1502/02]

6. מאג'ד טהא מחמוד קראקע, ת.ז. 990591711. (עצור) (ת.ת. 784/02)
7. פלט שאילתא - רשימת כלי רכב על-פי מספר הזהות - כלי הרכב שבבעלות הנאשם. (רשומה מוסדית)
8. פלט שאילתא - רשימת כלי רכב על-פי מספר הזהות - כלי הרכב שבבעלות רמדאן משאהרה. (רשומה מוסדית)

**פ.א. 3961/02 מוריה**

9. פקד איגור פקרמן, מ.א. 731604, מעבדת חבלה, מטא"ר - ירושלים. [מגיש דו"ח תפיסה וסימון]
10. זהבה בן עמי, ת.ז. 05704645. (פרטים בתביעה) (עדת ראיה, נפצעה)
11. סמי דניאל, ת.ז. 054345137. (פרטים בתביעה) (עד ראיה, נפצע)
12. דוד מזרחי, ת.ז. 010677797. (פרטים בתביעה) (עד ראיה, טיפל בפצועים)
13. יוני יגן. (פרטים בתביעה) (נסע באוטובוס שהתפוצץ, נפצע)
14. שמואל גורן, ת.ז. 046693362. (פרטים בתביעה) (עד ראיה, נפצע)
15. מיכאל לסרי, ת.ז. 300519543. (פרטים בתביעה) (היה באוטובוס בעת הפיצוץ, ראה את המחבל, נפצע)
16. שי כהן, ת.ז. 369857703. (פרטים בתביעה) (היה באוטובוס בעת הפיצוץ, נפצע)
17. אלכסנדר פיל טבקארו, ת.ז. 015939580. (פרטים בתביעה) (היה באוטובוס בעת הפיצוץ, נפצע)
18. מאיה אמויאל, ת.ז. 038648747. (פרטים בתביעה) (היתה באוטובוס בעת הפיצוץ, נפצעה)
19. רועי צינירו, ת.ז. 021975321. (פרטים בתביעה) (היה באוטובוס בעת הפיצוץ, נפצע)
20. חנה עובדיה, ת.ז. 043284561. (פרטים בתביעה) (עדת ראיה)
21. אליהו קליין, ת.ז. 022328462. (פרטים בתביעה) (ראה את המחבל לפני הפיגוע)
22. רבקה חליילב, ת.ז. 056071582. (פרטים בתביעה) (ראתה את המחבל בתחנת האוטובוס לפני הפיגוע)
23. אלישע פלג, ת.ז. 042220947. (פרטים בתביעה) (עד ראיה, נפצע)
24. אלחנן בן חקון, ת.ז. 062184031. (פרטים בתביעה) (עד ראיה, טיפל בפצועים)
25. ד"ר יואב מינץ, מ.ר. 28469, ביה"ח הדסה עין-כרם. [מגיש תעודת פטירה של שירי נגארי ז"ל] (יזומן לפי דרישה מפורשת של הסניגוריה בלבד)
26. ד"ר חן קוגל, המכון הלאומי לרפואה משפטית. [מגיש חוו"ד מומחה] (יזומן לפי דרישה מפורשת של הסניגוריה בלבד)
27. ד"ר בירטולון לוי, המכון הלאומי לרפואה משפטית. [מגיש חוו"ד מומחה] (יזומן לפי דרישה מפורשת של הסניגוריה בלבד)
28. פרופ' יהודה היס, המכון הלאומי לרפואה משפטית. [מגיש חוו"ד מומחה] (יזומן לפי דרישה מפורשת של הסניגוריה בלבד)
29. רשימת הפונים שנתקבלו בחדר מיון בביה"ח הדסה עין-כרם ביום 18.06.02. (רשומה מוסדית)
30. רשימת הפונים שנתקבלו בחדר מיון בביה"ח הדסה הר-הצופים ביום 18.06.02. (רשומה מוסדית)
31. רשימת נפגעים שפונו לביה"ח שערי-צדק ביום 18.06.02. (רשומה מוסדית)
32. רשימת נפגעים מפיגוע ביום 18.06.02 לפי בתי-החולים של עיריית ירושלים. (רשומה מוסדית)
33. התעודות הרפואיות של הפצועים. (רשימה מפורטת תימסר במהלך המשפט)
34. תעודת פטירה.

רשימת עדים מפורטת בנוגע להרוגים ולפצועים בפיגוע באוטובוס קו 32א ביום 18.06.02, מתיק פ.א. 3961/02 מוריה, תעובד על-ידי התביעה במהלך המשפט.

מיכאל אפוליק, תובע

סרן
צבאי

תאריך: 13.10.2002
סימוכין: 02-834

ת.ה. 824/02



Global Arabic Translation Services

الخدمات العالمية للترجمة العربية

26 Sheinfain St., Kfar-Saba, Israel
+972 54 8349.337
www.GatsTranslations.com

## **CERTIFICATION**

I, Yaniv Berman, do hereby certify that as a qualified translator I am fully conversant with the English and Hebrew languages, and that to the best of my knowledge, the attached document, the Fahmi Mushahara Indictment., is a true and accurate translation of the original text from the Hebrew language into English.

Date: January 23, 2017

_____
Yaniv Berman

**Israel**          **Defense**          **Forces**

| | |
|---|---|
| In the Military Court | Court file: |
| In Beit El | Claim file: 834/02 |
| Before: a panel | Incident Details file: 3961/02 Moriah |

**In a trial between the Military Prosecutor – the Accuser**

**- versus –**

Fahmi Ayd Ramadan Mushahara
I.D. 031530967, born 01.23.79, resident of Sawahra Sharkiya
In custody since 09.04.02

| |
|---|
| This charge sheet was received on 10.15.02 and recorded in the case diary Court [illegible]: Fadi Tafesh |

**- The Defendant -**

# Bill of Indictment

**First count:**

**Nature of Offense:** Membership of an illegal association, an offense under Regulation 85(1)(a) of the Defense (Emergency) Regulations, 1945.

**Details of the offense:** The above Defendant, in the area, from 1996 until the day of his arrest was a member or acted as a member of an illegal association, that is:
The above Defendant, during said period, was a member of the Hamas organization along with his brother Ramadan Ayd Ramadan Mushahara.
At the beginning of June 2002, the Defendant was recruited by the aforesaid brother, Ramadan Mushahara, to the Izz a-Din al-Qassam Brigades, the military wing of the Hamas organization, which is an illegal association.

**Second count:**

**Nature of Offense:** Causing death deliberately, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968

**Details of the offense:** The above Defendant, whether in the area or outside it, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

1. At the beginning of June 2002, the Defendant's brother, Ramadan Ayd Ramadan Mushahara, after recruiting the Defendant to the ranks of the Izz a-Din al-Qassam Brigades, the military wing of the Hamas organization, explained to the Defendant that their activities in the aforesaid organization was to get a suicide terrorist into Jerusalem so that he could carry out a suicide attack and cause the deaths of as many people as possible.

W_S156822

1

2. As part of the preparations for carrying out the planned suicide attack, Ramadan Mushahara gave the Defendant NIS 1,000 for the latter to put his vehicle through the annual test and insure it – a black Fiat Uno, license number 7411287 (hereinafter: "the Fiat car") and to fill it with gas. The Defendant did what Ramadan Mushahara asked.

3. Then, Ramadan Mushahara ordered the Defendant to drive around Jerusalem in the Fiat car in order to locate a suitable place to carry out the planned suicide attack. Ramadan Mushahara recommended the area of the Gilo neighborhood in Jerusalem to the Defendant.

4. Following the instructions of Ramadan Mushahara, the Defendant made four trips around Jerusalem. The first trip was next to the Jerusalem zoo. The Defendant made the trip with his wife and small daughter with him in the Fiat car – so as not to arouse the suspicion of the Jerusalem security forces.

5. The Defendant made a second trip in the vicinity of a bus stop located next to Beit Safafa, on the road down from Gilo in the direction of Pat Neighborhood.

6. During his third trip, the Defendant went to the area of Beit Safafa in order to check out the aforesaid bus stop again. The Defendant got on a bus traveling in the direction of Gilo, purchased a ticket for NIS 49 and got off at Pat Junction. The Defendant purchased the aforesaid multiple-entry ticket on the instructions of Ramadan Mushahara. Ramadan Mushahara ordered the Defendant to purchase a multiple-entry ticket for an Egged bus and punch a hole in it [meaning that the driver would charge him for one bus-ride] so as to give the aforesaid multiple-entry ticket later to the suicide terrorist, who would be able to get on the bus without being suspected. The Defendant collected information on when the bus coming from Gilo filled up and when the passengers began to get off.

7. After making the aforesaid trip, the Defendant went on a trip with Ramadan Mushahara. The Defendant and his brother, Ramadan Mushahara, traveled in a white Renault Express belonging to Ramadan Mushahara. During the trip, the Defendant pointed out to Ramadan Mushahara the bus stop that he had located as a target for the planned suicide attack.

8. On 06.17.02, around 9:00 PM, Ramadan Mushahara came to the Defendant and told the latter that he must take his car to Wadi Nar the next day and pick up at 06:30 the suicide terrorist, who was to carry out the planned suicide attack. Ramadan Mushahara told the Defendant what the suicide terrorist would look like and also told him that the Defendant must ask the suicide terrorist "Where is the taxi to Bethlehem?" and that the suicide terrorist must answer "in Ramallah".

9. The next day, 06.18.02, around 06:15 AM, the Defendant and Ramadan Mushahara left their homes in Sawahra Sharkiya, told their families that they were going to work, and traveled in the direction of Wadi Nar. Ramadan Mushahara drove a Renault Express and the Defendant drove the Fiat car.

10. The Defendant and his brother, Ramadan Mushahara, each took a cellular telephone in order to be able to be in constant contact when the suicide terrorist was being brought to Jerusalem.

11. Around 06:20 AM, the Defendant arrived at the gas station in Wadi Nar. There he met the suicide terrorist, Muhammad Hazza al-Ghoul (hereinafter: the suicide terrorist) whom he identified according to the information and the code words given by Ramadan Mushahara. The suicide terrorist was brought to the meeting place by Khalil Muslim Muhammad Baraki'a on the instructions of Ali Alan.

12. The Defendant and the suicide terrorist, who was wearing an explosive belt, left in the direction of Jerusalem in the Fiat car driven by the Defendant. From there the Defendant drove the suicide terrorist to Beit Safafa.

13. On the way, the suicide terrorist read the Defendant a letter he had brought for Ramadan Mushahara.

W_S156823

2

14. Ramadan Mushahara drove the white Renault Express that belonged to him in front of the Fiat car and kept the Defendant and the suicide terrorist constantly updated by cellular telephone of the presence of the Israeli security forces on the way.

15. Around 07:30 AM, the Defendant let the suicide terrorist out of the car at a distance of around 200 meters from the bus stop which the Defendant and Ramadan Mushahara had chosen as described above for the purpose of carrying out the planned suicide attack.

16. The Defendant gave the suicide terrorist the Egged bus multiple-entry ticket he had purchased as described above. The Defendant agreed with the suicide terrorist that if he did not carry out the suicide attack for any reason, the Defendant would return to the place after contacting the suicide terrorist and would pick him up.

17. The Defendant ordered the suicide terrorist to take the bus for three stops and only then carry out the planned suicide attack, since more people get on at the next stops and passengers don't normally get off at those stops.

18. The suicide terrorist got to the aforesaid bus stop in Dov Yosef Street (Gilo-Pat road) about 70 meters from the turning into Beitar Yerushlayim Sports Club road.

19. On 06.18.02 at 07:50 AM or close to it, the suicide terrorist got on an Egged 32A bus, license number 8343001 which was traveling from the direction of Gilo toward Pat Junction full of passengers. After the suicide terrorist got on the aforesaid bus, the bus left the aforesaid stop and continued on its journey.

20. A few seconds later, at a distance of about 20 meters from the aforesaid stop, the suicide terrorist set off the suicide belt he was carrying on his body with the intention of causing the death of as many people as possible.

21. As a result of the suicide terrorist being blown up with the aforesaid explosive charge, nineteen people were killed, as will be described in the following counts.

22. As a result of the suicide terrorist being blown up with the aforesaid explosive charge, many other people suffered injuries and wounds as will be described in the following counts.

23. As a result of the suicide terrorist being blown up with the aforesaid explosive charge, there was extensive damage to property, the aforesaid bus was totally destroyed, and damage was caused to vehicles that were close to the location of the explosion.

24. By his actions described above, the Defendant deliberately caused the death of **Rafael Berger of blessed memory, 28 years old on his death**, who was killed as a result of the aforesaid explosion of the explosive charge.

**Third count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Baruch Gruani of blessed memory, 54 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

W_S156824

3

**Fourth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Michal Biazi of blessed memory, 54 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Fifth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Boaz Aluf of blessed memory, 54 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Sixth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Alfu Irit Heile of blessed memory, 21 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Seventh count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Yelena Plagov of blessed memory, 43 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

W_S156825

**Eighth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Leah Baruch of blessed memory, 41 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Ninth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Shiri Negari of blessed memory, 21 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Tenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Tatiana Braslavsky of blessed memory, 41 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Eleventh count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Giselle (Gila) Nakav of blessed memory, 55 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Twelfth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Liat Yagen of blessed memory, 24 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Thirteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Rahamin Zidkiyahu of blessed memory, 51 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Fourteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Shani Avi-Zedek of blessed memory, 16 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Fifteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Galila Bugala of blessed memory, 11 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Sixteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Mendel Bereson of blessed memory, 71 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Seventeenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Helena Ivan of blessed memory, 63 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Eighteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Iman Kabha of blessed memory, 25 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Nineteenth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Moshe Gottlieb of blessed memory, 70 years old on his death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Twentieth count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately caused the death of **Raisa Dikstein of blessed memory, 69 years old on her death**, who was killed as a result of the aforesaid explosion of the suicide terrorist with the explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

**Twenty-first count:**

**Nature of Offense:** Deliberately causing death, an offense under section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970 – and section 14(a) of the Order Regarding the Rules of Responsibility for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above Defendant, whether in the area or outside the area, on 06.18.02 or on a date close to it, deliberately caused the death of another, that is:

By his actions described in the second count, the above Defendant deliberately tried to cause the deaths of all the people in the vicinity of the suicide terrorist who blew himself up with an explosive charge on Egged 32A bus, license number 8343001 in Dov Yosef Street (Gilo – Pat road) as described in the second count.

As a result of the explosion of the suicide terrorist with an explosive charge **57 people were injured** who were in the aforesaid bus or near it at the time of the explosion.

**Count 22:**

**Nature of Offense:** Conspiring to cause death deliberately, an offense under section 22 of the Order Regarding Responsibility for an Offense (Judea and Samaria) (No. 378), 5728-1968 – and section 51(a) of the Order Regarding Security Provisions (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The above Defendant, in the area, at the end of June 2002 or thereabouts, conspired with another person to deliberately cause the death of another, that is:
The above Defendant, on the date stated, in Sawahra Sharkiya or nearby, conspired with his brother, Ramadan Ayd Mushahara Ramadan Mushahara to carry out an attack in Eilat with the object of causing the deaths of as many citizens as possible,
Ramadan Mushahara explained to the Defendant that no attacks had yet been carried out in Eilat.
Ramadan Mushahara said that the Hamas organization intended to send a suicide terrorist to Eilat with a booby-trapped video camera, and after getting on a boat in Eilat, he would set of the explosive charge concealed in the video camera and cause the deaths of as many people as possible. The Defendant and Ramadan Mushahara agreed that the planned attack in Eilat would be carried out by someone carrying an Israeli identity card.
It was agreed between the Defendant and Ramadan Mushahara that the Defendant's task would be to locate a boat for the purpose of carrying out the planned attack and to purchase a ticket for the boat for the suicide terrorist.

**Prosecution witnesses:**

1. Sergeant Majot Yaakov Barazani, Military No. 99106, LHK Judea (the officer, who took the Defendant's statement and handed over the Defendant's handwriting in Arabic + a chart drawn by the Defendant + memorandum.
2. Sergeant first Class Yitzhak Yaakobof, Military No. 1008358, LHK Judea (wrote the recons    nd the action report).

W_S156829

3. Superintendent Nisim Mizrahi, Mobile Laboratory, Forensic Science Laboratory, National HQ Jerusalem (served the videotape of the reconstruction).
4. Master Sergeant Avi Gerr, Military No. 90079, Ma'aleh Edumim Station (served an action report).
5. Khalil Muslim Baraki'a, ID No. 901415836 (detainee) (TT 862/02).
6. Majed Taha Mahmud Qaraqi', I.D. 990591711. (Under arrest) (TT 784/02)
7. Output of query – List of vehicles according to registration number – vehicles owned by the Defendant (institutional registration).
8. Output of query – List of vehicles according to registration number – vehicles owned by Ramadan Mushahara (institutional record).

**Incident Details File: 3961/02 Moriah**

9. Chief inspector Igor Peckerman, National HQ 731604, trauma lab, national HQ – Jerusalem. [Filer of seize and mark report]
10. Zahava Ben Ami, I.D. 05704645 (details in the claim) (eye witness, injured)
11. Sammy Daniel, I.D. 0543345137 (details in the claim) (eye witness, injured)
12. David Mizrahi, I.D. 010677797 (details in the claim) (eye witness, treated the injured)
13. Yoni Yagen, (details in the claim) (traveled in the bus that was blown up, injured)
14. Shmuel Goren, I.D. 046693362 (details in the claim) (eye witness, injured)
15. Michael Lasri, I.D. 300519543 (details in the claim) (was on the bus at the time of the explosion, saw the terrorist, injured)
16. Shai Cohen, I.D. 369857703 (details in the claim) (was on the bus at the time of the explosion, injured)
17. Alkexander Phil Tabkaru, I.D. 015939580 (details in the claim) (was on the bus at the time of the explosion, injured)
18. Maya Emiel, I.D. 038648747 (details in the claim) (was on the bus at the time of the explosion, injured)
19. Roi Chaniro, I.D. 021975321 (details in the claim) (was on the bus at the time of the explosion, injured)
20. Hana Ovadia, I.D. 043284561 (details in the claim) (eye witness)
21. Eliyahu Klein, I.D. 022328462 (details in the claim) (saw the terrorist before the explosion)
22. Rivka Haleilev, I.D. 056071582 (details in the claim) (saw the terrorist at the bus stop before the attack)
23. Elisha Peleg, I.D042220947 (details in the claim) (eye witness, injured)
24. Elhanan Ben Hakoun, I.D. 062184031 (details in the claim) (eye witness, treated the injured)
25. Dr. Yoav Mintz, L.N. 28469 Hadassah Hospital Ein Kerem [filed the death certificate of Shiri Negari of blessed memory] (will be summonsed at the specific demand of the prosecution only)
26. Dr. Hen Kugel, National Institute of Forensic Medicine [filed an expert opinion] (will be summonsed at the specific demand of the prosecution only)
27. Dr. Birtolon Levy, National Institute of Forensic Medicine [filed an expert opinion] (will be summonsed at the specific demand of the prosecution only)
28. Prof. Yehuda Hiss, National Institute of Forensic Medicine [filed an expert opinion] (will be summonsed at the specific demand of the prosecution only)
29. List of those who went to and were admitted to ER in Hadassah Hospital Ein Kerem on 06.18.02 (institutional record)
30. List of those who went to and were admitted to ER in Hadassah Hospital Mount Scopus on 06.18.02 (institutional record)
31. List of victims who went to Shaare Tzedek Hospital on 06.18.02 (institutional record)
32. List of victims of the attack on 06.18.02 according to the Jerusalem Municipality hospitals (institutional record)
33. The medical certificates of the injured (a detailed list will be provided during the trial)
34. Death certificates

A detailed list of witnesses concerning the dead and wounded in the attack on bus 32A on 06.18.02 from Incident Details File: 3961/02 Moriah, will be delivered to the Prosecution during the trial.

[signature]   Military captain Michael Kutlik                                  Date: 23.10.2002
                                                                                Ref.: [illegible]

W_S156830