# Exhibit 45

| לישראל | הגנה | | צבא |
|---|---|---|---|
| 3793/02 : תיק ביה"מ | הצבאי | המשפט | בית |
| 833/02 : תיק תביעה | אל | | בית |
| 3961/02 מוריה : תיק פ.א. | הרכב | | בפני |

<u>במשפט שבין התובע הצבאי - המאשים</u>

<u>- נ ג ד -</u>

רמדאן עיד רמדאן משאהרה
ת.ז. 033251034, יליד 23.09.76, תושב סוואחרה שרקיה
עצור מיום 06.07.02

<u>- ה נ א ש ם -</u>

# כ ת ב - א י ש ו ם   מ ת ו ק ן

<u>הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:</u>

**פרט ראשון:**

<u>מהות העבירה:</u> חברות בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, החל מתחילת שנת 2002 ועד ליום מעצרו, היה חבר או פעל כחבר בהתאחדות בלתי מותרת, דהיינו :
הנאשם הנ"ל, במהלך התקופה האמורה, היה חבר בגדודי עז א-דין אל קסאם, הזרוע הצבאית של ארגון החמאס, שהוא התאחדות בלתי מותרת.
החל מסוף שנת 2001 ועד ליום מעצרו הנאשם היה בקשר מתמיד עם פעיל צבאי בכיר בארגון החמאס - עלי עלאן. הנאשם ועלי עלאן נפגשו מספר פעמים ומספר פעמים שוחחו בטלפון. עלי עלאן העביר לנאשם מספר אגרות סודיות דרך אשתו, אמל מחמד מימעה עלאן.
הנאשם פעל במסגרת גדודי עז א-דין אל קסאם כפי שיתואר בפרטי האישום הבאים.

**פרט שני:**

<u>מהות העבירה:</u> ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, בתחילת חודש יוני 2002 או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו :
הנאשם הנ"ל, במועד האמור, בסוואחרה שרקיה או בסמוך לכך, פהמי עיד רמדאן משאהרה, לשורות גדודי עז א-דין אל קסאם, הזרוע הצבאית של ארגון החמאס, שהוא התאחדות בלתי מותרת.

ת.ת. 833/02 מתוקן

**פרט שלישי:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בתחילת חודש יוני 2002, לאחר שגייס את אחיו, פהמי עיד רמדאן משאהרה, לשורות גדודי עז א-דין אל קסאם, הזרוע הצבאית של ארגון החמאס, הסביר לאחרון כי פעילותם במסגרת הארגון הנ"ל היא להכניס מחבל מתאבד לירושלים על מנת שזה יבצע שם פיגוע התאבדות ויגרום למותם של אנשים רבים ככל הניתן.

2. במסגרת ההכנות לביצוע פיגוע ההתאבדות המתוכנן, הנאשם מסר לפהמי משאהרה 1,000 ש"ח על מנת שהאחרון יעשה טסט וביטוח לרכבו - פיאט אונו בצבע שחור, מ.ר. 7411287 (להלן: רכב הפיאט), וכן ימלא דלק.

3. לאחר שפהמי משאהרה עשה כמצוותו של הנאשם, הנאשם הורה לפהמי משאהרה לערוך סיורים בירושלים עם רכב הפיאט על מנת לאתר מקום מתאים לביצוע פיגוע ההתאבדות המתוכנן. הנאשם המליץ בפני פהמי משאהרה על איזור שכונת גילה בירושלים.

4. על-פי הוראתו של הנאשם, פהמי משאהרה ביצע ארבעה סיורים בירושלים. את הסיור הראשון ביצע ליד גן החיות בירושלים. פהמי משאהרה ערך את הסיור כאשר עמו ברכב הפיאט נמצאים אשתו ובתו הקטנה - כל זאת על מנת לא לעורר חשד אצל אנשי כוחות הביטחון הישראליים.

5. את הסיור השני פהמי משאהרה ערך באיזור תחנת האוטובוס הנמצאת ליד בית צפפא בירידה מגילה לכיוון שכונת פת.

6. במהלך ביצוע הסיור השלישי, פהמי משאהרה הגיע לאיזור בית צפפא על מנת לבחון שוב את תחנת האוטובוס הנ"ל. פהמי משאהרה עלה לאוטובוס שנסע מכיוון גילה, רכש כרטיסיה ב49- ש"ח וירד בצומת פת. את הכרטיסיה הנ"ל פהמי משאהרה רכש עפ הוראתו של הנאשם. הנאשם הורה לפהמי משאהרה לרכוש כרטיסיה לאוטובוס "אגד" ולנקב בה חור, על מנת למסור את הכרטיסיה הנ"ל לאחר מכן לידי המחבל המתאבד כדי שיוכל לעלות לאוטובוס מבלי שיחשדו בו. פהמי משאהרה אסף מידע מתי מתמלא אוטובוס המגיע מגילה ומתי מתחילים הנוסעים לרדת.

7. לאחר ביצוע הסיור הנ"ל, הנאשם יצא לביצוע סיור ביחד עם פהמי משאהרה. הנאשם ואחיו נסעו ברכב רנו אקספרס לבן שייך לנאשם. במהלך הסיור, פהמי משאהרה הצביע בפני הנאשם על תחנת האוטובוס, אשר אותה איתר כיעד לפיגוע ההתאבדות המתוכנן.

8. ביום 17.06.02, הנאשם נפגש בסווארחה שרקיה עם אמל מחמד ג'מעה עלאן, אשתו של פעיל צבאי בארגון חמאס עלי עלאן, אשר שהה אותה עת בבית-לחם. אמל עלאן מסרה לידי הנאשם איגרת סודית מאת עלי עלאן. לאחר שהנאשם קרא את האיגרת, הוא שוחח עם עלי עלאן באמצעות מכשיר טלפון סלולרי של אמל עלאן. בתום הפגישה עם אמל עלאן, הנאשם ביקש כי היא תמסור לבעלה עלי עלאן "בשעה שש וחצי בבוקר".

9. אמל עלאן נסעה לביתה שבבית-ג'אלה ובדרך מסרה לעלי עלאן, באמצעות טלפון סלולרי, את מה שהנאשם אמר.

10. ביום 17.06.02, בסביבות השעה 21:00 הנאשם הגיע אל פהמי משאהרה ומסר לאחרון כי עליו לנסוע עם רכבו לואדי נאר ביום למחרת ולאסוף שם בשעה 06:30 את המחבל המתאבד, אשר יבצע את פיגוע ההתאבדות המתוכנן. הנאשם מסר לפהמי משאהרה איך ייראה המחבל

ת.ת. 833/02 מתוקן

המתאבד וכן מסר כי על פהמי משאהרה לשאול את המחבל המתאבד "איפה המונית לבית-לחם?" וכי המחבל המתאבד צריך להשיב "ברמאללה".

11. למחרת, יום 18.06.02, בסביבות השעה 06:15, הנאשם ופהמי משאהרה יצאו מבתיהם שבסוואחרה שרקיה, מסרו לבני משפחתם כי הולכים לעבודה, ונסעו לכיוון ואדי נאר. הנאשם נסע ברכבו מסוג רנו אקספרס ואילו פהמי משאהרה נסע ברכב הפיאט.

12. הנאשם ואחיו, פהמי משאהרה, לקחו כל אחד מכשיר טלפון סלולרי, על מנת להיות בקשר מתמיד בעת העברת המחבל המתאבד לירושלים.

13. בסביבות השעה 06:20, פהמי משאהרה הגיע לתחנת הדלק הנמצאת בואדי נאר. שם פהמי משאהרה פגש את המחבל המתאבד, מחמד הזאא אל גיל (להלן : המחבל המתאבד), אשר אותו זיהה לפי הפרטים ומילות הקוד שמסר הנאשם. המחבל המתאבד הובא למקום המפגש על-ידי חליל מסלם מחמד בראקעוה על-פי הוראתו של עלאן.

14. פהמי משאהרה והמחבל המתאבד, אשר נשא על גופו חגורת נפץ, יצאו לכיוון ירושלים. פהמי משאהרה והמחבל המתאבד נסעו לירושלים דרך ג'בל מוכבר וצור בחר עד לצומת תלפיות. משם, פהמי משאהרה הסיע את המחבל המתאבד עד לבית צפפא.

15. בדרך, המחבל המתאבד הקריא לפהמי משאהרה אגרת, אשר אותה הביא עבור הנאשם. באגרת נאמר כי על הנאשם להגיע לבנק הערבי בבית-לחם ביום שישי.

16. הנאשם נסע ברכבו רנו אקספרס לבן, השייך לו, לפני רכב הפיאט, ועדכן באופן שוטף, באמצעות טלפון סלולרי, את פהמי משאהרה ואת המחבל המתאבד בדבר נוכחות כוחות הביטחון הישראליים בדרך.

17. בסביבות השעה 07:30, פהמי משאהרה הוריד את המחבל המתאבד מרכבו במרחק של כ-200-מטר מתחתת האוטובוס, אשר אותה בחרו הנאשם ופהמי משאהרה כפי שתואר לעיל לצורך ביצוע פיגוע ההתאבדות המתוכנן.

18. פהמי משאהרה מסר לידי המחבל המתאבד כרטיסיה לנסיעה באוטובוס "אגד", אשר אותה רכש כפי שתואר לעיל. פהמי משאהרה סיכם עם המחבל המתאבד כי אם לא יבוצע פיגוע ההתאבדות מסיבה כלשהי, פהמי משאהרה יחזור למקום לאחר שיתקשר אל המחבל המתאבד ויאסוף אותו.

19. פהמי משאהרה הורה למחבל המתאבד לנסוע באוטובוס שלוש תחנות ורק לאחר מכן לבצע את פיגוע ההתאבדות המתוכנן, מכיוון שבתחנות הבאות עולים אנשים נוספים ונוסעים בדרך כלל לא יורדים בתחנות הללו.

20. המחבל המתאבד הגיע לתחנת האוטובוס הנ"ל הנמצאת ברחוב דב יוסף (כביש גילה - פת) כ-70 מטר מהפניה לדרך אגודת ספורט בית"ר ירושלים.

21. ביום 18.06.02, בשעה 07:50 או בסמוך לכך, המחבל המתאבד עלה לאוטובוס, מ.ר. 8343001, קו "אגד" 32א, אשר נסע מכיוון גילה לכיוון צומת פת כשהוא מלא בנוסעים. לאחר שהמחבל המתאבד עלה לאוטובוס הנ"ל, האוטובוס עזב את התחנה הנ"ל והמשיך בנסיעה.

22. לאחר מספר שניות, במרחק של כ-20 מטר מהתחנה הנ"ל, המחבל המתאבד הפעיל את מטען החבלה שנשא על גופו בכוונה לגרום למותם של אנשים רבים ככל הניתן.

23. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור, נהרגו תשעה-עשר בני אדם, כפי שיתואר בפרטי האישום הבאים.

ת.ת. 833/02 מתוקן

24. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרמו חבלות ופציעות לאנשים רבים נוספים, כפי שיתוארו בפרטי האישום הבאים.

25. כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה האמור נגרם נזק רב לרכוש, האוטובוס הנ"ל נהרס כליל וכן נגרם נזק לכלי רכב שהיו בסמוך למקום הפיצוץ.

26. במעשיו המתוארים לעיל, הנאשם גרם בכוונה למותו של **רפאל ברגר ז"ל, בן 28 במותו**, אשר נהרג כתוצאה מהתפוצצות מטען החבלה כאמור לעיל.

**פרט רביעי:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **ברוך גראוני ז"ל, בן 54 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתוארו בפרט האישום השלישי.

**פרט חמישי:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **מיכל ביאזי ז"ל, בת 24 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתוארו בפרט האישום השלישי.

**פרט שישי:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **בועז אלוף ז"ל, בן 54 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתוארו בפרט האישום השלישי.

ת.ת. 833/02 מתוקן

**פרט שביעי:**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968-.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **אלפו אירית היילה ז״ל, בת 21 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט שמיני:**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968-.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **הלנה פלגוב ז״ל, בת 43 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט תשיעי:**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968-.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **לאה ברוך ז״ל, בת 59 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט עשירי:**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968-.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **שירי נגארי ז״ל, בת 21 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

ת.ת. 833/02 מתוקן

**פרט אחד-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **טטיאנה ברסלבסקי ז"ל, בת 41 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט שניים-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **ג'יזל (גילה) נקב ז"ל, בת 55 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט שלושה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **ליאת יגן ז"ל, בת 24 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט ארבעה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **רחמים צדקיהו ז"ל, בן 51 במותה**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

ת.ת. 833/02 מתוקן

**פרט חמישה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח1968-.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **שני אבי צדק ז״ל, בת 16 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת) כפי שתואר בפרט האישום השלישי.

**פרט שישה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **גלילה בוגלה ז״ל, בת 11 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט שבעה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **מנדל ברזון ז״ל, בן 71 במותו,** אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט שמונה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו :
הנאשם הנ״ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **הלנה איוון ז״ל, בת 63 במותה,** אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו ״אגד״ 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט תשעה-עשר:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **איימן כבהא ז"ל, בן 25 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט עשרים:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותו של **משה גוטליב ז"ל, בן 70 במותו**, אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט עשרים ואחד:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, גרם בכוונה למותה של **ראיסה דיקשטיין ז"ל, בת 69 במותה**, אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.

**פרט עשרים ושניים:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 18.06.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השלישי, ניסה לגרום בכוונה למותם של כל האנשים אשר היו בסביבתו של המחבל המתאבד, אשר התפוצץ עם מטען החבלה באוטובוס, מ.ר. 8343001, קו "אגד" 32א ברחוב דב יוסף (כביש גילה - פת), כפי שתואר בפרט האישום השלישי.
כתוצאה מהתפוצצות המחבל המתאבד עם מטען החבלה **נפצעו כ57- בני אדם** שהיו באוטובוס הנ"ל ובסמוך אליו בעת הפיצוץ.

ת.ת. 833/02 מתוקן

<u>**פרט עשרים ושלושה:**</u>

<u>**מהות העבירה:**</u> קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון), תשכ"ח1968- וסעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל1970-.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, באיזור, בסוף חודש יוני 2002 או בסמוך לכך, קשר עם אדם אחר לגרום בכוונה למותו של אחר, דהיינו :

הנאשם הנ"ל, במועד האמור, בסוואחרה שרקיה או בסמוך לכך, פנה אל אחיו, פהמי עיד רמדאן משאהרה והציע לאחרון לבצע פיגוע באילת במטרה לגרום למותם של אזרחים רבים ככל הניתן. הנאשם הסביר לפהמי משאהרה כי באילת טרם בוצעו פיגועים.

הנאשם מסר כי בכוונת ארגון החמאס לשלוח לאילת מחבל מתאבד, אשר יחזיק במצלמה וידאו ממולכדת, ולאחר שיעלה על ספינה באילת יפעיל את מטען החבלה המוסתר בתוך מצלמת וידאו ויגרום למותם של אנשים רבים ככל הניתן. הנאשם ופהמי משאהרה הסכימו כי את הפיגוע המתוכנן באילת יבצע אדם הנושא תעודת זהות ישראלית.

סוכם בין הנאשם לבין פהמי משאהרה כי תפקידו של פהמי משאהרה יהא לאתר ספינה לצורך ביצוע הפיגוע המתוכנן ולרכוש כרטיס לספינה עבור המחבל המתאבד.

סימוכין : 02-833 מתוקן



143 RODNEY STREET
BROOKLYN, N.Y. 11211
TEL. (718) 384-8040
FAX: (718) 388-3516

## CERTIFIED TRANSLATION

I, Miriam Braver, Project Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language services firm with a track record of providing expert language services to the legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders, are professionally trained and vastly experienced in providing professional legal translations for submission in U.S. courts, from Hebrew into English and vice versa; and they have professionally translated document **"Ramadan Mushahara's Revised Indictment/ Shaked Appendix No. 1, pp. 161-9"** from Hebrew into English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: July 14, 2014

Miriam Braver

PROFESSIONAL
TRANSLATIONS
OF FOREIGN
LANGUAGES



ROCHAL WEISS
Notary Public, State of New York
Registration No.: 01WE6293785
Qualified in Kings County
My Commission Expires December 16, 2017

Israel Defense Forces

| | |
|---|---|
| In the Military Court | Court Case: 3793/02 |
| in Beit El | Prosecution Case: 833/02 |
| Before a panel | Detailed Incident Case: 3961/02 Moria |

**In the trial between the Military Prosecutor – the Accuser**

**-v-**

Ramadan Eid Ramadan Mushahara

Identity No. 033251034, born on September 23, 1976, a resident of Sawahra Shariqya

Detained since July 6, 2002

**- The Defendant -**

**Amended Indictment**

**The above mentioned Defendant is accused hereby of committing the following offenses:**

**First count:**

**Nature of the offense:** Membership in an illegal organization, an offense under Regulation 85(1)(A) of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The above mentioned Defendant, in the Area, from early 2002 until the day of his arrest, was a member or acted as a member in an illegal organization, as follows:
The above mentioned Defendant, during the said period, was a member of the Izz al-Din al-Qassam Brigades, the military arm of the Hamas Organization, which is an illegal organization.
From late 2001 until the day of his arrest, the Defendant maintained constant contact with a senior military operative of the Hamas Organization – Ali Alan. The Defendant and Ali Alan met on a number of occasions and talked on numerous occasions by telephone. Ali Alan transferred to the Defendant a number of secret notes through his wife, Amal Muhammad Jum'a Alan.
The Defendant acted within the Izz al-Din al-Qassam Brigades as will be described in the following counts.

**Second count:**

**Nature of the offense:** Performance of a service for an illegal organization, an offense pursuant to Regulation 85(1)(C) of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The above mentioned Defendant, in the Area, in early June 2002 or thereabouts, performed some work or performed some service for an illegal organization, as follows:
The above mentioned Defendant, at the time set forth, in Sawahra Shariqya or thereabouts, recruited his brother, Fahmi Eid Ramadan Mashahra, into the ranks of the Izz al-Din al-Qassam Brigades, the military arm of the Hamas Organization, which is an illegal organization.

1

833/02 amended

**Third count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions
Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an
Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or
thereabouts, caused the intentional death of another person, as follows:

1.   The above mentioned Defendant, in early June 2002, after having recruited his brother, Fahmi Eid
     Ramadan Mushahara, into the ranks of the Izz al-Din al-Qassam Brigades, the military arm of the Hamas
     Organization, explained to the latter that their activity within the above mentioned organization was to
     bring a suicide bomber into Jerusalem in order for him to carry out a suicide attack there and cause the
     deaths of as many people as possible.

2.   Within the preparations for carrying out the planned suicide attack, the Defendant delivered to Fahmi
     Mushahara NIS 1,000, in order for the latter to have his vehicle, a black Fiat Uno, License No. 7411287
     (hereinafter: the Fiat Vehicle) tested, insured and refueled.

3.   After Fahmi Mushahara did as the Defendant asked, the Defendant instructed Fahmi Mushahara to carry
     out reconnaissance of Jerusalem with the Fiat Vehicle in order to find a suitable place for carrying out the
     planned suicide attack. The Defendant recommended the area of the Gilo neighborhood in Jerusalem to
     Fahmi Mushahara.

4.   According to the instruction of the Defendant, Fahmi Mushahara performed a reconnaissance of Jerusalem
     four times. He performed the first next to the zoo in Jerusalem. Fahmi Mushahara conducted the
     reconnaissance with his wife and his young daughter in the Fiat Vehicle with him, in order not to raise the
     suspicions of Israeli security forces personnel.

5.   Fahmi Mushahara conducted the second reconnaissance in the area of the bus stop located near Beit Safafa
     on the descent from Gilo towards the Patt neighborhood.

6.   During the third reconnaissance, Fahmi Mushahara came to the Beit Safafa area in order to reexamine the
     above mentioned bus stop. Fahmi Mushahara boarded a bus that was traveling from the direction of Gilo,
     purchased a multi-ticket for NIS 49 and alighted at Patt Junction. Fahmi Mushahara purchased the above
     mentioned multi-ticket at the instruction of the Defendant. The Defendant instructed Fahmi Mushahara to
     purchase a multi-ticket for an Egged bus and have a hole punched in it, in order to give the above
     mentioned multi-ticket later to the suicide bomber so that he could board the bus without being suspected.
     Fahmi Mushahara gathered information on when buses arriving from Gilo would be full and when
     passengers would start to alight.

7.   After conducting the above mentioned reconnaissance, the Defendant went out to carry out reconnaissance
     together with Fahmi Mushahara. The Defendant and his brother traveled in a white Renault Express vehicle
     belonging to the Defendant. During the tour, Fahmi Mushahara pointed out the bus stop to the Defendant,
     which he had identified as a target for carrying out the planned suicide attack.

8.   On June 17, 2002, the Defendant met in Sawahra Shariqya Sharqiya with Amal Muhammad Jum'a Alan,
     the wife of a military operative in the Hamas Organization, Ali Alan, who was then staying in Bethlehem.
     Amal Alan gave the Defendant a secret note from Ali Alan. After the Defendant read the note, he talked
     with Ali Alan using a cellular phone handset belonging to Amal Alan. At the end of the meeting with Amal
     Alan, the Defendant asked her to tell her husband Ali Alan "at six thirty in the morning".

9.   Amal Alan traveled to her home in Beit Jala and on the way told Ali Alan, by cellular phone, what the
     Defendant had said.

10.  On June 17, 2002, at about 9:00 p.m., the Defendant came to Fahmi Mushahara and told the latter that he
     must travel with his vehicle to Wadi Nar on the following day and pick up the suicide bomber there at 6:30
     a.m., who would carry out the planned attack. The Defendant told Fahmi Mushahara what the suicide
     bomber would look like and stated that Fahmi Mushahara had to ask the suicide bomber: "Where is the taxi
     to Bethlehem?" and that the suicide bomber should respond "In Ramallah".

2

833/02 amended

11.     On the following day, on June 18, 2002, at about 6:15 a.m., the Defendant and Fahmi Mushahara left their homes in Sawahra Shariqya , told their family members that they were going to work, and traveled towards Wadi Nar. The Defendant drove in his Renault Express vehicle while Fahmi Mushahara traveled in the Fiat Vehicle.

12.     The Defendant and his brother, Fahmi Mushahara, each took a cellular phone handset, in order to be in constant contact during the transfer of the suicide bomber to Jerusalem.

13.     At about 6:20 a.m., Fahmi Mushahara arrived at the gas station in Wadi Nar. There, Fahmi Mushahara met the suicide bomber, Muhammad Haza' al-Ghul (hereinafter: the Suicide bomber), whom he identified according to the details and code words that the Defendant had given. The suicide bomber was brought to the meeting point by Khalil Muslim Muhammad Baraq'a according to the instruction of Ali Alan.

14.     Fahmi Mushahara and the suicide bomber, who was wearing an explosive belt on his person, departed towards Jerusalem. Fahmi Mushahara and the suicide bomber traveled to Jerusalem through Jebl Mukaber and Sur Baher up to Talpiyot Junction. From there, Fahmi Mushahara transported the suicide bomber to Beit Safafa.

15.     On the way, the suicide bomber read out to Fahmi Mushahara a note, which he had brought for the Defendant. The note stated that the Defendant had to come to the Arab Bank in Bethlehem on Friday.

16.     The Defendant traveled in a white Renault Express vehicle, which belonged to him, ahead of the Fiat Vehicle, and regularly gave Fahmi Mushahara and the suicide bomber updated by cellular phone regarding the presence of Israeli security forces on the way.

17.     At about 7:30 a.m., Fahmi Mushahara dropped the suicide bomber off from his vehicle about 200 meters from the bus stop, which the Defendant and Fahmi Mushahara had chosen as described above for carrying out the planned suicide attack.

18.     Fahmi Mushahara gave the suicide bomber a multi-ticket for traveling on an Egged bus, which he had purchased as described above. Fahmi Mushahara agreed with the suicide bomber that if the suicide attack could not be carried out for any reason, Fahmi Mushahara would return to the site after calling and pick up the suicide bomber.

19.     Fahmi Mushahara instructed the suicide bomber to ride the bus for three stops and only then carry out the planned suicide attack, because at the following stops, additional people boarded and passengers did not usually get off at those stops.

20.     The suicide bomber arrived at the above mentioned bus stop on Dov Yosef Street (Gilo – Patt Road), approximately 70 meters from the turn to Agudat Sport Beitar Jerusalem Road.

21.     On June 18, 2002, at 7:50 a.m. or thereabouts, the suicide bomber boarded a bus, License No. 8343001, Egged line 32A, which was traveling from Gilo in the direction of Patt Junction while full of passengers. After the suicide bomber boarded the above mentioned bus, the bus left the above mentioned stop and continued the journey.

22.     A few seconds later, around 20 meters from the above mentioned stop, the suicide bomber activated the explosive device that he was wearing on his person with the intent of causing the deaths of as many people as possible.

23.     As a result of the explosion of the suicide bomber with the said explosive device, nineteen persons were killed, as will be described in the following counts.

3

833/02 amended

24. As a result of the explosion of the suicide bomber with the said explosive device, many other persons were injured, as will be described in the following counts.

25. As a result of the explosion of the suicide bomber with the said explosive device, a lot of property damage was caused, the above mentioned bus was completely destroyed and damage was sustained by vehicles that were near the explosion site.

26. By his acts described above, the Defendant caused the intentional death of **Raphael Berger, of blessed memory, aged 28 at the time of his death**, who was killed as a result of explosion of the explosive device as set forth above.

<u>**Fourth count:**</u>

<u>**Nature of the offense:**</u> Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

<u>**Details of the offense:**</u> The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Baruch Gruani, of blessed memory, aged 54 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

<u>**Fifth count:**</u>

<u>**Nature of the offense:**</u> Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

<u>**Details of the offense:**</u> The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Michal Biazi, of blessed memory, aged 24 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

<u>**Sixth count:**</u>

<u>**Nature of the offense:**</u> Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

<u>**Details of the offense:**</u> The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Boaz Aluf, of blessed memory, aged 54 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

4

833/02 amended

**Seventh count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Alfu Irit Hayla, of blessed memory, aged 21 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Eighth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Helena Plagov, of blessed memory, aged 43 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Ninth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Leah Baruch, of blessed memory, aged 59 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Tenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Shiri Negari, of blessed memory, aged 21 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

5

833/02 amended

**Eleventh count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Tatiana Braslavsky, of blessed memory, aged 41 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Twelfth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Giselle (Gila) Nakav, of blessed memory, aged 55 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Thirteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Liat Yagen, of blessed memory, aged 24 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Fourteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Rachamim Tzidkiyahu, of blessed memory, aged 51 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

6

833/02 amended

**Fifteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Shani Avi Tzedek, of blessed memory, aged 16 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Sixteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Galila Bugala, of blessed memory, aged 11 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Seventeenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Mendel Bereson, of blessed memory, aged 71 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Eighteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Helena Ivan, of blessed memory, aged 63 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

7

833/02 amended

**Nineteenth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Ayman Kabha, of blessed memory, aged 25 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Twentieth count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Moshe Gottlieb, of blessed memory, aged 70 at the time of his death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Twenty first count:**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, caused the intentional death of another person, as follows:

By his acts described in the third count, the above mentioned Defendant caused the intentional death of **Raisa Dickstein, of blessed memory, aged 69 at the time of her death**, who was killed as a result of explosion of the suicide bomber with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

**Twenty second count:**

**Nature of the offense:** Attempting to cause intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 14(A) and 19 of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned defendant, within the Area and elsewhere, on June 18, 2002 or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the third count of the indictment, attempted cause the intentional deaths of all of the persons who were in the vicinity of the suicide bomber, who exploded with the explosive device on a bus, License No. 8343001, Egged line 32A, on Dov Yosef Street (Gilo – Patt Road), as described in the third count.

As a result of the explosion of the suicide bomber with the explosive device, **approximately 57 persons** who were on and near the above mentioned bus at the time of the explosion **were injured**.

8

833/02 amended

**Twenty third count:**

**Nature of the offense:** Conspiring to cause intentional death, an offense pursuant to Section 22 of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378) 5730-1970.

**Details of the offense:** The above mentioned Defendant, in the Area, in late June 2002 or thereabouts, conspired with another person to cause the death of another, as follows:

The above mentioned Defendant, at the time set forth, in Sawahra Shariqya or thereabouts, approached his brother, Fahmi Eid Ramadan Mushahara, and suggested to the latter to carry out an attack in Eilat with the intent of causing the deaths of as many civilians as possible.
The Defendant explained to Fahmi Mushahara that no attacks had yet been carried out in Eilat.
The Defendant stated that the Hamas organization intended to send a suicide bomber to Eilat, who would carry a video camera with concealed explosives, and after boarding a ship in Eilat, would activate the explosive device concealed inside the video camera and cause the deaths of as many people as possible. The Defendant and Fahmi Mushahara agreed that a person carrying an Israeli identity card would carry out the planned attack in Eilat.
It was agreed between the Defendant and Fahmi Mushahara that Fahmi Mushahara's role would be to find a ship for the purpose of carrying out the planned attack and to purchase a ticket for the ship for the suicide bomber.

Reference: 833-02 amended

9

833/02 amended