UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TZVI WEISS, et al.,                                    :
                                                       :
                              Plaintiffs,              :
                                                       :        **MEMORANDUM AND ORDER**
             -against-                                 :        05-cv-4622 (DLI) (RML)
                                                       :
NATIONAL WESTMINSTER BANK PLC,                         :
                                                       :
                              Defendant.               :
------------------------------------------------------------ x
NATAN APPLEBAUM, et al.,                               :
                                                       :
                              Plaintiffs,              :
                                                       :
             -against-                                 :        07-cv-916 (DLI) (RML)
                                                       :
NATIONAL WESTMINSTER BANK PLC,                         :
                                                       :
                              Defendant.               :
------------------------------------------------------------ x
MOSES STRAUSS, et al.,                                 :
                                                       :
                              Plaintiffs,              :
                                                       :
             -against-                                 :        06-cv-702 (DLI) (RML)
                                                       :
CRÉDIT LYONNAIS, S.A.,                                 :
                                                       :
                              Defendant.               :
------------------------------------------------------------ x

```
------------------------------------------------------------- x
BERNICE WOLF, et al.,                         :
                                              :
                        Plaintiffs,           :
                                              :
            -against-                         :         07-cv-914 (DLI) (RML)
                                              :
CRÉDIT LYONNAIS, S.A.,                        :
                                              :
                        Defendant.            :
------------------------------------------------------------- x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

The plaintiffs in these four consolidated actions are over 200 individuals and estates of deceased persons (collectively "Plaintiffs"), who seek to recover damages from defendants National Westminster Bank PLC ("NatWest") and Crédit Lyonnais, S.A. ("CL" together with NatWest "Defendants") under the civil liability provision of the Antiterrorism Act of 1992 ("ATA"), 18 U.S.C. § 2333(a) ("§ 2333(a)"). The actions against CL involve 19 attacks in Israel and Palestine allegedly perpetrated by Hamas and the actions against NatWest concern 17 of those 19 attacks. (*See generally*, Sixth Am. Compl. *Weiss* Dkt. Entry No. 345; Am. Compl. *Applebaum* Dkt. Entry No. 218; Fifth Am. Compl. *Strauss* Dkt. Entry No. 408; Am. Compl. *Wolf* Dkt. Entry No. 287.)[1] Before the Court is Plaintiffs' motion to consolidate the actions against NatWest with the actions against CL for a liability trial.[2] (*See* Plaintiffs' Ltr. Motion to Consolidate ("Motion"), *Weiss* Dkt. Entry No. 347; *Strauss* Dkt. Entry No. 410.) Defendants oppose consolidation. (*See* Defs.' Ltr. in Opp'n to Mot. to Consolidate ("Defs.' Opp'n"), *Weiss* Dkt. Entry No. 349; *Strauss*

---

[1] Citations to the "*Strauss* Dkt." are to civil docket no. 06-cv-702. Citations to the "*Wolf* Dkt." are to civil docket no. 07-cv-914. Citations to the "*Weiss* Dkt." are to civil docket no. 05-cv-4622. Citations to the "*Applebaum* Dkt." are to civil docket no. 07-cv-916. Where the same document has been filed on all four dockets, the Court cites to both the *Strauss* and *Weiss* dockets, as they are the lead cases.

[2] On September 22, 2016, the parties submitted a joint letter indicating that on December 22, 2008, the Hon. Marilyn D. Go, U.S.M.J., ordered the parties to "agree on a schedule for damages discovery, to begin no sooner than 20 days after a verdict for plaintiffs on liability, with a damages trial to begin . . . after the conclusion of the liability trial." (*Weiss* Dkt. Entry No. 356; *Strauss* Dkt. Entry No. 419.) Accordingly, this Memorandum and Order only pertains to Plaintiffs' request for a consolidated trial on liability.

2

Dkt. Entry No. 412.) On September 15, 2016, the Court heard oral argument on Plaintiffs' motion. (*See* Tr. of Sept. 15, 2016 Oral Argument ("Tr."), *Weiss* Dkt. Entry No. 357.) For the reasons set forth below, Plaintiffs' motion is denied.

## BACKGROUND

This Memorandum and Order is written for the benefit of the parties. In light of the extensive prior motion practice in these actions and the Court's multiple decisions, the Court assumes the parties' familiarity with the underlying facts and procedural posture of these cases and will not recount it here. For an in-depth factual discussion, see the Court's March 31, 2016, decisions on Defendants' motions to dismiss for lack of personal jurisdiction. *Weiss v. Nat'l Westminster Bank PLC*, 2016 WL 1305157 (E.D.N.Y. Mar. 31, 2016); *Strauss v. Credit Lyonnais, S.A.*, 2016 WL 1305160 (E.D.N.Y. Mar. 31, 2016).

## DISCUSSION

Federal Rule of Civil Procedure 42(a) permits consolidation of actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a). The party moving for consolidation bears the burden of demonstrating the commonality of factual and legal issues. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). The court has "broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), and "should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Second Circuit has instructed district courts to consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1285. The court also should assess if "the use of cautionary instructions to the jury and verdict sheets," *Id.*, may reduce the risks of prejudice and confusion, while recognizing that the "benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

Here, the minor benefits gained by consolidating the actions are insufficient to merit consolidation. Generally, to prevail under § 2333(a), "Plaintiffs must prove 'three formal elements: unlawful *action,* the requisite *mental state,* and *causation*.'" *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (quoting *Sokolow v. Palestine Liberation Org.*, 60 F. Supp.3d 509, 514 (S.D.N.Y. 2014) (emphasis in original). The parties agree that the first element of the claim is the sole common element in the actions involving overlapping evidence and expert testimony, *e.g.*, evidence establishing Hamas's responsibility for the attacks, and that the efficiency gained by consolidating the trials is about four days of non-repetitive evidence in a multi-week trial. (Motion, at 2; Defs.' Opp'n, at 2; Tr. 11:12-13; Tr. 31:13-15.) The evidence concerning this common element is not sufficiently sizable to save significant judicial resources, especially because this Court previously found inadmissible a portion of the testimony offered by Plaintiffs' experts on this common issue. *See Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp.2d 414, 444-46 (E.D.N.Y. 2013). As a result, Plaintiffs have not met their burden of showing that consolidation would promote judicial economy without causing jury confusion or prejudice to Defendants.

In contrast, the possible prejudice that would result because of jury confusion over the important issue of scienter far outweighs the minimal benefits in judicial economy gained by consolidating the trials on the basis of one common issue, the evidence as to which is a minor portion of the cases. The majority of the evidence Defendants intend to present at trial is defendant

4

specific and relates to the scienter and causation elements of the claims. These elements, and the accompanying evidence, differ for each defendant because, as this Court has stated, the "manner in which NatWest managed Interpal's accounts varies . . . significantly from Crédit Lyonnais' handling of CBSP's accounts." *Weiss v. Nat'l Westminster Bank, PLC*, 936 F. Supp.2d 100, 119 (E.D.N.Y. 2013), *vacated and remanded*, 768 F.3d 202 (2d Cir. 2014); *see also* (Defs.' Opp'n at 2; Tr. 29:18-20.) These differences have resulted in fifty-three non-overlapping factual and expert witnesses and led this Court to recognize that "the general similarities between these two cases do not extend to the specific facts underlying the Court's analysis of scienter." *Weiss*, 936 F. Supp.2d at 119. Presenting this evidence at a consolidated trial creates a substantial risk that the jury would be confused by the large amounts of evidence admitted on these issues that relate independently to each defendant. This factor weighs heavily and significantly against consolidation. *See Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) (denying consolidation partially because "the actions share[d] some of the same witnesses" but did "not share all, or even most of the same witnesses"); *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977).

Contrary to Plaintiffs' contention that the risk of jury confusion may be reduced by giving limiting instructions and controlling the form in which different evidence is presented to the jury, such remedies will not be sufficient to reduce or eliminate the prejudice of jury confusion here. For example, Defendants represent that approximately 80% of the exhibits that CL anticipates offering at trial relate to issues unique to CL. (Defs.' Opp'n at 2 fn. 2.) As a result, weeks of defendant specific evidence will consume a consolidated trial, and the parties realistically cannot expect the Court either to give limiting instructions continuously or to marshal the evidence during the majority of trial. In this case, no limiting instruction to a jury could undo the possible confusion that may result when a jury is asked to assess extensive and complex scienter evidence against one

defendant by putting aside a significant amount of evidence introduced against another defendant on the same issue. *See Malcolm*, 995 F.2d at 352 (noting that "the sheer breadth of the evidence made [the] precautions [taken by the district court] feckless in preventing jury confusion").

While the significant risk of jury confusion on its own is sufficient to deny Plaintiffs' motion, here, there also is a grave risk that one defendant will be prejudiced by the possible loss of its trial counsel and that both Defendants will suffer prejudice due to the spillover effect of conflicting trial strategies in a consolidated trial. Plaintiffs contend that conflicting trial strategies or defenses and any resulting spillover effect will prejudice Defendants and merit separate trials only if those defenses are antagonistic. (Tr. 21:19-22:9.) The Court disagrees.

Plaintiffs' argument mischaracterizes the issue before the Court. The issue is not whether separate trials are merited, but rather whether one joint trial is appropriate, a burden Plaintiffs must meet. In asserting that defenses must be antagonistic in order for the Court to deny the consolidation motion, Plaintiffs impute the standard for severing criminal trials under Rule 14 of the Federal Rules of Criminal Procedure into a consolidation analysis under Rule 42 of the Federal Rules of Civil Procedure. Generally, under Fed. R. Crim. P. 14, "[d]efenses are mutually antagonistic when accepting one defense requires that 'the jury must of necessity convict a second defendant,'" *United States v. Yousef*, 327 F.3d 56, 151 (2d Cir. 2003) (internal citation omitted), and "[w]hen the risk of prejudice is high . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). These standards are applicable once "defendants have been properly joined under Rule 8(b)" *United States v. Weaver*, 2014 WL 173480, at *1 (E.D.N.Y. Jan. 10, 2014), for "[u]nless the standards set out in Rule 8(b) are met, a motion for severance should be granted even absent a showing of prejudice." *United States v. Feyrer*, 333 F.3d 110, 113 (2d Cir. 2003).

6

Here, Plaintiffs provide no case law to show that the Court should evaluate consolidation of civil cases by relying on standards used to determine severance of criminal cases. Regardless, it would be inappropriate to apply the standard advanced by Plaintiffs. Under Fed. R. Crim. P. 14, a defendant seeking severance bears "the difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy" gained through a consolidated trial. *United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986).

In contrast, under Fed. R. Civ. P. 42, "at all times, the burden remains with the [Plaintiffs] to demonstrate that consolidation is appropriate," *In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009), and that the efficiency gained by consolidation outweighs any potential confusion, prejudice, or delay. Applying Plaintiffs' standard in the civil context would shift the burden of proof by requiring Defendants to prove that separate trials are appropriate, rather than keeping the burden on Plaintiffs to show that consolidation is merited. *See Haas v. Brookhaven Mem'l Hosp.*, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (holding that plaintiff "has made no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of these proceedings would be avoided by consolidation").

Moreover, contrary to Plaintiffs' contention, there is no requirement that Defendants show that their defenses, which may be in tension with each other, are antagonistic, as the term is used in the criminal context, in order for the risk of prejudice to weigh against consolidation. Defendants assert that there is tension in their trial strategies that will cause prejudice at a consolidated trial because each defendant will emphasize certain factual distinctions as to why they either stopped or continued to service the disputed accounts, how they reached those decisions, and the distinct timing of certain salient events. (Tr. 25:6-29:9; 35:7-23.)

"[E]xamin[ing] 'the special underlying facts' with 'close attention' before ordering a consolidation," the Court finds that a prejudicial spillover effect on each defendant will result from the mere tension created by these contrasting factual distinctions in the separate actions, especially since limiting jury instructions are inappropriate in this case. *In re Repetitive Stress Injury Litig.*, 11 F.3d at 373 (2d Cir. 1993) (internal citation omitted). This prejudice will be present whether or not the defenses meet the standard of antagonism advanced by Plaintiffs.

Finally, the Court agrees with Defendants' assertion that the tension in trial strategies may necessitate the hiring of new counsel for one of the defendants on the eve of trial and further prejudice that defendant with the loss of its defense counsel that is intimately familiar with the case. Aside from the resulting prejudice, this also will cause unnecessary delay in complex cases that already have been pending for over ten years. Accordingly, this weighs against consolidation. *See Devlin*, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to consolidate the NatWest and CL actions for a liability trial is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2017

_____/s/_____
DORA L. IRIZARRY
Chief Judge