**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

420 LEXINGTON AVENUE, SUITE 1648, NEW YORK, NY 10170
T. 212.354.0111

August 16, 2017

**VIA ECF**

Hon. Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Weiss, et al. v. National Westminster Bank Plc*, **05-cv-4622 (DLI) (RML)**
> *Applebaum, et al. v. National Westminster Bank Plc*, **07-cv-916 (DLI) (RML)**

Dear Chief Judge Irizarry:

Plaintiffs write to alert the Court to new authority: *Owens v. Republic of Sudan*, No. 14-5105, 2017 WL 3203263 (D.C. Cir. July 28, 2017) (attached hereto as Exhibit A). In *Owens*, the D.C. Circuit upheld, in relevant part, a lower court decision finding Sudan liable for the 1998 bombings of U.S. embassies in Kenya and Tanzania for providing material support to Al Qaeda.[1] Specifically relevant to Plaintiffs' Opposition to Defendant's Renewed Motion for Summary Judgment (ECF No. 362 in 05-cv-04622), the Court of Appeals upheld the lower court's reliance on expert testimony not only similar to that contested here by Defendant, but provided in part *by the very same expert*—Evan Kohlmann.

In *Owens*, defendant Sudan challenged elements of the lower court's default ruling as improperly premised entirely on expert testimony, rather than direct evidence, and the expert testimony itself as improperly premised on hearsay evidence. The Court of Appeals rejected both arguments, principally for the same reason: "The testimony of expert witnesses is of crucial importance in terrorism cases because firsthand evidence of terrorist activities is difficult, if not impossible, to obtain." *Id.* at *22 (citing ATA and FSIA cases).

*Owens* affirms that in terrorism cases expert evidence alone is sufficient to establish a defendant's liability: "Indeed, cases in this Circuit and in others have repeatedly sustained jurisdiction or liability or both under the terrorism exception to the FSIA and in other terrorism cases based solely upon expert testimony." *Id.* at *24 (citing *Boim v. Holy Land Found. for Relief & Dev.* ("*Boim III*"), 549 F.3d 685, 705 (7th Cir. 2008)). It further noted that the D.C. Circuit has

---

[1] Although the Court of Appeals was reviewing a default judgment in a Foreign Sovereign Immunities Act ("FSIA") action, it found Sudan's positions on expert evidence "both legally and factually flawed" and relied on both FSIA and contested Anti-Terrorism Act ("ATA") cases to do so. *Id.* at *24.

Hon. Dora L. Irizarry, U.S.D.J.
August 16, 2017
Page 2

"refused categorically to require eyewitness testimony or direct evidence on both practical and policy grounds." *Id.* (citing *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048 (D.C. Cir. 2014)). On practical grounds, the court noted that "plaintiffs [cannot] ordinarily subpoena members of" the terrorist group that committed the attack. *Id.* On policy grounds, the court clarified that requiring direct evidence "would defeat the [FSIA's] very purpose: to give American citizens an important economic and financial weapon to compensate the victims of terrorism, and in so doing to punish foreign states who [sic] have committed or sponsored such acts and deter them from doing so in the future." *Id.* at *23 (quoting *Han Kim*, 774 F.3d at 1048). The ATA's civil cause of action and material support crimes are likewise intended to compensate victims of terrorism and deter the provision of material support to terrorists. *See, e.g., Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 492, 503 (E.D.N.Y. 2012).

Moreover, *Owens* also held that in terrorism cases admissible expert testimony is often premised largely on hearsay evidence (unlike the instant case, in which Plaintiffs have also offered non-hearsay evidence): "Indeed, it is hard to imagine what other than hearsay an expert on terrorism could use to formulate his opinion." *Owens*, 2017 WL 3203263, at *26. Among the materials "[c]ourts have consistently held . . . provide an adequate basis for expert testimony on terrorism" are "terrorist websites and observations from prior criminal trials." *Id.* (citing *Boim III*, 549 F.3d at 704-05).

Thus, *Owens* and the FSIA and ATA cases it cites directly support finding that, in addition to the substantial evidence the Court has already found to be admissible at trial, Plaintiffs have also provided admissible expert testimony, which *alone* is sufficient to create a triable issue of fact.

Respectfully submitted,

/s/ Gary M. Osen

Enclosure

cc: All Counsel