# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2840
lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

August 18, 2017

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (RML)
               Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (RML)
               Weiss, et al. v. National Westminster Bank Plc, 05-cv-4622 (DLI) (RML)
               Applebaum, et al. v. National Westminster Bank Plc, 07-cv-916 (DLI) (RML)

Dear Chief Judge Irizarry:

      I am responding on behalf of Crédit Lyonnais, S.A. ("CL") and National Westminster Bank Plc ("NatWest"), defendants in the above-captioned actions (together, "Defendants"), to Plaintiffs' letters of August 15, 2017 in the Strauss and Wolf matters, ECF No. 439 in 06-cv-702 (the "Strauss Letter"), and August 16, 2017 in the Weiss and Applebaum matters, ECF No. 372 in 05-cv-916 (the "Weiss Letter," and, together, the "Letters"). The Letters purport to "alert the Court to new authority," citing the D.C. Circuit's ruling in Owens v. Republic of Sudan, No. 14-5105, 2017 WL 3203263 (D.C. Cir. July 28, 2017), which Plaintiffs contend supports their opposition to CL's renewed motion for partial reconsideration[1] and NatWest's renewed motion for summary judgment, with respect to what Defendants have shown is Plaintiffs' inability to prove with admissible evidence that Hamas perpetrated the attacks by which Plaintiffs were injured.[2] Plaintiffs' assertion that Owens supports their opposition to Defendants' pending motions is wrong, for at least four reasons.

      First, the Letters' principal assertion—that "Owens affirms that in terrorism cases expert evidence alone is sufficient to establish a defendant's liability," Letters at 1—attacks a straw man. Defendants have not argued, nor has this Court ruled, that Plaintiffs must proffer non-expert evidence that Hamas perpetrated the attacks at issue. Rather, Defendants have

---

[1] See ECF Nos. 422, 425 ("CL Reconsideration Motion").

[2] See ECF Nos. 359, 365 ("NatWest SJ Motion").

Hon. Dora L. Irizarry, U.S.D.J., p. 2

demonstrated, and the Court has ruled in Strauss and Wolf, that the purported expert evidence on which Plaintiffs rely to attribute the attacks to Hamas is inadmissible because it merely summarizes inadmissible hearsay, without any appropriate expert analysis. See Opinion & Order, dated February 28, 2013 at 44-50, ECF No. 340 in 06-cv-702 (the "February 28, 2013 Opinion").[3]

Second, even if Plaintiffs were correct that Owens "rejected" precedents holding that expert testimony cannot merely transmit inadmissible hearsay to the jury – which Owens does not do – that would not change the law in this Circuit, which Your Honor has already correctly applied. As Your Honor has already ruled, United States v. Mejia, 545 F.3d 179 (2d Cir. 2008), compels the conclusion that the purported "attribution opinions" of Evan Kohlmann and Ronni Shaked in these cases are inadmissible because they do no more than summarize or quote straightforward hearsay, without applying any expertise. See Feb. 28, 2013 Op. at 44-50. Moreover, Owens relies in part on the Seventh Circuit's decision in Boim v. Holy Land Found. for Relief & Dev., 549 F.3d 685 (7th Cir. 2008), see Owens, 2017 WL 3203263, at *22-24, 26, but this Court has already rejected Boim as inconsistent with the law in this Circuit. See Feb. 28, 2013 Op. at 47-48. Plaintiffs' Letters do not even mention Mejia or the Court's February 28, 2013 Opinion that properly applies Mejia, and they offer no reason why this Court should reconsider its prior correct ruling.

Third, in any event, the Court should reject Plaintiffs' futile attempt, by cherry-picking quotations from Owens, to generalize its reasoning. As Plaintiffs acknowledge in a footnote, Owens rejected an appeal from a *default judgment* on claims against Sudan under the Foreign Sovereign Immunities Act (the "FSIA"); it does not concern claims under the Anti-Terrorism Act. See Letters at 1 n.1. Accordingly, as the D.C. Circuit repeatedly noted, the district court in that case did not need to apply the same exacting evidentiary standards as it would in a contested proceeding. See, e.g., 2017 WL 3203263, at *21 (noting district court "has an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism," explaining, "[f]or example, we have allowed plaintiffs to prove their claims using evidence that might not be admissible in a trial"). In addition, the D.C. Circuit reviewed the district court's evidentiary rulings only for abuse of discretion. See id. at *20 (noting "appellate review of the district court's findings of fact and evidentiary rulings is narrowly circumscribed"). Cf. Feb. 28, 2013 Op. at 47 (rejecting plaintiffs' reliance on Boim, in part, because it "determined merely that the district court did not abuse its discretion in admitting the expert's testimony").[4]

---

[3] CL has shown in the CL Reconsideration Motion that the other evidence that the Court previously ruled Plaintiffs can rely on to prove that Hamas perpetrated the attacks also is inadmissible. Contrary to Plaintiffs' suggestion in the Strauss Letter, the CL Reconsideration Motion does not address the proposed testimony by Plaintiffs' experts that Hamas perpetrated the attacks, which the Court has already excluded in the February 28, 2013 Opinion. CL's separate motion for summary judgment on Plaintiffs' reinstated claims (the "CL Reinstated Claims SJ Motion") does address such expert evidence, see ECF Nos. 427, 433, but like the NatWest Renewed SJ Motion, it does so only in seeking to have the Court apply its February 28, 2013 Opinion to exclude such evidence regarding the reinstated attacks.

[4] Accordingly, Owens does not, as Plaintiffs contend, stand for the proposition that the evidence rules should be relaxed in all terrorism cases "[o]n policy grounds." See Letters at 2. Plaintiffs ignore the very different context of Owens, which animated the language on which Plaintiffs rely. See 2017 WL 3203263, at *21 (noting a "lenient

Hon. Dora L. Irizarry, U.S.D.J., p. 3

Fourth, Plaintiffs' claim that <u>Owens</u> endorses "the lower court's reliance on expert testimony not only similar to that contested here by Defendant[s], but provided in part *by the very same expert*—Evan Kohlmann," Letters at 1 (emphasis in original), is not only irrelevant, for the reasons noted above, but also is highly misleading. In <u>Owens</u>, but unlike in the instant cases, neither Kohlmann nor any other expert purported to opine about the identity of the perpetrator of the terrorist attacks at issue, as Kohlmann and Shaked purport to do here. Instead, Kohlmann and the other experts in <u>Owens</u> testified about Sudan's alleged "material support" for Al Qaeda. <u>See</u> 2017 WL 3203263, at *25.[5]

Moreover, Plaintiffs' claim that <u>Owens</u> endorses expert testimony that is "similar" to the expert testimony here ignores *why* this Court has already excluded Kohlmann's and Shaked's attribution opinions. Your Honor did not exclude these opinions merely because Kohlmann and Shaked relied on inadmissible hearsay in forming their opinions, as Plaintiffs suggest. <u>See</u> Letters at 2 (quoting <u>Owens</u>'s statement that "it is hard to imagine what other than hearsay an expert could use to formulate an opinion"). Instead, Your Honor excluded them because they merely transmit such hearsay, which the jury is fully capable of understanding on its own, *without any expert analysis at all*. <u>See</u> Feb. 28, 2013 Op. at 44-50. <u>Owens</u> is not to the contrary; rather, the D.C. Circuit specifically distinguished cases where expert testimony has been excluded because it simply repeats hearsay, including a recent decision of that same court. <u>See</u> <u>Owens</u>, 2017 WL 3203263, at *25 (noting experts in that case "drew upon both materials admitted at the evidentiary hearing and sources encountered in their research and professional experience" to draw conclusions "a 'layperson' could not reliably have reached," distinguishing <u>Gilmore</u>). <u>Cf.</u> <u>Gilmore v. Palestinian Interim Self-Government Authority</u>, 843 F.3d 958, 972-73 (D.C. Cir. 2016) (affirming exclusion of attribution expert who simply repeated hearsay "without applying any expertise").

In short, <u>Owens</u> is inapposite and, in any event, not binding on this Court. To the extent it is relevant at all, its reasoning is consistent with this Court's prior ruling that Kohlmann's and Shaked's purported attribution opinions are inadmissible. Therefore, and for the reasons detailed in Defendants' prior briefs, the Court should grant the CL Reconsideration Motion, the CL Reinstated Claims SJ Motion, and the NatWest Renewed SJ Motion.

Respectfully,

Lawrence B. Friedman

cc:   All Counsel of Record (via ECF)

---

standard" in evaluating admissibility of evidence "is particularly appropriate for a *FSIA* terrorism case, for which firsthand evidence and eyewitness testimony is difficult or impossible to obtain *from an absent and likely hostile sovereign*") (emphasis added). Here, in contrast to Sudan, Defendants are neither sovereigns nor absent, and have complied with all of their discovery obligations.

[5] Notably, in <u>Owens</u>, Kohlmann testified about Al Qaeda, a topic on which his work has focused, unlike Hamas, which Kohlmann purports to opine about here. <u>See</u> ECF No. 359 at 16.