

**TURNER & ASSOCIATES**, P.A.
ATTORNEYS AT LAW

4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
501-791-2277

**Tab Turner**
tab@tturner.com

October 31, 2017

**VIA ECF**

Honorable Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:    ***Weiss, et al. v. National Westminster Bank Plc*, 05-cv-4622**
                  ***Applebaum, et al. v. National Westminster Bank Plc*, 07-cv-916**
                  ***Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702**
                  ***Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914**

Dear Chief Judge Irizarry:

      We represent Plaintiffs in both the National Westminster Bank ("NatWest") and Crédit Lyonnais ("CL") cases, and write on behalf of all Plaintiffs' counsel in response to Mr. Friedman's October 30, 2017 letter.

      Plaintiffs' request for *NatWest* to proceed first has been amply addressed by the parties in the prior correspondence. But because Mr. Friedman baselessly accuses me of "gamesmanship, intended to cause defendants prejudice …," I feel obligated to respond.

      The discussion before Magistrate Judge Levy was framed by Mr. Friedman's representation to the Court that Your Honor had *already* ruled at the September 15, 2016 hearing that *CL* would proceed first. As we noted in my October 17, 2017 letter, Your Honor made no such statement. In fact, when I expressed surprise at this assertion during the call with Magistrate Judge Levy, Mr. Friedman incorrectly claimed that I was not even present at the hearing. *See* October 16, 2017 Transcript, attached as Exhibit 1, at 13:20-23.

      Mr. Friedman is entitled to make a mistake. We all do. But after mischaracterizing Your Honor's statements at the September 15, 2016 hearing and being corrected by Plaintiffs' counsel in our October 17, 2017 letter, Mr. Friedman should be more circumspect about accusing me or my colleagues of "gamesmanship."

1

As the record bears out, for several years prior to summary judgment briefing in these two cases, *CL* was more advanced than *NatWest* in terms of pre-trial discovery. When Your Honor issued summary judgment rulings, *NatWest* was dismissed and then appealed; therefore, for a period of time, *CL* was again procedurally ahead of *NatWest*, despite the fact that *NatWest* was filed first and should naturally proceed first.

The Court's March 31, 2017 Order denying Plaintiffs' request to consolidate the two cases for trial ensured that one of the two cases would necessarily proceed first. Moreover, while the defendants' various motions remained pending neither side could know which case (if either) would proceed, let alone proceed first. Your Honor's September 30, 2017 rulings on the defendant's renewed motions for reconsideration and summary judgment not only restored the cases to an equal procedural footing, they also placed the cases for the first time in a position where preparation of a pre-trial order is timely. In sum, after eleven years of litigation, this is Plaintiffs' first real opportunity to express our preference for the order of trial.

We have now done so.

We look forward to Your Honor's further guidance on this issue.

Respectfully submitted,

/s/ Tab Turner

CTT/lg

cc:     All Counsel of Record