# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   STRAUSS, et al.,                    :
                                         :  06-CV-00702 (DLI)
 5                Plaintiffs,            :
                                         :
 6           v.                          :
                                         :  225 Cadman Plaza East
 7   CREDIT LYONNAIS, S.A.,              :  Brooklyn, New York
                                         :
 8                Defendant.             :  October 16, 2017
     ------------------------------------X
 9   WOLF, et al.,                       :
                                         :
10                Plaintiffs,            :
                                         :
11           v.                          :  07-CV-00914 (DLI)
                                         :
12   CREDIT LYONNAIS, S.A.,              :
                                         :
13                Defendant.             :
     ------------------------------------X
14
           TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
15              BEFORE THE HONORABLE ROBERT M. LEVY
                  UNITED STATES MAGISTRATE JUDGE
16
     APPEARANCES:
17
     For the Plaintiffs:       TAB TURNER, ESQ.
18                             Turner and Associates
                               4705 Somers Avenue
19                             North Little Rock, Arkansas 72116

20                             SHAWN NAUNTON, ESQ.
                               Zuckerman Spaeder LLP
21                             485 Park Avenue
                               New York, New York 10022
22
                               ARI UNGER, ESQ.
23                             MICHAEL RADINE, ESQ.
                               Osen, LLC
24                             2 University Plaza, #201
                               Hackensack, New Jersey 07601
25
                (Appearances continue on next page.)


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.
```

```
 1                                                                   2
 2
 3    APPEARANCES CONTINUED:
 4
      For the Defendants:       LAWRENCE FRIEDMAN, ESQ.
 5                              JONATHAN BLACKMAN, ESQ.
                                Cleary Gottlieb Steen & Hamilton
 6                              One Liberty Plaza
                                New York, New York 10006
 7
 8
      Court Transcriber:        SHARI RIEMER, CET-805
 9                              TypeWrite Word Processing Service
                                211 N. Milton Road
10                              Saratoga Springs, New York 12866
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1   (Proceedings began at 1:35 p.m.)
2           THE COURT:  Good afternoon.  This is Judge Levy.
3   We're on the record now.  This is Docket 07-CV-914, <u>Wolf, et</u>
4   <u>al. v. Credit Lyonnais</u>.
5           Will counsel please state their appearances for the
6   record?  Hi, can everybody hear me?
7           MR. TURNER:  Yes, sir.
8           MR. FRIEDMAN:  Yes, we can, Your Honor.
9           THE COURT:  Good.  We're on the record.  This is
10  Docket No. 07-CV-914, <u>Wolf, et al. v. Credit Lyonnais</u>.
11          Could counsel please state their appearances for the
12  record?
13          MR. TURNER:  This is Tab Turner for the plaintiffs.
14          MR. WERKNER:  Mark Werkner for other plaintiffs in
15  the related case.
16          THE COURT:  And for defendants.
17          MR. NAUNTON:  Shawn Naunton of Zuckerman Spaeder for
18  plaintiffs.
19          MR. UNGAR:  Ari Ungar and Michael Radine for the
20  Strauss plaintiffs.
21          MR. STEINGARD:  Steven Steingard for the Wolf
22  plaintiffs.
23          MR. FRIEDMAN:  This is Lawrence Friedman, Jonathan
24  Blackman, Mark McDonald for Credit Lyonnais.
25          THE COURT:  For the record, the Strauss case is 07-

4

1 CV-914 and the Wolf case is 06-CV-702.

2  So I'm going to ask plaintiff's counsel first to
3 tell me what you think the best way to manage the case from
4 here on is what needs to be done and what we should do.

5  MR. TURNER: Your Honor, we've had an opportunity --
6 this is Tab Turner on behalf of the plaintiffs, and we've had
7 an opportunity to confer with the Mr. Friedman and I think we
8 both concluded that the next step in the process is to prepare
9 the pretrial order consistent with Judge Irizarry's
10 requirements.  I believe Mr. Friedman requested that we have
11 that done in the next 60 days and we had no objection to Mr.
12 Friedman's need for 60 days.

13  Then in the interim I believe Mr. Friedman -- I'll
14 let him speak for himself -- had some issues or questions for
15 clarification purposes with respect to some of Judge
16 Irizarry's requirements.

17  MR. FRIEDMAN: Your Honor, Mr. Turner is correct
18 that we do agree the next step is the preparation of the joint
19 pretrial order in compliance with Judge Irizarry's rules and
20 we do request that we have 60 days.  I believe that's until
21 December 15th to submit that.

22  Mr. Turner's colleagues and I will work out in the
23 interim dates that need to be established for the exchanges of
24 witness lists, exhibit lists and the like as called for by
25 Chief Judge Irizarry's rules so that we'll all be ready with a

5

1  complete package by December 15th.
2      Now, with respect to Mr. Turner's last point, there
3  are three points of clarification that we need concerning
4  Chief Judge Irizarry's rules.  There are three elements of
5  what she lists to be included in the joint pretrial order
6  about which we have very short questions and of course I will
7  take Your Honor's guidance as to how I might pose those
8  questions and get whatever answers we can because that will
9  help us to expedite the completion of the pretrial order.
10     THE COURT:  What are your questions?
11     MR. FRIEDMAN:  There are three, Your Honor.  Number
12 one, I assume with respect to Item 8 in Chief Judge Irizarry's
13 listing where it calls for us to list the case in chief and
14 impeachment exhibits.  I assume that the Court will want us to
15 separately label our case in chief and impeachment exhibits
16 but I just wanted to check on that.
17     Number two, with respect to deposition designations,
18 I'm unclear -- also in Chief Judge Irizarry's listing I'm
19 unclear as to how Her Honor wishes us to proceed with that.  I
20 assume that the proponent offering deposition testimony would
21 designate the excerpts for that party's case in chief but I'm
22 not sure if Her Honor wishes us to list the impeachment
23 designations and how we would go about doing that in light of
24 the fact that we don't know what witnesses we'd be impeaching
25 the deposition designations would [inaudible].

6

1       Then finally, Item 9 in Chief Judge Irizarry's list
2 addresses motions in limine. I'm unclear as to whether the
3 Court wishes us to actually submit the motions as part of the
4 joint pretrial order or instead as I understand from prior
5 practice with Chief Judge Irizarry but I need to confirm that
6 the parties just list the topics of the motions in limine that
7 they propose to submit. Those are my three questions.
8       THE COURT: I'm sorry. List the topics or have a
9 brief summary of them or what would the alternative be do you
10 think that would be reasonable?
11      MR. FRIEDMAN: Your Honor, it could be a list with a
12 brief summary of the motion or the actual brief in support of
13 the motion in limine. I just -- I think the parties would be
14 helped to know which Chief Judge Irizarry desires. Again, my
15 understanding speaking for petitioners submitted these orders
16 to Chief Judge Irizarry that she desires a list, perhaps a
17 summary as well but I just would be grateful for the Court's
18 guidance on that.
19      THE COURT: Okay. Well, it probably makes more
20 sense for you to contact her chambers on those issues. Hold
21 on just a minute. Why don't I put you on hold for just a
22 second? See if I can get some clarification.
23 (Off the record at 1:42 p.m.)
24 (Back on the record at 1:50 p.m.)
25      THE COURT: This is Judge Levy. I'm back and I have

7

1   clarifications on each point.
2          So as to the questions about exhibits and
3   depositions testimony as to impeachment, identification of
4   impeachment, I think if you -- what Judge Irizarry said, if
5   you simply say depending on the context and what transpires at
6   trial documents that have not been identified or deposition
7   excerpts that have not been identified may be introduced as
8   impeachment.  That's all you need to do.
9          MR. FRIEDMAN:  Thank you.
10         THE COURT:  And on the last the motions in limine,
11  here's the principle and then the reason behind it.  The
12  principle is that she needs to know -- she doesn't want you to
13  do unnecessary work but at the same time she wants to have
14  enough information so she can decide whether the motion has to
15  be briefed or whether she can decide it based on what you
16  submitted to her.
17         So in listing the motions in limine what you need to
18  do is to provide a sufficient summary so that she can make
19  that determination.
20         MR. FRIEDMAN:  Understood.
21         THE COURT:  So that would mean -- and I'm sure you
22  understand this but, for example, if the objection is as to
23  Rule 903, whatever, don't just cite to the rule but explain
24  why.
25         MR. FRIEDMAN:  Understood, Your Honor.  Thank you.

8

1           THE COURT: Does that help or do you need more
2  clarification?
3           MR. FRIEDMAN: That's all I need. Thank you very
4  much.
5           THE COURT: Okay. So is all that we need to do then
6  is to say that the joint pretrial order should be filed by the
7  15th of December or is there anything else we need to do?
8           MR. FRIEDMAN: I think that's correct, Your Honor,
9  just to list the due date for the joint pretrial order and I
10 will speak with plaintiff's counsel to make sure that we make
11 our exchanges on a timetable that allows us to meet that
12 deadline.
13          THE COURT: Is there anything else substantively
14 that relates to the trial or trial preparation at this time?
15          MR. TURNER: Judge, this is Tab Turner. There is
16 one issue that we might be able to address while we're on the
17 phone today because we do have the sister case involving that
18 list. It involves the same plaintiffs. We received today
19 from you a scheduling order and I don't recall the specific
20 date. I think it was around the 26th or the 27th you asked
21 for an in person hearing. Mr. Friedman were talking about
22 that on the telephone earlier today as well and I believe he
23 indicated he had a problem with that time. I thought maybe
24 just out of pure efficiency we might address scheduling of
25 that while we're all on the phone together.

9

1   THE COURT: Sure. That's fine. That would be great
2 for all of us. Last week was a busy week so perhaps wasn't
3 thinking as strategically as I should have. So thank you for
4 bringing that up.
5   MR. FRIEDMAN: Your Honor, this is Mr. Friedman
6 again. I unfortunately I'll be out of the country on the
7 27th. So subject to Your Honor's schedule I have availability
8 the following week, not Monday the 30th but from the 31st
9 throughout I have substantial time depending on Your Honor's
10 and my colleague's availability.
11   THE COURT: Well, was the suggestion that we could
12 do some of that now? Is everybody on the line who needs to be
13 on that conference or are there other parties?
14   MR. TURNER: I think so. I think everybody is on
15 the line. We could -- as far as I'm concerned -- again, this
16 is Mr. Turner. As far as I'm concerned we can go ahead and
17 knock it out now. We're basically going to cover the same
18 thing.
19   THE COURT: What's the docket number so we can put
20 that on the record?
21   MR. TURNER: The docket numbers of the two cases are
22 05-CV-04622 and 07-CV-01774.
23   THE COURT: Okay. So what do you propose?
24   MR. TURNER: I'm sorry, Your Honor. The third
25 one -- it should only be the two cases. It's 05-CV-04622 and

```
                                                           10
 1   07-CV-01775.
 2              THE COURT:  Five, okay.  Great.  So what's your --
 3   have you reached an agreement on what should be done in that
 4   case as well, those cases?
 5              MR. TURNER:  Your Honor, this is Mr. Turner.  We
 6   have not had an opportunity to discuss those specifically but
 7   I would suggest that we basically follow the same architecture
 8   that we've already, the 60 days, and we'll meet together and
 9   work together and cooperate in putting together a pretrial
10   order for that date as well.
11              MR. FRIEDMAN:  Your Honor, I think we should have a
12   conference because we on this side couldn't do that and -- but
13   that's not necessary because the plaintiffs have said for
14   years in these cases that they wish to try the Credit Lyonnais
15   cases first and the NatWest cases second.  They asked the
16   judge earlier this year to consolidate these two cases for
17   trial and the judge declined to do that.  We're just not going
18   to be able to prepare the pretrial order for both cases at the
19   same time.  These are very substantial cases as Your Honor
20   knows and we just can't do the two together.
21              So I suggest that we have a conference to discuss
22   that and perhaps Mr. Turner and his colleagues and I can speak
23   in the interim to see if we can reach an agreement with
24   respect to that.
25              THE COURT:  Mr. Turner.
```

```
                                                                  11

 1              MR. TURNER:  For plaintiffs, Your Honor, this is Mr.
 2   Turner.  I don't know where Mr. Friedman is getting that a
 3   decision has been made on the part of the plaintiffs that they
 4   wanted the Credit Lyonnais case to go before the NatWest case.
 5   That may be a conversation that I was not privy to but I can
 6   tell you that at least from the conversations that I've been
 7   involved with there's been no decision made as to whether the
 8   NatWest case goes first or the Credit Lyonnais case goes
 9   first.  I don't know that the Court has made that decision.
10              And secondly, with respect to the pretrial order
11   itself, getting together and deciding upon what dates might
12   work with respect to the NatWest case is not a complicated
13   procedure and the plaintiff is willing to both of them within
14   the next 60 days.  Both Credit Lyonnais and NatWest.
15              MR. FRIEDMAN:  Your Honor, if I may.  I can make a
16   submission to the Court.  There's been multiple conferences
17   before Chief Judge Irizarry and your predecessor, Magistrate
18   Judge Go, and multiple written submissions in which the
19   plaintiffs have made clear that plaintiffs intend to try to
20   the Credit Lyonnais case first and the NatWest case second.  I
21   don't think Mr. Turner was at any of those appearances but I
22   can represent that's what has always been said and that's the
23   basis on which we've been proceeding.
24              THE COURT:  Well, I'm the newcomer on this case but
25   what seems clear to me is that you're not going to try them
```

12

all together at this point unless Judge Irizarry has consolidated them which I don't think she has.

As chief judge she has a lot of responsibilities in addition to her regular workload and my guess is that if she hasn't told you already that she's going to try them all together she probably is not going to.

MR. FRIEDMAN: Your Honor, it's just the opposite. When we were last before Chief Judge Irizarry it was for oral argument on the plaintiff's motion to consolidate the cases for trial which the judge denied in a subsequent written decision.

THE COURT: Well, I can just split it up. Does everyone agree -- Mr. Turner, do you disagree then that Judge Irizarry made that decision?

MR. TURNER: No, we don't disagree at all. We did ask that they be consolidated and for reasons set forth in her order she decided that she wanted to try them separately but I don't recall that Judge Irizarry specifically said in her order that she was going to go in a particular order in terms of [inaudible]. I think that's -- it yet has been undecided by Judge Irizarry and so consequently all I'm simply suggesting is that the parties can very easily do both pretrial orders within the next 60 days and the judge can decide what order she wants to go in.

MR. FRIEDMAN: Well, Your Honor, perhaps I should

13

1 submit the transcript of the hearing before Chief Judge
2 Irizarry on plaintiff's consolidation motion. Mr. Turner,
3 with respect, was not present but plaintiff's counsel which
4 there are several on the phone were there and have said this
5 to me and to the Court many times that the plaintiffs want to
6 try the Credit Lyonnais case first and Judge Irizarry
7 expressly as I recall on the transcript discussed the sequence
8 that the Credit Lyonnais case would go first and the NatWest
9 case would go second.
10     While I appreciate Mr. Turner saying that his side
11 can prepare both pretrial orders at the same time I am quite
12 confident, Your Honor, that we cannot do that. We need 60
13 days that I propose to prepare the Credit Lyonnais pretrial
14 order. We cannot prepare the pretrial order in the NatWest
15 case at the same time.
16     THE COURT: Do you know what the date was when Judge
17 Irizarry said which case she would try first or did she not
18 expressly say that?
19     MR. FRIEDMAN: Tab, I can submit the transcript to
20 Judge Levy. It was an oral argument earlier this year in
21 which your client -- your colleagues repeated and I'm kind of
22 surprised you're saying this although you were not present at
23 that hearing. Your colleagues have repeatedly said over the
24 years that they wish to try the Credit Lyonnais case first and
25 it's been said expressly during that oral argument and Judge

14

1 Irizarry discussed the subject. Why don't I submit the
2 transcript of that argument to the Court?
3         MR. TURNER: Judge, this is Mr. Turner. I'm not
4 disputing something that occurred that I was not present for.
5 I'm simply telling you I was in fact present despite what Mr.
6 Friedman says for the motion to consolidate and I don't recall
7 although I didn't memorize the transcript obviously. I don't
8 recall the topic of which case goes first coming up in that
9 hearing at all.
10         So all I'm simply saying is that at least from the
11 plaintiff's side which case goes first is up to Judge Irizarry
12 and it really matters not as we're sitting here on the
13 telephone who's right or who's wrong about that what somebody
14 might have said three years ago. What's important is trying
15 to get a schedule in place for both of these cases so we have
16 in place something that Judge Irizarry can decide upon when
17 she decides which case she wants to go first.
18         As a consequence all I'm simply suggesting is that
19 we also get a pretrial order in both cases within the next 60
20 days. If Mr. Friedman and his lawyers in his firm is
21 incapable of doing that in the next 60 days then we can extend
22 it out to 90 days and just have both of them submitted in 90
23 days.
24         MR. FRIEDMAN: Your Honor, I'm concerned Mr. Turner
25 has many colleagues who are on the line who have discussed the

15

1 subject with me literally for years and have repeatedly told
2 me and told the Court they wish to try the Credit Lyonnais
3 case first. I propose that the -- I submit the transcript and
4 I submit the other indications in the record that plaintiffs
5 have made clear they want to try the Credit Lyonnais case
6 first and that's the basis on which they have been proceeding.
7       I'm concerned that if there's any change of course
8 now, and I don't hear that from any plaintiff's counsel other
9 than Mr. Turner that -- I don't know if this is a strategy to
10 disrupt us in some way but it's always been understood and as
11 I said it's been said to the Court that Credit Lyonnais would
12 be tried first.
13       What I propose to do is to submit that transcript.
14 I can circulate it to all plaintiff's counsel and we can have
15 our conference before Your Honor and we can discuss the
16 subject.
17       As to Mr. Turner's reference about timing, again I
18 represent to the Court that I need the full 60 days that we've
19 agreed to for the Credit Lyonnais cases to prepare a pretrial
20 order there and I just cannot prepare the pretrial order for
21 both at the same time.
22       THE COURT: Well, this is Judge Levy. Here's what
23 seems to me the reasonable way to deal with this. I think it
24 does make sense to give 60 days to prepare each of the joint
25 pretrial orders. I think it also makes sense to sequence

16

1  them. So we're going to select a sequence today and I'll
2  check with Judge Irizarry and if she prefers to switch it then
3  we'll -- then I'll let you know within 24 hours whether or not
4  we're switching the order.
5       So the first joint pretrial order will be due on
6  December 15th and because we started off with the Credit
7  Lyonnais we'll just assume that's the one. Then -- since no
8  one particularly -- I haven't heard any objection to that.
9       Then the second joint pretrial order will be due
10 approximately February -- what would that be, the 12th, the
11 15th, somewhere around there? I don't think I need to put
12 everyone to the effort of reviewing transcripts and spending
13 more time. I'd rather have you spend time getting ready for
14 the case than arguing about time and details.
15      So February -- why not just say February 15th. Does
16 that work as far as timing goes? Does that work for everyone?
17      MR. TURNER: That's fine from the plaintiff's
18 perspective.
19      MR. FRIEDMAN: Yes, it's fine for us, Your Honor.
20      THE COURT: So we'll assume that the Credit Lyonnais
21 case will go first unless Judge Irizarry tells me otherwise
22 and I'll let you know within 24 hours.
23      The next question --
24      MR. TURNER: That sounds fair.
25      MR. FRIEDMAN: Yes, Your Honor.

1 THE COURT: So the next question really is -- I
2 think I'm getting a sense of it from your discussions but have
3 you been exploring settlement? We can go off the record if
4 you want.
5 MR. TURNER: No, we can -- Your Honor, this is Tab
6 Turner again for the plaintiffs. The case has been mediated a
7 couple of different times and from the plaintiff's perspective
8 we don't believe that mediation at this point in time would be
9 beneficial. We're always willing to entertain discussions
10 about settlement, informal discussions and entertain offers if
11 any offers are made but I think at this point in time at least
12 from our perspective our clients are not interested in having
13 another mediation.
14 THE COURT: Again, I don't want to probe beyond
15 where I should but is it -- would a settlement in this case be
16 purely financial and is it just the issue is that you haven't
17 been able to agree on such a settlement or is it more
18 complicated than that?
19 MR. TURNER: I think it's fair enough to say it's
20 relatively simple. It's just a question of desire and
21 dollars.
22 THE COURT: Do defendants feel that it would be
23 worthwhile pursuing settlement at this point or do you share
24 the plaintiff's view?
25 MR. FRIEDMAN: Well, Your Honor, let me just make a

                                                                      18

1    couple of things clear.  I'm not sure what Mr. Turner means by
2    mediation but there's never been a formal mediation in these
3    cases.  Judge, Magistrate Judge Go called us in at Chief Judge
4    Irizarry's request several times but that's as far as it's
5    gone.
6              As for the Credit Lyonnais cases, the ball is in
7    plaintiff's court to make a demand.  Magistrate Judge Go the
8    last time we met with her asked the plaintiffs to make a
9    demand in the Credit Lyonnais cases and plaintiffs as is their
10   right declined to do so.
11             In the NatWest cases, plaintiff's did make a demand
12   which NatWest rejected without making a counter given the
13   nature of the demand that was made and if Your Honor wishes I
14   can go into what it was about the nature of the demand that
15   led NatWest to reject it without a counterclaim.
16             THE COURT:  I think we should go off the record if
17   we're going to do that.
18   (Proceedings concluded at 2:07 p.m.)
19                          * * * * *
20
21
22
23
24
25

```
                                                                    19
 1       I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                              _____
 6                                   Shari Riemer, CET-805
 7   Dated:  October 19, 2017
```