

Shawn P. Naunton
PARTNER
Zuckerman Spaeder LLP
snaunton@zuckerman.com
646-746-8655

March 2, 2018

**VIA ECF**

Honorable Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    ***Weiss, et al. v. National Westminster Bank Plc*, 05-cv-4622**
                ***Applebaum, et al. v. National Westminster Bank Plc*, 07-cv-916**
                ***Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702**
                <u>***Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914**</u>

Dear Chief Judge Irizarry:

      Plaintiffs write in response to Defendants' February 23, 2018 letter requesting a pre-motion conference and attaching the recent decision in *Linde v. Arab Bank, PLC*, No. 16-2119-cv (L), 2018 WL 797454 (2d Cir. Feb. 9, 2018), vacating the lower court's entry of judgment following a jury verdict. The Court of Appeals vacated the judgment because it held that the District Court had decided the "act of international terrorism" element of plaintiffs' ATA claim as a matter of law, when it is a question of fact that the jury should have resolved. Now Defendants ask this Court for a *third* round of summary judgment briefing to argue that this Court should decide that Defendants' conduct did not constitute acts of international terrorism *as a matter of law*.

      The Court of Appeals expressly held that "[w]e conclude *only* that providing routine financial services to members and associates of terrorist organizations is not so akin to providing a loaded gun to a child as to excuse the charging error here *and compel a finding that as a matter of law*" the services constituted acts of international terrorism. *Linde* at *9 (emphasis added). It did not hold that a jury was prevented from finding that Arab Bank's knowing provision of material support to Hamas (as the *Arab Bank* jury found) satisfied the 18 U.S.C. § 2331 elements; only that the jury should have been separately instructed on those elements.

      Defendants argue that, as a matter of law, the purportedly "routine banking services" they provided for their Specially Designated Global Terrorist customers, Interpal and CBSP, cannot have the objective appearance required to constitute acts of international terrorism. But here

MARCH 2, 2018
PAGE 2
HONORABLE DORA L. IRIZARRY

again, the Court of Appeals expressly declared that whether such services are "routine" or whether they constituted acts of international terrorism "raises questions of fact for a jury." *Id.* at 9.

Plaintiffs therefore oppose this *third* round of summary judgment briefing and urge this Court to heed *Linde*'s holding that the "act of international terrorism" issue is a fact question for the jury.

Finally, while urging this Court to decide as a matter of law whether Defendants' acts constituted acts of international terrorism, Defendants bury in a footnote a reference to *Linde*'s acknowledgement that an alternate basis for ATA liability under 18 U.S.C. § 2333(d) does *not* require Plaintiffs to prove that Defendants committed an act of international terrorism at all. Instead of addressing § 2333(d), Defendants contend that it is irrelevant because the late Judge Sifton dismissed *common law* aiding-and-abetting claims more than eleven years ago. *Weiss v. Nat'l Westminster Bank PLC,* 453 F. Supp. 2d 609, 621 (E.D.N.Y. 2006); *Strauss v. Credit Lyonnais, S.A.*, No. CV-06-0702 (CPS), 2006 WL 2862704, at *9 (E.D.N.Y. Oct. 5, 2006). This is a non-sequitur. Section 2333(d) *did not exist* at that time of Judge Sifton's 2006 decision. Section 2333(d), which was retroactively added to the ATA via the Justice Against Sponsors of Terrorism Act ("JASTA"), now creates *statutory* aiding and abetting liability. *Linde* confirmed that "plaintiffs are entitled to the benefits of JASTA's expansion of the ATA liability to aiders and abettors," that the controlling legal framework is supplied by *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983), and that "under an aiding and abetting theory of ATA liability, plaintiffs would *not* have to prove that the bank's own acts constitute international terrorism satisfying all the definitional requirements of § 2331(1)." *Linde*, 2018 WL 797454, at *11.

*Halberstam* requires proof only that an aider and abettor was "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides assistance." *Halberstam*, 705 F.2d at 477. *See also Linde*, 2018 WL 797454, at *11 ("awareness [does not] require proof that Arab Bank knew of the specific attacks at issue when it provided financial services for Hamas"). The *Halberstam* court, in upholding a finding that defendant was liable as an aider and abettor to her boyfriend's murder of plaintiff's decedent, did *not* require that defendant be aware of her role in the *murder*. Rather, the court required only that she be aware that "he was involved in some type of personal property crime at night" from which a murder foreseeably resulted and of her role (acting "as banker, bookkeeper, recordkeeper, and secretary") in assisting her boyfriend's overall criminal enterprise. 705 F.3d at 488-89 ("violence and killing is a foreseeable risk" in the aided enterprises).

As this Court has already ruled, Plaintiffs have advanced sufficient evidence to reach a jury regarding whether Defendants knew or consciously avoided knowing that they were

MARCH 2, 2018
PAGE 3
HONORABLE DORA L. IRIZARRY

providing financial services to Hamas.[1] Thus, Defendants cannot obtain summary judgment regarding whether they were "generally aware" that they played a significant role supporting Hamas or that acts of terrorism would foreseeably result from their support. The factual findings required in *Linde* to prove an act of international terrorism should be incorporated into the jury instructions but cannot be decided in pre-trial dispositive motion practice. Likewise, all but a handful of Plaintiffs in *Strauss* (whose claims pre-date September 11, 2001) are entitled to seek a jury charge conforming to the requirements of § 2333(d) as construed through the *Halberstam* framework.

For the reasons set forth herein, Defendants' motion for a pre-motion conference should be denied. The Court should also deny Defendants' related request to stay the current deadline for submission of the joint pretrial orders in these actions. Again, because the factual findings required in *Linde* to prove an act of international terrorism are properly addressed in jury instructions, *Linde* does not significantly impact the parties' trial evidence and objections, and does not require any modification to the contemplated trial schedule. Plaintiffs respectfully request that the Court schedule the *Weiss* and *Applebaum* actions[2] for trial on the issue of Defendants' liability at the Court's earliest convenience.

We thank the Court for its courtesy and consideration.

                                                Respectfully submitted,

                                                /s/ Shawn P. Naunton
                                                Shawn P. Naunton

cc:    All Counsel

---

[1] *See Weiss v. Naitonal Westminster Bank, Plc,* 768 F.3d 202, 212 (2d Cir. 2014) ("[Plaintiffs'] evidence was sufficient to create a triable issue of fact as to whether NatWest's knowledge and behavior . . . satisfied the statutory scienter requirements."); *Strauss v. Credit Lyonnais, S.A.*, 925 F.Supp.2d 414, 429 (E.D.N.Y. 2013) ("[T]here is a genuine issue of material fact as to whether Defendant knew about or deliberately disregarded CBSP's purported support of Hamas or Hamas front groups, and that, by sending money to the Charities, it was facilitating Hamas's ability to carry out terrorist attacks.").

[2] As the Court will recall, the parties disagree as to which actions should proceed to trial first. *See Weiss* and *Applebaum*, ECF Nos. 376-380; *Strauss and Wolf*, ECF Nos. 446, 447, 449, 450, and 451.