# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: 212-225-2840
lfriedman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

March 26, 2018

BY ECF
Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:   Applebaum, et al. v. National Westminster Bank, Plc, 07-cv-916 (DLI) (RML)
>        Weiss, et al. v. National Westminster Bank, Plc, 05-cv-4622 (DLI) (RML)
>        Strauss, et al. v. Crédit Lyonnais, S.A. 06-cv-702 (DLI) (RML)
>        Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (RML)

Dear Chief Judge Irizarry:

Pursuant to the Court's March 14, 2018 Orders (the "March 14 Orders"), I respectfully request on behalf of all parties that the Court approve the following briefing schedule for Defendants' summary judgment motions, based on the Second Circuit's recent ruling in *Linde v. Arab Bank*, 882 F.3d 314 (2d. Cir. 2018), that Your Honor has authorized them to file:

> April 11, 2018 – Both Defendants will serve their respective motion papers on Plaintiffs.
>
> No later than May 2, 2018 – Plaintiffs will serve on Defendants their oppositions to Defendants' motions.
>
> No later than May 16, 2018 – Both Defendants will serve their respective reply papers on Plaintiffs, will file all parties' motion papers via ECF and will provide courtesy copies to Chambers in accordance with the Court's Individual Practices.

In addition to the foregoing, Plaintiffs now propose that the Court supplement its March 14 Orders by deviating from the standard page limits for briefs in Rule IV.C of the Court's Individual Practices, by restricting the parties' initial briefs in support of and in opposition to the motions to 12 pages, rather than the standard 25 pages, and restricting Defendants' reply to eight pages, rather than the standard 10 pages. Defendants oppose this proposal. There is no valid reason for the Court to depart from its standard page limits, within which Defendants will comply with the March 14 Orders' requirement that they "address only the narrow issue of how *Linde v. Arab Bank PLC*, 2018 WL 797454 (2d. Cir. Feb. 9, 2018) supports [their] position."

Hon. Dora L. Irizarry, U.S.D.J., p. 2

Plaintiffs have asked us to include in this letter their argument in support of imposing new page limits on the parties' briefs, which we do below, followed by Defendants' response.

*Plaintiffs' argument*:

In Plaintiffs' view, the memoranda of law in support of and in opposition to the motions should be limited to 12 pages, and reply memoranda should be limited to 8 pages.

The Court's Order permitting this third round of summary judgment briefing states that Defendants' motion papers "must address only the narrow issue of how *Linde v. Arab Bank* supports its position. The Court will not entertain tangential issues or reconsider matters over which *Linde v. Arab Bank* is not controlling."

The only issues properly before the Court are (1) whether the evidence presented of Defendants' knowing violations of 18 U.S.C. 2339B cannot constitute acts of international terrorism under the ATA as a matter of law and (2) whether evidence of Defendants' knowing provision of banking services to its Specially Designated Global Terrorist customers, Interpal and CBSP for the benefit of Hamas is insufficient, as a matter of law, to satisfy the elements of civil aiding and abetting set forth in *Halberstam v. Welch*.

Those two narrow legal issues can be addressed by the parties well within the page limitations proposed by Plaintiffs.

*Defendants' response:*

Plaintiffs' request that the Court depart significantly from its standard page limits for briefing these motions is meritless, and the Court should reject it. The Court did not impose more restrictive page limits in its March 14 Orders (and Plaintiffs did not request that relief). Rather, the Court instructed Defendants to "address only the narrow issue of how [*Linde*] supports [their] position." Defendants' briefs will comply with that instruction, and will present as concisely as possible the reasons why *Linde* supports the entry of judgment in their favor. But the Court should not substantially restrict Defendants' ability to present their contentions fully, especially because these motions and the Court's rulings on them will likely mark the first application of *Linde*, which fundamentally changes the requirements for civil liability under the Anti-Terrorism Act, and the motions will draw on extensive factual records.

Contrary to Plaintiffs' assertions – which they previously made in unsuccessfully urging that Defendants not be permitted to file their motions at all – under *Linde* Plaintiffs now must prove: (a) to establish primary liability, that a Defendant committed an "act of international terrorism" as defined in 18 U.S.C. § 2331(1); or (b) to sustain a newly-established claim for aiding and abetting a primary violation, that (among other requirements) a Defendant was "generally aware" that it was "playing a role in Hamas's violent or life-endangering activities," *Linde*, 882 F.3d at 329 (citation omitted). Defendants will show that, in light of these new requirements, Plaintiffs have not presented evidence sufficient to create a triable issue for either primary liability or aiding and abetting claims, and that Plaintiffs' reading of *Linde* is misleading.

Hon. Dora L. Irizarry, U.S.D.J., p. 3

    Neither the parties nor the Court has previously addressed these requirements, or applied them to the evidence, because *Linde* has newly articulated them. Accordingly, it is essential that Defendants not be artificially constrained in presenting their contentions by halving the standard page limitations for their moving briefs and reducing their reply briefs, as Plaintiffs urge. Instead, the Court should permit Defendants to proceed – limited to "address[ing] only the narrow issue of how [*Linde*] supports [their] position" – in conformity with the Court's standard rule.

                                                            Respectfully,

                                                            Lawrence B. Friedman

cc: Magistrate Judge Robert M. Levy (via ECF)
     All counsel of record (via ECF)