# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2490
jblackman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

December 17, 2018

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702 (DLI) (RML)
      *Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914 (DLI) (RML)
      *Weiss, et al. v. National Westminster Bank, Plc*, 05-cv-4622 (DLI) (RML)
      *Applebaum, et al. v. National Westminster Bank, Plc*, 07-cv-916 (DLI) (RML)

Dear Chief Judge Irizarry:

On behalf of defendants Crédit Lyonnais, S.A. ("CL") and National Westminster Bank plc ("NatWest"), I am writing to call the Court's attention to last week's decision by the Seventh Circuit Court of Appeals in *Kemper v. Deutsche Bank AG*, No. 18-1031 (7th Cir. Dec. 12, 2018) ("*Kemper*"), a copy of which is attached to this letter. *Kemper* provides further support for granting CL's and NatWest's pending summary judgment motions because there is no triable issue with respect to plaintiffs' inability to prove the "act of international terrorism" element of their claims under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) (the "ATA"), under the requirements that the Second Circuit articulated earlier this year in *Linde v. Arab Bank PLC*, 882 F.3d 314 (2d Cir. 2018).[1]

*Kemper* affirms the dismissal of an ATA claim in which the plaintiff alleged, similarly to plaintiffs' allegations here, that she was injured by reason of Deutsche Bank's providing or conspiring to provide material support to terrorism, in violation of 18 U.S.C. §§ 2339A and 2339B. Slip op. at 8-9, 23. In particular, the complaint alleged that Deutsche Bank provided financial services to Iran, which allegedly used the funds made available by those services to

---

[1] *See* Mem. of Law of Def. Crédit Lyonnais, S.A. in Supp. of its Mot. for Summ. J., dated April 11, 2018, *Strauss* ECF No. 465 ("CL Br."); Reply Mem. of Law of Def. Crédit Lyonnais, S.A. in Further Supp. of its Mot. for Summ. J., dated May 23, 2018, *Strauss* ECF No. 471 ("CL Reply"); Mem. of Law of Def. Nat'l Westminster Bank plc in Supp. of its Mot. for Summ. J., dated April 11, 2018, *Weiss* ECF No. 398 ("NW Br."); Reply Mem. of Law of Def. Nat'l Westminster Bank plc in Further Supp. of its Mot. for Summ. J., dated May 23, 2018, *Weiss* ECF No. 404 ("NW Reply").

Hon. Dora L. Irizarry, p. 2

finance terrorist attacks on U.S. soldiers by Iran's proxies in Iraq, including the attack by which plaintiff was injured. *Id.* at 3-7. The complaint alleged that Deutsche Bank "knew or was deliberately indifferent" to Iran's role in the attacks, and that the bank also knew "that the financial oversight systems imposed as part of the U.S. sanctions on Iran relied on financial institutions as the first line of defense to prevent Iran from using the U.S. financial system for terrorist funding." *Id.* at 7. These allegations against Deutsche Bank were based largely on the bank's admissions that it had violated U.S. sanctions, including those prohibiting transactions with Iran as a State Sponsor of Terrorism, which were contained in a consent decree that Deutsche Bank entered into with the New York State Department of Financial Services. *Id.* at 6.

Notwithstanding these allegations, the Seventh Circuit ruled that the complaint failed to allege, as the ATA's "act of international terrorism" element requires, 18 U.S.C. § 2331(1), that Deutsche Bank's conduct "involve[d] violent acts or acts dangerous to human life" or was apparently "intended to intimidate or coerce a civilian population." Slip op. at 9-10.[2] In making that ruling, the Seventh Circuit rejected at least two arguments that plaintiffs in these cases have made in an attempt to avoid summary judgment on their ATA claims despite their inability to prove this element.

*First*, plaintiffs have argued that, when a defendant is alleged to have knowingly violated § 2339B, the question of whether it *also* exhibited an intent to intimidate or coerce a civilian population or government – which *Linde* makes clear is a separate element of a civil ATA claim – is *always* a fact question for the jury.[3] *Kemper* squarely rejects this argument, and affirms the dismissal of the complaint in that case for failure to allege facts that would satisfy the apparent terroristic intent prong, notwithstanding the plaintiff's allegations that Deutsche Bank knowingly violated § 2339B. *See* slip op. at 9-10 ("Kemper's complaint fails plausibly to allege that Deutsche Bank's actions satisfy the statutory definition of international terrorism and thus fall within the ambit of the ATA," including because those actions "do not appear intended to intimidate of coerce any civilian population or government"). The Seventh Circuit would not (and could not) have affirmed the complaint's dismissal if, as plaintiffs have argued here, the question of apparent terroristic intent is always a jury question as long as there is evidence (or a plausible allegation) that the defendant violated § 2339B.[4]

*Second*, *Kemper* supports CL's and NatWest's showing that the evidence on which plaintiffs rely to avoid summary judgment on the "apparent terroristic intent" prong is insufficient to create a triable issue concerning that prong *as a matter of law*. Specifically, in an

---

[2] The court also affirmed on the ground that the complaint failed to adequately plead the requisite proximate causation, *id.* at 15-19, and thus expressly declined to reach the question whether, in light of recent Supreme Court precedent, the ATA requires proof of but-for causation, *id.* at 11-12. Although this ruling further supports CL's and NatWest's prior showings that no reasonable juror could find that plaintiffs' injuries were caused "by reason of" CL's or NatWest's conduct, we recognize that the Court has already addressed this issue in its prior summary judgment rulings, and thus note it here solely to preserve the argument.

[3] *See, e.g.*, Pls.' Mem. of Law in Opp. to Def.'s Mot. for Summ. J., dated May 8, 2018, *Strauss* ECF No. 470 ("*Strauss* Pl. Br.") at 3 ("Whether Defendant's knowing violations of §2339B satisfy elements of §2331(1) 'raises questions of fact for a jury to decide,' not questions for a court to decide as a matter of law."); Pls.' Mem. of Law in Opp. to Def.'s Mot. for Summ. J., dated May 8, 2018, *Weiss* ECF No. 403 ("*Weiss* Pl. Br.") at 8 (same).

[4] In any event, plaintiffs' argument is inconsistent with *Linde*, as CL and NatWest have previously shown. *See* CL Br. at 17-20; NW Br. at 16-20; CL Reply at 2-3; NW Reply at 2-3.

Hon. Dora L. Irizarry, p. 3

attempt to show that CL and NatWest acted with "apparent terroristic intent," plaintiffs here rely almost exclusively on statements contained in settlement agreements entered into by the parents and/or affiliates of CL and NatWest, respectively, concerning unrelated violations of U.S. sanctions against Sudan, Cuba, Burma, and Iran. *See, e.g., Strauss* Pl. Br. at 1, 13-14 (arguing that these settlements show that CL "systematically disregarded U.S. sanctions"); *Weiss* Pl. Br. at 1, 13 (same with respect to NatWest).[5] In *Kemper*, however, even though (unlike here) Deutsche Bank's settlement and related admissions concerned the same financial transactions that were alleged to have caused the plaintiff's injuries,[6] the Seventh Circuit ruled that this evidence was insufficient as a matter of law to show that Deutsche Bank's conduct satisfied the apparent terroristic intent prong:

> Deutsche Bank's actions also do not appear intended to intimidate or coerce any civilian population or government. 18 U.S.C. § 2331(1)(b)(i), (ii). To the objective observer, its interactions with Iranian entities were motivated by economics, not by a desire to "intimidate or coerce." This view is bolstered by the consent decree between Deutsche Bank and the New York State Department of Financial Services. While that decree describes Deutsche Bank's many wrongful actions taken in attempts to evade the U.S. sanctions apparatus, it never once mentions terrorism. Indeed that decree repeatedly states that Deutsche Bank built its sanctions-evading business because it was "lucrative."

*Kemper*, slip op. at 10.

The same is true here. Even if the settlements plaintiffs cite in these cases were relevant or admissible (and they are not), none connects the banks to "terrorism."[7] Nor do they "state or suggest that any of the transactions [either bank] processed were used to fund terrorism." *Kemper*, slip op. at 6. And, as in *Kemper*, those settlements at most suggest that the banks "were motivated by economics, not by a desire to 'intimidate or coerce.'" *Id.* at 10. As a matter of law, this evidence is therefore insufficient to bring plaintiffs' claims "within the ambit of the ATA." *Id.* at 9-10.

Accordingly, and for the other reasons presented in their briefs, the Court should grant CL's and NatWest's *Linde*-based motions for summary judgment.

---

[5] The only other evidence plaintiffs cite is their "scienter evidence" (i.e., evidence on the basis of which the Court found a genuine dispute as to whether the banks knew or were willfully blind to the fact that their respective customers were funding Hamas). *See Strauss* Pl. Br. at 13, 24-25; *Weiss* Pl. Br. at 12, 24-25. But, as *Linde* holds, and *Kemper* confirms, a defendant's knowing violation of § 2339B, without more, is insufficient to show the requisite apparent terroristic intent.

[6] As both banks have shown, none of the settlements on which plaintiffs rely is relevant, including because none relates to the accounts or transactions at issue in these cases (and they are inadmissible for other reasons, too). *See* CL Reply at 7-8; NW Reply at 7-8.

[7] *See* Decl. of Aaron Schlanger, dated May 8, 2018, *Strauss* ECF No. 467, Exs. 17, 18; Decl. of Aaron Schlanger, dated May 8, 2018, *Weiss* ECF No. 400, Exs. 2, 3.

Hon. Dora L. Irizarry, p. 4

                                                            Respectfully,

                                                            Jonathan I. Blackman

Enclosure

cc:      All Counsel of Record (by ECF)