OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400    F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T.212.354.0111

December 20, 2018

**VIA ECF**

Hon. Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Weiss, et al. v. National Westminster Bank Plc*, **05-cv-4622**
              *Applebaum, et al. v. National Westminster Bank Plc*, **07-cv-916**
              *Strauss, et al. v. Crédit Lyonnais, S.A.*, **06-cv-702**
              *Wolf, et al. v. Crédit Lyonnais, S.A.*, **07-cv-914**

Dear Chief Judge Irizarry:

Plaintiffs write in response to Defendants' December 17, 2018 letter regarding the recent Seventh Circuit decision in *Kemper v. Deutsche Bank AG*, No. 18-1031 (7th Cir. Dec. 12, 2018). Defendants maintain that this nonbinding authority compels this Court to decide, *as a matter of law and contrary to clear Second Circuit precedent*, that Defendants' knowing provision of material support to Hamas institutions that are part of a designated Foreign Terrorist Organization *cannot* meet the "act of international terrorism" requirement of the Anti-Terrorism Act, 18 U.S.C. § 2331(1) (the "ATA").[1] Defendants' interpretation is inconsistent with the Second Circuit's decision in *Linde v. Arab Bank PLC*, 882 F.3d 314 (2d Cir. 2018), and the holding of *Kemper* itself.

As this Court is aware, the *Linde* panel "conclude[d] only that providing routine financial services to members and associates of terrorist organizations is not so akin to providing a loaded gun to a child as to excuse the charging error here *and compel a finding that as a matter of law*" the services constituted an act of international terrorism. *Linde*, 882 F.3d at 327 (emphasis added). The Second Circuit held that determining whether knowingly providing financial services to a terrorist organization constitutes an act of international terrorism — or whether knowingly providing financial services to Hamas can ever be considered "routine" — "raises questions of fact

---

[1] This element is not required for Plaintiffs' claims under 18 U.S.C. § 2333(d), which arise from the Justice Against State Sponsors of Terrorism Act that was enacted in 2016.

Hon. Dora L. Irizarry, U.S.D.J.
December 20, 2018
Page 2

for a jury to decide." *Id.* Notwithstanding this plain and controlling language, Defendants ask this Court to discard *Linde* for an out-of-circuit opinion.

Defendants' attempt to undo the objective standard for "apparent terroristic intent" must also fail, for the same reasons. The case law is well-settled that, in determining whether an ATA defendant acted with the requisite "apparent terroristic intent," the fact-finder must apply an objective standard. *See, e.g., Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 693-94 (7th Cir. 2008) (*en banc*) ("*Boim III*"); *Weiss v. Nat'l Westminster Bank PLC*, 768 F.3d 202, 207 (2d Cir. 2014); *Linde*, 882 F.3d at 327.

Finally, the *Kemper* panel tried to distinguish *Boim III* by emphasizing that it "dealt with direct donations to a known terrorist organization. While giving fungible dollars to a terrorist organization may be 'dangerous to human life,' doing business with companies and countries that have significant legitimate operations is not necessarily so." Slip op. at *10. *Kemper* is irreconcilable with *Weiss* (and the ATA's text), in which this Circuit found that if the defendants' customers solicited funds for Hamas, those customers engaged in "terrorist activities, . . . *regardless of whether those funds were used for terrorist or non-terrorist activities*." 768 F.3d at 209 (emphasis added). *See also id.* ("if Interpal solicited funds for Hamas, then Interpal engaged in terrorist activity . . . ."). Terrorist activities are inherently violent or dangerous to human life, and *Weiss* dictates that knowingly facilitating the funding provided by Interpal or CBSP to Hamas "involves" the same danger (the *Kemper* panel evidently read the word "*involves*" out of the statute). Finally, of course, there is no requirement at either the pleading or summary judgment stage of litigation that plaintiffs prove that providing support is "*necessarily*" dangerous. Slip op. at *10.

Although the *Kemper* decision conflicts with the law of this and other circuits, even the *Kemper* panel noted that the provision of material support directly to Hamas is within "the purview of *Boim III*." More importantly, the allegations here satisfy the requirements established by this Circuit's holdings in *Weiss* and *Linde*. Accordingly, for these reasons and for the reasons set forth in Plaintiffs' prior submissions, Defendants' third motion for summary judgment should be denied.

Respectfully submitted,

/s/ Gary M. Osen

cc: All Counsel via ECF