# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2490
jblackman@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

December 26, 2018

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Strauss, et al. v. Crédit Lyonnais, S.A.*, 06-cv-702 (DLI) (RML)
    *Wolf, et al. v. Crédit Lyonnais, S.A.*, 07-cv-914 (DLI) (RML)
    *Weiss, et al. v. National Westminster Bank, Plc*, 05-cv-4622 (DLI) (RML)
    *Applebaum, et al. v. National Westminster Bank, Plc*, 07-cv-916 (DLI) (RML)

Dear Chief Judge Irizarry:

  On behalf of defendants Crédit Lyonnais, S.A. ("CL") and National Westminster Bank plc ("NatWest"), I am responding to plaintiffs' December 20, 2018 letter ("Plaintiffs' Letter"), which purports to respond to my December 17, 2018 letter ("December 17 Letter") informing the Court of the Seventh Circuit's recent decision in *Kemper v. Deutsche Bank AG*, No. 18-1031 (7th Cir. Dec. 12, 2018) ("*Kemper*"). As the December 17 Letter shows, *Kemper* rejects at least two arguments that plaintiffs have made in an attempt to avoid the dispositive impact on these cases of the Second Circuit's decision in *Linde v. Arab Bank PLC*, 882 F.3d 314 (2d Cir. 2018). Plaintiffs' Letter fails to distinguish *Kemper* and simply repeats their prior erroneous arguments concerning *Linde*, which fail to rebut the grounds on which CL's and NatWest's pending motions for summary judgment should be granted.

  *First*, Plaintiffs' Letter does not dispute that *Kemper*'s affirmance of the dismissal of an ATA claim for failure to allege that the defendant bank committed an "act of international terrorism," 18 U.S.C. § 2331(1), notwithstanding allegations that the bank knowingly provided material support to a terrorist organization in violation of 18 U.S.C. § 2339B, squarely rejects plaintiffs' argument that a triable issue concerning § 2339B is *always* sufficient to create a triable issue on the "act of international terrorism" element under § 2331(1). *See* Dec. 17 Letter at 2. Instead, plaintiffs merely repeat their argument that *Linde* held that *in all cases* "determining whether knowingly providing financial services to a terrorist organization constitutes an act of international terrorism . . . raises questions of fact for a jury to decide." Pls.' Letter at 1. As we have previously shown, plaintiffs have it backwards—*Linde* held (and *Kemper* confirms) that

evidence of a bank's violation of § 2339B, without more, is *not* sufficient to create a jury question on the separate "act of international terrorism" requirements, *see id.* §§ 2331(1)(A) (violence prong) and (B) ("apparent terroristic intent" prong).[1] Contrary to plaintiffs' assertion that CL and NatWest "ask this Court to discard *Linde*" in favor of an "out-of-circuit opinion," Pls.' Letter at 2, the two decisions are consistent on this point and both reject plaintiffs' argument.

*Second*, Plaintiffs' Letter also does not dispute our showing that the type of sanctions-related settlement agreements on which plaintiffs rely in an attempt to show that the banks exhibited the requisite apparent terroristic intent in these cases under 18 U.S.C. § 2331(1)(B) was found in *Kemper* to be insufficient *as a matter of law* for that purpose. Dec. 17 Letter at 2-3. Instead, plaintiffs argue that CL and NatWest "attempt to undo the objective standard" of § 2331(1)(B). Pls.' Letter at 2. This is both a *non sequitur* and wrong. As we have shown, *Linde* held that this prong requires plaintiffs to point to evidence that would allow a reasonable, objective observer to conclude that CL and NatWest intended to intimidate or coerce the Israeli civilian population or government.[2] *Kemper* applied the same standard to the same type of evidence plaintiffs rely on here—sanctions-related settlement agreements—and ruled it was insufficient as a matter of law to show the requisite apparent terroristic intent. Dec. 17 Letter at 2-3. This Court should do the same.

*Finally*, the Court need not reach plaintiffs' disagreement with *Kemper*'s holding that the ATA claim in that case was subject to dismissal for failure to satisfy the separate violence prong, 18 U.S.C. § 2331(1)(A), and their suggestion that this holding is inconsistent with the Second Circuit's ruling in *Weiss v. National Westminster Bank PLC*, 768 F.3d 202 (2d Cir. 2014). Pls.' Letter at 2. Plaintiffs' failure to satisfy the separate "apparent terroristic intent" prong is dispositive.[3] In any event, § 2331(1)(A) requires plaintiffs to show that a defendant's conduct "involve[d] violent acts or acts dangerous to human life." Plaintiffs suggest that in *Weiss* the Second Circuit held that this prong is satisfied by showing that the defendant bank provided material support to a Foreign Terrorist Organization ("FTO") knowing that such FTO "has engaged or engages in terrorist activity," 18 U.S.C. § 2339B(a)(1). Pl.'s Letter at 2 (citing *Weiss*, 768 F.2d at 207). This argument is baseless. The Second Circuit subsequently made clear in *Linde* that § 2331 requires *more* than § 2339B, and expressly rejected plaintiffs' reliance on *Weiss* because that decision only construed the latter and not the former. *See Linde*, 882 F.3d at 328 ("Plaintiffs submit that we required no showing of apparent intent in *Weiss* . . . . The argument merits little discussion because in *Weiss* we addressed the 'scienter requirement' of the predicate material support violation, not the definitional requirements of the ATA."); *id.* at 326

---

[1] *See* Mem. of Law of Def. Crédit Lyonnais, S.A. in Supp. of its Mot. for Summ. J. at 17-20, dated April 11, 2018, *Strauss* ECF No. 465 ("CL Br."); Reply Mem. of Law of Def. Crédit Lyonnais, S.A. in Further Supp. of its Mot. for Summ. J. at 2-3, dated May 23, 2018, *Strauss* ECF No. 471 ("CL Reply"); Mem. of Law of Def. Nat'l Westminster Bank plc in Supp. of its Mot. for Summ. J. at 16-20, dated April 11, 2018, *Weiss* ECF No. 398 ("NW Br."); Reply Mem. of Law of Def. Nat'l Westminster Bank plc in Further Supp. of its Mot. for Summ. J. at 2-3, dated May 23, 2018, *Weiss* ECF No. 404 ("NW Reply").

[2] CL Br. at 7-9; NW Br. at 7-9; CL Reply at 4-5; NW Reply at 4-5.

[3] *See* 18 U.S.C. § 2331(1) (plaintiffs must satisfy *both* subsection (A) *and* (B) in order to satisfy "act of international terrorism" element).

Hon. Dora L. Irizarry, p. 3

("[P]roviding financial services to a known terrorist organization may afford material support to the organization even if the services do not involve violence or endanger life and do not manifest the apparent intent required by § 2331(1)(B).").[4]

Accordingly, the Court should grant CL's and NatWest's *Linde*-based motions for summary judgment.

Respectfully,

Jonathan I. Blackman

cc:     All Counsel of Record (by ECF)

---

[4] *See also* CL Reply at 2-3; NW Reply at 2-3.  Nor did *Kemper* hold, as plaintiffs suggest, that "the provision of material support directly to Hamas" is, without more, enough to satisfy the "act of international terrorism" element. Pls.' Letter at 2.  The Seventh Circuit in *Kemper* merely noted that it had previously held in *Boim III* that *donations* made to Hamas would be sufficient to create a triable issue on the violence prong.  *Kemper*, slip op. at 10.  The Second Circuit in *Linde* expressly noted its skepticism of this aspect of *Boim III*, and distinguished between donations and the provision of routine banking services to an FTO, which is what plaintiffs are attempting to show CL and NatWest did here, based on their allegations that the non-FTO 13 Charities were *alter egos* of an FTO, Hamas.  *See Linde*, 882 F.3d at 327.  Moreover, as CL and NatWest have previously shown, the record in these cases is vastly different from those in the *Boim* and *Linde* cases, in which courts have found a triable issue as to whether the defendants' own conduct involved violent acts or acts dangerous to human life.  *See* CL Br. at 18-20; NW Br. at 18-20.