UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
TZVI WEISS, *et al.*,

                Plaintiffs,

   - against -

NATIONAL WESTMINSTER BANK PLC,

                Defendant.

Case No. 05-CV-4622 (DLI) (RML)

------------------------------------------------------------ X
NATAN APPLEBAUM, *et al.*,

                Plaintiffs,

   - against -

NATIONAL WESTMINSTER BANK PLC,

                Defendant.

Case No. 07-CV-916 (DLI) (RML)

------------------------------------------------------------ X

## DECLARATION OF JAMES P. BONNER

      James P. Bonner, an attorney duly licensed to practice law before the courts of the State of New York, and this Court, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

      1.      I am a member of the firm Fleischman Bonner & Rocco LLP, which represents the Plaintiffs in the above-captioned *Applebaum v. National Westminster Bank PLC*, Case No.: 07-cv-916 (DLI) (RML) ("*Applebaum* Action"). I make this declaration in support of Plaintiffs' Opposition to Defendant National Westminster Bank PLC's proposed Bill of Costs dated May 28, 2021, in which Defendant seeks $36,281.61 in deposition costs. I make this declaration based upon my personal knowledge of facts and events and upon my review of public records.

      2.      Defendant's first motion for summary judgment in the above-captioned actions (the "2011 Motion") was granted on March 28, 2013. *See Weiss v. Nat'l Westminster Bank PLC*, 936 F. Supp. 2d 100 (E.D.N.Y. 2013). This Court concluded that Plaintiffs had not established a triable

issue of material fact existed regarding Defendant's scienter, the only ground that this Court reached in its decision. *Id.* at 120. However, that decision was reversed by the Second Circuit on September 22, 2014. *See Weiss v. Nat'l Westminster Bank PLC*, 768 F.3d 202 (2d Cir. 2014). The Second Circuit determined that under the proper legal standard Plaintiffs had established a triable issue of material fact existed regarding Defendant's scienter. *Id.* at 205.

3. On September 30, 2017, this Court largely denied a renewed motion for summary judgment by Defendant addressed, *inter alia*, to the grounds this Court had not reached in its 2013 decision. *See Weiss v. Nat'l Westminster Bank PLC*, 278 F. Supp. 3d 636, 643, 651 (E.D.N.Y. 2017). This Court found that genuine issues of material fact existed regarding whether: (a) the 13 Charities were alter egos of, or controlled by, Hamas; and (b) Defendant was the proximate cause of Plaintiffs' injuries.

4. On February 23, 2018, Defendant's counsel requested this Court's leave to file a second renewed motion for summary judgment "based on [the] intervening change of controlling law" effectuated by the Second Circuit's decision in *Linde v. Arab Bank, PLC*, 2018 WL 797454, 882 F.3d 314, 325 (2d Cir. Feb. 9, 2018). Annexed hereto as **Exhibit 1** is a true and correct copy of Defendant's February 23, 2018 letter to the Court filed in the *Applebaum* Action as ECF No. 260.

5. On March 14, 2018, this Court granted Defendant's request to file a renewed motion for summary judgment (the "2018 Motion"), but "cautioned" Defendant that "its summary judgment motion must address only the narrow issue of how Linde v. Arab Bank, PLC, 2018 WL 797454 (2d Cir. Feb. 9, 2018) supports its position. The Court will not entertain tangential issues or reconsider matters over which Linde v. Arab Bank is not controlling." Annexed hereto as

**Exhibit 2** is a true and correct copy of the notice of electronic filing of this Court's March 14, 2018 Order in the *Applebaum* Action.

6. Only two of the deposition transcripts itemized in the Bill of Costs were submitted to this Court in connection with the 2018 Motion: (1) June 25, 2008 Deposition of Belinda Lane, and (2) June 23, 2008 Deposition of Ian Wickens. *See Applebaum* Action ECF Nos. 268-4 and 268-15. Defendant cited to portions of two other deposition transcripts—the June 2, 2011 Deposition of Dr. Matthew Levitt and the May 13, 2011 Deposition of Arieh Spitzen—by referencing 56.1 Statements filed by the parties in connection with the 2011 Motion. The Bill of Costs seeks a total of **$11,170.58** in connection with these four deposition transcripts, to which Plaintiffs object for the reasons set forth in the accompanying Statement of Objections.

7. The parties' papers submitted in connection with the 2018 Motion did not cite to any of the following nine deposition transcripts itemized in the Bill of Costs: (1) May 20, 2010 Deposition of Fleur Baugh; (2) June 24, 2008 Deposition of Belinda Lane; (3) June 14, 2011 Deposition of Clive Walker; (4) May 20, 2011 Deposition of Jonathan Burchfield; (5) May 21, 2009 Deposition of Olha Leeming; (6) June 8, 2011 Deposition of Gary Walters; (7) June 17, 2011 Deposition of Wayne Geisser; (8) May 3, 2011 Deposition of Ronni Shaked; and (9) May 26, 2011 Deposition of Shaul Naim (collectively, the "Unsubmitted Deposition Transcripts"). The Bill of Costs seeks a total of **$25,111.03** in costs related to the Unsubmitted Deposition Transcripts, to which Plaintiffs object for the reasons set forth in the accompanying Statement of Objections.

8. This Court granted the 2018 Motion on March 31, 2019. *See Weiss v. Nat'l Westminster Bank PLC*, 381 F. Supp. 3d 223 (E.D.N.Y. 2019), *aff'd,* 993 F.3d 144 (2d Cir. 2021).

9. I have analyzed the court reporters' invoices submitted in support of Defendant's Bill of Costs. The result of my analysis is summarized at **Exhibit 3** hereto.

3

10. Defendant seeks a total of **$2,685.40** in costs related to expedited deposition transcripts, rough drafts, same day drafts, and rough ASCII drafts. *See* Exhibit 3, Column 6. In order to calculate the additional expenses Defendant incurred to obtain expedited transcriptions from Ellen Grauer Court Reporting Co. LLC ("Grauer"), I calculated the cost of transcription at Grauer's standard rate of $5.25 per page, and deducted the result from the prices listed on the invoices. In order to calculate the additional expenses Defendant incurred to obtain expedited transcriptions from European Deposition Services ("EDS"), I calculated the cost of transcription at EDS's standard rate of $2.70 per page, and deducted the result from the prices listed on the invoices. Based on my calculations, Defendant seeks a total of **$1,138.90** for expedited transcription of Unsubmitted Deposition Transcripts. *See id*. Defendant seeks a total of **$1,546.50** for expedited transcription of the four deposition transcripts submitted to this Court in connection with the 2018 Motion. *See id.*

11. Defendant seeks a total of **$4,683.00** in costs related to RealTime transcription. *See* Exhibit 3, Column 5. RealTime is a method of contemporaneous transcription which is "the most expensive transcription option available." *AIG Global Secs. Lending Corp. v. Bank of Am. Secs., LLC*, 2011 U.S. Dist. LEXIS 1567, at *5 (S.D.N.Y. Jan. 6, 2011). Defendant seeks a total of **$3,243.00** for RealTime transcription of the Unsubmitted Deposition Transcripts. *See id*. Defendant seeks a total of **$1,440.00** for RealTime transcription of the four deposition transcripts that were submitted to this Court in connection with the 2018 Motion. *See id.*

12. Defendant seeks a total of **$1,638.20** in costs related to court reporter appearance and delivery fees. *See* Exhibit 3, Column 7. Defendant seeks a total of **$1,236.20** for court reporter appearance and delivery fees in connection with the Unsubmitted Deposition Transcripts. *See id.* Defendant seeks a total of **$402.00** for court reporter appearance and delivery fees for the four

deposition transcripts that were submitted to this Court in connection with the 2018 Motion. *See id.*

13. Defendant did not submit any video depositions to this Court as part of its 2018 Motion. Defendant seeks a total of **$4,891.25** in costs related to the videotaping of depositions for which a written transcription was also obtained. *See* Exhibit 3, Column 3. Defendant seeks a total of **$3,588.75** for the videotaping of the Unsubmitted Deposition Transcripts. *See id*. Defendant seeks a total of **$1,302.50** for videotaping the four depositions that were submitted to this Court in connection with the 2018 Motion. *See id.*

14. Defendant seeks a total of **$7,338.75** in costs related to video transcript synchronization. *See* Exhibit 3, Column 4. Defendant seeks a total of **$5,266.25** for synchronizing videos of Unsubmitted Deposition Transcripts. *See id.* Defendant seeks a total of **$2,072.50** for synchronizing videos of the four depositions that were submitted to this Court in connection with the 2018 Motion. *See id.*

15. The allowable costs for the four deposition transcripts that were submitted or cited to this Court in connection with the 2018 Motion total **$4,407.08**.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1786 that the foregoing is true and correct.

Executed on June 15, 2021.

                                                                                                        James P. Bonner